# EXHIBIT "A"

# PART 1

| Case Number | Case Type | Plaintiff |
| --- | --- | --- |
| CV18-00515 | REAL PROP-OTHER REAL PROP | STARK RANCH-WEST, LLC |

| Defendant | File Date | Disposition Date |
| --- | --- | --- |
| REDI-MIX, LLC, ET AL | 08/20/2018 | |

| Report Filed | Case Type | Plaintiff |
| --- | --- | --- |
| CV18-00515 | REAL PROP-OTHER REAL PROP | STARK RANCH-WEST, LLC |

| Party Name | Date | Description | Pages |
| --- | --- | --- | --- |
| | 08/17/2018 | CIVIL CASE INFORMATION SHEET/CS | 1 |
| | 08/17/2018 | PLAINTIFF'S ORIGINAL PETITION/CS | 66 |
| | 08/20/2018 | PLAINTIFF'S FIRST AMENDED PETITION/JB | 68 |
| STARK RANCH-WEST, LLC | 08/21/2018 | CIVIL SUIT PLUS 1 CITATION/CS | 0 |
| STARK RANCH-WEST, LLC | 08/21/2018 | CIVIL SUIT PLUS 1 CITATION/CS | 0 |
| | 08/22/2018 | CITATION ISSUED TO REDI MIX/ATTY WILL HAVE SOMEONE PICK THEM UP. | 2 |
| | 08/28/2018 | RETURN OF SERVICE FOR REDI-MIX-SERVED/CS | 3 |

| Party Name | Date | Description | Pages |
|---|---|---|---|
| | 09/18/2018 | PLAINTIFF'S MOTION FOR NO-ANSWER DEFAULT JUDGMENT /MG | 8 |
| | 09/19/2018 | DEFENDANT'S ORIGINAL ANSWER/MG | 3 |
| | 09/26/2018 | LETTER FROM JUDGE REGARDING FIRST SCHEDULING CONFERENCE/EMAILE TO ATTYS | 1 |
| | 09/26/2018 | ORDER FOR FIRST SCHEDULING CONFERENCE/EMAILE TO ATTYS/CS | 1 |
| | 10/17/2018 | COPY OF ORDER FOR FIRST SC TO ATTORNEY BOYD A. MOUSE RETURNED - NOT DELIVERABLE- JAN MAILED TO ATTY | 1 |
| | 10/31/2018 | JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER/JB | 2 |
| | 10/31/2018 | ORDER FOR SECOND SCHEDULING CONFERENCE/TP COPIES GIVEN AFTER HEARING | 2 |
| | 10/31/2018 | STIPULATED PROTECTIVE ORDER **AS TO DOCUMENTS**/TP(CC COPIES GIVEN AFTER HEARING | 14 |

| Party Name | Date | Description | Pages |
|------------|------|-------------|-------|
| | 03/27/2019 | DEFENDANT'S FIRST AMENDED ANSWER/JB | 2 |
| | 04/25/2019 | DEFENDANT'S MOTION TO QUASH PLAINTIFF'S NOTICE OF DEPOSITION OF REDI-MIX, LLC/JB | 3 |
| | 05/15/2019 | DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S EIGHTH AMENDED NOTICE OF ORAL DEPOSITION OF REDI | 13 |
| | 06/14/2019 | PLAINTIFF'S SECOND AMENDED PETITION/MG | 79 |
| | 07/02/2019 | REPORTER'S CERTIFICATION DEPOSITION OF: DAVID BEHRING MAY 17, 2019/TC | 6 |
| | 07/03/2019 | DEFENDANT'S MOTION TO QUASH PLAINTIFF'S NOTICE OF DEPOSITION OF HERSCHEL PEERY/MG | 2 |
| | 07/10/2019 | NOTICE OF INTENTION TO TAKE DEPOSITION BY WRITTEN QUESTIONS - UNDERWOOD DRAFTING & SURVEYING, INC. | 14 |

| Party Name | Date | Description | Pages |
|------------|------|-------------|-------|
| | 07/17/2019 | NOTICE OF INTENTION FOR PRODUCTION OF DOCUMENTS /TC | 5 |
| | 08/08/2019 | NOTICE OF INTENTION FOR PRODUCTIONS OF DOCUMENTS FIRMATEK, LLC/JB | 12 |
| | 08/12/2019 | PLAINTIFF'S THIRD AMENDED PETITION/TC | 76 |
| | 08/12/2019 | LETTER REQUESTING CITATIONS TO BE ISSUED TO OK CHRISTIAN UNIVER, NCTC, UNITED WAY & FROST BANK/TC | 2 |
| | 08/12/2019 | CITATION ISSUED TO OKLAHOMA CHRISTIAN UNIVERSITY /DISREGARD SHOULD HAVE BEEN SENT CERTIFIED | 2 |
| | 08/12/2019 | CITATION ISSUED TO NORTH CENTRAL TEXAS COLLEGE/TC EMAILED TO ATTY FOR SERVICE | 2 |
| | 08/12/2019 | CITATION ISSUED TO UNITED WAY OF COOKE COUNTY/TC EMAILED TO ATTY FOR SERVICE | 2 |

| Party Name | Date | Description | Pages |
|---|---|---|---|
|  | 08/12/2019 | CITATION ISSUED TO FROST BANK/TC EMAILED TO ATTY FOR SERVICE | 2 |
| STARK RANCH-WEST, LLC | 08/13/2019 | FEE FOR 3 REGULAR CITATIONS & 1 CERTIFIED CITATION/TC | 0 |
| STARK RANCH-WEST, LLC | 08/13/2019 | PAYMENT FOR 3 CITATIONS AND PARTIAL PAYMENT FOR CERTIFIED CITATION/TC | 5 |
| STARK RANCH-WEST, LLC | 08/13/2019 | PAYMENT FOR REMAINEDER OF CERTIFIED MAILING OF CITATION/TC | 2 |
|  | 08/13/2019 | CITATION RE-ISSUED TO OKLAHOMA CHRISTIAN UNIVERSITY VIA CERTIFIED MAIL/COPY TO ATTY/TC | 1 |
|  | 08/21/2019 | GREENCARD RETURNED FROM OKLAHOMA CHRISTIAN UNIVERSITY REGISTERED AGENT STEPHEN ECK/CS | 2 |

| Court | Book | Volume | Page |
|---|---|---|---|
| 235 | CIVIL |  |  |

| Judge | Reporter |
|---|---|

JANELLE M. HAVERKAMP          TERESA WARD

| Name | Defendant/Plaintiff | Attorney |
|------|--------------------|---------| 
| No records found. | | |

# CIVIL CASE INFORMATION SHEET

FILED: 08/17/2018 @ 5:22 PM
DISTRICT CLERK
MARCI A. GILBERT
COOKE COUNTY, TEXAS
Cody Shires

CAUSE NUMBER *(FOR CLERK USE ONLY)*: CV18-00515          COURT *(FOR CLERK USE ONLY)*: 235TH

STYLED **STARK RANCH-WEST, LLC V. REDI-MIX, LLC**
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment motion for modification or enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Kenneth W. Biermacher, Boyd A. Mouse, Emily Green, Kane Russell Coleman Logan PC  **Email:** kbiermacher@krcl.com, bmouse@krcl.com, egreen@krcl.com | **Plaintiff(s)/Petitioner(s):** Stark Ranch-West, LLC _____ _____ _____ | ☒ Attorney for Plaintiff/Petitioner ☐ Pro Se Plaintiff/Petitioner ☐ Title IV-D Agency ☐ Other: ___ |
| **Address:** 1601 Elm Street, #3700  **Telephone:** 214-777-4200 | **Defendant(s)/Respondent(s):** Redi-Mix, LLC _____ _____ | **Additional Parties in Child Support Case:**  **Custodial Parent:** _____ |
| **City/State/Zip:** Dallas, Texas 75201  **Fax:** 214-777-4299 | | **Non-Custodial Parent:** _____ |
| **Signature:** _(signature)_  **State Bar No:** 02302400-KWB, 24003949-BAM, 24106027-EG | [Attach additional page as necessary to list all parties] | **Presumed Father:** _____ |

**2. Indicate case type, or identify the most important issue in the case *(select only 1)*:**

| Civil | | | Family Law | |
|---|---|---|---|---|
| | | | | **Post-judgment Actions (non-Title IV-D)** |
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | |
| *Debt/Contract* ☐ Consumer/DTPA ☒ Debt/Contract ☒ Fraud/Misrepresentation ☒ Other Debt/Contract: | ☒ Assault/Battery ☒ Construction ☒ Defamation *Malpractice* ☐ Accounting ☐ Legal ☐ Medical ☐ Other Professional Liability: ___ | ☒ Eminent Domain/ Condemnation ☒ Partition ☒ Quiet Title ☒ Trespass to Try Title ☒ Other Property: | ☒ Annulment ☒ Declare Marriage Void *Divorce* ☐ With Children ☐ No Children | ☒ Enforcement ☒ Modification—Custody ☒ Modification—Other **Title IV-D** ☐ Enforcement/Modification ☐ Paternity ☐ Reciprocals (UIFSA) ☒ Support Order |
| *Foreclosure* ☐ Home Equity—Expedited ☐ Other Foreclosure ☐ Franchise ☐ Insurance ☐ Landlord/Tenant ☒ Non-Competition ☐ Partnership ☒ Other Contract: ___ | ☐ Motor Vehicle Accident ☐ Premises *Product Liability* ☐ Asbestos/Silica ☐ Other Product Liability List Product: ___  ☐ Other Injury or Damage: ___ | **Related to Criminal Matters** ☐ Expunction ☐ Judgment Nisi ☐ Non-Disclosure ☐ Seizure/Forfeiture ☐ Writ of Habeas Corpus— Pre-indictment ☒ Other: ___ | **Other Family Law** ☒ Enforce Foreign Judgment ☒ Habeas Corpus ☒ Name Change ☒ Protective Order ☒ Removal of Disabilities of Minority ☒ Other: ___ | **Parent-Child Relationship** ☐ Adoption/Adoption with Termination ☐ Child Protection ☐ Child Support ☐ Custody or Visitation ☐ Gestational Parenting ☐ Grandparent Access ☐ Paternity/Parentage ☐ Termination of Parental Rights ☒ Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☒ Discrimination ☒ Retaliation ☒ Termination ☒ Workers' Compensation ☒ Other Employment: ___ | ☒ Administrative Appeal ☒ Antitrust/Unfair Competition ☒ Code Violations ☒ Foreign Judgment ☒ Intellectual Property | ☒ Lawyer Discipline ☒ Perpetuate Testimony ☒ Securities/Stock ☒ Tortious Interference ☒ Other: ___ | | |
| **Tax** | | **Probate & Mental Health** | | |
| ☐ Tax Appraisal ☐ Tax Delinquency ☐ Other Tax | *Probate/Wills/Intestate Administration* ☐ Dependent Administration ☐ Independent Administration ☐ Other Estate Proceedings | ☐ Guardianship—Adult ☐ Guardianship—Minor ☐ Mental Health ☐ Other: ___ | | |

**3. Indicate procedure or remedy, if applicable *(may select more than 1)*:**

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court ☐ Arbitration-related ☐ Attachment ☐ Bill of Review ☒ Certiorari ☒ Class Action | ☒ Declaratory Judgment ☐ Garnishment ☐ Interpleader ☐ License ☒ Mandamus ☒ Post-judgment | ☐ Prejudgment Remedy ☐ Protective Order ☐ Receiver ☒ Sequestration ☒ Temporary Restraining Order/Injunction ☒ Turnover |



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

Filed 8/13/2018 5:22 PM
Marci A. Gilbert
District Clerk
Cooke County, Texas
Cody Shires

CAUSE NO. CV18-00515

| | | |
|---|---|---|
| STARK RANCH-WEST, LLC | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 235TH JUDICIAL DISTRICT |
| | § | |
| REDI-MIX, LLC | § | |
| | § | |
| Defendant. | § | COOKE COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

Stark Ranch-West, LLC ("Stark Ranch") files this as its Original Petition against Redi-Mix, LLC ("Redi-Mix") and respectfully states to the Court as follows:

## I.
### DISCOVERY CONTROL PLAN AND RULE 47 STATEMENT

1.      Stark Ranch intends to conduct discovery under Level 2 discovery control plan, as provided by of Rule 190.3 of the Texas Rules of Civil Procedure ("TRCP"). At this time, and subject to obtaining discovery, Stark Ranch seeks monetary relief over $200,000 but not more than $1,000,000.

## II.
### PARTIES

2.      Stark Ranch is a domestic limited liability company organized under the laws of the State of Texas.

3.      Redi-Mix is a domestic limited liability company organized under the laws of the State of Texas.  Process may be served on its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620 Austin, Texas 78701.



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

### III.
### JURISDICTION AND VENUE

4.      This Court has subject-matter jurisdiction over this cause because the amount in controversy is within the Court's jurisdictional limit.

5.      This Court has personal jurisdiction over Redi-Mix because it is a Texas entity, does business in Texas, and/or has had minimum contacts with Texas such that the maintenance of this lawsuit in Texas does not offend traditional notions of fair play and substantial justice.

6.      Venue is mandatory in Cooke County, Texas because this action is for recovery of damages to real property located in Cooke County, Texas.[1] Alternatively, venue is proper in Cooke County, Texas because all or a substantial part of the events or omissions giving rise to the claims herein occurred in Cooke County, Texas.[2]

### IV.
### STATEMENT OF FACTS

7.      As mentioned above, Redi-Mix, a domestic limited liability company with its principal place of business located at 331 N. Main Street Euless, Texas 76039, operates various mining activities.

8.      The activities involved in this suit concern the physical incursion by Redi-Mix onto the real property of Stark Ranch located in Cooke County, Texas. Redi-Mix's actions constitute trespass upon the Stark Ranch located in Cooke County, Texas and the conversion by Redi-Mix of property (sand) owned by Stark Ranch.

9.      On or about May 31, 2018, Stark Ranch closed on its purchase of a tract of real property located in Cooke County, from Paul Parker Yarbrough, Jr. and Joanne Keeter (collectively, "Sellers"). A true and correct legal description of the real estate purchased from Sellers is attached

---

[1]   TEX. CIV. PRAC. & REM. CODE § 15.011.

[2]   *Id.* § 15.002(a)(1).



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

hereto as **Exhibit "A."**  The real property the subject of Exhibit "A" is referred to hereafter as the ("Property").  As a part of the purchase of the Property, the Sellers assigned to Stark Ranch certain causes of action previously owned by Sellers ("Assignment"), a true copy of which is attached as **Exhibit "B."**

10.     Upon information and belief, a mining lease was executed on June 3, 2011 by and among various parties.  A true copy of the mining lease is attached hereto as **Exhibit "C"** ("Mining Lease").  The Mining Lease was subsequently assigned to Redi-Mix on September 30, 2013. A true and correct copy of the Memorandum of Lease Assignment and Amendment of Mining Lease is attached hereto as **Exhibit "D"** ("Assigned Lease").

11.     In or around 2015, Redi-Mix trespassed upon the Property and began to mine sand from the Property. Thereafter, over the objections of Sellers, and the Property having been posted "No Trespass," Redi-Mix continued to trespass upon the Property and mine sand from the Property.     During that time, Redi-Mix also deforested timber and other vegetation from the Property.

12.     To this day, Redi-Mix continues to trespass upon the Property, mine sand from the Property, and convert the sand to its own possession, ownership, use, and profit.

13.     On or about June 8, 2018, Steve Schmitz, Vice President of Stark Ranch, left a voicemail on the direct telephone line of David Behring ("Behring") requesting that Behring return the call for purposes of discussing Redi-Mix's wrongful incursion and conversion on the Property. Behring, upon information and belief, is Redi-Mix's president.

14.     Only after Stark Ranch's legal counsel sent Behring a letter on June 15, 2018 regarding the trespass and conversion did Behring respond with his willingness to converse about the actions Schmitz complained about on behalf of Stark Ranch.



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

15. On or about June 21, 2018, Behring met with Schmitz in Cooke County for purposes of discussing the concerns of Stark Ranch and also to overfly the areas of concern. During the meeting, Schmitz advised Behring that Redi-Mix was trespassing upon the Property and wrongfully converting sand from the Property. Behring requested information regarding the methodology used in determining that Redi-Mix was trespassing on the Property. Schmitz agreed to provide Behring with the requested information.

16. Following their meeting in Cooke County, Schmitz sent Behring an email on June 25, 2018, whereby he explained to Behring that Stark Ranch engaged a licensed state land surveyor and registered professional land surveyor to determine the Property's gradient boundary line along the Red River. Schmitz further explained that the expert surveyor determined the Property's gradient boundary lines relying on a concept and methodology developed in United States Supreme Court opinion *State of Oklahoma v. State of Texas*, 260 U.S. 606 (1923)). A true and correct copy of the June 25, 2018 email is attached as **Exhibit "E."**

17. On July 9, 2018, Behring responded to Schmitz's earlier email, disagreeing with the surveyor's findings and suggesting that a Red River Boundary Compact (the "Compact") rule, not the surveyor's methodology, should have been used in determining the Property boundary line. A true and correct copy of the July 9, 2018 email is attached as **Exhibit "F."**

18. On July 18, 2018, Schmitz sent a follow-up email to Behring, explaining that the Compact did not apply when determining the location of the Property's boundary lines because the text of the Compact explicitly states that it is not the governing authority to establish boundaries of private landowners. A true and correct copy of the July 18, 2018 email is attached as **Exhibit "G."**



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

## V.
## CAUSES OF ACTION

### COUNT I: INTENTIONAL TRESPASS

19. Stark Ranch incorporates by reference all allegations contained above as if fully set forth herein.

20. Stark Ranch became the owner of the Property when it was purchased from Sellers on May 31, 2018. In connection with said purchase, Sellers assigned to Stark Ranch its rights to sue, including its right to sue Redi-Mix.[3] Stark Ranch recently discovered that Redi-Mix intentionally and voluntarily trespassed, and continues to trespass, on the Property. More specifically, Stark Ranch recently discovered that in or around 2015, Redi-Mix entered the Property without authorization and began mining sand. During that time, it also deforested timber and other vegetation from the Property without authorization.

21. Additionally, Redi-Mix continues to intentionally and voluntarily trespass on the Property. Since 2015 to present, Redi-Mix continues to mine sand from the Property over the Sellers' and Stark Ranch's objections. "No Trespass" signs have continuously been posted on the Property. Redi-Mix knew when entering the Property, and is still aware, that the Property is beyond the boundaries of the Assigned Lease and any mining on the Property is without authorization.

22. Redi-Mix's unauthorized, intentional trespass to the Property has caused damage for which Stark Ranch is entitled to recover. Stark Ranch is entitled to recover (1) actual damages for the injury to the land for its loss of use of the land, loss of expected profits from the use of the land, loss of market value of land, and the intrinsic value of trees and plants, and (2) exemplary damages for Redi-Mix's complete disregard of Sellers' and Stark Ranch's rights to the Property.

---

[3] *See* Exhibit B.

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

## COUNT II: NEGLIGENT TRESPASS

23.     Stark Ranch incorporates by reference all allegations contained above as if fully set forth herein.

24.     In the event that an intentional trespass is not found, Stark Ranch alternatively asserts that Redi-Mix owed a duty to Sellers and Stark Ranch to not trespass on the Property and abide by the boundaries provided in the Assigned Lease.

25.     Redi-Mix breached this duty by failing to ascertain whether or not it was mining within the boundaries provided in the Assigned Lease. Redi-Mix further breached this duty by failing to ascertain whether or not it was deforesting timber and other vegetation from the Property.

26.     Redi-Mix's negligent acts are the proximate cause of Sellers' and Stark Ranch's property damages and loss of use of the Property. Accordingly, Stark Ranch is entitled to recover all damages caused by Redi-Mix's negligence.

## COUNT III: CONVERSION OF SAND

27.     Stark Ranch incorporates by reference all allegations contained above as if fully set forth herein.

28.     As described above, since 2015 to the present date, Redi-Mix continues to mine and convert sand from the Property for its own possession, ownership, use and profit, despite Sellers' and Stark Ranch's objection to said mining and despite the posting of a "No Trespass" signs on the Property.

29.     In so doing, Redi-Mix has wrongfully exercised dominion and control over the sand and Sellers and Stark Ranch have been deprived the value of the sand. Accordingly, Stark Ranch is entitled to recover all damages caused by Redi-Mix's conversion of the sand from the Property.



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

## COUNT IV: REQUEST FOR DECLARATORY RELIEF

30. Stark Ranch incorporates by reference all allegations contained above as if fully set forth herein.

31. Pursuant to chapter 37 of the Texas Civil Practice & Remedies Code ("TCPRC"), Stark Ranch requests the Court to enter a Declaratory Judgment declaring, in whole or in part, one or more of the following:

(a) The Red River Boundary Compact ("Compact") does not apply to this matter because the Compact explicitly states that the it does not interfere with or otherwise affect private property rights or rights to title; and

(b) Even if the Compact does apply, which Stark Ranch does not contend, its application would not alter the outcome of this matter.

32. As alluded to in section IV of this Petition, a controversy exists between the parties as to whether the Compact applies in determining the Property's boundary lines. Stark Ranch seeks these declarations in order to afford it relief from the uncertainty with respect to the Compact's application to this matter.

## VI.
## APPLICATION FOR INJUNCTIVE RELIEF

33. Stark Ranch incorporates by reference all allegations contained above as if fully set forth herein.

34. Additionally and/or alternatively, pursuant to Chapter 65 of the TCPRC and Rule 680 of the TRCP, Stark Ranch seeks injunctive relief against Redi-Mix.

35. Stark Ranch has demonstrated a probable right to relief and a likelihood of success on the merits.

36. By reason of the acts and practices of Redi-Mix, as more fully set forth herein above, Stark Ranch is suffering, and continues to suffer, incalculable financial loss and great and irreparable injuries to its Property for which it has no adequate remedy at law.

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

37.     An eminent threat exists that Redi-Mix will continue to trespass upon the Property and convert sand from the Property. As of the date of this Petition, Redi-Mix continues to trespass upon the Property and convert sand from the Property for its own possession, ownership, use, and profit, without authorization.

38.     Unless Redi-Mix is enjoined from doing so, Stark Ranch will be irreparably harmed because, among other things, damages are not presently ascertainable and/or cannot be measured by any certain pecuniary standard.

39.     Further, pursuant to section 65.011(5) of the TCPRC, Stark Ranch has a statutory right to an injunction for the threatened irreparable injury to the Property, irrespective of any remedy at law.

40.     By virtue of the foregoing, a balancing of the equities favors the issuance of a Temporary Restraining Order and Temporary Injunction against Redi-Mix.  Stark Ranch respectfully prays that this Court issue a Temporary Restraining Order and that Redi-Mix, its agents, officers, directors, employees, and any other person or entity acting in concert with or on behalf of Redi-Mix who receive actual notice of the Court's Order by service or otherwise, be ordered, in whole or in part, as follows:

(a)     Redi-Mix shall desist and refrain from entering the Property and from altering, modifying, removing, and/or destroying any sand, timber, or vegetation on the Property.

41.     Stark Ranch is ready and willing to post an appropriate bond set by the Court. Stark Ranch further requests that the Court schedule a hearing at which time Redi-Mix should be required to appear and show cause why a Temporary Injunction should not be issued prohibiting Redi-Mix's activities through the time of trial, and that, upon such hearing, a Temporary Injunction be issued prohibiting Redi-Mix's activities to the time of trial and, thereafter, a Permanent Injunction upon final trial, to restrain Redi-Mix from the foregoing activities.

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

## VII.
## REQUEST FOR ATTORNEYS' FEES

42.     Stark Ranch incorporates by reference all allegations contained above as if fully set forth herein.

43.     As a result of Redi-Mix's conduct, Stark Ranch has retained the services of Kane Russell Coleman Logan PC, licensed attorney's to enforce its rights and protect its legal interests. Stark Ranch has agreed to pay Kane Russell Coleman Logan PC reasonable and necessary attorney's fees and expenses. Pursuant to section 37.009 of the TCPRC, Stark Ranch is entitled to recover from Redi-Mix its reasonable and necessary attorneys' fees, court costs and expenses in pursuing this action.

## VIII.
## CONDITIONS PRECEDENT

44.     All conditions precedent to recovery for the relief sought herein have been performed, have occurred, or have been satisfied.

## IX.
## REQUEST FOR DISCLOSURES

45.     Pursuant to Rule 194, Defendant is requested to disclose, within thirty (30) days of service of this request, the information or material described in Rule 194.2, (a) – (l).

## X.
## PRAYER

WHEREFORE, Plaintiff Stark Ranch requests that Redi-Mix be cited to appear and answer herein and, upon final hearing of this cause, the Court enter a judgment in favor of Stark Ranch against Redi-Mix for the following:

a.      Declaratory relief as requested herein;

b.      Injunctive relief as requested herein;

c.      Judgment against Redi-Mix for damages in an amount proven at trial or hearing



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

within this Court's jurisdictional limits;

d.     Pre-and post-judgment interest as allowed by law;

e.     Reasonable and necessary attorneys' fees;

f.     Costs of court;

g.     Such other and further relief to which Stark Ranch may be justly entitled.

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**
1601 Elm Street, Suite 3700
Dallas, Texas 75201
(214) 777-4200 / Fax (214) 777-4299

By:  _s/ Boyd A. Mouse_
     Kenneth W. Biermacher
     State Bar No.  02302400
     Boyd A. Mouse
     State Bar No.  24003949
     Emily Green
     State Bar No.  24106027

**ATTORNEYS FOR PLAINTIFF**

6436502 v4 (71175.00003.000)



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

# Exhibit "A"

Tract One:

FIELD NOTES TO 2022.20 ACRES IN THE B.B.B. & C.R.R. CO. SURVEY ABSTRACT 156, ET AL, COOKE COUNTY, TEXAS

All that certain tract or parcel of land situated in the B.B B. & C.R.R. Co. Survey Abstract 156, the J.P. Havins Survey Abstract 455, the C. Hart Survey Abstract 461, the S.B. Murrell Survey Abstract 1420, the W.H. Donham Survey Abstract 1479, the B.B.B. & C.R.R. Co. Survey Abstract 177, the S.E. Clements Survey Abstract 264, the R. McFall Survey Abstract 674, the J.N. Wright Survey Abstract 1535, the J.G. Jones Survey Abstract 1206, the A. Elston Survey Abstract 351, the J.S.H. Donham Survey Abstract 1244, the C.E. Fallis Survey Abstract 1516, the S.B. Murrell Survey Abstract 1491, the David Smith Survey Abstract 173, the Thomas Wright Survey Abstract 1156, the B. A. Stanford Survey Abstract 1445, the A. Hodge Survey Abstract 1388, the J.N. Murrell Survey Abstract 1525, the B.C. Forbes Survey Abstract 1614, the V.A. Howeth Survey Abstract 1631, the McKinney and Williams Survey Abstract 755, and the Jacob Spears Survey Abstract 915, Cooke County, Texas, being all of a called 1546 acre tract conveyed by Laura Josephine Jones to Frances Yarbrough by deed recorded in Volume 325, page 110 of the Cooke County Deed Records, being a part of a called 530 acre tract described in a deed from Laura Josephine Jones to Frances Yarbrough recorded in Volume 371, page 3 of said Deed Records, and being all of a 0.91 acre tract conveyed by Robert T. Lewis, et ux to Paul Yarbrough, et ux by deed recorded in Volume 719, page 629 of said Deed Records, and being more particularly described as follows:

BEGINNING at a set steel pin on the West line of said 530 acre tract located North 00 degrees 06 minutes 46 seconds West, a distance of 62.31 feet from the Southwest corner of said 530 acre tract, on the Northwesterly line of F.M. Road 1202 which was the right-of-way for McKinley Avenue during the Camp Howze period, and was granted by the USA to Cooke County by deed recorded in Volume 322, page 114 of said Deed Records, said point also being the Southeast corner of a tract conveyed to Mollie Eaton by deed recorded in Volume 1448, page 314 of the Cooke County Official Public Records;

THENCE North 00 degrees 06 minutes 46 seconds West, with the West line of said Yarbrough tract, along and near a fence, passing the Northeast corner of said Mollie Eaton tract, same being a Southeast corner of a tract described in a deed to Karl Trubenbach Land LP recorded in Volume 2049, page 702 of the Cooke County Official Public Records, continuing and passing the Northwest corner of said 530 acre tract, same being the Southwest corner of said 1546 acre tract, continuing with the West line of said 1546 acre tract and passing a Northeast corner of said Trubenbach Land LP, same being the Southeast corner of a tract described in a deed to James Martin Lewis recorded in Volume 866, page 141 of said Deed Records, continuing with said West line of Yarbrough tract and the East line of previously said Lewis tract, and passing the Lewis tract's Northeast corner, common to the Southeast corner of a tract described as Exhibit C in a deed to Robert Lewis, III recorded in said Volume 866, page 141 of said Deed Records, continuing and passing the Westernmost Northwest corner and the North corner of said 0.91 acre tract, (said North corner being on the Northeast line of a called 20.89 acre tract described in a deed from W.P. Clements, Jr., Governor of the State of Texas, et al to Robert T. Lewis, Jr., et ux recorded in Volume 666, page 421 of said Deed Records), continuing and passing the Northeast corner of said Robert Lewis tract, common to the Southeast corner of a tract described in a deed to F. Michael Sparks recorded in Volume 1404, page 169 of said Public Records, continuing with said common line a total distance of 13,649.55 feet to a square pipe found at a fence corner at the Northeast corner of said Sparks tract, common to the Southeast corner of a tract conveyed to Ken Fomby by deed recorded in Volume 1139, page 603 of said Public Records;

THENCE North 00 degrees 08 minutes 28 seconds West, along and near a fence, continuing with the West line of said Yarbrough tract, a distance of 5629.45 feet to a wooden fence corner at the Northwest corner of said 1546 acre tract, on the North line of said Wright Survey, common to the South line of the T. Booker Survey Abstract 72;



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

BBB & CRR Co Su
2022.20 ac. tr.
Abstract 156, et al

Pg. 3 of 3

Southeasterly, 722.25 feet along a curve to the right having a radius
of 2789.93 feet and a chord of South 01 degree 15 minutes 08 seconds
East, a distance of 720.27 feet to a set steel pin at the end of said
curve;
South 06 degrees 09 minutes 52 seconds West, a distance of 2316.98 feet
to a set steel pin at the beginning of a curve;
Southeasterly, 692.67 feet along a curve to the left having a radius of
2939.93 feet and a chord of South 00 degrees 35 minutes 08 seconds East,
a distance of 691.10 feet to a set steel pin at the end of said curve;
South 07 degrees 20 minutes 08 seconds East, a distance of 1842.51 feet
to a set steel pin at the beginning of a curve;
Southeasterly, 689.79 feet along a curve to the right having a radius
of 2789.93 feet and a chord of South 00 degrees 15 minutes 08 seconds
East, a distance of 688.07 feet to a set steel pin at the end of said
curve;
South 06 degrees 49 minutes 52 seconds West, a distance of 283.34 feet
to a set steel pin at a fence corner at the Southeast corner of said
Yarbrough tract;

THENCE North 87 degrees 39 minutes 26 seconds West, with the South line
of said tract, a distance of 5384.51 feet to a set steel pin on the
Northeastern line of said F.M. Road 1202;

THENCE North 25 degrees 30 minutes 43 seconds West, with said Northeastern
line, crossing an access easement roadway, and continuing a total distance
of 80.97 feet to a set steel pin near a power pole;

THENCE South 64 degrees 22 minutes 17 seconds West, with the Northwestern
line of said F.M. Road 1202, a distance of 19.91 feet to the point of
beginning containing 2022.20 acres of land.

15860-5



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

**LESS AND EXCEPT THE FOLLOWING TRACT:**

FIELD NOTES TO 11.41 ACRES IN THE B.B.B. & C.R.R. CO. SURVEY ABSTRACT 156,
ET AL, COOKE COUNTY, TEXAS

All that certain tract or parcel of land situated in the B.B.B. & C.R.R. Co.
Survey Abstract 156 and the J. P. Havins Survey Abstract 455, Cooke County,
Texas, being all of a tract described as Water Well Site No. 2 in a deed from
The United States of America to the City of Gainesville recorded in Volume 366,
page 625 of the Cooke County Deed Records, and all of a tract conveyed by
Parker Yarbrough, et al to City of Gainesville by deed recorded in Volume 1081,
page 331 of the Cooke County Official Public Records and being more
particularly described as follows:

BEGINNING at a found steel pin at the Northwest corner of said Water Well Site
No. 2, said beginning corner further being located North 00 degrees 06 minutes
46 seconds West, a distance of 770.21 feet and North 89 degrees 53 minutes
14 seconds East, a distance of 141.14 feet from the Southwest corner of a tract
described in a deed to Frances Yarbrough recorded in Volume 371, page 3 of said
Deed Records;

THENCE North 64 degrees 30 minutes 33 seconds East, with the North line of said
Water Well Site No. 2, a distance of 77.28 feet to a found steel pin at a West
corner of said Yarbrough to City of Gainesville tract;

THENCE North 25 degrees 27 minutes 13 seconds East, a distance of 454.63 feet
to a found steel pin at the Northernmost Northwest corner of said Yarbrough
to City of Gainesville tract;

THENCE North 69 degrees 31 minutes 59 seconds East, a distance of 478.58 feet
to a found steel pin at the Northeast corner of said Yarbrough to City of
Gainesville tract;

THENCE South 20 degrees 21 minutes 59 seconds East, a distance of 654.74 feet
to a found steel pin at the Southeast corner of said Yarbrough to City of
Gainesville tract;

THENCE South 69 degrees 37 minutes 25 seconds West, a distance of 673.56 feet
to a fence corner at the Southernmost Southwest corner of said Yarbrough to
City of Gainesville tract, common to the Southeast corner of said Water Well
Site No. 2;

THENCE South 64 degrees 38 minutes 26 seconds West, with the South line of said
Water Well Site No. 2, a distance of 178.00 feet to a found steel pin at the
Southwest corner of said Water Well Site No. 2;

THENCE North 25 degrees 26 minutes 27 seconds West, a distance of 347.14 feet
to the point of beginning containing 11.41 acres of land.

CITY OF GAINESVILLE WATER WELL SITE NO. 2



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

Accreted land                                                    pg. 2 of 2

South 48 degrees 27 minutes 24 seconds East for a distance of 105.55 feet to a corner;
    South 35 degrees 45 minutes 14 seconds West for a distance of 30.81 feet to a corner;
    South 06 degrees 06 minutes 56 seconds East for a distance of 84.48 feet to a corner;
    South 36 degrees 15 minutes 14 seconds East for a distance of 37.20 feet to a corner;
    South 72 degrees 15 minutes 19 seconds East for a distance of 78.75 feet to a corner;
    South 33 degrees 06 minutes 41 seconds West for a distance of 82.38 feet to a corner;
    South 15 degrees 31 minutes 27 seconds East for a distance of 37.36 feet to a corner;
    South 40 degrees 14 minutes 11 seconds East for a distance of 85.15 feet to a corner;
    South 55 degrees 54 minutes 18 seconds East for a distance of 78.49 feet to a corner;
    South 24 degrees 23 minutes 58 seconds East for a distance of 106.51 feet to a corner;
    South 62 degrees 48 minutes 07 seconds East for a distance of 80.95 feet to a corner;
    South 10 degrees 22 minutes 33 seconds East for a distance of 72.18 feet to a corner;
    South 45 degrees 00 minutes 00 seconds East for a distance of 43.84 feet to a corner;
    South 39 degrees 24 minutes 02 seconds East for a distance of 72.47 feet to a corner;
    South 63 degrees 01 minutes 11 seconds East for a distance of 61.72 feet to a corner;
    South 51 degrees 06 minutes 56 seconds East for a distance of 39.82 feet to a corner;
    South 21 degrees 57 minutes 38 seconds East for a distance of 66.85 feet to a corner;
    South 16 degrees 19 minutes 37 seconds East for a distance of 206.32 feet to a corner;
    South 12 degrees 01 minutes 50 seconds East for a distance of 62.37 feet to a corner;
    South 65 degrees 46 minutes 20 seconds West for a distance of 21.93 feet to a corner on the Northeast line of the A. Elston Survey Abstract 351, common to the Northeast line of said Jones to Yarbrough tract;
    Northwesterly, with the Northeasterly line of said Elston Survey and the J. G. Jones Survey Abstract 1206 as patented the following courses and distances:
    North 42 degrees 55 minutes 30 seconds West for a distance of 310.24 feet to a corner;
    North 39 degrees 00 minutes 39 seconds West for a distance of 889.95 feet to a corner;
    North 38 degrees 45 minutes 04 seconds West for a distance of 193.10 feet to a corner;
    North 36 degrees 32 minutes 15 seconds West for a distance of 340.94 feet to a corner;
    North 39 degrees 56 minutes 49 seconds West for a distance of 698.65 feet to a corner;
    North 41 degrees 25 minutes 24 seconds West for a distance of 1083.85 feet to a corner;
    North 34 degrees 06 minutes 03 seconds West for a distance of 700.18 feet to a corner;
    North 43 degrees 47 minutes 51 seconds West for a distance of 1181.31 feet to a corner;
    North 22 degrees 36 minutes 13 seconds West for a distance of 265.49 feet to a corner;
    North 33 degrees 01 minute 58 seconds West for a distance of 250.53 feet to a corner;
    North 25 degrees 43 minutes 04 seconds West for a distance of 172.40 feet to a corner;
    North 34 degrees 41 minutes 44 seconds West for a distance of 151.47 feet to the point of beginning and containing 133.77 acres of land.

                                                15860-4.leg



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

<div style="text-align:center;border:1px solid black;">

**ASSIGNMENT OF CAUSE OF ACTION**

</div>

THIS ASSIGNMENT OF CAUSE OF ACTION (this "**Assignment**") is made and entered into as of the ___ day of May, 2018 (the "**Effective Date**"), by and between Paul Parker Yarbrough Jr. and Jo Anne Keeter (as "**Assignors**") and Stark Ranch – West, LLC, a Texas limited liability company (as "**Assignee**").

<div style="text-align:center;">

WITNESSETH:

</div>

WHEREAS, Assignors and Assignee previously entered into a Farm and Ranch Contract dated November 7, 2017 (the "Contract") whereby Assignors agreed to sell to Assignee approximately 2,114.85 acres of land located in Cooke County, Texas, described on Exhibit A (the "**Property**");

WHEREAS, Redi-Mix, LLC or its affiliate ("**Redi-Mix**") is trespassing on, and has trespassed on, the Property to conduct its mining operation, resulting in damages to the Property and damages incurred by the Assignors;

WHEREAS, in consideration for Assignee's purchase of the Property and for Ten dollars ($10.00) and other valuable consideration, the receipt and value of which is hereby acknowledged, Assignors agree to assign and transfer to Assignee any claims, demands or causes of action of whatever kind or nature, that Assignors now have or may have against Redi-Mix for any loss, injury, or damage caused to the Property for trespass, conversion, clouded title and the mining or removal of any aggregates and other resources from the Property (the "**Assigned Claim**");

WHEREAS, Assignors now assign the Assigned Claim, and Assignee accepts such assignment as set forth herein.

NOW, THEREFORE, for good and valuable consideration, the parties agree as follows:

1.   <u>Incorporation of Recitals</u>. The above recitals are incorporated into and shall constitute a part of this Assignment.

2.   <u>Assignment</u>. Simultaneously with, and conditioned upon, the closing of the sale of the Property to Assignee, Assignors hereby transfer and assign all of their right, title, and interest in and to the Assigned Claim to Assignee, and Assignee hereby accepts the Assigned Claim from Assignors, which shall include Assignors' right to recover and retain amounts for damages that arose prior to the sale of the Property to Assignee.

3.   <u>No Recourse</u>. This Assignment is without recourse. Assignors do not guarantee payment of the Assigned Claim. However, Assignors agree that if any payment with respect to the Assigned Claim is awarded to or otherwise made to Assignors, Assignors shall promptly remit any such payment to Assignee.





A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

4.    Successors and Assigns.   This Assignment shall be binding upon and inure to the benefit of each of the parties hereto and their respective heirs, legal representatives, successors and assigns.

5.    Counterparts.   This Assignment may be executed in one or more counterparts, each of which shall be an original and all of which shall constitute but one and the same document.

[Remainder of Page Intentionally Left Blank; Signature Page Follows]

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:   CODY SHIRES, Deputy

IN WITNESS WHEREOF, the parties hereto have executed this Assignment effective as of the Effective Date.

**ASSIGNORS:**

*Paul Parker Yarbrough Jr.*

PAUL PARKER YARBROUGH, JR.

STATE OF *Texas* )
                                    ) ss.
COUNTY OF *Cooke* )

The foregoing instrument was acknowledged before me this *31* day of *May*, 2018, by Paul Parker Yarbrough, Jr.

> KRISTI KLEINERT
> MY COMMISSION EXPIRES
> 07/15/2020
> NOTARY ID: 124990073

Notary Public

My Commission Expires:

My Commission No.:

(SEAL)

*Jo Anne Keeter*

JOANNE KEETER

STATE OF *Texas* )
                                    ) ss.
COUNTY OF *Cooke* )

The foregoing instrument was acknowledged before me this *31* day of *May*, 2018, by JoAnne Keeter.

Notary Public

My Commission Expires:

My Commission No.:

> KRISTI KLEINERT
> MY COMMISSION EXPIRES
> 07/15/2020
> NOTARY ID: 124990073

STARK RANCH – WEST, LLC
ASSIGNMENT OF CAUSES OF ACTION – SIGNATURE PAGE

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

**ASSIGNEE:**

**STARK RANCH - WEST, LLC,**
a Texas limited liability company

By:_____
Name: Steve Schmitz
Title: Vice-President

STATE OF _Texas_        )
                                     )   ss.
COUNTY OF _Cooke_     )

    The foregoing instrument was acknowledged before me this _30_ day of _May_, 2018, by Steve Schmitz, as the Vice-President of Stark Ranch-West, LLC.

_____
Notary Public

My Commission Expires:

_____

My Commission No.:

_____

KRISTI KLEINERT
MY COMMISSION EXPIRES
07/15/2020
NOTARY ID: 124990073



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

# Exhibit "A"

Tract One:

FIELD NOTES TO 2022.20 ACRES IN THE B.B.B. & C.R.R. CO. SURVEY ABSTRACT 156, ET AL, COOKE COUNTY, TEXAS

All that certain tract or parcel of land situated in the B.B B. & C.R.R. Co. Survey Abstract 156, the J.P. Havins Survey Abstract 455, the C. Hart Survey Abstract 461, the S.B. Murrell Survey Abstract 1420, the W.H. Donham Survey Abstract 1479, the B.B.B. & C.R.R. Co. Survey Abstract 177, the S.E. Clements Survey Abstract 264, the R. McFall Survey Abstract 674, the J.N. Wright Survey Abstract 1535, the J.G. Jones Survey Abstract 1206, the A. Elston Survey Abstract 351, the J.S.H. Donham Survey Abstract 1244, the C.E. Fallis Survey Abstract 1516, the S.B. Murrell Survey Abstract 1491, the David Smith Survey Abstract 173, the Thomas Wright Survey Abstract 1156, the B. A. Stanford Survey Abstract 1445, the A. Hodge Survey Abstract 1388, the J.N. Murrell Survey Abstract 1525, the B.C. Forbes Survey Abstract 1614, the V.A. Howeth Survey Abstract 1631, the McKinney and Williams Survey Abstract 755, and the Jacob Spears Survey Abstract 915, Cooke County, Texas, being all of a called 1546 acre tract conveyed by Laura Josephine Jones to Frances Yarbrough by deed recorded in Volume 325, page 110 of the Cooke County Deed Records, being a part of a called 530 acre tract described in a deed from Laura Josephine Jones to Frances Yarbrough recorded in Volume 371, page 3 of said Deed Records, and being all of a 0.91 acre tract conveyed by Robert T. Lewis, et ux to Paul Yarbrough, et ux by deed recorded in Volume 719, page 629 of said Deed Records, and being more particularly described as follows:

BEGINNING at a set steel pin on the West line of said 530 acre tract located North 00 degrees 06 minutes 46 seconds West, a distance of 62.31 feet from the Southwest corner of said 530 acre tract, on the Northwesterly line of F.M. Road 1202 which was the right-of-way for McKinley Avenue during the Camp Howze period, and was granted by the USA to Cooke County by deed recorded in Volume 322, page 114 of said Deed Records, said point also being the Southeast corner of a tract conveyed to Mollie Eaton by deed recorded in Volume 1448, page 314 of the Cooke County Official Public Records;

THENCE North 00 degrees 06 minutes 46 seconds West, with the West line of said Yarbrough tract, along and near a fence, passing the Northeast corner of said Mollie Eaton tract, same being a Southeast corner of a tract described in a deed to Karl Trubenbach Land LP recorded in Volume 2049, page 702 of the Cooke County Official Public Records, continuing and passing the Northwest corner of said 530 acre tract, same being the Southwest corner of said 1546 acre tract, continuing with the West line of said 1546 acre tract and passing a Northeast corner of said Trubenbach Land LP, same being the Southeast corner of a tract described in a deed to James Martin Lewis recorded in Volume 866, page 141 of said Deed Records, continuing with said West line of Yarbrough tract and the East line of previously said Lewis tract, and passing the Lewis tract's Northeast corner, common to the Southeast corner of a tract described as Exhibit C in a deed to Robert Lewis, III recorded in said Volume 866, page 141 of said Deed Records, continuing and passing the Westernmost Northwest corner and the North corner of said 0.91 acre tract, [said North corner being on the Northeast line of a called 20.89 acre tract described in a deed from W.P. Clements, Jr., Governor of the State of Texas, et al to Robert T. Lewis, Jr., et ux recorded in Volume 666, page 421 of said Deed Records], continuing and passing the Northeast corner of said Robert Lewis tract, common to the Southeast corner of a tract described in a deed to F. Michael Sparks recorded in Volume 1404, page 169 of said Public Records, continuing with said common line a total distance of 13,649.55 feet to a square pipe found at a fence corner at the Northeast corner of said Sparks tract, common to the Southeast corner of a tract conveyed to Ken Fomby by deed recorded in Volume 1139, page 603 of said Public Records;

THENCE North 00 degrees 08 minutes 28 seconds West, along and near a fence, continuing with the West line of said Yarbrough tract, a distance of 5629.45 feet to a wooden fence corner at the Northwest corner of said 1546 acre tract, on the North line of said Wright Survey, common to the South line of the T. Booker Survey Abstract 72;



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

BBB & CRR Co Su
2022.20 ac. tr.
Abstract 156, et al

Pg. 2 of 3

THENCE South 89 degrees 24 minutes 42 seconds East, with said common survey line, along a fence, a distance of 267.14 feet to the Northwest corner of said Jones Survey, common to the Northeast corner of said Wright Survey and said Yarbrough tract;

THENCE Southeasterly, with the East line of said Yarbrough tract and the South bank of said Red River as evidenced by the calls in the various survey patents which bounds the Red River in the Yarbrough deed, the following courses and distances:

    South 34 degrees 41 minutes 44 seconds East, a distance of 151.47 feet;
    South 25 degrees 43 minutes 04 seconds East, a distance of 172.40 feet;
    South 33 degrees 01 minute 58 seconds East, a distance of 250.53 feet;
    South 22 degrees 36 minutes 13 seconds East, a distance of 265.49 feet;
    South 43 degrees 47 minutes 51 seconds East, a distance of 1181.31 feet;
    South 34 degrees 06 minutes 03 seconds East, a distance of 700.18 feet;
    South 41 degrees 25 minutes 24 seconds East, a distance of 1083.85 feet;
    South 39 degrees 56 minutes 49 seconds East, passing the Southeast corner of said Jones Survey, common to the Northwest corner of said Elston Survey and continuing a total distance of 698.65 feet;
    South 36 degrees 32 minutes 15 seconds East, a distance of 340.94 feet;
    South 38 degrees 45 minutes 04 seconds East, a distance of 193.10 feet;
    South 39 degrees 00 minutes 39 seconds East, a distance of 889.95 feet to a corner on the gradient boundary of the Red River as surveyed by Nedra Foster, LSLS on February 2018;

THENCE continuing along the gradient boundary the following calls and distances;

    South 39 degrees 32 minutes 10 second East, a distance of 385.33 feet
    South 36 degrees 08 minutes 07 seconds East, a distance of 234.02 feet;
    South 38 degrees 10 minutes 44 seconds East, passing the Northeast corner of said Elston Survey, common to the North corner of said Smith Survey and continuing a total distance of 297.68 feet;
    South 35 degrees 37 minutes 50 seconds East, a distance of 286.67 feet;
    South 35 degrees 41 minutes 43 seconds East, a distance of 253.65 feet;
    South 34 degrees 19 minutes 49 seconds East, a distance of 148.95 feet;
    South 42 degrees 22 minutes 03 seconds East, a distance of 123.17 feet;
    South 43 degrees 37 minutes 31 seconds East, a distance of 265.24 feet;
    South 45 degrees 34 minutes 58 seconds East, a distance of 208.61 feet;
    South 47 degrees 46 minutes 27 seconds East, a distance of 321.40 feet;
    South 52 degrees 07 minutes 30 seconds East, a distance of 262.24 feet;
    South 60 degrees 46 minutes 51 seconds East, a distance of 67.60 feet;
    South 66 degrees 06 minutes 17 seconds East, a distance of 172.92 feet to the Northeast corner of said Yarbrough tract, on the West line of the G.C. & S.F. Railroad;

THENCE Southerly, with the East line of said Yarbrough tract, common to the West line of said railroad, the following courses and distances:

    South 36 degrees 08 minutes 23 seconds West, a distance of 546.05 feet to a set steel pin at the beginning of a curve;
    Southwesterly, 1767.07 feet along a curve to the left having a radius of 1985.08 feet and a chord of South 10 degrees 38 minutes 08 seconds West, a distance of 1709.47 feet to a set steel pin at the end of said curve;
    South 14 degrees 52 minutes 08 seconds East, a distance of 500.86 feet to a set steel pin at the beginning of a curve;
    Southeasterly, 598.85 feet along a curve to the right having a radius of 1835.08 feet and a chord of South 05 degrees 31 minutes 08 seconds East, a distance of 596.27 feet to a set steel pin at the end of said curve;
    South 03 degrees 49 minutes 52 seconds West, a distance of 1893.14 feet to a set steel pin at the beginning of a curve;
    Southeasterly, 641.36 feet along a curve to the left having a radius of 2939.93 feet and a chord of South 02 degrees 25 minutes 08 seconds East, a distance of 640.12 feet to a set steel pin at the end of said curve;
    South 08 degrees 40 minutes 08 seconds East, a distance of 504.80 feet to a set steel pin at the beginning of a curve;



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

BBB & CRR Co Su
2022.20 ac. tr.
Abstract 156, et al                                          Pg. 3 of 3

Southeasterly, 722.25 feet along a curve to the right having a radius
of 2789.93 feet and a chord of South 01 degree 15 minutes 08 seconds
East, a distance of 720.27 feet to a set steel pin at the end of said
curve;
South 06 degrees 09 minutes 52 seconds West, a distance of 2316.98 feet
to a set steel pin at the beginning of a curve;
Southeasterly, 692.67 feet along a curve to the left having a radius of
2939.93 feet and a chord of South 00 degrees 35 minutes 08 seconds East,
a distance of 691.10 feet to a set steel pin at the end of said curve;
South 07 degrees 20 minutes 08 seconds East, a distance of 1842.51 feet
to a set steel pin at the beginning of a curve;
Southeasterly, 689.79 feet along a curve to the right having a radius
of 2789.93 feet and a chord of South 00 degrees 15 minutes 08 seconds
East, a distance of 688.07 feet to a set steel pin at the end of said
curve;
South 06 degrees 49 minutes 52 seconds West, a distance of 283.34 feet
to a set steel pin at a fence corner at the Southeast corner of said
Yarbrough tract;

THENCE North 87 degrees 39 minutes 26 seconds West, with the South line
of said tract, a distance of 5384.51 feet to a set steel pin on the
Northeastern line of said F.M. Road 1202;

THENCE North 25 degrees 30 minutes 43 seconds West, with said Northeastern
line, crossing an access easement roadway, and continuing a total distance
of 80.97 feet to a set steel pin near a power pole;

THENCE South 64 degrees 22 minutes 17 seconds West, with the Northwestern
line of said F.M. Road 1202, a distance of 19.91 feet to the point of
beginning containing 2022.20 acres of land.

15860-5


A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

**LESS AND EXCEPT THE FOLLOWING TRACT:**

FIELD NOTES TO 29.71 ACRES IN THE JACOB SPEARS SURVEY ABSTRACT 915, ET AL, COOKE COUNTY, TEXAS

All that certain tract or parcel of land situated in the V.A. Howeth Survey Abstract 1631, and the Jacob Spears Survey Abstract 915, Cooke County, Texas, being all of a called 30 acre tract described in a deed from A. M. Burch to Gainesville Gun & Rod Club recorded in Volume 82, page 131 of the Cooke County Deed Records, and being more particularly described as follows:

BEGINNING at a set steel pin in a found pile of stone at the South corner of said 30 acre tract, said corner being located North 87 degrees 39 minutes 26 seconds West a distance of 1715.30 feet and North 02 degrees 20 minutes 34 seconds East a distance of 6.92 feet from the Southeast corner of a tract described in a deed to Frances Yarbrough recorded in Volume 325, page 110 of said Deed Records;

THENCE North 18 degrees 01 minute 19 seconds West, near a fence, a distance of 773.25 feet to a set steel pin in a found pile of stone at the Northwest corner of said 30 acre tract;

THENCE North 73 degrees 43 minutes 59 seconds East, near a fence partway, a distance of 1866.33 feet to a set steel pin in a found pile of stone at the Northeast corner of said 30 acre tract;

THENCE South 13 degrees 57 minutes 34 seconds East, along and near a fence, a distance of 437.53 feet to a set steel pin at the Easternmost Southeast corner of said 30 acre tract;

THENCE South 25 degrees 51 minutes 21 seconds West, a distance of 313.39 feet to a set steel pin at the Southernmost Southeast corner of said 30 acre tract;

THENCE South 70 degrees 04 minutes 27 seconds West, with the South line of said 30 acre tract, a distance of 1618.14 feet to the point of beginning containing 29.71 acres of land.

GAINESVILLE GUN & ROD CLUB



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

**LESS AND EXCEPT THE FOLLOWING TRACT:**

FIELD NOTES TO 11.41 ACRES IN THE B.B.B. & C.R.R. CO. SURVEY ABSTRACT 156,
ET AL, COOKE COUNTY, TEXAS

All that certain tract or parcel of land situated in the B.B.B. & C.R.R. Co.
Survey Abstract 156 and the J. P. Havins Survey Abstract 455, Cooke County,
Texas, being all of a tract described as Water Well Site No. 2 in a deed from
The United States of America to the City of Gainesville recorded in Volume 366,
page 625 of the Cooke County Deed Records, and all of a tract conveyed by
Parker Yarbrough, et al to City of Gainesville by deed recorded in Volume 1081,
page 331 of the Cooke County Official Public Records and being more
particularly described as follows:

BEGINNING at a found steel pin at the Northwest corner of said Water Well Site
No. 2, said beginning corner further being located North 00 degrees 06 minutes
46 seconds West, a distance of 770.21 feet and North 89 degrees 53 minutes
14 seconds East, a distance of 141.14 feet from the Southwest corner of a tract
described in a deed to Frances Yarbrough recorded in Volume 371, page 3 of said
Deed Records;

THENCE North 64 degrees 30 minutes 33 seconds East, with the North line of said
Water Well Site No. 2, a distance of 77.28 feet to a found steel pin at a West
corner of said Yarbrough to City of Gainesville tract;

THENCE North 25 degrees 27 minutes 13 seconds East, a distance of 454.63 feet
to a found steel pin at the Northernmost Northwest corner of said Yarbrough
to City of Gainesville tract;

THENCE North 69 degrees 31 minutes 59 seconds East, a distance of 478.58 feet
to a found steel pin at the Northeast corner of said Yarbrough to City of
Gainesville tract;

THENCE South 20 degrees 21 minutes 59 seconds East, a distance of 654.74 feet
to a found steel pin at the Southeast corner of said Yarbrough to City of
Gainesville tract;

THENCE South 69 degrees 37 minutes 25 seconds West, a distance of 673.56 feet
to a fence corner at the Southernmost Southwest corner of said Yarbrough to
City of Gainesville tract, common to the Southeast corner of said Water Well
Site No. 2;

THENCE South 64 degrees 38 minutes 26 seconds West, with the South line of said
Water Well Site No. 2, a distance of 178.00 feet to a found steel pin at the
Southwest corner of said Water Well Site No. 2;

THENCE North 25 degrees 26 minutes 27 seconds West, a distance of 347.14 feet
to the point of beginning containing 11.41 acres of land.

CITY OF GAINESVILLE WATER WELL SITE NO. 2



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

# Exhibit "A"

<u>Tract Two:</u>

FIELD NOTES TO 133.77 ACRES OF ACCRETED LAND IN COOKE COUNTY, TEXAS

All that certain tract or parcel of land situated in Cooke County, Texas being accreted land lying between the patented land of the J.G. Jones Survey Abstract 1206 and the A. Elston Survey Abstract 351 and the present Gradient Boundary of the Red River as surveyed by Nedra Foster, LSLS on February 2018 and being more particularly described as follows:

BEGINNING at a set capped steel pin at the Northwest corner of the said Jones Survey, common to the Northeast corner of the J. N. Wright Survey Abstract 1535, on the South line of the T. Booker Survey Abstract 72, at the Northernmost Northeast corner of a 1546 acre tract of land conveyed by Laura Josephine Jones to Frances Yarbrough by deed recorded in Volume 325, page 110 of the Cooke County Deed Records;

THENCE South 89 degrees 24 minutes 42 seconds East, with the projected North line of said Booker Survey, a distance of 1482.97 feet to a corner on the said Gradient Boundary on the Red River as surveyed by Nedra Foster, LSLS on February, 2018;

THENCE Southeasterly, along said gradient boundary, the following courses and distances:

    South 53 degrees 58 minutes 21 seconds East for a distance of 91.40 feet to a corner;
    South 45 degrees 17 minutes 03 seconds East for a distance of 427.80 feet to a corner;
    South 60 degrees 28 minutes 15 seconds East for a distance of 691.87 feet to a corner;
    South 27 degrees 10 minutes 46 seconds East for a distance of 834.10 feet to a corner;
    South 27 degrees 24 minutes 53 seconds East for a distance of 784.05 feet to a corner;
    South 42 degrees 03 minutes 52 seconds East for a distance of 110.45 feet to a corner;
    South 24 degrees 14 minutes 12 seconds East for a distance of 297.20 feet to a corner;
    South 18 degrees 40 minutes 36 seconds East for a distance of 299.79 feet to a corner;
    South 11 degrees 16 minutes 26 seconds East for a distance of 312.02 feet to a corner;
    South 00 degrees 25 minutes 20 seconds West for a distance of 407.01 feet to a corner;
    South 66 degrees 22 minutes 14 seconds West for a distance of 52.39 feet to a corner;
    North 89 degrees 32 minutes 43 seconds West for a distance of 126.00 feet to a corner;
    North 24 degrees 20 minutes 28 seconds West for a distance of 46.10 feet to a corner;
    South 60 degrees 48 minutes 09 seconds West for a distance of 38.95 feet to a corner;
    South 45 degrees 59 minutes 16 seconds West for a distance of 82.04 feet to a corner;
    South 31 degrees 17 minutes 35 seconds West for a distance of 59.68 feet to a corner;
    South 06 degrees 34 minutes 55 seconds East for a distance of 52.35 feet to a corner;
    South 63 degrees 26 minutes 06 seconds East for a distance of 35.78 feet to a corner;
    South 04 degrees 14 minutes 11 seconds West for a distance of 27.07 feet to a corner;
    South 57 degrees 22 minutes 51 seconds West for a distance of 29.68 feet to a corner;
    South 05 degrees 11 minutes 40 seconds East for a distance of 22.09 feet to a corner;



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

Accreted land                                                    pg. 2 of 2

South 48 degrees 27 minutes 24 seconds East for a distance of 105.55 feet to a corner;
    South 35 degrees 45 minutes 14 seconds West for a distance of 30.81 feet to a corner;
    South 06 degrees 06 minutes 56 seconds East for a distance of 84.48 feet to a corner;
    South 36 degrees 15 minutes 14 seconds East for a distance of 37.20 feet to a corner;
    South 72 degrees 15 minutes 19 seconds East for a distance of 78.75 feet to a corner;
    South 33 degrees 06 minutes 41 seconds West for a distance of 82.38 feet to a corner;
    South 15 degrees 31 minutes 27 seconds East for a distance of 37.36 feet to a corner;
    South 40 degrees 14 minutes 11 seconds East for a distance of 85.15 feet to a corner;
    South 55 degrees 54 minutes 18 seconds East for a distance of 78.49 feet to a corner;
    South 24 degrees 23 minutes 58 seconds East for a distance of 106.51 feet to a corner;
    South 62 degrees 48 minutes 07 seconds East for a distance of 80.95 feet to a corner;
    South 10 degrees 22 minutes 33 seconds East for a distance of 72.18 feet to a corner;
    South 45 degrees 00 minutes 00 seconds East for a distance of 43.84 feet to a corner;
    South 39 degrees 24 minutes 02 seconds East for a distance of 72.47 feet to a corner;
    South 63 degrees 01 minutes 11 seconds East for a distance of 61.72 feet to a corner;
    South 51 degrees 06 minutes 56 seconds East for a distance of 39.82 feet to a corner;
    South 21 degrees 57 minutes 38 seconds East for a distance of 66.85 feet to a corner;
    South 16 degrees 19 minutes 37 seconds East for a distance of 206.32 feet to a corner;
    South 12 degrees 01 minutes 50 seconds East for a distance of 62.37 feet to a corner;
    South 65 degrees 46 minutes 20 seconds West for a distance of 21.93 feet to a corner on the Northeast line of the A. Elston Survey Abstract 351, common to the Northeast line of said Jones to Yarbrough tract;
    Northwesterly, with the Northeasterly line of said Elston Survey and the J. G. Jones Survey Abstract 1206 as patented the following courses and distances:
    North 42 degrees 55 minutes 30 seconds West for a distance of 310.24 feet to a corner;
    North 39 degrees 00 minutes 39 seconds West for a distance of 889.95 feet to a corner;
    North 38 degrees 45 minutes 04 seconds West for a distance of 193.10 feet to a corner;
    North 36 degrees 32 minutes 15 seconds West for a distance of 340.94 feet to a corner;
    North 39 degrees 56 minutes 49 seconds West for a distance of 698.65 feet to a corner;
    North 41 degrees 25 minutes 24 seconds West for a distance of 1083.85 feet to a corner;
    North 34 degrees 06 minutes 03 seconds West for a distance of 700.18 feet to a corner;
    North 43 degrees 47 minutes 51 seconds West for a distance of 1181.31 feet to a corner;
    North 22 degrees 36 minutes 13 seconds West for a distance of 265.49 feet to a corner;
    North 33 degrees 01 minute 58 seconds West for a distance of 250.53 feet to a corner;
    North 25 degrees 43 minutes 04 seconds West for a distance of 172.40 feet to a corner;
    North 34 degrees 41 minutes 44 seconds West for a distance of 151.47 feet to the point of beginning and containing 133.77 acres of land.

                                                        15860-4.leg



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

## MINING LEASE

THIS MINING LEASE (this "Lease") is executed as of June 3, 2011, by and among OKLAHOMA CHRISTIAN UNIVERSITY, NORTH CENTRAL TEXAS COLLEGE, UNITED WAY OF COOKE COUNTY and THE FROST NATIONAL BANK, as Co-Trustees of the LEO and MABEL SCOTT CHARITABLE TRUST ("Lessor"), and CHARLES N. DAVIS, III ("Lessee").

### RECITALS:

A.     Lessor is the owner of certain real property in Love County, Oklahoma, which is described in Exhibit A to this Lease (the "Leased Premises").

B.     Lessor desires to lease to Lessee; and Lessee desires to lease from Lessor, the Leased Premises for certain mining and related purposes, as more particularly set forth in this Lease.

ACCORDINGLY, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Lessor and Lessee agree as follows:

1.     <u>Lease</u>. Lessor hereby leases and demises to Lessee, and Lessee hereby leases and lets from Lessor, the Leased Premises, subject to all liens, easements and other encumbrances of record affecting the Leased Premises, for the exclusive right to prospect, explore for, mine, process, produce, store, remove and sell therefrom, all minerals and construction materials, including sand, soil, gravel and limestone, but excluding oil and/or gas, said minerals and construction materials being herein collectively referred to collectively as the "Materials," and the right of ingress and egress for such purposes. As part of such prospecting, mining and production, Lessee shall have the following rights, so long as they are exercised in accordance with the provisions of this Lease:

(a)     The right to remove, process, store, transport, market, sell and otherwise deal with the Materials.

(b)     The right to enter the Property at the gate from old highway 77 that joins highway I-35 and the nonexclusive right to use existing roadways crossing the Property between such gate and the Leased Premises for purposes of ingress and egress to and from the Leased Premises and transportation of Materials from the Leased Premises.

(c)     The right to deposit on the surface of Leased Premises such Materials as may be produced from Lessee's operations under this Lease.

(d)     The right to place on the Property machinery, equipment, structures and other improvements necessary for the mining and selling of Materials mined, together with water lines and other installations as more specifically set forth in Section 6 hereof.

2.     <u>Term</u>. The term of this Lease shall be five (5) years (the "Primary Term"), commencing on the date hereof and expiring on the fifth (5th) anniversary of the date hereof and continuing thereafter for so long as Materials are mined and removed from the Leased Premises



13.1



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

in Commercial Quantities (as hereinafter defined), unless sooner terminated in accordance with the terms of this Lease. The 12 month period commencing on the commencement date of this Lease, and each 12 month period commencing on an anniversary of the date hereof, is referred to herein as a "Lease Year." For purposes of this Section 2, the term "Commercial Quantities" shall mean mining and removal of not less than One Hundred Thousand (100,000) Tons of Materials during each Lease Year.

3.  Royalties.

    (a) Advance Royalties. Lessee has contemporaneously with the execution and delivery of this Lease, paid to Lessor the sum of Two Thousand Dollars ($2,000) as advance royalty ("the Initial Advance Royalty"). Lessee agrees to pay to Lessor, as advance royalty, on the dates set forth below the following Advance Royalties:

| Anniversary Date | Advance Royalty |
|---|---|
| Execution | $2,000.00 |
| June 3, 2012 or sooner upon obtaining all required mining permits | $20,000.00 |
| June 3, 2013 | $30,000.00 |
| June 3, 2014 | $40,000.00 |
| June 3, 2015 | $50,000.00 |
| June 3, 2016 | $60,000.00 |

Each of such payments being herein called an "Advance Royalty Payment," such Advance Royalty Payments and the Initial Advance Royalty being herein collectively called "Advance Royalties". Lessee may deduct from the Advance Royalties payable under this paragraph the amount of all Tonnage Royalties (as hereinafter defined) theretofore actually paid to Lessor which have not previously been deducted from Advance Royalties.

    (b) Tonnage Royalties.

        (i) Lessee will pay to Lessor, on or before the twentieth (20th) day of each calendar month, a royalty equal to the greater of (i) Sixty Five Cents ($0.65) per Ton (a "Ton" as used herein being 2,000 pounds) or (ii) Twelve and One-Half Percent (12.5%) of the Average Local Sales Price (as hereinafter defined) on all Materials (except Flume Sand and Select Fill) mined and removed from the Leased Premises during the preceding calendar month (each such payment being herein called a "Tonnage Royalty Payment," such Tonnage Royalty Payments being herein collectively called "Tonnage Royalties"). Lessee may deduct from the Tonnage Royalties payable under this paragraph the amount of all Advance Royalties theretofore actually paid to Lessor which have not previously been deducted from Tonnage Royalties.

Page 2

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

13.2

(ii)     Lessee will pay to Lessor, on or before the twentieth (20th) day of each calendar month, a royalty equal to the greater of (i) Twenty Five Cents ($0.25) per Ton or (ii) Twelve and One-Half Percent (12.5%) of the Average Local Sales Price on all Flume Sand and Select Fill (as hereinafter defined) mined and removed from the Leased Premises during the preceding calendar month (each such payment being herein called a "Tonnage Royalty Payment," such Tonnage Royalty Payments being herein collectively called "Tonnage Royalties"). Lessee may deduct from the Tonnage Royalties payable under this paragraph the amount of all Advance Royalties theretofore actually paid to Lessor which have not previously been deducted from Tonnage Royalties.

(iii)     The term "Average Local Sales Price" shall mean the price at which Materials of comparable type and quality are purchased and sold between unrelated parties in the same geographic area as the Leased Premises for delivery into the Dallas/Fort Worth area. The terms "Flume Sand" and "Select Fill" shall mean materials from either a pit run or after processing with a minimum of fifty percent (50%) of these materials passing through a # 50 sieve.

(c)     Processing Royalties.  If Lessee shall construct a plant for the processing of Materials on the Leased Premises mined on a property other than the Leased Premises, Lessee shall pay to Lessor monthly Processing Royalties equal to $0.05 per ton of Materials processed on and sold from the Leased Premises. Such payment shall be made together with payments of Tonnage Royalties.

All payments required under this Section 3 are herein called "Royalties." All Royalties owing hereunder shall be paid to Lessor at the address shown at the beginning of this Lease, or to such different address as Lessor shall have designated by written notice sent in accordance with the notice provisions of this Lease. If any Royalties are not paid in full by the time designated in this Section 3, such past due Royalties shall bear interest at the rate equal to the lesser of eighteen percent (18%) per annum or the highest rate allowed by law for the period beginning on the due date of such Royalties and ending on the date such Royalties are actually paid to Lessor.

4.     Material Removal Records.  Lessee agrees to maintain at its business offices, at all times, written records of the amount and type of Material, Flume Sand and Select Fill removed from Leases Premises and shall have a record specifying the amount and type of Material, Flume Sand and Select Fill removed, the driver, the scale ticket, the date of each load of Material, Flume Sand and Select Fill removed from the Leased Premises, including a daily recap sheet and such record shall be available for review by Lessor or Lessor's agents during normal business hours for the purpose of verifying such amounts. Lessee shall also maintain records adequate for Lessor to determine the Average Local Sales Price for all Material, Flume Sand and Select Fill for each month during the term of this Lease. Lessor shall have the right at all times to enter on and to inspect all operations during normal business hours. During mining or processing operations, Lessor will be accompanied by Lessee's representatives. In addition, Lessee shall furnish Lessor a copy of such records along with each monthly payment for Material.

13.3

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

5.    Mining Development Plan.  Lessee shall conduct its mining operations on the Leased Premises in accordance with a mining plan approved in writing by Lessor, such approval not to be unreasonably withheld.  Such mining plan shall (i) describe the methods and timing of intended mining, (ii) indicate the areas of the Leased Premises in which mining activities are to be conducted, (iii) show the direction in which mining is to progress, (iv) contain a plat setting forth any proposed plant location, (v) contain a plat of the area to be mined and logs of mining operations, (vi) show all proposed roads and road locations and (vii) show the location of commencement of mining and the progression of mining operations.  The mining plan shall limit mining to areas which comply with any and all boundary setback requirements of applicable local, state or federal law.  Lessee shall provide to Lessor a copy of all evaluation materials produced or obtained as part of its review and evaluation of the property, including, but not limited to, all core samples and feasibility studies.

6.    Lessee Rights.  Lessee shall have the right of ingress and egress at all times across the Leased Premises as set forth in paragraph (b) of Section 1 hereof and Lessee may construct a roadway across the Leased Premises at no expense to the Lessor, as well as roadways on each unit of the Leased Premises being developed, and Lessee may use sand and gravel mined from the Leased Premises in the construction of the roads at no expense to Lessee.  It is agreed that any improvements on the roads shall remain the property of the Lessor on the termination of this Lease, whether such improvements are made permanent or temporary.  Lessee may place on the property any and all machinery, equipment, structures, and other improvements which will be necessary, or convenient, for the use of mining and selling of Material mined from the Leased Premises, provided that it is working or in working condition or will be used in mining operations.  Salvage equipment shall be removed from the Leased Premises.  Lessee may also lay all necessary water lines and construct power lines for pumping or plant operations and do all other things reasonable and necessary on the Leased Premises to mine the Materials.  In addition, Lessee may build dams to impound water necessary for the proper washing of the Materials and may dig channels to secure drainage from the Leased Premises.  It is further agreed that all such machinery, equipment, structures, and other equipment placed on the Leased Premises except those placed in the roadway, waterways, and electrical lines shall remain personal property and shall not be considered a part of the realty, as by attachment to the soil, and such machinery, equipment, structures, and other improvements maybe removed upon the expiration of the Term hereof, provided that the Lessee is not in default in any of the payments or other covenants, provided herein.

7.    Non-Exclusive Lease.  It is understood and agreed that the Lessee is not receiving nor does it receive by this document, an exclusive lease of the Leased Premises, but Lessee's lease and rights of use of the Leased Premises are limited to the mining of Materials on the Leased Premises as provided in Section 1, and exclusively from the Leased Premises herein described.  All uses of the Leased Premises not being mined for Materials as herein required, are hereby reserved to Lessor to graze livestock or for other use which does not interfere with Lessee's use as herein granted.

8.    Scales.  Lessee agrees to install and maintain on the Leased Premises at its own cost and expense, so long as this Lease is in force, a certified motor truck scale, which will be used for the purpose of keeping an accurate account of all Materials mined and removed from the Leased Premises.  The scale will be checked for accuracy at appropriate periodic intervals.

Page 4

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

13.

9.     <u>Books and Records</u>. Throughout the term of this Lease, Lessee shall furnish to Lessor, on or before the 20th day of each calendar month following any calendar month in which Materials were removed from the Leased Premises, a complete and accurate statement showing the number of tons and types of Materials mined and removed from the Leased Premises by Lessee during the preceding calendar month. Within 90 days after the end of each Lease Year, Lessee's chief financial officer shall certify to Lessor the number of tons and types of Materials mined and removed from the Leased Premises by Lessee during the preceding Lease Year. Lessor may, at all reasonable times during business hours and at Lessee's premises, audit the books, maps and records of Lessee reasonably necessary to accurately determine, for any period, the tonnages of Materials mined and removed from the Leased Premises. Additionally, Lessor may, from time to time, make or obtain topographical surveys, maps, site photographs and video tapes and/or aerial photographs and video tapes of the Leased Premises to assist in the calculation of tonnages of Materials mined and removed from the Leased Premises (and Lessor may obtain access to the Leased Premises at all times reasonably necessary to make or obtain such surveys, maps, photographs and/or video tapes). If any such audit, survey, map, photograph or video tape discloses information showing that Royalties are owed to Lessor under this Lease which Lessee has failed to pay, Lessee shall immediately pay such Royalties or other payments to Lessor together with interest thereon at the rate provided in Section 3 hereof commencing on the date the Royalties or other payments should have been paid to Lessor under this Lease.

10.     <u>Taxes</u>. Lessor shall pay prior to delinquency all taxes assessed against the Leased Premises. Within 15 days after delivery by Lessor to Lessee of a tax statement and evidence of payment by Lessor of the taxes set forth therein, Lessee shall reimburse Lessor for Eighty-Seven and Five-Tenths Percent (87.5%) of all taxes paid that are attributable to any increase in the valuation of the Leased Premises subsequent to the execution of this Lease, it being agreed that such reimbursement represents an equitable allocation of tax responsibility between Lessor and Lessee. Lessor may contest any tax assessed against the Leased Premises or any valuation of the Leased Premises by a governmental authority for tax purposes. Lessee waives any right it may have, at law or otherwise, to contest any tax assessed against the Leased Premises or any valuation of the Leased Premises for tax purposes. Lessee shall pay prior to delinquency all taxes assessed upon or levied against all vehicles, equipment, machinery or other property of Lessee installed or placed in, on, and/or under the surface of the Leased Premises.

11.     <u>Applicable Laws</u>. Lessee shall conduct its operations on the Leased Premises in accordance with all applicable local, state and federal ordinances, laws, orders, rules and regulations. Without limiting the generality of the foregoing, Lessee agrees as follows:

    (a)     Lessee shall secure all permits required from governmental authorities to conduct operations permitted under this Lease, and shall provide to Lessor copies of such permits.

    (b)     To the extent Lessee uses explosives in its operations under this Lease, Lessee shall store, transport, secure and use the explosives in accordance with all applicable requirements imposed by the Federal Bureau of Alcohol, Tobacco and Firearms and any other applicable governmental authority. Lessee shall obtain Lessor's prior written approval of Lessee's plan for storage of any explosives on the Leased Premises.

Page 5



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

     (c)    Lessee shall limit mining to areas of the Leased Premises which comply with any and all boundary setback requirements imposed by applicable law.

     (d)    In addition to the requirements of Section 9, Lessee shall perform any reclamation of the Leased Premises required by applicable law with respect to Lessee's operations.

     12.    <u>No Warranty.</u>  **LESSOR MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO THE NATURE, QUALITY OR QUANTITY OF THE MATERIALS. LESSEE ACKNOWLEDGES THAT IT HAS BEEN GIVEN FULL ACCESS TO THE LEASED PREMISES AND HAS MADE EXAMINATIONS AND CONDUCTED TESTS THEREON TO SATISFY ITSELF AS TO THE NATURE, QUALITY AND QUANTITY OF THE MATERIALS.**

     13.    <u>Reclamation of Surface.</u>  Lessee shall level all areas mined by Lessee by filling in pits with waste material from the immediate area and removing all large rock from the surface of the ground and filling of valleys in such a manner that the area can be traversed with farm machinery. All ridges and peaks of land and stock piles of Materials or waste products stored on the Leased Premises shall be graded to a rolling topography traversable by machines necessary for maintenance. All soil disturbed for plant construction shall be reclaimed to its original condition. Reclamation will commence twelve (12) months after mining begins.

     14.    <u>Due Care.</u>  Throughout the Term, Lessee shall conduct its operations in a clean, safe and responsible manner and in a manner that will maximize the mining and shipping of commercially saleable Materials. At all times upon entering or leaving the Leased Premises, Lessee shall leave all gates closed and locked. Lessee shall exercise due care to avoid damaging any of Lessor's buildings, improvements, equipment or other property located on the Leased Premises. If any damage should occur to any of Lessor's buildings, improvements, equipment or other property as the result of the acts or omissions of Lessee or its agents or employees or any other person for whom Lessee is legally responsible, Lessee shall pay to Lessor on demand the cost of any required repair or replacement.

     15.    <u>Indemnity.</u>  Lessee shall defend, indemnify and hold harmless Lessor against all claims, suits, losses, costs, damages and expenses (including reasonable attorneys' fees) asserted against or incurred by Lessor on account of or arising from Lessee's operations under this Lease.

     16.    <u>Insurance.</u>  Throughout the Term, Lessee shall maintain the following types of insurance in amounts not less than those set forth below:

     (a)    Worker's compensation insurance in an amount sufficient to cover full liability under the worker's compensation laws of the State of Oklahoma, together with employer's liability insurance in an amount not less than $500,000. The policies evidencing the insurance required under this subsection (a) shall not be endorsed with a waiver of subrogation endorsement, waiving the carrier's right of recovery under subrogation or otherwise from Lessor.

     (b)    Commercial general liability insurance, written on an "occurrence" (as opposed to a "claims made") basis, insuring against claims for personal injury, sickness,



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

1

disease or death and against claims for injury or destruction of property.  Such insurance shall include the following coverages:

    (i)    Explosion, collapse and underground hazards;

    (ii)    Blanket contractual liability, including Lessee's indemnity obligations under this Lease;

    (iii)    Broad form coverage for property damage (extended to apply to completed operations);

    (iv)    Products and completed operations liability;

    (v)    Independent contractor's protective liability to cover Lessee's liability arising out of operations performed by independent contractors retained by Lessee; and

    (vi)    Operations and premises liability (including elevator liability).

Limits of liability in the commercial general liability policy shall not be less than $1,000,000 per occurrence and $2,000,000 annual aggregate for bodily injury, and not less than $500,000 per occurrence and $2,000,000 annual aggregate for property damage.

    (c)    Automatic liability insurance, covering operation of all owned, hired and non-owned vehicles, in an amount of not less than $1,000,000 combined single limit.

    (d)    "Umbrella" excess liability insurance providing insurance coverage for all risks covered by the commercial general liability and automobile liability policies referenced above in excess of the insurance limits afforded under such policies, in an amount of at least $10,000,000.

All policies of insurance required by subsections (b), (c) and (d) above shall name Lessor as an additional insured or forms satisfactory to Lessor, and shall contain endorsed provisions obligating the respective insurance companies to give not less than 30 days written notice to Lessor prior to the effective date of the cancellation or change which would negate or diminish coverage or limits of such policies, regardless of whether such cancellation or change be initiated by the insurance company or on instructions of the insured.  Before commencing operations under this Lease and thereafter at least 15 days prior to the scheduled expiration of any insurance policy required hereunder, Lessee shall furnish certificates of insurance satisfactory to Lessor from each insurance company evidencing that all insurance required hereunder is in force.

    17.    Default.  The following events shall constitute events of default by Lessee under this Lease:

    (a)    Lessee shall fail to pay Lessor any Royalties, or any other monetary amount owing under this Lease within the time provided hereunder.



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

(b)     Lessee shall fail to maintain any insurance required under Section 16 above or to deliver to Lessor certificates of such insurance in the manner and within the time required under Section 16.

(c)     Lessee shall fail to comply with any term, provision or covenant of this Lease, other than the terms, provisions and covenants covered by subsections (a) and (b) above, and shall not cure such failure within twenty (20) days after delivery of written notice thereof to Lessee.

(d)     Lessee shall file a petition for relief under the United States Bankruptcy Code, as amended, or any other present or future federal or state insolvency, bankruptcy or similar law (all of the foregoing hereinafter collectively called "applicable Bankruptcy Law"), or an involuntary petition for relief is filed against Lessee under any applicable Bankruptcy Law and such petition is not dismissed within sixty (60) days after the filing thereof, or an order for relief naming Lessee is entered under any applicable Bankruptcy Law, or any composition, rearrangement, extension, reorganization or other relief of debtors now or hereafter existing is requested or consented to by Lessee.

(e)     The leasehold hereunder shall be taken on execution or other process of law in any action against Lessee.

18.     Remedies.  If any event of default by Lessee shall occur, Lessor shall have the right at its election, then or at any time thereafter while such event of default shall continue, to pursue any one or more of the following remedies:

(a)     Terminate this Lease by giving written notice thereof to Lessee, in which event Lessee shall immediately surrender the Leased Premises to Lessor and if Lessee fails to do so, Lessor may, without prejudice to any other remedy which it may have for possession or arrearages in Royalties or other monetary amounts owing to Lessor hereunder, enter upon and take possession of the Leased Premises and expel or remove Lessee and any other person who may be occupying the Leased Premises.

(b)     To the extent permitted by applicable law, obtain injunctive relief in case of the violation, or attempted or threatened violation, of any of the covenants, agreements, conditions or provisions of this Lease, or to a decree compelling performance of any of the covenants, agreements, conditions or provisions of this Lease.

No right or remedy herein conferred upon or reserved to Lessor is intended to be exclusive of any other right or remedy, and each right and remedy shall be cumulative and in addition to any right or remedy given hereunder or now or hereafter existing at law or in equity.

19.     Security Interest.  In addition to any statutory Lessor's lien available to Lessor and in order to secure payment of all Royalties and other sums of money becoming due hereunder from Lessee, and to secure payment of any damages or loss which Lessor may suffer by reason of the breach by Lessee of any covenant, agreement or condition contained herein, Lessee herby grants unto Lessor a security interest in all Materials, whether in raw or processed form, and all proceeds thereof.  Upon the occurrence of an event of default by Lessee, Lessor may, in addition to any other remedies provided herein, enter upon the Leased Premises and take



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

possession of any and all Materials, without liability for trespass or conversion (and Lessee hereby waives any right to notice or hearing prior to such taking of possession by Lessor), and sell the same at public or private sale, with or without having such property at the sale after giving Lessee reasonable notice of the time and place of any public sale or of he time after which any private sale is to be made, at which the Lessor or its assigns may purchase unless otherwise prohibited by law. Unless otherwise provided by law, and without intending to exclude any other manner of giving, Lessee reasonable notice, the requirement of reasonable notice shall be met if such notice is giving in the manner prescribed under the notice provisions of this Lease at least five days before the day of sale. The proceeds form any such disposition, less any and all expense connected with the taking of possession, holding and selling of the property (including reasonable attorneys' fees and other expenses), shall be applied as a credit against the indebtedness secured by the security interested granted in this section. Any surplus shall be paid to Lessee or as otherwise required by law; and Lessee shall pay any deficiency forthwith. Contemporaneously with the execution of this Lease, Lessee shall execute and deliver to Lessor a financing statement in form sufficient to perfect the security interest of Lessor in the Materials and proceeds thereof under the provisions of the Oklahoma Business and Commerce Code. Lessor may at any time file a copy of this Lease as a financing statement.

20. __Notices.__ Any notice, request, demand or other communication required or permitted hereunder shall be given in writing by (a) personal delivery, or (b) expedited delivery serve with proof of delivery, or (c) United States mail, postage prepaid, registered or certified mail, return receipt requested, or (d) prepaid telegram, telex or telecopy, sent to the intended addressee at the address shown on the signature page of this Lease, or to such other address or to the attention of such other person as the addressee shall have designated by written notice sent in accordance herewith. Any such notice, request, demand or other communication shall be deemed to have been given either at the time of personal delivery or, in the case of delivery serves or mail, as of the date of first attempted delivery at the address and in the manner provided herein, or in the case of telegram, telex or telecopy, upon receipt.

21. __Attorney's Fees.__ Should either party hereto institute any legal proceeding to enforce any provision hereof or for damage by reason of any alleged breach of any provision of this Lease or for any other judicial remedy, the prevailing party shall be entitled to receive from the losing party all reasonable attorney's fees and all court costs in connection with such proceeding.

22. __Assignment.__ Without the prior written consent of Lessor, Lessee shall not assign all or any part of its rights or interests hereunder. Lessor shall not withhold such consent if the proposed assignee possesses adequate experience, credit worthiness, meaning that said party would quality for a comparable loan at any state or federal institution regulated by applicable banking laws and the ability to perform Lessee's duties and obligations under this Lease. Lessor may assign all or any part of its rights or interest hereunder without the consent of Lessee. Subject to the preceding sentence, the provisions hereof shall extend to and be binding upon the successors and assigns of the parties hereof; and no change or division in ownership of the Property, the Materials or the Royalties or other amounts payable hereunder, however accomplished, shall operate to diminish the obligations of Lessee hereunder.



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

23.     Quiet Enjoyment.   Lessor represents that Lessor is the sole owner of the Lease Premises, however, if there is an encumbrances outstanding against the Leased Premises, Lessor represents that it has the full right to lease the same upon the terms set forth herein.  Lessor further covenants that Lessee shall peacefully and quietly enjoy the Leased Premises for the term of this Lease or any extension or renewal thereof.  In case Lessor owns an interest in the Materials in and under the Leased Premises less than an undivided fee simple estate therein, then the payments to Lessor herein provided for shall be paid to Lessor only in proportion which Lessor's interest bears to the whole and undivided fee therein.

24.     Authority of Lessor.   It is expressly agreed that no change or division of the ownership of the Leased Premises or any part of the same, however arising or effected, shall operate to increase the obligations or diminish the rights of Lessee hereunder.   Notwithstanding any other actual or constructive knowledge or notice whatsoever thereof, Lessee shall not be bound by such change or division until it has received a copy of the assignment or other evidence of transfer.   In the event of an assignment or transfer of a divided interest in the Leased Premises, the rentals payable hereunder shall be apportionable as between the several owners according to the surface area or undivided interest of each, and default in rental payment by one shall not affect the rights of the other owners of the Leased Premises.

25.     Force Majeure.   Should Lessee be prevented by any cause reasonably beyond Lessee's control, including, without limitation, flood, windstorm, any federal or state law or any other order, rule or regulation or governmental authority of which Lessee was unaware through the normal exercise of business diligence, litigation, act of God, and act of public enemy, from complying with any express or implied covenant of this Lease, then, while so prevented and for a reasonable period of time thereafter (not to exceed thirty (30) days), Lessee's obligation to comply with such covenant shall be suspended, and Lessee shall notify Lessor of the beginning and ending date of each such period of force majeure.

26.     Lessor Default.   Lessor agrees that Lessee shall have the right in the event of a default by Lessor of obligations to make payments on any encumbrance or obligation to pay taxes that directly threaten the possession of Lessee and provided that Lessee is current in all of Lessee's obligations.   Lessee may make such payments and be allowed an offset against sums due Lessor.   However, the right of Lessee to make such payments is specifically conditioned on Lessee's compliance and performance with all terms and conditions of the Lease and the actual threat of the taking of the premises or interference with Lessee's possession by such defaults by Lessor.

27.     Memorandum.   The parties agree that this Lease shall not be filed of record, but that instead, the parties shall sign and file a Memorandum of Lease in the form attached hereto as Exhibit B.

28.     Validity.   A determination that any provision of this Lease is unenforceable or invalid shall not affect the enforceability or validity of any other provision, and the determination that the application of any provision of this Lease to any person or circumstance is illegal or unenforceable shall not affect the enforceability or validity of such provision as it may apply to other persons or circumstances.



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

13.10

29.    Waiver.   No waiver of any provision of this Lease and no consent to any department herefrom shall be effective unless or until the same shall be in writing and signed by the party against whom such waiver or consent shall be claimed, and then such waiver or consent shall be effective only as to the specific instance and for the specific purpose for which it is given.

30.    Complete Agreement.   This Lease expresses the complete agreement between Lessor and Lessee.  No other oral or written agreements exist between Lessor and Lessee which are not expressed herein.  The agreements expressed herein cannot be amended or waived except by an instrument in writing signed by both Lessor and Lessee.

31.    Counterparts.   This Lease may be executed in any one or more counterparts, each of which shall constitute an original, but all of which together shall constitute but one and the same Lease.

[Signatures Follow]



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

13.11

IN WITNESS WHEREOF, Lessor and Lessee have executed this Lease as of the date first written above.

LEO AND MABEL SCOTT CHARITABLE TRUST

By:     THE FROST NATIONAL BANK,
        Co-Trustee

By: _____
Name: _____
Title: _____
        John W. Schmedemann
        Vice President

Address: _____FROST NATIONAL BANK
        TRUST REAL ESTATE (T-6)
        P. O. BOX 2950
        SAN ANTONIO, TX 78299-2950

By:     OKLAHOMA CHRISTIAN UNIVERSITY,
        Co-Trustee

By: _____
Name: _____Stephen Eck_____
Title: _____Vice president_____

Address: 2501 E. Memorial Rd
         Oklahoma City, OK 73013


A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

13.12

By      NORTH CENTRAL TEXAS COLLEGE,
        Co-Trustee


By: _Debbie Sharp_
Name: _Debbie Sharp_
Title: _Executive Director NCTE Foundation_

Address: _1525 W. California St._
_Gainesville, TX 76240_


By      UNITED WAY OF COOKE COUNTY,
        Co-Trustee


By: _____
Name: _Tim Turbeville_
Title: _Trustee_

Address: _PO Box 208_
_Gainesville TX 76241_


_Charles N. Davis III_
CHARLES N. DAVIS, III
2904 Pennsylvania
Denton, Texas 76205


A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

Page 13

13.13

STATE OF *Oklahoma* )
)
COUNTY OF *Oklahoma* )

BEFORE ME, the undersigned authority, on this day personally appeared *Stephen Eck*, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that such person executed the same in the capacity and for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this *6th* day of *June*, 2011.

DANA HOLLEY
(SEAL)
Notary Public
State of Oklahoma
Commission # 10001390 Expires 03/01/14

*Dana Holley*

NOTARY PUBLIC IN AND FOR THE
STATE OF *Oklahoma*
My Commission Expires: *03/01/14*

STATE OF TEXAS )
)
COUNTY OF COOKE )

BEFORE ME, the undersigned authority, on this day personally appeared *Tim Turbeville*, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that such person executed the same in the capacity and for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this *16th* day of *June*, 2011.

KEELA STOBAUGH
Notary Public
STATE OF TEXAS
My Comm. Exp. 03-16-2014

*Keela Stobaugh*

NOTARY PUBLIC IN AND FOR THE
STATE OF TEXAS
My Commission Expires: *3-16-2014*



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

13.14

STATE OF _TEXAS_ )
                                        )
COUNTY OF _COOKE_ )

    BEFORE ME, the undersigned authority, on this day personally appeared _Debbie Sharp_, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that such person executed the same in the capacity and for the purposes and consideration therein expressed.

    GIVEN UNDER MY HAND AND SEAL OF OFFICE this _16th_ day of _June_, 2011.

                               _Keela Stobaugh_
                               NOTARY PUBLIC IN AND FOR THE
                               STATE OF _TEXAS_
                               My Commission Expires: _3-16-2014_

**KEELA STOBAUGH**
Notary Public
STATE OF TEXAS
My Comm. Exp. 03-16-2014

STATE OF _Texas_ )
                                        )
COUNTY OF _Bexar_ )

    BEFORE ME, the undersigned authority, on this day personally appeared _John Schmaleman, VP..._, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that such person executed the same in the capacity and for the purposes and consideration therein expressed.

    GIVEN UNDER MY HAND AND SEAL OF OFFICE this _13th_ day of _July_, 2011.

                               _Christy Gonzalez_
                               NOTARY PUBLIC IN AND FOR THE
                               STATE OF _Texas_
                               My Commission Expires: _3-22-2014_

**CHRISTIE GONZALEZ**
Notary Public
STATE OF TEXAS
My Comm. Exp. 03-22-2014

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

STATE OF  TEXAS           )
                          )
COUNTY OF  COOKE          )

BEFORE ME, the undersigned authority, on this day personally appeared Charles N. Davis, III, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same in the capacity and for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 2nd day of ___June___, 2011.



NOTARY PUBLIC IN AND FOR THE
STATE OF  TEXAS
My Commission Expires:  3-16-2014



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

13.16

## EXHIBIT A

## DESCRIPTION OF THE LEASED PREMISES

THE FOLLOWING PARCELS LOCATED IN LOVE COUNTY, OKLAHOMA, TOWNSHIP 9, SOUTH RANGE 1 EAST:

| Tract | Acres |
|---|---|
| Section 22 Lots 4 & 5 | 27.45 |
| Section 23 SW/4 | 160.00 |
| Section 23 SE/4 | 160.00 |
| Section 24-S/2 NW/4 and NW/4 SW/4 | 11.63 |
| Section 25 S/2 NW/4 and SW/4 | 52.50 |
| Section 25 W/2 NW/4 NW/4 | 4.6901 |
| Section 26 NE/4 and W/2 SE/4 NW/4 | 180.00 |
| Section 26 Lots 3, 4, 5 and N/ SE/4 and SE/4 SE/4 | 196.70 |
| Section 26 Lot 1 and E 15.55 acres of Lot 2 and NE/4 NW/4 and E/2 SE/4 NW/4 | 110.20 |
| Section 26 W 5.25 acres of Lot 2 | 5.25 |
| Section 35 Lot 2 | 8.60 |
| Section 35 Lots 1 and 3 | 48.60 |
| Section 36 NW/4 NW/4 NW/4 | 10.00 |
| Section 36 SE/4 NW/4 NW/4 and E/2 SW/4 NW/4 and all SE/4 NW/4 and Lot 3 W of Hwy 77 | 47.50 |
| Total | 1023.1201 |


A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

13.17

Return
Charles Davis
2904 Pennsylvania Dr
Denton, TX 76205



2012-000284 Book 0714 Pg: 464
/00/2012  2:20 pm  Pg 0464-0470
Fee:  $ 25.00      Doc:  $ 0.00
Shelly Russell - Love County Clerk
State of Oklahoma

**EXHIBIT B**

**MEMORANDUM OF LEASE**

THIS MEMORANDUM OF LEASE (the "Memorandum") is dated the 3ʳᵈ day of June _____; 2011 by and among OKLAHOMA CHRISTIAN UNIVERSITY, NORTH CENTRAL TEXAS COLLEGE, UNITED WAY OF COOKE COUNTY and THE FROST NATIONAL BANK, as Co-Trustees of the Leo and Mabel Scott Charitable Trust ("Lessor") and Charles N. Davis, III ("Tenant").

## R E C I T A L S :

A.     Lessor and Tenant have entered into that certain Mining Lease dated the date hereof calling for a lease of the Property described on **Exhibit "A"** attached hereto and made a part hereof by this reference for all purposes, (the "Lease");

B.     Lessor and Tenant desire to reflect of record the existence of the Lease and the Option and therefore have entered into this Memorandum.

NOW, THEREFORE, for and in consideration of Ten Dollars and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the parties hereto, the parties hereby state and agree as follows:

1.     The parties desire to record this Memorandum to reflect the existence of the Lease and the rights of the Lessor and the Tenant in accordance therewith.

2.     Lessor and Tenant hereby specifically agree that in the event that the Tenant shall default or fail to perform any of its obligations under and pursuant to the Lease, or should the Lease terminate for any reason, the Lessor shall be entitled to execute a release and termination of this Memorandum. The Tenant hereby grants and appoints to the Lessor, a power of attorney, such power of attorney being coupled with an interest and to constitute a durable power of attorney whereby the power of attorney shall survive the death, termination or liquidation of all or any of the persons or entities comprising the Tenant and shall continue notwithstanding the bankruptcy of any of the persons or entities comprising the Tenant. This power of attorney shall be granted for the purpose of executing on behalf of the Tenant, and all persons or entities comprising the Tenant, the release and termination of this Memorandum in the event that the Tenant shall default under or fail to perform any of its obligations under the Lease, shall fail to exercise the Option or in the event that the Lease or the Option shall terminate for any reason.

3.     Defined terms used herein shall bear the same meaning as set forth in the Lease and the exhibits attached thereto except as otherwise provided herein.

[Signature Page Follows]



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

I-2012:000284  Book 0714  Pg: 465
01/20/2012  2:20 pm  Pg 0464-0470
Fee:    $ 25.00      Doc:    $ 0.00
Shelly Russell - Love County Clerk
State of Oklahoma

IN WITNESS WHEREOF, the parties hereto have executed this Memorandum effective as of the date set forth above.

LESSOR:

LEO AND MABEL SCOTT CHARITABLE TRUST

By:     THE FROST NATIONAL BANK,
        Co-Trustee

By: _____
Name: _____
Title: _____
            John W. Schmedemann
            Vice President

By:     OKLAHOMA CHRISTIAN UNIVERSITY,
        Co-Trustee

By: _____
Name: _Stephen    Eck_____
Title: _Vice    President_____


By      NORTH CENTRAL TEXAS COLLEGE,
        Co-Trustee

By: _____
Name: _Debbie Sharp_____
Title: _Executive Director_____
            NCTC Foundation

By      UNITED WAY OF COOKE COUNTY,
        Co-Trustee

By: _____
Name: _Tom Turbeville_____
Title: _Trustee_____



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

I-2012-000284  Book 0714  Pg: 466
01/20/2012  2:20 pm   Pg 0464-0470
Fee:    $ 25.00      Doc:    $ 0.00
Shelly Russell - Love County Clerk
State of Oklahoma

LESSEE:

CHARLES N. DAVIS, III

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

STATE OF _Oklahoma_ )
)
COUNTY OF _Oklahoma_ )

I-2012-000284  Book  0714  Pg: 467
01/20/2012  2:20 pm  Pg 0464-0470
Fee:     $ 25.00     Doc:     $ 0.00
Shelly Russel - Love County Clerk
State of Oklahoma

BEFORE ME, the undersigned authority, on this day personally appeared _Stephen Eck_, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that such person executed the same in the capacity and for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this _6th_ day of _June_, 2011.

DANA HOLLEY
Notary Public
State of Oklahoma
Commission # 10001590  Expires 03/01/14

_Dana Holley_
NOTARY PUBLIC IN AND FOR THE
STATE OF _Oklahoma_
My Commission Expires: _03/01/14_

STATE OF _TEXAS_ )
)
COUNTY OF _COOKE_ )

BEFORE ME, the undersigned authority, on this day personally appeared _Tim Turbeville_, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that such person executed the same in the capacity and for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this _16th_ day of _June_, 2011.


KEELA STOBAUGH
Notary Public
STATE OF TEXAS
My Comm. Exp. 03-16-2014

_Keela Stobaugh_
NOTARY PUBLIC IN AND FOR THE
STATE OF _TEXAS_
My Commission Expires: _3-16-2014_


A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

I-2012-000284 Book 0714 Pg: 468
01/20/2012  2:20 pm  Pg 0464-0470
Fee:    $ 25.00     Doc:     $ 0.00
Shelly Russell - Love County Clerk
State of Oklahoma

STATE OF _TEXAS_          )
                          )
COUNTY OF _COOKE_         )

BEFORE ME, the undersigned authority, on this day personally appeared ___Debbie Sharp___, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that such person executed the same in the capacity and for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 16th day of _June_, 2011.

NOTARY PUBLIC IN AND FOR THE
STATE OF _TEXAS_
My Commission Expires: _3-16-2014_

KEELA STOBAUGH
Notary Public
STATE OF TEXAS
My Comm. Exp. 03-16-2014

STATE OF _Texas_          )
                          )
COUNTY OF _Bexar_         )

BEFORE ME, the undersigned authority, on this day personally appeared _John Schmiedermann-Vofa_, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that such person executed the same in the capacity and for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 13th day of _July_, 2011.

NOTARY PUBLIC IN AND FOR THE
STATE OF _Texas_
My Commission Expires: _3-22-2014_

CHRISTIE GONZALEZ
Notary Public
STATE OF TEXAS
My Comm. Exp. 03-22-2014



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

I-2012-000284  Book  0714  Pg: 469
01/20/2012   2:20 pm   Pg 0464-0470
Fee:    $ 25.00      Doc:     $ 0.00
Shely Russell - Love County Clerk
State of Oklahoma

STATE OF _TEXAS_                    )
                                   )
COUNTY OF _COOKE_          )

    BEFORE ME, the undersigned authority, on this day personally appeared Charles N. Davis, III, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same in the capacity and for the purposes and consideration therein expressed.

    GIVEN   UNDER   MY   HAND   AND   SEAL   OF   OFFICE   this 2ⁿᵈ day   of _June_____, 2011.



                              _____
                              NOTARY PUBLIC IN AND FOR THE
                              STATE OF __TEXAS__
                              My Commission Expires: _3-16-2014_

KEELA STOBAUGH
Notary Public
STATE OF TEXAS
My Comm. Exp. 03-16-2014

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

13.23

I-2012-000284 Book 0714 Pg: 470
01/20/2012 2:20 pm Pg 0464-0470
Fee: $25.00 Doc: $0.00
Shelly Russell - Love County Clerk
State of Oklahoma

## EXHIBIT "A"

### PROPERTY DESCRIPTION

THE FOLLOWING PARCELS LOCATED IN LOVE COUNTY, OKLAHOMA, TOWNSHIP 9, SOUTH RANGE 1 EAST:

| Tract | Acres |
|---|---|
| Section 22 Lots 4 & 5 | 27.45 |
| Section 23 SW/4 | 160.00 |
| Section 23 SE/4 | 160.00 |
| Section 24-S/2 NW/4 and NW/4 SW/4 | 11.63 |
| Section 25 S/2 NW/4 and SW/4 | 52.50 |
| Section 25 W/2 NW/4 NW/4 | 4.6901 |
| Section 26 NE/4 and W/2 SE/4 NW/4 | 180.00 |
| Section 26 Lots 3, 4, 5 and N/ SE/4 and SE/4 SE/4 | 196.70 |
| Section 26 Lot 1 and E 15.55 acres of Lot 2 and NE/4 NW/4 and E/2 SE/4 NW/4 | 110.20 |
| Section 26 W 5.25 acres of Lot 2 | 5.25 |
| Section 35 Lot 2 | 8.60 |
| Section 35 Lots 1 and 3 | 48.60 |
| Section 36 NW/4 NW/4 NW/4 | 10.00 |
| Section 36 SE/4 NW/4 NW/4 and E/2 SW/4 NW/4 and all SE/4 NW/4 and Lot 3 W of Hwy 77 | 47.50 |
| Total | 1023.1201 |



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

I-2013-005689 Book 0753 Pg: 208
10/29/2013 11:00 am  Pg 0208-0218
Fee:    $ 33.00    Doc:    $ 0.00
Shelly Russell - Love County Clerk
State of Oklahoma

### MEMORANDUM OF LEASE ASSIGNMENT AND AMENDMENT

THIS MEMORANDUM OF LEASE ASSIGNMENT AND AMENDMENT OF MINING LEASE (the "Memorandum") is made and entered into effective as of September 28, 2013 (the "Effective Date") by and among Red River Aggregates, LLC, a Texas limited liability company registered and authorized to do business in the State of Oklahoma ("Assignor"), Redi-Mix, LLC, a Texas limited liability company ("Assignee"), and by Oklahoma Christian University, North Central Texas College, United Way of Cooke County and Frost Bank, formerly The Frost National Bank, as Co-Trustees of the Leo and Mabel Scott Charitable Trust ("Lessor").

### RECITALS

WHEREAS, Lessor and Assignor entered into that certain Mining Lease dated June 3, 2011, a memorandum of which was recorded at 2:20 PM on January 20, 2012 in the office of the Clerk for Love County, State of Oklahoma at I-2012-000284 Book 0714 Pg: 464-0470 calling for a lease of the Property described on Exhibit 1 attached hereto and made a part hereof by this reference for all purposes, (the "Lease"); and

WHEREAS, Lessor, Assignor and Assignee have entered into that certain Assignment, Consent to Assignment and Amendment of Lease dated the date hereof and made a part hereof by this reference for all purposes (the "Assignment"); and,

WHEREAS, Lessor, Assignor and Assignee desire to reflect of record the existence of the Assignment and the rights of the Lessor, Assignor and Assignee in accordance therewith;

NOW, THEREFORE, for and in consideration of Ten Dollars and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the parties hereto, the parties hereby state and agree as follows:

1.   The parties desire to record this Memorandum to reflect that the Assignor has with Lessor's consent assigned its interest as lessee under the Lease to Assignee and that the lease has been amended in various respects as provided for in the Assignment.

2.   The parties hereby specifically agree that in the event that the Assignee shall default or fail to perform any of its obligations under and pursuant to the Lease, or should the Lease terminate for any reason, the Lessor shall be entitled to execute a release and termination of this Memorandum. Assignee hereby grants and appoints to the Lessor, a power of attorney, such power of attorney being coupled with an interest and to constitute a durable power of attorney whereby the power of attorney shall survive the death, termination or liquidation of all or any of the persons or entities comprising the Assignee. This power of attorney shall be granted for the purpose of executing on behalf of the Assignee, and all persons or entities comprising the Assignee, the release and termination of this

Page 1





A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

Memorandum if the Assignee shall default under or fail to perform any of its obligations under the Lease, or if the Lease shall terminate for any reason.

3.    Defined terms used herein shall bear the same meaning as set forth in the Lease and the exhibits attached thereto except as otherwise provided herein.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first above written.

LESSOR, LEO AND MABEL SCOTT
CHARITABLE TRUST

By:  Frost Bank, Co-Trustee

By
Name:
Title:_____John W. Schmedemann_____
                    Vice President


By: Oklahoma Christian University, Co-Trustee

By_____
Name:_____
Title:_____


By:  North Central Texas College, Co-Trustee

By_____
Name:_____
Title:_____


By:  United Way of Cooke County, Co- Trustee

By_____
Name:_____
Title:_____


I-2013-005889  Book  0753  Pg  209
10/29/2013  11:00 am   Pg 0208-0213
Fee    $ 33.00     Doc:    $ 0.00
Shelly Russell - Love County Clerk
State of Oklahoma


Page 2


A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

Memorandum if the Assignee shall default under or fail to perform any of its obligations under the Lease, or if the Lease shall terminate for any reason.

3.      Defined terms used herein shall bear the same meaning as set forth in the Lease and the exhibits attached thereto except as otherwise provided herein.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first above written.

LESSOR, LEO AND MABEL SCOTT
CHARITABLE TRUST

By:  Frost Bank, Co-Trustee

By_____
Name:_____
Title:_____

By: Oklahoma Christian University, Co-Trustee

By_____
Name:   Stephen  Eck
Title: Vice President  General Counsel

By:  North Central Texas College, Co-Trustee

By_____
Name:_____
Title:_____

By:  United Way of Cooke County, Co- Trustee

By_____
Name:_____
Title:_____

I-2013-005889  Book  0753  Pg: 210
10/28/2013  11:00 am   Pg 0208-0218
Fee      $ 33.00      Doc:      $ 0.00
Shelly Russell - Love County Clerk
State of Oklahoma

Page 2


A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

Memorandum if the Assignee shall default under or fail to perform any of its obligations under the Lease, or if the Lease shall terminate for any reason.

3.      Defined terms used herein shall bear the same meaning as set forth in the Lease and the exhibits attached thereto except as otherwise provided herein.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first above written.

LESSOR, LEO AND MABEL SCOTT
CHARITABLE TRUST

By: Frost Bank, Co-Trustee

By_____
Name:_____
Title:_____


By:Oklahoma Christian University, Co-Trustee

By_____
Name:_____
Title:_____


By: North Central Texas College, Co-Trustee

By _Debbie Sharp_____  
Name: _Debbie Sharp_____
Title: _Executive Director_____


By: United Way of Cooke County, Co- Trustee

By_____
Name:_____
Title:_____

I-2013-005689  Book  0753  Pg:  211
10/29/2013  11:00 am   Pg 0208-0218
Fee:     $ 33.00    Doc:     $ 0.00
Shelly Russell - Love County Clerk
State of Oklahoma


Page 2



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

Memorandum if the Assignee shall default under or fail to perform any of its obligations under the Lease, or if the Lease shall terminate for any reason.

3.     Defined terms used herein shall bear the same meaning as set forth in the Lease and the exhibits attached thereto except as otherwise provided herein.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first above written.

LESSOR, LEO AND MABEL SCOTT
CHARITABLE TRUST

By:  Frost Bank, Co-Trustee

By_____
Name:_____
Title:_____


By: Oklahoma Christian University, Co-Trustee

By_____
Name:_____
Title:_____


By:  North Central Texas College, Co-Trustee

By_____
Name:_____
Title:_____


By:  United Way of Cooke County, Co- Trustee

By_____
Name:_____
Title:_____

I-2013-005889  Book  0753  Pg:  212
10/29/2013  11:00 am   Pg 0208-0216
Fee:    $ 33.00      Doc:     $ 0.00
Shelly Russell - Love County Clerk
State of Oklahoma

Page 2


A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

ASSIGNOR:

Red River Aggregates, LLC

By: Charles N. Davis, III
Its Chairman
ASSIGNEE

Redi-Mix, LLC

By
Niel L. Poulsen
Vice President

STATE OF TEXAS                §

COUNTY OF _DENTON_       §

On this _26_ day of _SEPT_____, 2013, personally appeared before me Charles
N. Davis, III, as Chairman of Red River Aggregates, LLC a, Texas limited liability company,
and that said instrument was signed by said person in such capacity.

SEAL

CRYSTAL R. KING
Notary Public, State of Texas
My Commission Expires
September 20, 2014

(Signature)
My commission expires: _SepT 20, 2014_

I-2013-005889  Book 0753  Pg: 213
10/29/2013 11:00 am  Pg 0206-0218
Fee:    $ 33.00    Doc:    $ 0.00
Shelly Russell - Love County Clerk
State of Oklahoma

STATE OF TEXAS                §

COUNTY OF _Tarrant_       §

On this _26_ day of _Sept_____, 2013, personally appeared before me Niel L.
Poulsen, who being by me duly affirmed, did say that he is the Vice President of Redi-Mix, LLC,
a Texas limited liability company, and that said instrument was signed by said person on behalf
of said corporation.

SEAL

SANDRA ALLEN
Notary Public, State of Texas
My Commission Expires
March 08, 2017

(Signature)
My commission expires: _March 08, 2017_

Page 3


A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

STATE OF _Texas_

COUNTY OF _Bexar_

    BEFORE ME, the undersigned authority, on this day personally appeared _John Schrodemann_, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that such person executed the same in the capacity and for the purposes and consideration therein expressed.

    GIVEN UNDER MY HAND AND SEAL OF OFFICE this _7th_ day of _September_, 2013.

> CHRISTIE GONZALEZ
> Notary Public
> STATE OF TEXAS
> My Comm. Exp. 03-22-2014

NOTARY PUBLIC IN AND FOR THE STATE
OF _Texas_
My commission expires: _3-22-2014_

STATE OF _____

COUNTY OF _____

    BEFORE ME, the undersigned authority, on this day personally appeared _____ known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that such person executed the same in the capacity and for the purposes and consideration therein expressed.

    GIVEN UNDER MY HAND AND SEAL OF OFFICE this ___ day of ____, 2013.

NOTARY PUBLIC IN AND FOR THE STATE
OF _____
My commission expires: _____

I-2013-005889 Book 0753 Pg: 214
10/29/2013 11:00 am Pg 0208-0218
Fee: $ 33.00 Doc: $ 0.00
Shelly Russell - Love County Clerk
State of Oklahoma

Page 4

COURT OF COOKE CO.
A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

STATE OF _____

COUNTY OF _____

    BEFORE ME, the undersigned authority, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that such person executed the same in the capacity and for the purposes and consideration therein expressed.

    GIVEN UNDER MY HAND AND SEAL OF OFFICE this ___ day of ____, 2013.

                            NOTARY PUBLIC IN AND FOR THE STATE
                            OF _____
                            My commission expires:_____


STATE OF Oklahoma

COUNTY OF Oklahoma

    BEFORE ME, the undersigned authority, on this day personally appeared Stephen Eck, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that such person executed the same in the capacity and for the purposes and consideration therein expressed.

    GIVEN UNDER MY HAND AND SEAL OF OFFICE this 27 day of Sept, 2013.

                          Marcy Leonard
                          NOTARY PUBLIC IN AND FOR THE STATE
                          OF Oklahoma
                          My commission expires: 10-11-16

*(Notary seal: MARCY LEONARD, NOTARY, # 12009046, EXP. 10/11/16, PUBLIC, STATE OF OKLAHOMA)*

                                  I-2013-005669 Book 0753 Pg: 215
                                  10/29/2013 11:00 am  Pg 0208-0218
                                  Fee:  $ 33.00   Doc:    $ 0.00
                                  Shelly Russell - Love County Clerk
                                  State of Oklahoma

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

STATE OF _Texas_

COUNTY OF _Cooke_

BEFORE ME, the undersigned authority, on this day personally appeared _Debbie Sharp_, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that such person executed the same in the capacity and for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this _2_ day of _Sept_, 2013.

> LYNN C. PETERS
> Notary Public, State of Texas
> My Commission Expires
> February 24, 2016

_Lynn C. Peters_

NOTARY PUBLIC IN AND FOR THE STATE OF _____
My commission expires:_____

STATE OF _____

COUNTY OF _____

BEFORE ME, the undersigned authority, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that such person executed the same in the capacity and for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this ___ day of ____, 2013.

NOTARY PUBLIC IN AND FOR THE STATE OF _____
My commission expires:_____

I-2013-005889 Book 0753 Pg: 216
10/29/2013 11:00 am  Pg 0208-0218
Fee:  $ 33.00  Doc:  $ 0.00
Shelly Russell - Love County Clerk
State of Oklahoma

Page 5

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

STATE OF _____

COUNTY OF _____

    BEFORE ME, the undersigned authority, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that such person executed the same in the capacity and for the purposes and consideration therein expressed.

    GIVEN UNDER MY HAND AND SEAL OF OFFICE this ___ day of ____, 2013.

                            NOTARY PUBLIC IN AND FOR THE STATE
                            OF _____
                            My commission expires:_____

STATE OF Texas

COUNTY OF Cooke

    BEFORE ME, the undersigned authority, on this day personally appeared Tim Turbeville, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that such person executed the same in the capacity and for the purposes and consideration therein expressed.

    GIVEN UNDER MY HAND AND SEAL OF OFFICE this 27th day of Sept, 2013.

                          Tina Morgan
                          NOTARY PUBLIC IN AND FOR THE STATE
                          OF Texas
                          My commission expires: 1/16/14

**TINA MORGAN**
Notary Public, State of Texas
My Commission Expires 1-16-2014

I-2013-005889 Book 0753 Pg: 217
10/29/2013 11:00 am Pg 0208-0218
Fee: $ 33.00 Doc: $ 0.00
Shelly Russel - Love County Clerk
State of Oklahoma

Page 4



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

## EXHIBIT 1

### DESCRIPTION OF THE LEASED PREMISES

Situated in the County of Love, State of Oklahoma, Township 9 South, Range 1 East, of the Indian Base and Meridian, being more particularly described as follows:

| | |
|---|---|
| Section 22 Lot 4 | 20.05 AC |
| Section 22 Lot 5 | 10.87 AC |
| Section 22 Accreted Land | 85.32 AC |
| | |
| Section 23 SW/4 | 160.61 AC |
| Section 23 SE/4 | 159.90 AC |
| Section 24 S/2 NW/4 West of BNSF Railroad | 34.16 AC |
| Section 24 NW/4 SW/4 West of BNSF Railroad | 10.78 AC |
| Section 25 W/2 NW/4 NW/4 West of BNSF Railroad | 4.81 AC |
| Section 25 S/2 NW/4 West of BNSF Railroad | 12.99 AC |
| Section 25 SW/4 West of BNSF Railroad | 49.29 AC |
| Section 26 NE/4 | 160.22 AC |
| Section 26 SE/4 NW/4 | 28.51 AC |
| Section 26 N/2 SE/4 | 80.27 AC |
| Section 26 SE/4 SE/4 | 40.02 AC |
| Section 26 NE/4 NW/4 | 40.56 AC |
| Section 26 Lot 1 | 20.85 AC |
| Section 26 Lot 2 | 0.15 AC |
| Section 26 Lot 3 | 7.14 AC |
| Section 26 Lot 4 | 0.20 AC |
| Section 26 Lot 5 | 36.71 AC |
| Section 27 Accreted Land | |
| Section 35 Lot 1 | 39.44 AC |
| Section 35 Lot 2 | 12.28 AC |
| Section 35 Lot 3 West of U.S. Highway No. 77 | 13.52 AC |
| Section 35 Accreted Land | 21.74 AC |
| Section 36 NW/4 NW/4 NW/4 | 10.01 AC |
| Section 36 SE/4 NW/4 NW/4 | 7.46 AC |
| Section 36 E/2 SW/4 NW/4 | 17.12 AC |
| Section 36 SE/4 NW/4 West of U.S. Highway No. 77 | 5.40 AC |

Sub Total 1090.38 AC

Land within limits of Red River ................................................................................................ 160.02 AC

Total 1250.40 AC

I-2013-005889 Book 0753 Pg: 218
10/29/2013 11:00 am Pg 0208-0218
Fee: $ 33.00 Doc $ 0.00
Shelly Russell - Love County Clerk
State of Oklahoma

Page 6



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

states, or between citizens and the federal government; and 6) institutes a standing commission to resolve any future disputes between Oklahoma and Texas. The compact went into effect August 31, 2000, when both the United States Senate and the House of Representatives approved the Red River Boundary Compact as Joint Resolution 72.

From: Steve Schmitz [mailto:sschmitz@B29Investments.com]
Sent: Monday, June 25, 2018 2:38 PM
To: David Behring <dbehring@us-concrete.com>
Subject: Stark Ranch, Cooke County, TX

David,

Thank you for taking the time to visit with us in Gainesville last week. At our meeting, you mentioned wanting additional information regarding the methodology used in determining our property boundary line along the Red River.

To follow up on your request for additional information, we engaged a Licensed State Land Surveyor and Registered Professional Land Surveyor by the name of Nedra Foster to determine Stark Ranch – West, LLC's legal boundary along the Red River. There are only a few surveyors in the state of Texas who have the qualifications to determine gradient boundary lines, and Nedra was highly recommended to us as one of the most knowledgeable gradient boundary surveyors in the state, with particular experience along the Red River.

Nedra is an expert in determining boundary lines along Texas river banks and has extensive experience in determining gradient boundaries. Nedra has been a Licensed State Land Surveyor since 2000 and a Registered Professional Land Surveyor since 1999. The LSLS designation is a special certification reserved for surveyors who perform work under which the state of Texas or federal government may have an interest (such as along river banks). I've attached a copy of her resume which summarizes her past experience.

The gradient boundary concept and methodology that Nedra relied upon was developed in a U.S. Supreme Court case involving the boundary between Oklahoma and Texas along the south bank of the Red River (State of Oklahoma v. State of Texas, 260 U.S. 606 (1923)). Under the direction and instruction of the U. S. Supreme Court, surveyors Arthur Stiles (representing the interest of Texas) and Arthur Kidder (representing the interest of the United States and Oklahoma) developed the procedures under which inland watercourse boundaries are determined in Texas.

Based on the guidance developed through such case, Nedra used the following methodology to determine the gradient boundary:

1) Locate a "qualified bank" within a reasonable vicinity of the project. This is an accretion bank that the river has built during times of high water.
2) This bank is measured from the top (where the flowing water just reaches - overtops - and flows back into the river) down to the toe (where the bank and bed of the river meet). Midway between this top and toe is the gradient boundary.
3) If the water is flowing stably, it can be used as a 'plane' from which to work. At the "qualified bank," the relationship between the surface of the stably flowing water and the gradient boundary





A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

will be noted. For example - on a given day the water may be 1.2 feet below the gradient boundary. Points will be taken through the project area at 1.2 feet above the stably flowing water. These points will be on the gradient boundary. By using the water surface, the natural grade of the river is followed.

We are confident in the accuracy of Nedra's work and continue to take the position that Redi-Mix's operations have trespassed on our ranch and converted sand from our property.

We look forward to hearing from you so that we can work toward a prompt business resolution that will make us whole for the damages Stark Ranch – West, LLC has suffered from Redi-Mix's trespass and conversion of sand from our property.

Regards,
David,

Thank you for taking the time to visit with us in Gainesville last week. At our meeting, you mentioned wanting additional information regarding the methodology used in determining our property boundary line along the Red River.

To follow up on your request for additional information, we engaged a Licensed State Land Surveyor and Registered Professional Land Surveyor by the name of Nedra Foster to determine Stark Ranch – West, LLC's legal boundary along the Red River. There are only a few surveyors in the state of Texas who have the qualifications to determine gradient boundary lines, and Nedra was highly recommended to us as one of the most knowledgeable gradient boundary surveyors in the state, with particular experience along the Red River.

Nedra is an expert in determining boundary lines along Texas river banks and has extensive experience in determining gradient boundaries. Nedra has been a Licensed State Land Surveyor since 2000 and a Registered Professional Land Surveyor since 1999. The LSLS designation is a special certification reserved for surveyors who perform work under which the state of Texas or federal government may have an interest (such as along river banks). I've attached a copy of her resume which summarizes her past experience.

The gradient boundary concept and methodology that Nedra relied upon was developed in a U.S. Supreme Court case involving the boundary between Oklahoma and Texas along the south bank of the Red River (State of Oklahoma v. State of Texas, 260 U.S. 606 (1923)). Under the direction and instruction of the U. S. Supreme Court, surveyors Arthur Stiles (representing the interest of Texas) and Arthur Kidder (representing the interest of the United States and Oklahoma) developed the procedures under which inland watercourse boundaries are determined in Texas.

Based on the guidance developed through such case, Nedra used the following methodology to determine the gradient boundary:

1) Locate a "qualified bank" within a reasonable vicinity of the project. This is an accretion bank that the river has built during times of high water.
2) This bank is measured from the top (where the flowing water just reaches - overtops - and flows back into the river) down to the toe (where the bank and bed of the river meet). Midway between this top and toe is the gradient boundary.
3) If the water is flowing stably, it can be used as a 'plane' from which to work. At the "qualified bank," the relationship between the surface of the stably flowing water and the gradient boundary



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

will be noted.  For example - on a given day the water may be 1.2 feet below the gradient boundary.
Points will be taken through the project area at 1.2 feet above the stably flowing water.  These
points will be on the gradient boundary.  By using the water surface, the natural grade of the river is
followed.

We are confident in the accuracy of Nedra's work and continue to take the position that Redi-Mix's
operations have trespassed on our ranch and converted sand from our property.

We look forward to hearing from you so that we can work toward a prompt business resolution that
will make us whole for the damages Stark Ranch – West, LLC has suffered from Redi-Mix's trespass
and conversion of sand from our property.

Regards,

Steve Schmitz


**From:** David Behring <dbehring@us-concrete.com>
**Sent:** Wednesday, June 20, 2018 9:03 AM
**To:** Steve Schmitz <sschmitz@B29Investments.com>
**Subject:** Re: Message and Letter from last week

Sounds great. See you then.

Sent from my iPhone

On Jun 20, 2018, at 9:01 AM, Steve Schmitz <sschmitz@B29Investments.com> wrote:

> Yes, that works great.  Please come to my office on the square in downtown Gainesville
> – 201 W. California St.  It is the NW corner of the square.
>
> I would like for you and I and Myranda Shugart to meet (she is the land manager in our
> office and understands all the maps)
>
> We have a helicopter and I could line up a quick tour from the air as well after we meet
> if you would like.  It may help you better understand the situation.
>
> Best,
>
> Steve
>
> **From:** David Behring <dbehring@us-concrete.com>
> **Sent:** Wednesday, June 20, 2018 8:56 AM
> **To:** Steve Schmitz <sschmitz@B29Investments.com>
> **Subject:** Re: Message and Letter from last week
>
> Yes sir. Does 2:30 work for you?
>
> Sent from my iPhone



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

Begin forwarded message:

From: David Behring <dbehring@us-concrete.com>
Date: July 9, 2018 at 10:47:53 AM CDT
To: Steve Schmitz <sschmitz@B29Investments.com>
Subject: RE: Stark Ranch, Cooke County, TX

Steve,

We believe that the section of the Red River near
Thackerville falls under special rules as determined by the
Red River Boundary Compact signed in 1999 by Governors
Bush and Keating.  The method described by Ms. Foster of
taking the median point between the vegetation and the
floor of riverbank is not what is described in the Boundary
Compact.

We continue to believe that we are in the right with our
mining program and are mining within the "constant
vegetation line" on the southern side of the Red River.
The river rises and falls over the sand bars located on the
southern side with each rain event upstream, causing the
constant vegetation to be further south than Ms. Foster is
showing on the documents that you have provided us.
Further, what this will really boils down to is a land
dispute between the Scott Trust and Stark Ranch.  We are
mining what we believe to be property of the Scott Trust
and have paid them a royalty accordingly.  If Stark Ranch
would be found to own what has been mined, the royalty
would have to be extracted from the Scott Trust in order
to pay royalties to Stark.

I have included a summary of the Red River Boundary
Compact below for your review.

As I stated to you previously, Redi-Mix has not
intentionally trespassed onto Stark Ranch's property.  We
believe that we are within the boundaries of Scott Trust
and have acted with that understanding.  It is our
intention to be an honorable and friendly neighbor and we
are happy to continue this dialog until all of the parties are
satisfied.

Sincerely,

*David A. Behring*
Regional Vice President
General Manager
South Central Region





A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

Subject: Fwd: Yarbrough Ranch - Cooke County, TX

Date:   7/18/2018 5:07 PM

From:   "Steve Schmitz" <sschmitz@B29Investments.com>

To:     "Kelly Bub Smith" <ksmith@B29Investments.com>, "kbiermacher@krcl.com"
        <kbiermacher@krcl.com>

---

Sent from my iPhone

Begin forwarded message:

> **From:** sschmitz@B29Investments.com
> **Date:** July 18, 2018 at 5:06:38 PM CDT
> **To:** dbehring@us-concrete.com
> **Subject: Yarbrough Ranch - Cooke County, TX**

David,

Thank you for your e-mail. We want to be good neighbors as well, but we respectfully
disagree with your view that the location of the property boundary is further south than
shown on Nedra Foster's survey. We also believe you are not within the boundaries of your
mining agreement with Scott Trust.

After carefully reviewing Nedra Foster's survey, the Red River Compact, and Texas law, we
continue to believe that the southern boundary of the river was altered by your conduct.
Because the boundary line changed as a result of your conduct, Texas law supports our belief
that some of the property north of the natural gradient boundary reflected on Nedra Foster's
survey before you began harvesting sand and gravel is our property. Further, we believe that
your mining activity has clearly surpassed even the current gradient boundary line that is
reflected in Nedra Foster's survey.

We also do not believe that the Red River Compact applies when determining the location of
the property boundary. The text of the Red River Compact itself states that the principal
purpose of the statute is "to establish an identifiable boundary between the states of Texas
and Oklahoma along the Red River... without interfering with or otherwise affecting private
property rights or title to property." The statute was created for political purposes and is not
the governing authority to establish boundaries of private land owners.

Regarding the royalty payments to Scott Trust, the fact that you paid royalties to Scott Trust
for the sand and gravel that you took from our property does not excuse the fact that you
have failed to pay the rightful owner - us. Therefore, it would not be proper for us to seek to
extract royalties from Scott Trust as you suggest.

We would like to suggest scheduling a meeting between you, your surveyor, and lawyer and
me, my surveyor (whose work you have previously seen), and my dirt and gravel lawyer



EXHIBIT 5

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

These are business types who can hopefully get us to a resolution without going to court.

Please let me know of your availability to schedule that meeting on August 1 (anytime after 10 AM) or August 3 (anytime in the afternoon).

Like you, we share the hope of coming to a prompt mutually negotiated business resolution.

Thank you,

Steve

Sent from my iPhone

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

Filed: 8/20/2018 5:42 PM
Marci A. Gilbert
District Clerk
Cooke County, Texas
Janice Brewer

**CAUSE NO. CV18-00515**

| | | |
|---|---|---|
| **STARK RANCH-WEST, LLC** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **235ᵗʰ JUDICIAL DISTRICT** |
| | § | |
| **REDI-MIX, LLC** | § | |
| | § | |
| **Defendant.** | § | **COOKE COUNTY, TEXAS** |

## PLAINTIFF'S FIRST AMENDED PETITION

Stark Ranch-West, LLC ("Stark Ranch") files its First Amended Petition against Redi-Mix, LLC ("Redi-Mix") and respectfully states to the Court as follows:

### I.
### DISCOVERY CONTROL PLAN AND RULE 47 STATEMENT

1.      Stark Ranch intends to conduct discovery under Level 2 discovery control plan, as provided by of Rule 190.3 of the Texas Rules of Civil Procedure ("TRCP"). At this time, and subject to obtaining discovery, Stark Ranch seeks monetary relief over $200,000 but not more than $1,000,000.

### II.
### PARTIES

2.      Stark Ranch is a domestic limited liability company organized under the laws of the State of Texas.

3.      Redi-Mix is a domestic limited liability company organized under the laws of the State of Texas.  Process may be served on its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620 Austin, Texas 78701.



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

## III.
## JURISDICTION AND VENUE

4.      This Court has subject-matter jurisdiction over this cause because the amount in controversy is within the Court's jurisdictional limit.

5.      This Court has personal jurisdiction over Redi-Mix because it is a Texas entity, does business in Texas, and/or has had minimum contacts with Texas such that the maintenance of this lawsuit in Texas does not offend traditional notions of fair play and substantial justice.

6.      Venue is mandatory in Cooke County, Texas because this action is for recovery of damages to real property located in Cooke County, Texas.[1]  Alternatively, venue is proper in Cooke County, Texas because all or a substantial part of the events or omissions giving rise to the claims herein occurred in Cooke County, Texas.[2]

## IV.
## STATEMENT OF FACTS

7.      As mentioned above, Redi-Mix, a domestic limited liability company with its principal place of business located at 331 N. Main Street Euless, Texas 76039, operates various mining activities.

8.      The activities involved in this suit concern the physical incursion by Redi-Mix onto the real property of Stark Ranch located in Cooke County, Texas.  Redi-Mix's actions constitute trespass upon the Stark Ranch located in Cooke County, Texas and the conversion by Redi-Mix of property (sand) owned by Stark Ranch.

9.      On or about May 31, 2018, Stark Ranch closed on its purchase of a tract of real property located in Cooke County, from Paul Parker Yarbrough, Jr. and Joanne Keeter (collectively, "Sellers").  A true and correct legal description of the real estate purchased from Sellers is attached

---

[1]  TEX. CIV. PRAC. & REM. CODE § 15.011.
[2]  *Id.* § 15.002(a)(1).



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

hereto as **Exhibit "A**." The real property the subject of Exhibit "A" is referred to hereafter as the ("Property"). As a part of the purchase of the Property, the Sellers assigned to Stark Ranch certain causes of action previously owned by Sellers ("Assignment"), a true copy of which is attached as **Exhibit "B**."

10.     Upon information and belief, a mining lease was executed on June 3, 2011 by and among various parties. A true copy of the mining lease is attached hereto as **Exhibit "C"** ("Mining Lease"). The Mining Lease was subsequently assigned to Redi-Mix on September 30, 2013. A true and correct copy of the Memorandum of Lease Assignment and Amendment of Mining Lease is attached hereto as **Exhibit "D"** ("Assigned Lease").

11.     In or around 2015, Redi-Mix trespassed upon the Property and began to mine sand from the Property. Thereafter, over the objections of Sellers, and the Property having been posted "No Trespass," Redi-Mix continued to trespass upon the Property and mine sand from the Property.  During that time, Redi-Mix also deforested timber and other vegetation from the Property.

12.     To this day, Redi-Mix continues to trespass upon the Property, mine sand from the Property, and convert the sand to its own possession, ownership, use, and profit.

13.     On or about June 8, 2018, Steve Schmitz, Vice President of Stark Ranch, left a voicemail on the direct telephone line of David Behring ("Behring") requesting that Behring return the call for purposes of discussing Redi-Mix's wrongful incursion and conversion on the Property. Behring, upon information and belief, is Redi-Mix's president.

14.     Only after Stark Ranch's legal counsel sent Behring a letter on June 15, 2018 regarding the trespass and conversion did Behring respond with his willingness to converse about the actions Schmitz complained about on behalf of Stark Ranch.



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:   CODY SHIRES, Deputy

15.     On or about June 21, 2018, Behring met with Schmitz in Cooke County for purposes of discussing the concerns of Stark Ranch and also to overfly the areas of concern.  During the meeting, Schmitz advised Behring that Redi-Mix was trespassing upon the Property and wrongfully converting sand from the Property. Behring requested information regarding the methodology used in determining that Redi-Mix was trespassing on the Property. Schmitz agreed to provide Behring with the requested information.

16.     Following their meeting in Cooke County, Schmitz sent Behring an email on June 25, 2018, whereby he explained to Behring that Stark Ranch engaged a licensed state land surveyor and registered professional land surveyor to determine the Property's gradient boundary line along the Red River. Schmitz further explained that the expert surveyor determined the Property's gradient boundary lines relying on a concept and methodology developed in United States Supreme Court opinion *State of Oklahoma v. State of Texas*, 260 U.S. 606 (1923)).   A true and correct copy of the June 25, 2018 email is attached as **Exhibit "E."**

17.     On July 9, 2018, Behring responded to Schmitz's earlier email, disagreeing with the surveyor's findings and suggesting that a Red River Boundary Compact (the "Compact") rule, not the surveyor's methodology, should have been used in determining the Property boundary line.  A true and correct copy of the July 9, 2018 email is attached as **Exhibit "F."**

18.     On July 18, 2018, Schmitz sent a follow-up email to Behring, explaining that the Compact did not apply when determining the location of the Property's boundary lines because the text of the Compact explicitly states that it is not the governing authority to establish boundaries of private landowners. A true and correct copy of the July 18, 2018 email is attached as **Exhibit "G."**



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

## V.
## CAUSES OF ACTION

## COUNT I: INTENTIONAL TRESPASS

19.     Stark Ranch incorporates by reference all allegations contained above as if fully set forth herein.

20.     Stark Ranch became the owner of the Property when it was purchased from Sellers on May 31, 2018.  In connection with said purchase, Sellers assigned to Stark Ranch its rights to sue, including its right to sue Redi-Mix.[3]  Stark Ranch recently discovered that Redi-Mix intentionally and voluntarily trespassed, and continues to trespass, on the Property. More specifically, Stark Ranch recently discovered that in or around 2015, Redi-Mix entered the Property without authorization and began mining sand. During that time, it also deforested timber and other vegetation from the Property without authorization.

21.     Additionally, Redi-Mix continues to intentionally and voluntarily trespass on the Property. Since 2015 to present, Redi-Mix continues to mine sand from the Property over the Sellers' and Stark Ranch's objections.  "No Trespass" signs have continuously been posted on the Property.   Redi-Mix knew when entering the Property, and is still aware, that the Property is beyond the boundaries of the Assigned Lease and any mining on the Property is without authorization.

22.     Redi-Mix's unauthorized, intentional trespass to the Property has caused damage for which Stark Ranch is entitled to recover. Stark Ranch is entitled to recover (1) actual damages for the injury to the land for its loss of use of the land, loss of expected profits from the use of the land, loss of market value of land, and the intrinsic value of trees and plants, and (2) exemplary damages for Redi-Mix's complete disregard of Sellers' and Stark Ranch's rights to the Property.

---

[3] *See* Exhibit B.

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

## COUNT II: NEGLIGENT TRESPASS

23.     Stark Ranch incorporates by reference all allegations contained above as if fully set forth herein.

24.     In the event that an intentional trespass is not found, Stark Ranch alternatively asserts that Redi-Mix owed a duty to Sellers and Stark Ranch to not trespass on the Property and abide by the boundaries provided in the Assigned Lease.

25.     Redi-Mix breached this duty by failing to ascertain whether or not it was mining within the boundaries provided in the Assigned Lease. Redi-Mix further breached this duty by failing to ascertain whether or not it was deforesting timber and other vegetation from the Property.

26.     Redi-Mix's negligent acts are the proximate cause of Sellers' and Stark Ranch's property damages and loss of use of the Property. Accordingly, Stark Ranch is entitled to recover all damages caused by Redi-Mix's negligence.

## COUNT III: CONVERSION OF SAND

27.     Stark Ranch incorporates by reference all allegations contained above as if fully set forth herein.

28.     As described above, since 2015 to the present date, Redi-Mix continues to mine and convert sand from the Property for its own possession, ownership, use and profit, despite Sellers' and Stark Ranch's objection to said mining and despite the posting of a "No Trespass" signs on the Property.

29.      In so doing, Redi-Mix has wrongfully exercised dominion and control over the sand and Sellers and Stark Ranch have been deprived the value of the sand. Accordingly, Stark Ranch is entitled to recover all damages caused by Redi-Mix's conversion of the sand from the Property.



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

## COUNT IV: REQUEST FOR DECLARATORY RELIEF

30.     Stark Ranch incorporates by reference all allegations contained above as if fully set forth herein.

31.     Pursuant to chapter 37 of the Texas Civil Practice & Remedies Code ("TCPRC"), Stark Ranch requests the Court to enter a Declaratory Judgment declaring, in whole or in part, one or more of the following:

(a)     The Red River Boundary Compact ("Compact") does not apply to this matter because the Compact explicitly states that the it does not interfere with or otherwise affect private property rights or rights to title; and

(b)     Even if the Compact does apply, which Stark Ranch does not contend, its application would not alter the outcome of this matter.

32.     As alluded to in section IV of this Petition, a controversy exists between the parties as to whether the Compact applies in determining the Property's boundary lines. Stark Ranch seeks these declarations in order to afford it relief from the uncertainty with respect to the Compact's application to this matter.

### VI.
### APPLICATION FOR INJUNCTIVE RELIEF

33.     Stark Ranch incorporates by reference all allegations contained above as if fully set forth herein.

34.     Additionally and/or alternatively, pursuant to Chapter 65 of the TCPRC and Rule 680 of the TRCP, Stark Ranch seeks injunctive relief against Redi-Mix.

35.     Stark Ranch has demonstrated a probable right to relief and a likelihood of success on the merits.

36.     By reason of the acts and practices of Redi-Mix, as more fully set forth herein above, Stark Ranch is suffering, and continues to suffer, incalculable financial loss and great and irreparable injuries to its Property for which it has no adequate remedy at law.

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

PLAINTIFF'S ORIGINAL PETITION

37.     An eminent threat exists that Redi-Mix will continue to trespass upon the Property and convert sand from the Property. As of the date of this Petition, Redi-Mix continues to trespass upon the Property and convert sand from the Property for its own possession, ownership, use, and profit, without authorization.

38.     Unless Redi-Mix is enjoined from doing so, Stark Ranch will be irreparably harmed because, among other things, damages are not presently ascertainable and/or cannot be measured by any certain pecuniary standard.

39.     Further, pursuant to section 65.011(5) of the TCPRC, Stark Ranch has a statutory right to an injunction for the threatened irreparable injury to the Property, irrespective of any remedy at law.

40.     By virtue of the foregoing, a balancing of the equities favors the issuance of a Temporary Restraining Order and Temporary Injunction against Redi-Mix.  Stark Ranch respectfully prays that this Court issue a Temporary Restraining Order and that Redi-Mix, its agents, officers, directors, employees, and any other person or entity acting in concert with or on behalf of Redi-Mix who receive actual notice of the Court's Order by service or otherwise, be ordered, in whole or in part, as follows:

(a)     Redi-Mix shall desist and refrain from entering the Property and from altering, modifying, removing, and/or destroying any sand, timber, or vegetation on the Property.

41.     Stark Ranch is ready and willing to post an appropriate bond set by the Court. Stark Ranch further requests that the Court schedule a hearing at which time Redi-Mix should be required to appear and show cause why a Temporary Injunction should not be issued prohibiting Redi-Mix's activities through the time of trial, and that, upon such hearing, a Temporary Injunction be issued prohibiting Redi-Mix's activities to the time of trial and, thereafter, a Permanent Injunction upon final trial, to restrain Redi-Mix from the foregoing activities.

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

## VII.
## REQUEST FOR ATTORNEYS' FEES

42.     Stark Ranch incorporates by reference all allegations contained above as if fully set forth herein.

43.     As a result of Redi-Mix's conduct, Stark Ranch has retained the services of Kane Russell Coleman Logan PC, licensed attorney's to enforce its rights and protect its legal interests. Stark Ranch has agreed to pay Kane Russell Coleman Logan PC reasonable and necessary attorney's fees and expenses. Pursuant to section 37.009 of the TCPRC, Stark Ranch is entitled to recover from Redi-Mix its reasonable and necessary attorneys' fees, court costs and expenses in pursuing this action.

## VIII.
## CONDITIONS PRECEDENT

44.     All conditions precedent to recovery for the relief sought herein have been performed, have occurred, or have been satisfied.

## IX.
## REQUEST FOR DISCLOSURES

45.     Pursuant to Rule 194, Defendant is requested to disclose, within thirty (30) days of service of this request, the information or material described in Rule 194.2, (a) – (l).

## X.
## PRAYER

WHEREFORE, Plaintiff Stark Ranch requests that Redi-Mix be cited to appear and answer herein and, upon final hearing of this cause, the Court enter a judgment in favor of Stark Ranch against Redi-Mix for the following:

a.      Declaratory relief as requested herein;

b.      Injunctive relief as requested herein;

c.      Judgment against Redi-Mix for damages in an amount proven at trial or hearing

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:   CODY SHIRES, Deputy

within this Court's jurisdictional limits;

d.      Pre-and post-judgment interest as allowed by law;

e.      Reasonable and necessary attorneys' fees;

f.      Costs of court;

g.      Such other and further relief to which Stark Ranch may be justly entitled.


                              Respectfully submitted,

                              **KANE RUSSELL COLEMAN LOGAN PC**
                              1601 Elm Street, Suite 3700
                              Dallas, Texas 75201
                              (214) 777-4200 / Fax (214) 777-4299


                              By:  _s/ Boyd A. Mouse_____
                                    Kenneth W. Biermacher
                                    State Bar No.  02302400
                                    Boyd A. Mouse
                                    State Bar No.  24003949
                                    Emily Green
                                    State Bar No.  24106027

                              **ATTORNEYS FOR PLAINTIFF**




                                    6436502 v4 (71175.00003.000)



## <u>DECLARATION OF STEVE SCHMITZ</u>

1.      My name is Steve Schmitz, my date of birth is November 1, 1972 and my address is 201 West California Street Gainesville, Texas 76240.  I am competent to execute this Declaration.

2.      I am the Vice President of Stark Ranch-West, LLC (**"Stark Ranch"**) and have served in such capacity since approximately February 22, 2018.   Among other things, my duties have included day-to-day oversight of the operations and business of Stark Ranch, including its acquisition of a tract of real property located in Cooke County, Texas and having direct communications with employees and representatives of Redi-Mix, LLC.  I have personal knowledge of the facts described in this Declaration and I declare under the penalty of perjury that those facts are true and correct.

3.      I have read the foregoing Plaintiff's First Amended Petition (the **"Amended Petition"**) and know its contents.  The matters stated in paragraphs 8–10 and 12–18 therein, including any footnotes in such paragraphs, are true and correct.

4.      I am a custodian of records for Stark Ranch and am familiar with the manner in which its records are created and maintained by virtue of my duties and responsibilities.  Exhibits A, B, E, and G attached to the Amended Petition hereto contain pages of records from Stark Ranch. These are exact duplicates of the original records.  It is the regular practice of Stark Ranch to make these types of records at or near the time of each act, event, condition, opinion, or diagnosis set forth in the records.  It is the regular practice of Stark Ranch for these types of records to be made by, or from information transmitted by, persons with knowledge of the matters set forth in them.  It is the regular practice of Stark Ranch to keep these types of records in the course of regularly conducted business activity.  It is the regular practice of the business activities to make these records.



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

Executed in Cooke County, State of Texas, on the 20th day of August, 2018.

_____
STEVE SCHMITZ

**PLAINTIFF'S ORIGINAL PETITION**

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

# Exhibit "A"

<u>Tract One:</u>

FIELD NOTES TO 2022.20 ACRES IN THE B.B.B. & C.R.R. CO. SURVEY ABSTRACT 156, ET AL, COOKE COUNTY, TEXAS

All that certain tract or parcel of land situated in the B.B.B. & C.R.R. Co. Survey Abstract 156, the J.P. Havins Survey Abstract 455, the C. Hart Survey Abstract 461, the S.B. Murrell Survey Abstract 1420, the W.H. Donham Survey Abstract 1479, the B.B.B. & C.R.R. Co. Survey Abstract 177, the S.E. Clements Survey Abstract 264, the R. McFall Survey Abstract 674, the J.N. Wright Survey Abstract 1535, the J.G. Jones Survey Abstract 1206, the A. Elston Survey Abstract 351, the J.S.H. Donham Survey Abstract 1244, the C.E. Fallis Survey Abstract 1516, the S.B. Murrell Survey Abstract 1491, the David Smith Survey Abstract 173, the Thomas Wright Survey Abstract 1156, the B. A. Stanford Survey Abstract 1445, the A. Hodge Survey Abstract 1388, the J.N. Murrell Survey Abstract 1525, the B.C. Forbes Survey Abstract 1614, the V.A. Howeth Survey Abstract 1631, the McKinney and Williams Survey Abstract 755, and the Jacob Spears Survey Abstract 915, Cooke County, Texas, being all of a called 1546 acre tract conveyed by Laura Josephine Jones to Frances Yarbrough by deed recorded in Volume 325, page 110 of the Cooke County Deed Records, being a part of a called 530 acre tract described in a deed from Laura Josephine Jones to Frances Yarbrough recorded in Volume 371, page 3 of said Deed Records, and being all of a 0.91 acre tract conveyed by Robert T. Lewis, et ux to Paul Yarbrough, et ux by deed recorded in Volume 719, page 629 of said Deed Records, and being more particularly described as follows:

BEGINNING at a set steel pin on the West line of said 530 acre tract located North 00 degrees 06 minutes 46 seconds West, a distance of 62.31 feet from the Southwest corner of said 530 acre tract, on the Northwesterly line of F.M. Road 1202 which was the right-of-way for McKinley Avenue during the Camp Howze period, and was granted by the USA to Cooke County by deed recorded in Volume 322, page 114 of said Deed Records, said point also being the Southeast corner of a tract conveyed to Mollie Eaton by deed recorded in Volume 1448, page 314 of the Cooke County Official Public Records;

THENCE North 00 degrees 06 minutes 46 seconds West, with the West line of said Yarbrough tract, along and near a fence, passing the Northeast corner of said Mollie Eaton tract, same being a Southeast corner of a tract described in a deed to Karl Trubenbach Land LP recorded in Volume 2049, page 702 of the Cooke County Official Public Records, continuing and passing the Northwest corner of said 530 acre tract, same being the Southwest corner of said 1546 acre tract, continuing with the West line of said 1546 acre tract and passing a Northeast corner of said Trubenbach Land LP, same being the Southeast corner of a tract described in a deed to James Martin Lewis recorded in Volume 866, page 141 of said Deed Records, continuing with said West line of Yarbrough tract and the East line of previously said Lewis tract, and passing the Lewis tract's Northwest corner, common to the Southeast corner of a tract described as Exhibit C in a deed to Robert Lewis, III recorded in said Volume 866, page 141 of said Deed Records, continuing and passing the Westernmost Northwest corner and the North corner of said 0.91 acre tract, (said North corner being on the Northeast line of a called 20.89 acre tract described in a deed from W.P. Clements, Jr., Governor of the State of Texas, et al to Robert T. Lewis, Jr., et ux recorded in Volume 666, page 421 of said Deed Records), continuing and passing the Northeast corner of said Robert Lewis tract, common to the Southeast corner of a tract described in a deed to F. Michael Sparks recorded in Volume 1404, page 169 of said Public Records, continuing with said common line a total distance of 13,649.55 feet to a square pipe found at a fence corner at the Northeast corner of said Sparks tract, common to the Southeast corner of a tract conveyed to Ken Fomby by deed recorded in Volume 1139, page 603 of said Public Records;

THENCE North 00 degrees 08 minutes 28 seconds West, along and near a fence, continuing with the West line of said Yarbrough tract, a distance of 5629.45 feet to a wooden fence corner at the Northwest corner of said 1546 acre tract, on the North line of said Wright Survey, common to the South line of the T. Booker Survey Abstract 72;

Page 1 of 3



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

BBB & CRR Co Su
2022.20 ac. tr.
Abstract 156, et al

Pg. 3 of 3

Southeasterly, 722.25 feet along a curve to the right having a radius
of 2789.93 feet and a chord of South 01 degree 15 minutes 08 seconds
East, a distance of 720.27 feet to a set steel pin at the end of said
curve;
South 06 degrees 09 minutes 52 seconds West, a distance of 2316.98 feet
to a set steel pin at the beginning of a curve;
Southeasterly, 692.67 feet along a curve to the left having a radius of
2939.93 feet and a chord of South 00 degrees 35 minutes 08 seconds East,
a distance of 691.10 feet to a set steel pin at the end of said curve;
South 07 degrees 20 minutes 08 seconds East, a distance of 1842.51 feet
to a set steel pin at the beginning of a curve;
Southeasterly, 689.79 feet along a curve to the right having a radius
of 2789.93 feet and a chord of South 00 degrees 15 minutes 08 seconds
East, a distance of 688.07 feet to a set steel pin at the end of said
curve;
South 06 degrees 49 minutes 52 seconds West, a distance of 283.34 feet
to a set steel pin at a fence corner at the Southeast corner of said
Yarbrough tract;

THENCE North 87 degrees 39 minutes 26 seconds West, with the South line
of said tract, a distance of 5384.51 feet to a set steel pin on the
Northeastern line of said F.M. Road 1202;

THENCE North 25 degrees 30 minutes 43 seconds West, with said Northeastern
line, crossing an access easement roadway, and continuing a total distance
of 80.97 feet to a set steel pin near a power pole;

THENCE South 64 degrees 22 minutes 17 seconds West, with the Northwestern
line of said F.M. Road 1202, a distance of 19.91 feet to the point of
beginning containing 2022.20 acres of land.

f5860-5


A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

**LESS AND EXCEPT THE FOLLOWING TRACT:**

FIELD NOTES TO 11.41 ACRES IN THE B.B.B. & C.R.R. CO. SURVEY ABSTRACT 156,
ET AL, COOKE COUNTY, TEXAS

All that certain tract or parcel of land situated in the B.B.B. & C.R.R. Co.
Survey Abstract 156 and the J. P. Havins Survey Abstract 455, Cooke County,
Texas, being all of a tract described as Water Well Site No. 2 in a deed from
The United States of America to the City of Gainesville recorded in Volume 366,
page 625 of the Cooke County Deed Records, and all of a tract conveyed by
Parker Yarbrough, et al to City of Gainesville by deed recorded in Volume 1081,
page 331 of the Cooke County Official Public Records and being more
particularly described as follows:

BEGINNING at a found steel pin at the Northwest corner of said Water Well Site
No. 2, said beginning corner further being located North 00 degrees 06 minutes
46 seconds West, a distance of 770.21 feet and North 89 degrees 35 minutes
14 seconds East, a distance of 141.14 feet from the Southwest corner of a tract
described in a deed to Frances Yarbrough recorded in Volume 371, page 3 of said
Deed Records;

THENCE North 64 degrees 30 minutes 33 seconds East, with the North line of said
Water Well Site No. 2, a distance of 77.28 feet to a found steel pin at a West
corner of said Yarbrough to City of Gainesville tract;

THENCE North 25 degrees 27 minutes 13 seconds East, a distance of 454.63 feet
to a found steel pin at the Northernmost Northwest corner of said Yarbrough
to City of Gainesville tract;

THENCE North 69 degrees 31 minutes 59 seconds East, a distance of 478.58 feet
to a found steel pin at the Northeast corner of said Yarbrough to City of
Gainesville tract;

THENCE South 20 degrees 21 minutes 59 seconds East, a distance of 654.74 feet
to a found steel pin at the Southeast corner of said Yarbrough to City of
Gainesville tract;

THENCE South 69 degrees 37 minutes 25 seconds West, a distance of 673.56 feet
to a fence corner at the Southernmost Southwest corner of said Yarbrough to
City of Gainesville tract, common to the Southeast corner of said Water Well
Site No. 2;

THENCE South 64 degrees 38 minutes 26 seconds West, with the South line of said
Water Well Site No. 2, a distance of 178.00 feet to a found steel pin at the
Southwest corner of said Water Well Site No. 2;

THENCE North 25 degrees 26 minutes 27 seconds West, a distance of 347.14 feet
to the point of beginning containing 11.41 acres of land.

CITY OF GAINESVILLE WATER WELL SITE NO. 2


A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

Accreted land                                          pg. 2 of 2

South 48 degrees 27 minutes 24 seconds East for a distance of 105.55 feet to a corner;

South 35 degrees 45 minutes 14 seconds West for a distance of 30.81 feet to a corner;

South 06 degrees 06 minutes 56 seconds East for a distance of 84.48 feet to a corner;

South 36 degrees 15 minutes 14 seconds East for a distance of 37.20 feet to a corner;

South 72 degrees 15 minutes 19 seconds East for a distance of 78.75 feet to a corner;

South 33 degrees 06 minutes 41 seconds West for a distance of 82.38 feet to a corner;

South 15 degrees 31 minutes 27 seconds East for a distance of 37.36 feet to a corner;

South 40 degrees 14 minutes 11 seconds East for a distance of 85.15 feet to a corner;

South 55 degrees 54 minutes 18 seconds East for a distance of 78.49 feet to a corner;

South 24 degrees 23 minutes 58 seconds East for a distance of 106.51 feet to a corner;

South 62 degrees 48 minutes 07 seconds East for a distance of 80.95 feet to a corner;

South 10 degrees 22 minutes 33 seconds East for a distance of 72.18 feet to a corner;

South 45 degrees 00 minutes 00 seconds East for a distance of 43.84 feet to a corner;

South 39 degrees 24 minutes 02 seconds East for a distance of 72.47 feet to a corner;

South 63 degrees 01 minutes 11 seconds East for a distance of 61.72 feet to a corner;

South 51 degrees 06 minutes 56 seconds East for a distance of 39.82 feet to a corner;

South 21 degrees 57 minutes 38 seconds East for a distance of 66.85 feet to a corner;

South 16 degrees 19 minutes 37 seconds East for a distance of 206.32 feet to a corner;

South 12 degrees 01 minutes 50 seconds East for a distance of 62.37 feet to a corner;

South 65 degrees 46 minutes 20 seconds West for a distance of 21.93 feet to a corner on the Northeast line of the A. Elston Survey Abstract 351, common to the Northeast line of said Jones to Yarbrough tract;

Northwesterly, with the Northeasterly line of said Elston Survey and the J. G. Jones Survey Abstract 1206 as patented the following courses and distances:

North 42 degrees 55 minutes 30 seconds West for a distance of 310.24 feet to a corner;

North 39 degrees 00 minutes 39 seconds West for a distance of 889.95 feet to a corner;

North 38 degrees 45 minutes 04 seconds West for a distance of 193.10 feet to a corner;

North 36 degrees 32 minutes 15 seconds West for a distance of 340.94 feet to a corner;

North 39 degrees 56 minutes 49 seconds West for a distance of 698.65 feet to a corner;

North 41 degrees 25 minutes 24 seconds West for a distance of 1083.85 feet to a corner;

North 34 degrees 06 minutes 03 seconds West for a distance of 700.18 feet to a corner;

North 43 degrees 47 minutes 51 seconds West for a distance of 1181.31 feet to a corner;

North 22 degrees 36 minutes 13 seconds West for a distance of 265.49 feet to a corner;

North 33 degrees 01 minute 58 seconds West for a distance of 250.53 feet to a corner;

North 25 degrees 43 minutes 04 seconds West for a distance of 172.40 feet to a corner;

North 34 degrees 41 minutes 44 seconds West for a distance of 151.47 feet to the point of beginning and containing 133.77 acres of land.

15860-4.leg



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

## ASSIGNMENT OF CAUSE OF ACTION

THIS ASSIGNMENT OF CAUSE OF ACTION (this **"Assignment"**) is made and entered into as of the ____ day of May, 2018 (the **"Effective Date"**), by and between Paul Parker Yarbrough Jr. and Jo Anne Keeter (as **"Assignors"**) and Stark Ranch – West, LLC, a Texas limited liability company (as **"Assignee"**).

### W I T N E S S E T H:

WHEREAS, Assignors and Assignee previously entered into a Farm and Ranch Contract dated November 7, 2017 (the "**Contract**") whereby Assignors agreed to sell to Assignee approximately 2,114.85 acres of land located in Cooke County, Texas, described on <u>Exhibit A</u> (the "**Property**");

WHEREAS, Redi-Mix, LLC or its affiliate ("**Redi-Mix**") is trespassing on, and has trespassed on, the Property to conduct its mining operation, resulting in damages to the Property and damages incurred by the Assignors;

WHEREAS, in consideration for Assignee's purchase of the Property and for Ten dollars ($10.00) and other valuable consideration, the receipt and value of which is hereby acknowledged, Assignors agree to assign and transfer to Assignee any claims, demands or causes of action of whatever kind or nature, that Assignors now have or may have against Redi-Mix for any loss, injury, or damage caused to the Property for trespass, conversion, clouded title and the mining or removal of any aggregates and other resources from the Property (the "**Assigned Claim**");

WHEREAS, Assignors now assign the Assigned Claim, and Assignee accepts such assignment as set forth herein.

NOW, THEREFORE, for good and valuable consideration, the parties agree as follows:

1.  <u>Incorporation of Recitals</u>. The above recitals are incorporated into and shall constitute a part of this Assignment.

2.  <u>Assignment</u>. Simultaneously with, and conditioned upon, the closing of the sale of the Property to Assignee, Assignors hereby transfer and assign all of their right, title, and interest in and to the Assigned Claim to Assignee, and Assignee hereby accepts the Assigned Claim from Assignors, which shall include Assignors' right to recover and retain amounts for damages that arose prior to the sale of the Property to Assignee.

3.  <u>No Recourse</u>. This Assignment is without recourse. Assignors do not guarantee payment of the Assigned Claim. However, Assignors agree that if any payment with respect to the Assigned Claim is awarded to or otherwise made to Assignors, Assignors shall promptly remit any such payment to Assignee.





A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

4.    Successors and Assigns.   This Assignment shall be binding upon and inure to the benefit of each of the parties hereto and their respective heirs, legal representatives, successors and assigns.

5.    Counterparts.   This Assignment may be executed in one or more counterparts, each of which shall be an original and all of which shall constitute but one and the same document.

[Remainder of Page Intentionally Left Blank; Signature Page Follows]



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

IN WITNESS WHEREOF, the parties hereto have executed this Assignment effective as of the Effective Date.

ASSIGNORS:

_Paul Parker Yarbrough Jr._

PAUL PARKER YARBROUGH, JR.

STATE OF _Texas_ )
                              ) ss.
COUNTY OF _Cooke_ )

The foregoing instrument was acknowledged before me this _31_ day of _May_, 2018, by Paul Parker Yarbrough, Jr.

_Kristi Kleinert_
Notary Public

KRISTI KLEINERT
MY COMMISSION EXPIRES
07/15/2020
NOTARY ID: 124990073

My Commission Expires:

My Commission No.:

(SEAL)

_Jo Anne Keeter_

JOANNE KEETER

STATE OF _Texas_ )
                              ) ss.
COUNTY OF _Cooke_ )

The foregoing instrument was acknowledged before me this _31_ day of _May_, 2018, by JoAnne Keeter.

_Kristi Kleinert_
Notary Public

My Commission Expires:

My Commission No.:

KRISTI KLEINERT
MY COMMISSION EXPIRES
07/15/2020
NOTARY ID: 124990073

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

**ASSIGNEE:**

**STARK RANCH – WEST, LLC,**
a Texas limited liability company

By:_____

Name: Steve Schmitz

Title: Vice-President

STATE OF *Texas* )
                              ) ss.
COUNTY OF *Cooke* )

    The foregoing instrument was acknowledged before me this _30_ day of *May*, 2018, by Steve Schmitz, as the Vice-President of Stark Ranch-West, LLC.

_____
Notary Public

My Commission Expires:
_____

My Commission No.:
_____

> NOTARY PUBLIC STATE OF TEXAS
> **KRISTI KLEINERT**
> MY COMMISSION EXPIRES
> 07/15/2020
> NOTARY ID: 124990073



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

# Exhibit "A"

**Tract One:**

FIELD NOTES TO 2022.20 ACRES IN THE B.B.B. & C.R.R. CO. SURVEY ABSTRACT 156, ET AL, COOKE COUNTY, TEXAS

All that certain tract or parcel of land situated in the B.B B. & C.R.R. Co. Survey Abstract 156, the J.P. Havins Survey Abstract 455, the C. Hart Survey Abstract 461, the S.B. Murrell Survey Abstract 1420, the W.H. Donham Survey Abstract 1479, the B.B.B. & C.R.R. Co. Survey Abstract 177, the S.E. Clements Survey Abstract 264, the R. McFall Survey Abstract 674, the J.N. Wright Survey Abstract 1535, the J.G. Jones Survey Abstract 1206, the A. Elston Survey Abstract 351, the J.S.H. Donham Survey Abstract 1244, the C.E. Fallis Survey Abstract 1516, the S.B. Murrell Survey Abstract 1491, the David Smith Survey Abstract 173, the Thomas Wright Survey Abstract 1156, the B. A. Stanford Survey Abstract 1445, the A. Hodge Survey Abstract 1388, the J.N. Murrell Survey Abstract 1525, the B.C. Forbes Survey Abstract 1614, the V.A. Howeth Survey Abstract 1631, the McKinney and Williams Survey Abstract 755, and the Jacob Spears Survey Abstract 915, Cooke County, Texas, being all of a called 1546 acre tract conveyed by Laura Josephine Jones to Frances Yarbrough by deed recorded in Volume 325, page 110 of the Cooke County Deed Records, being a part of a called 530 acre tract described in a deed from Laura Josephine Jones to Frances Yarbrough recorded in Volume 371, page 3 of said Deed Records, and being all of a 0.91 acre tract conveyed by Robert T. Lewis, et ux to Paul Yarbrough, et ux by deed recorded in Volume 719, page 629 of said Deed Records, and being more particularly described as follows:

BEGINNING at a set steel pin on the West line of said 530 acre tract located North 00 degrees 06 minutes 46 seconds West, a distance of 62.31 feet from the Southwest corner of said 530 acre tract, on the Northwesterly line of F.M. Road 1202 which was the right-of-way for McKinley Avenue during the Camp Howze period, and was granted by the USA to Cooke County by deed recorded in Volume 322, page 114 of said Deed Records, said point also being the Southeast corner of a tract conveyed to Mollie Eaton by deed recorded in Volume 1448, page 314 of the Cooke County Official Public Records;

THENCE North 00 degrees 06 minutes 46 seconds West, with the West line of said Yarbrough tract, along and near a fence, passing the Northeast corner of said Mollie Eaton tract, same being a Southeast corner of a tract described in a deed to Karl Trubenbach Land LP recorded in Volume 2049, page 702 of the Cooke County Official Public Records, continuing and passing the Northwest corner of said 530 acre tract, same being the Southwest corner of said 1546 acre tract, continuing with the West line of said 1546 acre tract and passing a Northeast corner of said Trubenbach Land LP, same being the Southeast corner of a tract described in a deed to James Martin Lewis recorded in Volume 866, page 143 of said Deed Records, continuing with said West line of Yarbrough tract and the East line of previously said Lewis tract, and passing the Lewis tract's Northeast corner, common to the Southeast corner of a tract described as Exhibit C in a deed to Robert Lewis, III recorded in said Volume 866, page 141 of said Deed Records, continuing and passing the Westernmost Northwest corner and the North corner of said 0.91 acre tract, (said North corner being on the Northeast line of a called 20.89 acre tract described in a deed from W.P. Clements, Jr., Governor of the State of Texas, et al to Robert T. Lewis, Jr., et ux recorded in Volume 666, page 421 of said Deed Records), continuing and passing the Northeast corner of said Robert Lewis tract, common to the Southeast corner of a tract described in a deed to F. Michael Sparks recorded in Volume 1404, page 169 of said Public Records, continuing with said common line a total distance of 13,649.55 feet to a square pipe found at a fence corner at the Northeast corner of said Sparks tract, common to the Southeast corner of a tract conveyed to Ken Fomby by deed recorded in Volume 1139, page 603 of said Public Records;

THENCE North 00 degrees 08 minutes 28 seconds West, along and near a fence, continuing with the West line of said Yarbrough tract, a distance of 5629.45 feet to a wooden fence corner at the Northwest corner of said 1546 acre tract, on the North line of said Wright Survey, common to the South line of the T. Booker Survey Abstract 72;



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

THENCE South 89 degrees 24 minutes 42 seconds East, with said common survey line, along a fence, a distance of 267.14 feet to the Northwest corner of said Jones Survey, common to the Northeast corner of said Wright Survey and said Yarbrough tract;

THENCE Southeasterly, with the East line of said Yarbrough tract and the South bank of said Red River as evidenced by the calls in the various survey patents which bounds the Red River in the Yarbrough deed, the following courses and distances:
    South 34 degrees 41 minutes 44 seconds East, a distance of 151.47 feet;
    South 25 degrees 43 minutes 04 seconds East, a distance of 172.40 feet;
    South 33 degrees 01 minute 58 seconds East, a distance of 250.53 feet;
    South 22 degrees 36 minutes 13 seconds East, a distance of 265.49 feet;
    South 43 degrees 47 minutes 51 seconds East, a distance of 1181.31 feet;
    South 34 degrees 06 minutes 03 seconds East, a distance of 700.18 feet;
    South 41 degrees 25 minutes 24 seconds East, a distance of 1083.85 feet;
    South 39 degrees 56 minutes 49 seconds East, passing the Southeast corner of said Jones Survey, common to the Northwest corner of said Elston Survey and continuing a total distance of 698.65 feet;
    South 36 degrees 32 minutes 15 seconds East, a distance of 340.94 feet;
    South 38 degrees 45 minutes 04 seconds East, a distance of 193.10 feet;
    South 39 degrees 00 minutes 39 seconds East, a distance of 889.95 feet to a corner on the gradient boundary of the Red River as surveyed by Nedra Foster, LSLS on February 2018;

THENCE continuing along the gradient boundary the following calls and distances;
    South 39 degrees 32 minutes 10 second East, a distance of 385.33 feet
    South 36 degrees 08 minutes 07 seconds East, a distance of 234.02 feet;
    South 38 degrees 10 minutes 44 seconds East, passing the Northeast corner of said Elston Survey, common to the North corner of said Smith Survey and continuing a total distance of 297.68 feet;
    South 35 degrees 37 minutes 50 seconds East, a distance of 286.67 feet;
    South 35 degrees 41 minutes 43 seconds East, a distance of 253.65 feet;
    South 34 degrees 19 minutes 49 seconds East, a distance of 148.95 feet;
    South 42 degrees 22 minutes 03 seconds East, a distance of 123.17 feet;
    South 43 degrees 37 minutes 31 seconds East, a distance of 265.24 feet;
    South 45 degrees 34 minutes 58 seconds East, a distance of 208.61 feet;
    South 47 degrees 46 minutes 27 seconds East, a distance of 321.40 feet;
    South 52 degrees 07 minutes 30 seconds East, a distance of 262.24 feet;
    South 60 degrees 46 minutes 51 seconds East, a distance of 67.60 feet;
    South 66 degrees 06 minutes 17 seconds East, a distance of 172.92 feet to the Northeast corner of said Yarbrough tract, on the West line of the G.C. & S.F. Railroad;
THENCE Southerly, with the East line of said Yarbrough tract, common to the West line of said railroad, the following courses and distances:
    South 36 degrees 08 minutes 23 seconds West, a distance of 546.05 feet to a set steel pin at the beginning of a curve;
    Southwesterly, 1767.07 feet along a curve to the left having a radius of 1985.08 feet and a chord of South 10 degrees 38 minutes 08 seconds West, a distance of 1709.47 feet to a set steel pin at the end of said curve;
    South 14 degrees 52 minutes 08 seconds East, a distance of 500.86 feet to a set steel pin at the beginning of a curve;
    Southeasterly, 598.85 feet along a curve to the right having a radius of 1835.08 feet and a chord of South 05 degrees 31 minutes 08 seconds East, a distance of 596.27 feet to a set steel pin at the end of said curve;
    South 03 degrees 49 minutes 52 seconds West, a distance of 1893.14 feet to a set steel pin at the beginning of a curve;
    Southeasterly, 641.36 feet along a curve to the left having a radius of 2939.93 feet and a chord of South 02 degrees 25 minutes 08 seconds East, a distance of 640.12 feet to a set steel pin at the end of said curve;
    South 08 degrees 40 minutes 08 seconds East, a distance of 504.80 feet to a set steel pin at the beginning of a curve;



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

B88 & CRR Co Su
2022.20 ac. tr.
Abstract 156, et al

Pg. 3 of 3

Southeasterly, 722.25 feet along a curve to the right having a radius
of 2789.93 feet and a chord of South 01 degree 15 minutes 08 seconds
East, a distance of 720.27 feet to a set steel pin at the end of said
curve;
South 06 degrees 09 minutes 52 seconds West, a distance of 2316.98 feet
to a set steel pin at the beginning of a curve;
Southeasterly, 692.67 feet along a curve to the left having a radius of
2939.93 feet and a chord of South 00 degrees 35 minutes 08 seconds East,
a distance of 691.10 feet to a set steel pin at the end of said curve;
South 07 degrees 20 minutes 08 seconds East, a distance of 1842.51 feet
to a set steel pin at the beginning of a curve;
Southeasterly, 689.79 feet along a curve to the right having a radius
of 2789.93 feet and a chord of South 00 degrees 15 minutes 08 seconds
East, a distance of 688.07 feet to a set steel pin at the end of said
curve;
South 06 degrees 49 minutes 52 seconds West, a distance of 283.34 feet
to a set steel pin at a fence corner at the Southeast corner of said
Yarbrough tract;

THENCE North 87 degrees 39 minutes 26 seconds West, with the South line
of said tract, a distance of 5384.51 feet to a set steel pin on the
Northeastern line of said F.M. Road 1202;

THENCE North 25 degrees 30 minutes 43 seconds West, with said Northeastern
line, crossing an access easement roadway, and continuing a total distance
of 80.97 feet to a set steel pin near a power pole;

THENCE South 64 degrees 22 minutes 17 seconds West, with the Northwestern
line of said F.M. Road 1202, a distance of 19.91 feet to the point of
beginning containing 2022.20 acres of land.

15860-5



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

**LESS AND EXCEPT THE FOLLOWING TRACT:**

FIELD NOTES TO 29.71 ACRES IN THE JACOB SPEARS SURVEY ABSTRACT 915,
ET AL, COOKE COUNTY, TEXAS

All that certain tract or parcel of land situated in the V.A. Howeth
Survey Abstract 1631, and the Jacob Spears Survey Abstract 915, Cooke
County, Texas, being all of a called 30 acre tract described in a deed
from A. M. Burch to Gainesville Gun & Rod Club recorded in Volume 82,
page 131 of the Cooke County Deed Records, and being more particularly
described as follows:

BEGINNING at a set steel pin in a found pile of stone at the South corner
of said 30 acre tract, said corner being located North 87 degrees
39 minutes 26 seconds West a distance of 1715.30 feet and North 02 degrees
20 minutes 34 seconds East a distance of 6.92 feet from the Southeast
corner of a tract described in a deed to Frances Yarbrough recorded in
Volume 325, page 110 of said Deed Records;

THENCE North 18 degrees 01 minute 19 seconds West, near a fence, a
distance of 773.25 feet to a set steel pin in a found pile of stone at the
Northwest corner of said 30 acre tract;

THENCE North 73 degrees 43 minutes 59 seconds East, near a fence partway,
a distance of 1866.33 feet to a set steel pin in a found pile of stone at
the Northeast corner of said 30 acre tract;

THENCE South 13 degrees 57 minutes 34 seconds East, along and near a
fence, a distance of 437.53 feet to a set steel pin at the Easternmost
Southeast corner of said 30 acre tract;

THENCE South 25 degrees 51 minutes 21 seconds West, a distance of
313.39 feet to a set steel pin at the Southernmost Southeast corner
of said 30 acre tract;

THENCE South 70 degrees 04 minutes 27 seconds West, with the South line
of said 30 acre tract, a distance of 1618.14 feet to the point of
beginning containing 29.71 acres of land.

GAINESVILLE GUN & ROD CLUB



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

**LESS AND EXCEPT THE FOLLOWING TRACT:**

FIELD NOTES TO 11.41 ACRES IN THE B.B.B. & C.R.R. CO. SURVEY ABSTRACT 156, ET AL, COOKE COUNTY, TEXAS

All that certain tract or parcel of land situated in the B.B.B. & C.R.R. Co. Survey Abstract 156 and the J. P. Havins Survey Abstract 455, Cooke County, Texas, being all of a tract described as Water Well Site No. 2 in a deed from The United States of America to the City of Gainesville recorded in Volume 366, page 625 of the Cooke County Deed Records, and all of a tract conveyed by Parker Yarbrough, et al to City of Gainesville by deed recorded in Volume 1081, page 331 of the Cooke County Official Public Records and being more particularly described as follows:

BEGINNING at a found steel pin at the Northwest corner of said Water Well Site No. 2, said beginning corner further being located North 00 degrees 06 minutes 46 seconds West, a distance of 770.21 feet and North 89 degrees 53 minutes 14 seconds East, a distance of 141.14 feet from the Southwest corner of a tract described in a deed to Frances Yarbrough recorded in Volume 371, page 3 of said Deed Records;

THENCE North 64 degrees 30 minutes 33 seconds East, with the North line of said Water Well Site No. 2, a distance of 77.28 feet to a found steel pin at a West corner of said Yarbrough to City of Gainesville tract;

THENCE North 25 degrees 27 minutes 13 seconds East, a distance of 454.63 feet to a found steel pin at the Northernmost Northwest corner of said Yarbrough to City of Gainesville tract;

THENCE North 69 degrees 31 minutes 59 seconds East, a distance of 478.58 feet to a found steel pin at the Northeast corner of said Yarbrough to City of Gainesville tract;

THENCE South 20 degrees 21 minutes 59 seconds East, a distance of 654.74 feet to a found steel pin at the Southeast corner of said Yarbrough to City of Gainesville tract;

THENCE South 69 degrees 37 minutes 25 seconds West, a distance of 673.56 feet to a fence corner at the Southernmost Southwest corner of said Yarbrough to City of Gainesville tract, common to the Southeast corner of said Water Well Site No. 2;

THENCE South 64 degrees 38 minutes 26 seconds West, with the South line of said Water Well Site No. 2, a distance of 178.00 feet to a found steel pin at the Southwest corner of said Water Well Site No. 2;

THENCE North 25 degrees 26 minutes 27 seconds West, a distance of 347.14 feet to the point of beginning containing 11.41 acres of land.

CITY OF GAINESVILLE WATER WELL SITE NO. 2



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

# Exhibit "A"

### Tract Two:

FIELD NOTES TO 133.77 ACRES OF ACCRETED LAND IN COOKE COUNTY, TEXAS

All that certain tract or parcel of land situated in Cooke County, Texas being accreted land lying between the patented land of the J.G. Jones Survey Abstract 1206 and the A. Elston Survey Abstract 351 and the present Gradient Boundary of the Red River as surveyed by Nedra Foster, LSLS on February 2018 and being more particularly described as follows:

BEGINNING at a set capped steel pin at the Northwest corner of the said Jones Survey, common to the Northeast corner of the J. N. Wright Survey Abstract 1535, on the South line of the T. Booker Survey Abstract 72, at the Northernmost Northeast corner of a 1546 acre tract of land conveyed by Laura Josephine Jones to Frances Yarbrough by deed recorded in Volume 325, page 110 of the Cooke County Deed Records;

THENCE South 89 degrees 24 minutes 42 seconds East, with the projected North line of said Booker Survey, a distance of 1482.97 feet to a corner on the said Gradient Boundary on the Red River as surveyed by Nedra Foster, LSLS on February, 2018;

THENCE Southeasterly, along said gradient boundary, the following courses and distances:
South 53 degrees 58 minutes 21 seconds East for a distance of 91.40 feet to a corner;
South 45 degrees 17 minutes 03 seconds East for a distance of 427.80 feet to a corner;
South 60 degrees 28 minutes 15 seconds East for a distance of 691.87 feet to a corner;
South 27 degrees 10 minutes 46 seconds East for a distance of 834.10 feet to a corner;
South 27 degrees 24 minutes 53 seconds East for a distance of 784.05 feet to a corner;
South 42 degrees 03 minutes 52 seconds East for a distance of 110.45 feet to a corner;
South 24 degrees 14 minutes 12 seconds East for a distance of 297.20 feet to a corner;
South 18 degrees 40 minutes 36 seconds East for a distance of 299.79 feet to a corner;
South 11 degrees 16 minutes 26 seconds East for a distance of 312.02 feet to a corner;
South 00 degrees 25 minutes 20 seconds West for a distance of 407.01 feet to a corner;
South 66 degrees 22 minutes 14 seconds West for a distance of 52.39 feet to a corner;
North 89 degrees 32 minutes 43 seconds West for a distance of 126.00 feet to a corner;
North 24 degrees 20 minutes 28 seconds West for a distance of 46.10 feet to a corner;
South 60 degrees 48 minutes 09 seconds West for a distance of 38.95 feet to a corner;
South 45 degrees 59 minutes 16 seconds West for a distance of 82.04 feet to a corner;
South 31 degrees 17 minutes 35 seconds West for a distance of 59.68 feet to a corner;
South 06 degrees 34 minutes 55 seconds East for a distance of 52.35 feet to a corner;
South 63 degrees 26 minutes 06 seconds East for a distance of 35.78 feet to a corner;
South 04 degrees 14 minutes 11 seconds West for a distance of 27.07 feet to a corner;
South 57 degrees 22 minutes 51 seconds West for a distance of 29.68 feet to a corner;
South 05 degrees 11 minutes 40 seconds East for a distance of 22.09 feet to a corner;



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

South 48 degrees 27 minutes 24 seconds East for a distance of 105.55 feet to a corner;

South 35 degrees 45 minutes 14 seconds West for a distance of 30.81 feet to a corner;

South 06 degrees 06 minutes 56 seconds East for a distance of 84.48 feet to a corner;

South 36 degrees 15 minutes 14 seconds East for a distance of 37.20 feet to a corner;

South 72 degrees 15 minutes 19 seconds East for a distance of 78.75 feet to a corner;

South 33 degrees 06 minutes 41 seconds West for a distance of 82.38 feet to a corner;

South 15 degrees 31 minutes 27 seconds East for a distance of 37.36 feet to a corner;

South 40 degrees 14 minutes 11 seconds East for a distance of 85.15 feet to a corner;

South 55 degrees 54 minutes 18 seconds East for a distance of 78.49 feet to a corner;

South 24 degrees 23 minutes 58 seconds East for a distance of 106.51 feet to a corner;

South 62 degrees 48 minutes 07 seconds East for a distance of 80.95 feet to a corner;

South 10 degrees 22 minutes 33 seconds East for a distance of 72.18 feet to a corner;

South 45 degrees 00 minutes 00 seconds East for a distance of 43.84 feet to a corner;

South 39 degrees 24 minutes 02 seconds East for a distance of 72.47 feet to a corner;

South 63 degrees 01 minutes 11 seconds East for a distance of 61.72 feet to a corner;

South 51 degrees 06 minutes 56 seconds East for a distance of 39.82 feet to a corner;

South 21 degrees 57 minutes 38 seconds East for a distance of 66.85 feet to a corner;

South 16 degrees 19 minutes 37 seconds East for a distance of 206.32 feet to a corner;

South 12 degrees 01 minutes 50 seconds East for a distance of 62.37 feet to a corner;

South 65 degrees 46 minutes 20 seconds West for a distance of 21.93 feet to a corner on the Northeast line of the A. Elston Survey Abstract 351, common to the Northeast line of said Jones to Yarbrough tract;

Northwesterly, with the Northeasterly line of said Elston Survey and the J. G. Jones Survey Abstract 1206 as patented the following courses and distances:

North 42 degrees 55 minutes 30 seconds West for a distance of 310.24 feet to a corner;

North 39 degrees 00 minutes 39 seconds West for a distance of 889.95 feet to a corner;

North 38 degrees 45 minutes 04 seconds West for a distance of 193.10 feet to a corner;

North 36 degrees 32 minutes 15 seconds West for a distance of 340.94 feet to a corner;

North 39 degrees 56 minutes 49 seconds West for a distance of 698.65 feet to a corner;

North 41 degrees 25 minutes 24 seconds West for a distance of 1083.85 feet to a corner;

North 34 degrees 06 minutes 03 seconds West for a distance of 700.18 feet to a corner;

North 43 degrees 47 minutes 51 seconds West for a distance of 1181.31 feet to a corner;

North 22 degrees 36 minutes 13 seconds West for a distance of 265.49 feet to a corner;

North 33 degrees 01 minute 58 seconds West for a distance of 250.53 feet to a corner;

North 25 degrees 43 minutes 04 seconds West for a distance of 172.40 feet to a corner;

North 34 degrees 41 minutes 44 seconds West for a distance of 151.47 feet to the point of beginning and containing 133.77 acres of land.

15860-4.leg



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

## MINING LEASE

THIS MINING LEASE (this "Lease") is executed as of June 3, 2011, by and among OKLAHOMA CHRISTIAN UNIVERSITY, NORTH CENTRAL TEXAS COLLEGE, UNITED WAY OF COOKE COUNTY and THE FROST NATIONAL BANK, as Co-Trustees of the LEO and MABEL SCOTT CHARITABLE TRUST ("Lessor"), and CHARLES N. DAVIS, III ("Lessee").

### RECITALS:

A.      Lessor is the owner of certain real property in Love County, Oklahoma, which is described in Exhibit A to this Lease (the "Leased Premises").

B.      Lessor desires to lease to Lessee, and Lessee desires to lease from Lessor, the Leased Premises for certain mining and related purposes, as more particularly set forth in this Lease.

ACCORDINGLY, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Lessor and Lessee agree as follows:

1.      Lease. Lessor hereby leases and demises to Lessee, and Lessee hereby leases and lets from Lessor, the Leased Premises, subject to all liens, easements and other encumbrances of record affecting the Leased Premises, for the exclusive right to prospect, explore for, mine, process, produce, store, remove and sell therefrom, all minerals and construction materials, including sand, soil, gravel and limestone, but excluding oil and/or gas, said minerals and construction materials being herein collectively referred to collectively as the "Materials," and the right of ingress and egress for such purposes. As part of such prospecting, mining and production, Lessee shall have the following rights, so long as they are exercised in accordance with the provisions of this Lease:

(a)      The right to remove, process, store, transport, market, sell and otherwise deal with the Materials.

(b)      The right to enter the Property at the gate from old highway 77 that joins highway I-35 and the nonexclusive right to use existing roadways crossing the Property between such gate and the Leased Premises for purposes of ingress and egress to and from the Leased Premises and transportation of Materials from the Leased Premises.

(c)      The right to deposit on the surface of Leased Premises such Materials as may be produced from Lessee's operations under this Lease.

(d)      The right to place on the Property machinery, equipment, structures and other improvements necessary for the mining and selling of Materials mined, together with water lines and other installations as more specifically set forth in Section 6 hereof.

2.      Term. The term of this Lease shall be five (5) years (the "Primary Term"), commencing on the date hereof and expiring on the fifth (5th) anniversary of the date hereof and continuing thereafter for so long as Materials are mined and removed from the Leased Premises



13.1



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

in Commercial Quantities (as hereinafter defined), unless sooner terminated in accordance with the terms of this Lease. The 12 month period commencing on the commencement date of this Lease, and each 12 month period commencing on an anniversary of the date hereof, is referred to herein as a "Lease Year." For purposes of this Section 2, the term "Commercial Quantities" shall mean mining and removal of not less than One Hundred Thousand (100,000) Tons of Materials during each Lease Year.

3.    Royalties.

(a)    Advance Royalties. Lessee has contemporaneously with the execution and delivery of this Lease, paid to Lessor the sum of Two Thousand Dollars ($2,000) as advance royalty ("the Initial Advance Royalty"). Lessee agrees to pay to Lessor, as advance royalty, on the dates set forth below the following Advance Royalties:

| Anniversary Date | Advance Royalty |
|---|---|
| Execution | $2,000.00 |
| June 3, 2012 or sooner upon obtaining all required mining permits | $20,000.00 |
| June 3, 2013 | $30,000.00 |
| June 3, 2014 | $40,000.00 |
| June 3, 2015 | $50,000.00 |
| June 3, 2016 | $60,000.00 |

Each of such payments being herein called an "Advance Royalty Payment," such Advance Royalty Payments and the Initial Advance Royalty being herein collectively called "Advance Royalties". Lessee may deduct from the Advance Royalties payable under this paragraph the amount of all Tonnage Royalties (as hereinafter defined) theretofore actually paid to Lessor which have not previously been deducted from Advance Royalties.

(b)    Tonnage Royalties.

(i)    Lessee will pay to Lessor, on or before the twentieth (20th) day of each calendar month, a royalty equal to the greater of (i) Sixty Five Cents ($0.65) per Ton (a "Ton" as used herein being 2,000 pounds) or (ii) Twelve and One-Half Percent (12.5%) of the Average Local Sales Price (as hereinafter defined) on all Materials (except Flume Sand and Select Fill) mined and removed from the Leased Premises during the preceding calendar month (each such payment being herein called a "Tonnage Royalty Payment," such Tonnage Royalty Payments being herein collectively called "Tonnage Royalties"). Lessee may deduct from the Tonnage Royalties payable under this paragraph the amount of all Advance Royalties theretofore actually paid to Lessor which have not previously been deducted from Tonnage Royalties.

Page 2

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:   CODY SHIRES, Deputy

(ii)    Lessee will pay to Lessor, on or before the twentieth (20th) day of each calendar month, a royalty equal to the greater of (i) Twenty Five Cents ($0.25) per Ton or (ii) Twelve and One-Half Percent (12.5%) of the Average Local Sales Price on all Flume Sand and Select Fill (as hereinafter defined) mined and removed from the Leased Premises during the preceding calendar month (each such payment being herein called a "Tonnage Royalty Payment;" such Tonnage Royalty Payments being herein collectively called "Tonnage Royalties"). Lessee may deduct from the Tonnage Royalties payable under this paragraph the amount of all Advance Royalties theretofore actually paid to Lessor which have not previously been deducted from Tonnage Royalties.

(iii)    The term "Average Local Sales Price" shall mean the price at which Materials of comparable type and quality are purchased and sold between unrelated parties in the same geographic area as the Leased Premises for delivery into the Dallas/Fort Worth area. The terms "Flume Sand" and "Select Fill" shall mean materials from either a pit run or after processing with a minimum of fifty percent (50%) of these materials passing through a # 50 sieve.

(c)    Processing Royalties.  If Lessee shall construct a plant for the processing of Materials on the Leased Premises mined on a property other than the Leased Premises, Lessee shall pay to Lessor monthly Processing Royalties equal to $0.05 per ton of Materials processed on and sold from the Leased Premises.  Such payment shall be made together with payments of Tonnage Royalties.

All payments required under this Section 3 are herein called "Royalties." All Royalties owing hereunder shall be paid to Lessor at the address shown at the beginning of this Lease, or to such different address as Lessor shall have designated by written notice sent in accordance with the notice provisions of this Lease. If any Royalties are not paid in full by the time designated in this Section 3, such past due Royalties shall bear interest at the rate equal to the lesser of eighteen percent (18%) per annum or the highest rate allowed by law for the period beginning on the due date of such Royalties and ending on the date such Royalties are actually paid to Lessor.

4.    Material Removal Records.  Lessee agrees to maintain at its business offices, at all times, written records of the amount and type of Material, Flume Sand and Select Fill removed from Leases Premises and shall have a record specifying the amount and type of Material, Flume Sand and Select Fill removed, the driver, the scale ticket, the date of each load of Material, Flume Sand and Select Fill removed from the Leased Premises, including a daily recap sheet and such record shall be available for review by Lessor or Lessor's agents during normal business hours for the purpose of verifying such amounts. Lessee shall also maintain records adequate for Lessor to determine the Average Local Sales Price for all Material, Flume Sand and Select Fill for each month during the term of this Lease. Lessor shall have the right at all times to enter on and to inspect all operations during normal business hours. During mining or processing operations, Lessor will be accompanied by Lessee's representatives. In addition, Lessee shall furnish Lessor a copy of such records along with each monthly payment for Material.

13.3

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

5.    **Mining Development Plan.**   Lessee shall conduct its mining operations on the Leased Premises in accordance with a mining plan approved in writing by Lessor, such approval not to be unreasonably withheld.   Such mining plan shall (i) describe the methods and timing of intended mining, (ii) indicate the areas of the Leased Premises in which mining activities are to be conducted, (iii) show the direction in which mining is to progress, (iv) contain a plat setting forth any proposed plant location, (v) contain a plat of the area to be mined and logs of mining operations, (vi) show all proposed roads and road locations and (vii) show the location of commencement of mining and the progression of mining operations.   The mining plan shall limit mining to areas which comply with any and all boundary setback requirements of applicable local, state or federal law.   Lessee shall provide to Lessor a copy of all evaluation materials produced or obtained as part of its review and evaluation of the property, including, but not limited to, all core samples and feasibility studies.

6.    **Lessee Rights.**   Lessee shall have the right of ingress and egress at all times across the Leased Premises as set forth in paragraph (b) of Section 1 hereof and Lessee may construct a roadway across the Leased Premises at no expense to the Lessor, as well as roadways on each unit of the Leased Premises being developed, and Lessee may use sand and gravel mined from the Leased Premises in the construction of the roads at no expense to Lessee.   It is agreed that any improvements on the roads shall remain the property of the Lessor on the termination of this Lease, whether such improvements are made permanent or temporary.   Lessee may place on the property any and all machinery, equipment, structures, and other improvements which will be necessary, or convenient, for the use of mining and selling of Material mined from the Leased Premises, provided that it is working or in working condition or will be used in mining operations.   Salvage equipment shall be removed from the Leased Premises.   Lessee may also lay all necessary water lines and construct power lines for pumping or plant operations and do all other things reasonable and necessary on the Leased Premises to mine the Materials.   In addition, Lessee may build dams to impound water necessary for the proper washing of the Materials and may dig channels to secure drainage from the Leased Premises.   It is further agreed that all such machinery, equipment, structures, and other equipment placed on the Leased Premises except those placed in the roadway, waterways, and electrical lines shall remain personal property and shall not be considered a part of the realty, as by attachment to the soil, and such machinery, equipment, structures, and other improvements maybe removed upon the expiration of the Term hereof, provided that the Lessee is not in default in any of the payments or other covenants, provided herein.

7.    **Non-Exclusive Lease.**   It is understood and agreed that the Lessee is not receiving nor does it receive by this document, an exclusive lease of the Leased Premises, but Lessee's lease and rights of use of the Leased Premises are limited to the mining of Materials on the Leased Premises as provided in Section 1, and exclusively from the Leased Premises herein described.   All uses of the Leased Premises not being mined for Materials as herein required, are hereby reserved to Lessor to graze livestock or for other use which does not interfere with Lessee's use as herein granted.

8.    **Scales.**   Lessee agrees to install and maintain on the Leased Premises at its own cost and expense, so long as this Lease is in force, a certified motor truck scale, which will be used for the purpose of keeping an accurate account of all Materials mined and removed from the Leased Premises.   The scale will be checked for accuracy at appropriate periodic intervals.

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

13.4

9.     Books and Records.  Throughout the term of this Lease, Lessee shall furnish to Lessor, on or before the 20th day of each calendar month following any calendar month in which Materials were removed from the Leased Premises, a complete and accurate statement showing the number of tons and types of Materials mined and removed from the Leased Premises by Lessee during the preceding calendar month.  Within 90 days after the end of each Lease Year, Lessee's chief financial officer shall certify to Lessor the number of tons and types of Materials mined and removed from the Leased Premises by Lessee during the preceding Lease Year.  Lessor may, at all reasonable times during business hours and at Lessee's premises, audit the books, maps and records of Lessee reasonably necessary to accurately determine, for any period, the tonnages of Materials mined and removed from the Leased Premises.  Additionally, Lessor may, from time to time, make or obtain topographical surveys, maps, site photographs and video tapes and/or aerial photographs and video tapes of the Leased Premises to assist in the calculation of tonnages of Materials mined and removed from the Leased Premises (and Lessor may obtain access to the Leased Premises at all times reasonably necessary to make or obtain such surveys, maps, photographs and/or video tapes).  If any such audit, survey, map, photograph or video tape discloses information showing that Royalties are owed to Lessor under this Lease which Lessee has failed to pay, Lessee shall immediately pay such Royalties or other payments to Lessor together with interest thereon at the rate provided in Section 3 hereof commencing on the date the Royalties or other payments should have been paid to Lessor under this Lease.

10.    Taxes.  Lessor shall pay prior to delinquency all taxes assessed against the Leased Premises.  Within 15 days after delivery by Lessor to Lessee of a tax statement and evidence of payment by Lessor of the taxes set forth therein, Lessee shall reimburse Lessor for Eighty-Seven and Five-Tenths Percent (87.5%) of all taxes paid that are attributable to any increase in the valuation of the Leased Premises subsequent to the execution of this Lease, it being agreed that such reimbursement represents an equitable allocation of tax responsibility between Lessor and Lessee.  Lessor may contest any tax assessed against the Leased Premises or any valuation of the Leased Premises by a governmental authority for tax purposes.  Lessee waives any right it may have, at law or otherwise, to contest any tax assessed against the Leased Premises or any valuation of the Leased Premises for tax purposes.  Lessee shall pay prior to delinquency all taxes assessed upon or levied against all vehicles, equipment, machinery or other property of Lessee installed or placed in, on, and/or under the surface of the Leased Premises.

11.    Applicable Laws.  Lessee shall conduct its operations on the Leased Premises in accordance with all applicable local, state and federal ordinances, laws, orders, rules and regulations.  Without limiting the generality of the foregoing, Lessee agrees as follows:

(a)     Lessee shall secure all permits required from governmental authorities to conduct operations permitted under this Lease, and shall provide to Lessor copies of such permits.

(b)     To the extent Lessee uses explosives in its operations under this Lease, Lessee shall store, transport, secure and use the explosives in accordance with all applicable requirements imposed by the Federal Bureau of Alcohol, Tobacco and Firearms and any other applicable governmental authority. Lessee shall obtain Lessor's prior written approval of Lessee's plan for storage of any explosives on the Leased Premises.

Page 5

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deput

13.

(c)   Lessee shall limit mining to areas of the Leased Premises which comply with any and all boundary setback requirements imposed by applicable law.

(d)   In addition to the requirements of Section 9, Lessee shall perform any reclamation of the Leased Premises required by applicable law with respect to Lessee's operations.

12.   No Warranty.   **LESSOR MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO THE NATURE, QUALITY OR QUANTITY OF THE MATERIALS. LESSEE ACKNOWLEDGES THAT IT HAS BEEN GIVEN FULL ACCESS TO THE LEASED PREMISES AND HAS MADE EXAMINATIONS AND CONDUCTED TESTS THEREON TO SATISFY ITSELF AS TO THE NATURE, QUALITY AND QUANTITY OF THE MATERIALS.**

13.   Reclamation of Surface.   Lessee shall level all areas mined by Lessee by filling in pits with waste material from the immediate area and removing all large rock from the surface of the ground and filling of valleys in such a manner that the area can be traversed with farm machinery. All ridges and peaks of land and stock piles of Materials or waste products stored on the Leased Premises shall be graded to a rolling topography traversable by machines necessary for maintenance.  All soil disturbed for plant construction shall be reclaimed to its original condition. Reclamation will commence twelve (12) months after mining begins.

14.   Due Care.   Throughout the Term, Lessee shall conduct its operations in a clean, safe and responsible manner and in a manner that will maximize the mining and shipping of commercially saleable Materials.   At all times upon entering or leaving the Leased Premises, Lessee shall leave all gates closed and locked. Lessee shall exercise due care to avoid damaging any of Lessor's buildings, improvements, equipment or other property located on the Leased Premises. If any damage should occur to any of Lessor's buildings, improvements, equipment or other property as the result of the acts or omissions of Lessee or its agents or employees or any other person for whom Lessee is legally responsible, Lessee shall pay to Lessor on demand the cost of any required repair or replacement.

15.   Indemnity.   Lessee shall defend, indemnify and hold harmless Lessor against all claims, suits, losses, costs, damages and expenses (including reasonable attorneys' fees) asserted against or incurred by Lessor on account of or arising from Lessee's operations under this Lease.

16.   Insurance.   Throughout the Term, Lessee shall maintain the following types of insurance in amounts not less than those set forth below:

(a)   Worker's compensation insurance in an amount sufficient to cover full liability under the worker's compensation laws of the State of Oklahoma, together with employer's liability insurance in an amount not less than $500,000.   The policies evidencing the insurance required under this subsection (a) shall not be endorsed with a waiver of subrogation endorsement, waiving the carrier's right of recovery under subrogation or otherwise from Lessor.

(b)   Commercial general liability insurance, written on an "occurrence" (as opposed to a "claims made") basis, insuring against claims for personal injury, sickness,

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:   CODY SHIRES, Deputy

13.

disease or death and against claims for injury or destruction of property. Such insurance shall include the following coverages:

        (i)     Explosion, collapse and underground hazards;

        (ii)    Blanket contractual liability, including Lessee's indemnity obligations under this Lease;

        (iii)   Broad form coverage for property damage (extended to apply to completed operations);

        (iv)   Products and completed operations liability;

        (v)    Independent contractor's protective liability to cover Lessee's liability arising out of operations performed by independent contractors retained by Lessee; and

        (vi)   Operations and premises liability (including elevator liability).

Limits of liability in the commercial general liability policy shall not be less than $1,000,000 per occurrence and $2,000,000 annual aggregate for bodily injury, and not less than $500,000 per occurrence and $2,000,000 annual aggregate for property damage.

        (c)    Automatic liability insurance, covering operation of all owned, hired and non-owned vehicles, in an amount of not less than $1,000,000 combined single limit.

        (d)    "Umbrella" excess liability insurance providing insurance coverage for all risks covered by the commercial general liability and automobile liability policies referenced above in excess of the insurance limits afforded under such policies, in an amount of at least $10,000,000.

All policies of insurance required by subsections (b), (c) and (d) above shall name Lessor as an additional insured or forms satisfactory to Lessor, and shall contain endorsed provisions obligating the respective insurance companies to give not less than 30 days written notice to Lessor prior to the effective date of the cancellation or change which would negate or diminish coverage or limits of such policies, regardless of whether such cancellation or change be initiated by the insurance company or on instructions of the insured. Before commencing operations under this Lease and thereafter at least 15 days prior to the scheduled expiration of any insurance policy required hereunder, Lessee shall furnish certificates of insurance satisfactory to Lessor from each insurance company evidencing that all insurance required hereunder is in force.

    17.    Default.  The following events shall constitute events of default by Lessee under this Lease:

        (a)    Lessee shall fail to pay Lessor any Royalties, or any other monetary amount owing under this Lease within the time provided hereunder.



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

(b)    Lessee shall fail to maintain any insurance required under Section 16 above or to deliver to Lessor certificates of such insurance in the manner and within the time required under Section 16.

(c)    Lessee shall fail to comply with any term, provision or covenant of this Lease, other than the terms, provisions and covenants covered by subsections (a) and (b) above, and shall not cure such failure within twenty (20) days after delivery of written notice thereof to Lessee.

(d)    Lessee shall file a petition for relief under the United States Bankruptcy Code, as amended, or any other present or future federal or state insolvency, bankruptcy or similar law (all of the foregoing hereinafter collectively called "applicable Bankruptcy Law"), or an involuntary petition for relief is filed against Lessee under any applicable Bankruptcy Law and such petition is not dismissed within sixty (60) days after the filing thereof, or an order for relief naming Lessee is entered under any applicable Bankruptcy Law, or any composition, rearrangement, extension, reorganization or other relief of debtors now or hereafter existing is requested or consented to by Lessee.

(e)    The leasehold hereunder shall be taken on execution or other process of law in any action against Lessee.

18.    Remedies.  If any event of default by Lessee shall occur, Lessor shall have the right at its election, then or at any time thereafter while such event of default shall continue, to pursue any one or more of the following remedies:

(a)    Terminate this Lease by giving written notice thereof to Lessee, in which event Lessee shall immediately surrender the Leased Premises to Lessor and if Lessee fails to do so, Lessor may, without prejudice to any other remedy which it may have for possession or arrearages in Royalties or other monetary amounts owing to Lessor hereunder, enter upon and take possession of the Leased Premises and expel or remove Lessee and any other person who may be occupying the Leased Premises.

(b)    To the extent permitted by applicable law, obtain injunctive relief in case of the violation, or attempted or threatened violation, of any of the covenants, agreements, conditions or provisions of this Lease, or to a decree compelling performance of any of the covenants, agreements, conditions or provisions of this Lease.

No right or remedy herein conferred upon or reserved to Lessor is intended to be exclusive of any other right or remedy, and each right and remedy shall be cumulative and in addition to any right or remedy given hereunder or now or hereafter existing at law or in equity.

19.    Security Interest.  In addition to any statutory Lessor's lien available to Lessor and in order to secure payment of all Royalties and other sums of money becoming due hereunder from Lessee, and to secure payment of any damages or loss which Lessor may suffer by reason of the breach by Lessee of any covenant, agreement or condition contained herein, Lessee hereby grants unto Lessor a security interest in all Materials, whether in raw or processed form, and all proceeds thereof.  Upon the occurrence of an event of default by Lessee, Lessor may, in addition to any other remedies provided herein, enter upon the Leased Premises and take

Page 8



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

possession of any and all Materials, without liability for trespass or conversion (and Lessee hereby waives any right to notice or hearing prior to such taking of possession by Lessor), and sell the same at public or private sale, with or without having such property at the sale after giving Lessee reasonable notice of the time and place of any public sale or of he time after which any private sale is to be made, at which the Lessor or its assigns may purchase unless otherwise prohibited by law. Unless otherwise provided by law, and without intending to exclude any other manner of giving, Lessee reasonable notice, the requirement of reasonable notice shall be met if such notice is giving in the manner prescribed under the notice provisions of this Lease at least five days before the day of sale. The proceeds form any such disposition, less any and all expense connected with the taking of possession, holding and selling of the property (including reasonable attorneys' fees and other expenses), shall be applied as a credit against the indebtedness secured by the security interested granted in this section. Any surplus shall be paid to Lessee or as otherwise required by law; and Lessee shall pay any deficiency forthwith. Contemporaneously with the execution of this Lease, Lessee shall execute and deliver to Lessor a financing statement in form sufficient to perfect the security interest of Lessor in the Materials and proceeds thereof under the provisions of the Oklahoma Business and Commerce Code. Lessor may at any time file a copy of this Lease as a financing statement.

20. **Notices.** Any notice, request, demand or other communication required or permitted hereunder shall be given in writing by (a) personal delivery, or (b) expedited delivery serve with proof of delivery, or (c) United States mail, postage prepaid, registered or certified mail, return receipt requested, or (d) prepaid telegram, telex or telecopy, sent to the intended addressee at the address shown on the signature page of this Lease, or to such other address or to the attention of such other person as the addressee shall have designated by written notice sent in accordance herewith. Any such notice, request, demand or other communication shall be deemed to have been given either at the time of personal delivery or, in the case of delivery serves or mail, as of the date of first attempted delivery at the address and in the manner provided herein, or in the case of telegram, telex or telecopy, upon receipt.

21. **Attorney's Fees.** Should either party hereto institute any legal proceeding to enforce any provision hereof or for damage by reason of any alleged breach of any provision of this Lease or for any other judicial remedy, the prevailing party shall be entitled to receive from the losing party all reasonable attorney's fees and all court costs in connection with such proceeding.

22. **Assignment.** Without the prior written consent of Lessor, Lessee shall not assign all or any part of its rights or interests hereunder. Lessor shall not withhold such consent if the proposed assignee possesses adequate experience, credit worthiness, meaning that said party would quality for a comparable loan at any state or federal institution regulated by applicable banking laws and the ability to perform Lessee's duties and obligations under this Lease. Lessor may assign all or any part of its rights or interest hereunder without the consent of Lessee. Subject to the preceding sentence, the provisions hereof shall extend to and be binding upon the successors and assigns of the parties hereof; and no change or division in ownership of the Property, the Materials or the Royalties or other amounts payable hereunder, however accomplished, shall operate to diminish the obligations of Lessee hereunder.

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

23.    Quiet Enjoyment.  Lessor represents that Lessor is the sole owner of the Lease Premises, however, if there is an encumbrances outstanding against the Leased Premises, Lessor represents that it has the full right to lease the same upon the terms set forth herein.  Lessor further covenants that Lessee shall peacefully and quietly enjoy the Leased Premises for the term of this Lease or any extension or renewal thereof.  In case Lessor owns an interest in the Materials in and under the Leased Premises less than an undivided fee simple estate therein, then the payments to Lessor herein provided for shall be paid to Lessor only in proportion which Lessor's interest bears to the whole and undivided fee therein.

24.    Authority of Lessor.  It is expressly agreed that no change or division of the ownership of the Leased Premises or any part of the same, however arising or effected, shall operate to increase the obligations or diminish the rights of Lessee hereunder.  Notwithstanding any other actual or constructive knowledge or notice whatsoever thereof, Lessee shall not be bound by such change or division until it has received a copy of the assignment or other evidence of transfer.  In the event of an assignment or transfer of a divided interest in the Leased Premises, the rentals payable hereunder shall be apportionable as between the several owners according to the surface area or undivided interest of each, and default in rental payment by one shall not affect the rights of the other owners of the Leased Premises.

25.    Force Majeure.  Should Lessee be prevented by any cause reasonably beyond Lessee's control, including, without limitation, flood, windstorm, any federal or state law or any other order, rule or regulation or governmental authority of which Lessee was unaware through the normal exercise of business diligence, litigation, act of God, and act of public enemy, from complying with any express or implied covenant of this Lease, then, while so prevented and for a reasonable period of time thereafter (not to exceed thirty (30) days), Lessee's obligation to comply with such covenant shall be suspended, and Lessee shall notify Lessor of the beginning and ending date of each such period of force majeure.

26.    Lessor Default.  Lessor agrees that Lessee shall have the right in the event of a default by Lessor of obligations to make payments on any encumbrance or obligation to pay taxes that directly threaten the possession of Lessee and provided that Lessee is current in all of Lessee's obligations.  Lessee may make such payments and be allowed an offset against sums due Lessor.  However, the right of Lessee to make such payments is specifically conditioned on Lessee's compliance and performance with all terms and conditions of the Lease and the actual threat of the taking of the premises or interference with Lessee's possession by such defaults by Lessor.

27.    Memorandum.  The parties agree that this Lease shall not be filed of record, but that instead, the parties shall sign and file a Memorandum of Lease in the form attached hereto as Exhibit B.

28.    Validity.  A determination that any provision of this Lease is unenforceable or invalid shall not affect the enforceability or validity of any other provision, and the determination that the application of any provision of this Lease to any person or circumstance is illegal or unenforceable shall not affect the enforceability or validity of such provision as it may apply to other persons or circumstances.



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:   CODY SHIRES, Deputy

29.   Waiver.   No waiver of any provision of this Lease and no consent to any department herefrom shall be effective unless or until the same shall be in writing and signed by the party against whom such waiver or consent shall be claimed, and then such waiver or consent shall be effective only as to the specific instance and for the specific purpose for which it is given.

30.   Complete Agreement.   This Lease expresses the complete agreement between Lessor and Lessee.  No other oral or written agreements exist between Lessor and Lessee which are not expressed herein.  The agreements expressed herein cannot be amended or waived except by an instrument in writing signed by both Lessor and Lessee.

31.   Counterparts.   This Lease may be executed in any one or more counterparts, each of which shall constitute an original, but all of which together shall constitute but one and the same Lease.

[Signatures Follow]



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

IN WITNESS WHEREOF, Lessor and Lessee have executed this Lease as of the date first written above.

LEO AND MABEL SCOTT CHARITABLE TRUST

By:   THE FROST NATIONAL BANK, Co-Trustee

By: _____
Name: _____
Title: _____John W. Schmedemann_____
                    Vice President

Address:_____FROST NATIONAL BANK_____
                    TRUST REAL ESTATE (T-6)
                    P. O. BOX 2950
                    SAN ANTONIO, TX 78299-2950

By:   OKLAHOMA CHRISTIAN UNIVERSITY, Co-Trustee

By: _____
Name: _____Stephen___Eck_____
Title: _____Vice president_____

Address: _2501 E. Memorial Rd_____
             Oklahoma City, OK  73013_____



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

By      NORTH CENTRAL TEXAS COLLEGE,
        Co-Trustee


By: _Dellie Sharp_
Name: _Debbie Sharp_
Title: _Executive Director, NCTC Foundation_

Address: _1525 W. California St._
_Gainesville, Tx 76240_


By      UNITED WAY OF COOKE COUNTY,
        Co-Trustee


By: _____
Name: _Tim Turbeville_
Title: _Trustee_

Address: _PO Box 208_
_Gainesville TX 76241_


_Charles N. Davis III_
CHARLES N. DAVIS, III
2904 Pennsylvania
Denton, Texas 76205



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

STATE OF Oklahoma )
                                    )
COUNTY OF Oklahoma )

BEFORE ME, the undersigned authority, on this day personally appeared
_Stephen Fiek_____, known to me to be the person whose name is subscribed
to the foregoing instrument and acknowledged to me that such person executed the same in the
capacity and for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 6th day of
__June__, 2011.

DANA HOLLEY
Notary Public
State of Oklahoma
Commission # 10001590 Expires 03/01/14

NOTARY PUBLIC IN AND FOR THE
STATE OF Oklahoma
My Commission Expires: 03/01/14

STATE OF TEXAS )
                              )
COUNTY OF COOKE )

BEFORE ME, the undersigned authority, on this day personally appeared
_Tina Turbeville_____, known to me to be the person whose name is subscribed
to the foregoing instrument and acknowledged to me that such person executed the same in the
capacity and for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 16th day of
__June__, 2011.

KEELA STOBAUGH
Notary Public
STATE OF TEXAS
My Comm. Exp. 03-16-2014

NOTARY PUBLIC IN AND FOR THE
STATE OF TEXAS
My Commission Expires: 3-16-2014



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

STATE OF _TEXAS_ )
)
COUNTY OF _COOKE_ )

BEFORE ME, the undersigned authority, on this day personally appeared _Debbie Sharp_, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that such person executed the same in the capacity and for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this _16th_ day of _June_, 2011.

_Keela Stobaugh_
NOTARY PUBLIC IN AND FOR THE
STATE OF _TEXAS_
My Commission Expires: _3-16-2014_

KEELA STOBAUGH
Notary Public
STATE OF TEXAS
My Comm. Exp. 03-16-2014

STATE OF _Texas_ )
)
COUNTY OF _Bexar_ )

BEFORE ME, the undersigned authority, on this day personally appeared _John Schmalemann, VeP._, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that such person executed the same in the capacity and for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this _13th_ day of _July_, 2011.

_Christie Gonzalez_
NOTARY PUBLIC IN AND FOR THE
STATE OF _Texas_
My Commission Expires: _3-22-2014_

CHRISTIE GONZALEZ
Notary Public
STATE OF TEXAS
My Comm. Exp. 03-22-2014


A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

STATE OF _TEXAS_ )

COUNTY OF _COOKE_ )

    BEFORE ME, the undersigned authority, on this day personally appeared Charles N. Davis, III, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same in the capacity and for the purposes and consideration therein expressed.

    GIVEN UNDER MY HAND AND SEAL OF OFFICE this _2nd_ day of ___June___, 2011.

NOTARY PUBLIC IN AND FOR THE
STATE OF _TEXAS_
My Commission Expires: _3-16-2014_



KEELA STOBAUGH
Notary Public
STATE OF TEXAS
My Comm. Exp. 03-16-2014

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

## EXHIBIT A

## DESCRIPTION OF THE LEASED PREMISES

THE FOLLOWING PARCELS LOCATED IN LOVE COUNTY, OKLAHOMA, TOWNSHIP 9, SOUTH RANGE 1 EAST:

| Tract | Acres |
|---|---|
| Section 22 Lots 4 & 5 | 27.45 |
| Section 23 SW/4 | 160.00 |
| Section 23 SE/4 | 160.00 |
| Section 24-S/2 NW/4 and NW/4 SW/4 | 11.63 |
| Section 25 S/2 NW/4 and SW/4 | 52.50 |
| Section 25 W/2 NW/4 NW/4 | 4.6901 |
| Section 26 NE/4 and W/2 SE/4 NW/4 | 180.00 |
| Section 26 Lots 3, 4, 5 and N/ SE/4 and SE/4 SE/4 | 196.70 |
| Section 26 Lot 1 and E 15.55 acres of Lot 2 and NE/4 NW/4 and E/2 SE/4 NW/4 | 110.20 |
| Section 26 W 5.25 acres of Lot 2 | 5.25 |
| Section 35 Lot 2 | 8.60 |
| Section 35 Lots 1 and 3 | 48.60 |
| Section 36 NW/4 NW/4 NW/4 | 10.00 |
| Section 36 SE/4 NW/4 NW/4 and E/2 SW/4 NW/4 and all SE/4 NW/4 and Lot 3 W of Hwy 77 | 47.50 |
| Total | 1023.1201 |



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

Return
Charles Davis
2204 Pennsylvania Dr
Denton, TX 76205



**EXHIBIT B**

**MEMORANDUM OF LEASE**

2012-000284 Book 0714 Pg: 464
6/20/2012  2:20 pm  Pg 0464-0470
Fee: $ 25.00   Doc:  $ 0.00
Shelly Russell - Love County Clerk
State of Oklahoma

THIS MEMORANDUM OF LEASE (the "Memorandum") is dated the 3rd day of
June , 2011 by and among OKLAHOMA CHRISTIAN UNIVERSITY, NORTH
CENTRAL TEXAS COLLEGE, UNITED WAY OF COOKE COUNTY and THE FROST
NATIONAL BANK, as Co-Trustees of the Leo and Mabel Scott Charitable Trust ("Lessor") and
Charles N. Davis, III ("Tenant").

R E C I T A L S :

A.    Lessor and Tenant have entered into that certain Mining Lease dated the date
hereof calling for a lease of the Property described on **Exhibit "A"** attached hereto and made a
part hereof by this reference for all purposes, (the "Lease");

B.    Lessor and Tenant desire to reflect of record the existence of the Lease and the
Option and therefore have entered into this Memorandum.

NOW, THEREFORE, for and in consideration of Ten Dollars and other good and
valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the
parties hereto, the parties hereby state and agree as follows:

1.    The parties desire to record this Memorandum to reflect the existence of the Lease
and the rights of the Lessor and the Tenant in accordance therewith.

2.    Lessor and Tenant hereby specifically agree that in the event that the Tenant shall
default or fail to perform any of its obligations under and pursuant to the Lease, or should the
Lease terminate for any reason, the Lessor shall be entitled to execute a release and termination
of this Memorandum. The Tenant hereby grants and appoints to the Lessor, a power of attorney,
such power of attorney being coupled with an interest and to constitute a durable power of
attorney whereby the power of attorney shall survive the death, termination or liquidation of all
or any of the persons or entities comprising the Tenant and shall continue notwithstanding the
bankruptcy of any of the persons or entities comprising the Tenant. This power of attorney shall
be granted for the purpose of executing on behalf of the Tenant, and all persons or entities
comprising the Tenant, the release and termination of this Memorandum in the event that the
Tenant shall default under or fail to perform any of its obligations under the Lease, shall fail to
exercise the Option or in the event that the Lease or the Option shall terminate for any reason.

3.    Defined terms used herein shall bear the same meaning as set forth in the Lease
and the exhibits attached thereto except as otherwise provided herein.

[Signature Page Follows]



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

I-2012-000284 Book 0714 Pg: 465
01/20/2012  2:20 pm  Pg 0464-0470
Fee:   $ 25.00     Doc:    $ 0.00
Shelly Russell - Love County Clerk
State of Oklahoma

IN WITNESS WHEREOF, the parties hereto have executed this Memorandum effective as of the date set forth above.

LESSOR:

LEO AND MABEL SCOTT CHARITABLE TRUST

By:   THE FROST NATIONAL BANK,
Co-Trustee

By: _____
Name: _____
Title: _____
John W. Schmedemann
Vice President

By:   OKLAHOMA CHRISTIAN UNIVERSITY,
Co-Trustee

By: _____
Name: Stephen Eck
Title: Vice President

By   NORTH CENTRAL TEXAS COLLEGE,
Co-Trustee

By: _____
Name: Debbie Sharp
Title: Executive Director
NCTC Foundation

By   UNITED WAY OF COOKE COUNTY,
Co-Trustee

By: _____
Name: Tim Turbeville
Title: Trustee



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

I-2012-000284  Book 0714  Pg: 466
01/20/2012   2:20 pm   Pg 0484-0470
Fee:    $ 25.00      Doc:    $ 0.00
Shelly Russell – Love County Clerk
State of Oklahoma

LESSEE:

CHARLES N. DAVIS, III

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

STATE OF Oklahoma )
                                      )
COUNTY OF Oklahoma )

I-2012-000284  Book 0714  Pg: 467
01/20/2012  2:20 pm  Pg 0464-0470
Fee:   $ 25.00   Doc:   $ 0.00
Shelly Russel - Love County Clerk
State of Oklahoma

BEFORE ME, the undersigned authority, on this day personally appeared
Stephen Eck                      , known to me to be the person whose name is subscribed
to the foregoing instrument and acknowledged to me that such person executed the same in the
capacity and for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 6th day of
June                 , 2011.

DANA HOLLEY
Notary Public
State of Oklahoma
Commission # 10001590  Expires 03/01/14

NOTARY PUBLIC IN AND FOR THE
STATE OF Oklahoma
My Commission Expires: 03/01/14

STATE OF TEXAS )
                                   )
COUNTY OF COOKE )

BEFORE ME, the undersigned authority, on this day personally appeared
Tim Turbeville                      , known to me to be the person whose name is subscribed
to the foregoing instrument and acknowledged to me that such person executed the same in the
capacity and for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 16th day of
June                 , 2011.

KEELA STOBAUGH
Notary Public
STATE OF TEXAS
My Comm. Exp. 03-16-2014

NOTARY PUBLIC IN AND FOR THE
STATE OF TEXAS
My Commission Expires: 3-16-2014



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

STATE OF _TEXAS_ )
)
COUNTY OF _COOKE_ )

J:2012-000284 Book 0714 Pg: 468
01/20/2012  2:20 pm  Pg:0464-0470
Fee:    $ 26.00    Doc:    $ 0.00
Shelly Russell - Love County Clerk
State of Oklahoma

BEFORE ME, the undersigned authority, on this day personally appeared _Debbie Sharp_, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that such person executed the same in the capacity and for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 16th day of _June_, 2011.

NOTARY PUBLIC IN AND FOR THE
STATE OF _TEXAS_
My Commission Expires: _3-16-2014_

> KEELA STOBAUGH
> Notary Public
> STATE OF TEXAS
> My Comm. Exp. 03-16-2014

STATE OF _Texas_ )
)
COUNTY OF _Bexar_ )

BEFORE ME, the undersigned authority, on this day personally appeared _John Schmiderman, VoPo_, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that such person executed the same in the capacity and for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 13th day of _July_, 2011.

NOTARY PUBLIC IN AND FOR THE
STATE OF _Texas_
My Commission Expires: _3-22-2014_

> CHRISTIE GONZALEZ
> Notary Public
> STATE OF TEXAS
> My Comm. Exp. 03-22-2014



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

STATE OF _TEXAS_ )
)
COUNTY OF _COOKE_ )

I-2012-000284  Book 0714  Pg: 469
01/20/2012  2:20 pm  Pg 0464-0470
Fee:    $ 25.00     Doc:    $ 0.00
Shelly Russel – Love County Clerk
State of Oklahoma

BEFORE ME, the undersigned authority, on this day personally appeared Charles N. Davis, III, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same in the capacity and for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 2ⁿᵈ day of _June_, 2011.



NOTARY PUBLIC IN AND FOR THE
STATE OF _TEXAS_
My Commission Expires: _3-16-2014_

KEELA STOBAUGH
Notary Public
STATE OF TEXAS
My Comm. Exp. 03-16-2014

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

I-2012-000284  Book 0714  Pg: 470
01/20/2012  2:20 pm  Pg 0464-0470
Fee:  $ 25.00    Doc:  $ 0.00
Shelly Russell - Love County Clerk
State of Oklahoma

## EXHIBIT "A"

### PROPERTY DESCRIPTION

THE FOLLOWING PARCELS LOCATED IN LOVE COUNTY, OKLAHOMA, TOWNSHIP 9, SOUTH RANGE 1 EAST:

| Tract | Acres |
|---|---|
| Section 22 Lots 4 & 5 | 27.45 |
| Section 23 SW/4 | 160.00 |
| Section 23 SE/4 | 160.00 |
| Section 24-S/2 NW/4 and NW/4 SW/4 | 11.63 |
| Section 25 S/2 NW/4 and SW/4 | 52.50 |
| Section 25 W/2 NW/4 NW/4 | 4.6901 |
| Section 26 NE/4 and W/2 SE/4 NW/4 | 180.00 |
| Section 26 Lots 3, 4, 5 and N/ SE/4 and SE/4 SE/4 | 196.70 |
| Section 26 Lot 1 and E 15.55 acres of Lot 2 and NE/4 NW/4 and E/2 SE/4 NW/4 | 110.20 |
| Section 26 W 5.25 acres of Lot 2 | 5.25 |
| Section 35 Lot 2 | 8.60 |
| Section 35 Lots 1 and 3 | 48.60 |
| Section 36 NW/4 NW/4 NW/4 | 10.00 |
| Section 36 SE/4 NW/4 NW/4 and E/2 SW/4 NW/4 and all SE/4 NW/4 and Lot 3 W of Hwy 77 | 47.50 |
| Total | 1023.1201 |



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

I-2013-005889 Book 0753 Pg: 208
10/29/2013 11:00 am  Pg 0208-0218
Fee:    $ 33.00    Doc:     $ 0.00
Shelly Russell - Love County Clerk
State of Oklahoma

## MEMORANDUM OF LEASE ASSIGNMENT AND AMENDMENT

THIS MEMORANDUM OF LEASE ASSIGNMENT AND AMENDMENT OF MINING LEASE (the "Memorandum") is made and entered into effective as of September 30 2013 (the "Effective Date") by and among Red River Aggregates, LLC, a Texas limited liability company registered and authorized to do business in the State of Oklahoma ("Assignor"), Redi-Mix, LLC, a Texas limited liability company ("Assignee"), and by Oklahoma Christian University, North Central Texas College, United Way of Cooke County and Frost Bank, formerly The Frost National Bank, as Co-Trustees of the Leo and Mabel Scott Charitable Trust ("Lessor").

### RECITALS

WHEREAS, Lessor and Assignor entered into that certain Mining Lease dated June 3, 2011, a memorandum of which was recorded at 2:20 PM on January 20, 2012 in the office of the Clerk for Love County, State of Oklahoma at I-2012-000284 Book 0714 Pg: 464-0470 calling for a lease of the Property described on Exhibit 1 attached hereto and made a part hereof by this reference for all purposes, (the "Lease"); and

WHEREAS, Lessor, Assignor and Assignee have entered into that certain Assignment, Consent to Assignment and Amendment of Lease dated the date hereof and made a part hereof by this reference for all purposes (the "Assignment"); and,

WHEREAS, Lessor, Assignor and Assignee desire to reflect of record the existence of the Assignment and the rights of the Lessor, Assignor and Assignee in accordance therewith;

NOW, THEREFORE, for and in consideration of Ten Dollars and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the parties hereto, the parties hereby state and agree as follows:

1.    The parties desire to record this Memorandum to reflect that the Assignor has with Lessor's consent assigned its interest as lessee under the Lease to Assignee and that the lease has been amended in various respects as provided for in the Assignment.

2.    The parties hereby specifically agree that in the event that the Assignee shall default or fail to perform any of its obligations under and pursuant to the Lease, or should the Lease terminate for any reason, the Lessor shall be entitled to execute a release and termination of this Memorandum.   Assignee hereby grants and appoints to the Lessor, a power of attorney, such power of attorney being coupled with an interest and to constitute a durable power of attorney whereby the power of attorney shall survive the death, termination or liquidation of all or any of the persons or entities comprising the Assignee.   This power of attorney shall be granted for the purpose of executing on behalf of the Assignee, and all persons or entities comprising the Assignee, the release and termination of this

Page 1





A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

Memorandum if the Assignee shall default under or fail to perform any of its obligations under the Lease, or if the Lease shall terminate for any reason.

3.    Defined terms used herein shall bear the same meaning as set forth in the Lease and the exhibits attached thereto except as otherwise provided herein.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first above written.

> LESSOR, LEO AND MABEL SCOTT
> CHARITABLE TRUST
>
> By:  Frost Bank, Co-Trustee
>
> By _____
> Name: _____
> Title: _____
>       John W. Schmedemann
>       Vice President
>
>
> By: Oklahoma Christian University, Co-Trustee
>
> By _____
> Name: _____
> Title: _____
>
>
> By:  North Central Texas College, Co-Trustee
>
> By _____
> Name: _____
> Title: _____
>
>
> By:  United Way of Cooke County, Co- Trustee
>
> By _____
> Name: _____
> Title: _____

I-2013-005889  Book  0753  Pg: 209
10/29/2013  11:00 am  Pg 0208-0218
Fee:  $ 33.00    Doc:  $ 0.00
Shelly Russell - Love County Clerk
State of Oklahoma

Page 2

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

Memorandum if the Assignee shall default under or fail to perform any of its obligations under the Lease, or if the Lease shall terminate for any reason.

3.      Defined terms used herein shall bear the same meaning as set forth in the Lease and the exhibits attached thereto except as otherwise provided herein.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first above written.

LESSOR, LEO AND MABEL SCOTT CHARITABLE TRUST

By:  Frost Bank, Co-Trustee

By_____
Name:_____
Title:_____


By: Oklahoma Christian University, Co-Trustee

By_____
Name:  Stephen  Eck
Title:  Vice  President  General  Counsel


By:  North Central Texas College, Co-Trustee

By_____
Name:_____
Title:_____


By:  United Way of Cooke County, Co- Trustee

By_____
Name:_____
Title:_____

I-2013-005689  Book 0753  Pg: 210
10/29/2013 11.00 am  Pg 0206-0218
Fee:    $ 33.00     Doc:    $ 0.00
Shelly Russell - Love County Clerk
State of Oklahoma

Page 2



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

Memorandum if the Assignee shall default under or fail to perform any of its obligations under the Lease, or if the Lease shall terminate for any reason.

3.   Defined terms used herein shall bear the same meaning as set forth in the Lease and the exhibits attached thereto except as otherwise provided herein.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first above written.

LESSOR, LEO AND MABEL SCOTT CHARITABLE TRUST

By:  Frost Bank, Co-Trustee

By_____
Name:_____
Title:_____


By: Oklahoma Christian University, Co-Trustee

By_____
Name:_____
Title:_____


By:  North Central Texas College, Co-Trustee

By  _Debbie Sharp_____
Name: _Debbie Sharp_____
Title: _Executive Director___


By:  United Way of Cooke County, Co- Trustee

By_____
Name:_____
Title:_____

I-2013-005888  Book  0753  Pg  211
10/29/2013  11:00 am   Pg 0208-0218
Fee:    $ 33.00     Doc:    $ 0.00
Shelly Russell - Love County Clerk
State of Oklahoma


Page 2


A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

Memorandum if the Assignee shall default under or fail to perform any of its obligations under the Lease, or if the Lease shall terminate for any reason.

3.    Defined terms used herein shall bear the same meaning as set forth in the Lease and the exhibits attached thereto except as otherwise provided herein.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first above written.

LESSOR, LEO AND MABEL SCOTT
CHARITABLE TRUST

By: Frost Bank, Co-Trustee

By_____
Name:_____
Title:_____

By:Oklahoma Christian University, Co-Trustee

By_____
Name:_____
Title:_____

By: North Central Texas College, Co-Trustee

By_____
Name:_____
Title:_____

By: United Way of Cooke County, Co- Trustee

By_____
Name:_____
Title:_____

I-2013-006889 Book 0753 Pg: 212
10/29/2013 11:00 am   Pg 0208-0218
Fee:   $ 33.00     Doc:   $ 0.00
Shelly Russell - Love County Clerk
State of Oklahoma

Page 2

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

ASSIGNOR:

Red River Aggregates, LLC

By: Charles N. Davis, III
Its Chairman
ASSIGNEE

Redi-Mix, LLC

By
Niel L. Poulsen
Vice President

STATE OF TEXAS                §

COUNTY OF DENTON        §

On this 26 day of SEPT _____, 2013, personally appeared before me Charles N. Davis, III, as Chairman of Red River Aggregates, LLC a, Texas limited liability company, and that said instrument was signed by said person in such capacity.

SEAL

CRYSTAL R. KING
Notary Public, State of Texas
My Commission Expires
September 20, 2014

(Signature)
My commission expires: SepT 20, 2014

I-2013-005889  Book 0753  Pg: 213
10/29/2013 11:00 am  Pg 0208-0218
Fee:    $ 33.00    Doc:    $ 0.00
Shelly Russell - Love County Clerk
State of Oklahoma

STATE OF TEXAS                §

COUNTY OF Tarrant        §

On this 26 day of Sept _____, 2013, personally appeared before me Niel L. Poulsen, who being by me duly affirmed, did say that he is the Vice President of Redi-Mix, LLC, a Texas limited liability company, and that said instrument was signed by said person on behalf of said corporation.

SEAL

SANDRA ALLEN
Notary Public, State of Texas
My Commission Expires
March 08, 2017

(Signature)
My commission expires: March 08, 2017

Page 3


A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

STATE OF _Texas_

COUNTY OF _Bexar_

    BEFORE ME, the undersigned authority, on this day personally appeared _John Schmidemann_, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that such person executed the same in the capacity and for the purposes and consideration therein expressed.

    GIVEN UNDER MY HAND AND SEAL OF OFFICE this 11th day of September, 2013.

> CHRISTIE GONZALEZ
> Notary Public
> STATE OF TEXAS
> My Comm. Exp. 03-22-2014

NOTARY PUBLIC IN AND FOR THE STATE
OF _Texas_
My commission expires: _3-22-2014_

STATE OF _____

COUNTY OF _____

    BEFORE ME, the undersigned authority, on this day personally appeared _____ known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that such person executed the same in the capacity and for the purposes and consideration therein expressed.

    GIVEN UNDER MY HAND AND SEAL OF OFFICE this ___ day of ____, 2013.

NOTARY PUBLIC IN AND FOR THE STATE
OF _____
My commission expires:_____

I-2013-005889 Book 0753 Pg: 214
10/29/2013 11:00 am  Pg 0208-0218
Fee:   $ 33.00    Doc:    $ 0.00
Shely Russell - Love County Clerk
State of Oklahoma

Page 4

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

STATE OF _____

COUNTY OF _____

BEFORE ME, the undersigned authority, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that such person executed the same in the capacity and for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this ___ day of ____, 2013.

_____
NOTARY PUBLIC IN AND FOR THE STATE OF _____
My commission expires:_____

STATE OF Oklahoma_____

COUNTY OF Oklahoma_____

BEFORE ME, the undersigned authority, on this day personally appeared Stephen Eck_____, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that such person executed the same in the capacity and for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 27 day of Sept, 2013.

*Marcy Leonard*
NOTARY PUBLIC IN AND FOR THE STATE OF Oklahoma
My commission expires: 10·11·16

MARCY LEONARD
NOTARY
# 12009648
EXP. 10/11/16
PUBLIC
STATE OF OKLAHOMA

I-2013-005889 Book 0753 Pg: 215
10/29/2013 11:00 am  Pg 0208-0218
Fee:   $ 33.00   Doc:   $ 0.00
Shelly Russell - Love County Clerk
State of Oklahoma

**Page 4**


A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

STATE OF _Texas_

COUNTY OF _Cooke_

BEFORE ME, the undersigned authority, on this day personally appeared _Debbie Sharp_, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that such person executed the same in the capacity and for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this _26_ day of _Sept_, 2013.

LYNN C. PETERS
Notary Public, State of Texas
My Commission Expires
February 24, 2016

_Lynn C. Peters_
NOTARY PUBLIC IN AND FOR THE STATE
OF _____
My commission expires:_____

STATE OF _____

COUNTY OF _____

BEFORE ME, the undersigned authority, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that such person executed the same in the capacity and for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this ___ day of ____, 2013.

_____
NOTARY PUBLIC IN AND FOR THE STATE
OF _____
My commission expires:_____



I-2013-005869  Book  0753  Pg: 216
10/29/2013 11:00 am  Pg 0206-0216
Fee:    $ 33.00    Doc:    $ 0.00
Shelly Russell - Love County Clerk
State of Oklahoma

Page 5



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

STATE OF _____

COUNTY OF _____

BEFORE ME, the undersigned authority, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that such person executed the same in the capacity and for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this ___ day of ____, 2013.

_____
NOTARY PUBLIC IN AND FOR THE STATE
OF _____
My commission expires:_____

STATE OF Texas

COUNTY OF Cooke

BEFORE ME, the undersigned authority, on this day personally appeared Tim Turbeville, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that such person executed the same in the capacity and for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 27th day of Sept, 2013.

Tina Morgan
_____
NOTARY PUBLIC IN AND FOR THE STATE
OF Texas
My commission expires: 1/16/14

TINA MORGAN
Notary Public, State of Texas
My Commission Expires 1-16-2014

I-2013-005689 Book 0753 Pg: 217
10/29/2013 11:00 am  Pg 0208-0218
Fee:    $ 33.00    Doc:    $ 0.00
Shelly Russell - Love County Clerk
State of Oklahoma

Page 4

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

EXHIBIT 1

DESCRIPTION OF THE LEASED PREMISES

Situated in the County of Love, State of Oklahoma, Township 9 South, Range 1 East, of the Indian Base and Meridian, being more particularly described as follows:

| | |
|---|---|
| Section 22 Lot 4 | 20.05 AC |
| Section 22 Lot 5 | 10.87 AC |
| Section 22 Accreted Land | 85.32 AC |
| | |
| Section 23 SW/4 | 160.61 AC |
| Section 23 SE/4 | 159.90 AC |
| Section 24 S/2 NW/4 West of BNSF Railroad | 34.16 AC |
| Section 24 NW/4 SW/4 West of BNSF Railroad | 10.78 AC |
| Section 25 W/2 NW/4 NW/4 West of BNSF Railroad | 4.81 AC |
| Section 25 S/2 NW/4 West of BNSF Railroad | 12.99 AC |
| Section 25 SW/4 West of BNSF Railroad | 49.29 AC |
| Section 26 NE/4 | 160.22 AC |
| Section 26 SE/4 NW/4 | 28.51 AC |
| Section 26 N/2 SE/4 | 80.27 AC |
| Section 26 SE/4 SE/4 | 40.02 AC |
| Section 26 NE/4 NW/4 | 40.56 AC |
| Section 26 Lot 1 | 20.85 AC |
| Section 26 Lot 2 | 0.15 AC |
| Section 26 Lot 3 | 7.14 AC |
| Section 26 Lot 4 | 0.20 AC |
| Section 26 Lot 5 | 36.71 AC |
| Section 27 Accreted Land | |
| Section 35 Lot 1 | 39.44 AC |
| Section 35 Lot 2 | 12.28 AC |
| Section 35 Lot 3 West of U.S. Highway No. 77 | 13.52 AC |
| Section 35 Accreted Land | 21.74 AC |
| Section 36 NW/4 NW/4 NW/4 | 10.01 AC |
| Section 36 SE/4 NW/4 NW/4 | 7.46 AC |
| Section 36 E/2 SW/4 NW/4 | 17.12 AC |
| Section 36 SE/4 NW/4 West of U.S. Highway No. 77 | 5.40 AC |

Sub Total 1090.38 AC

Land within limits of Red River ................................. 160.02 AC

Total 1250.40 AC

I-2013-005889 Book 0753 Pg: 218
10/29/2013 11:00 am Pg 0208-0218
Fee:    $ 33.00    Doc.    $ 0.00
Shelly Russell - Love County Clerk
State of Oklahoma

Page 6


A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:   CODY SHIRES, Deputy

states, or between citizens and the federal government; and 6) institutes a standing commission to resolve any future disputes between Oklahoma and Texas. The compact went into effect August 31, 2000, when both the United States Senate and the House of Representatives approved the Red River Boundary Compact as Joint Resolution 72.

**From:** Steve Schmitz [mailto:sschmitz@B29Investments.com]
**Sent:** Monday, June 25, 2018 2:38 PM
**To:** David Behring <dbehring@us-concrete.com>
**Subject:** Stark Ranch, Cooke County, TX

David,

Thank you for taking the time to visit with us in Gainesville last week. At our meeting, you mentioned wanting additional information regarding the methodology used in determining our property boundary line along the Red River.

To follow up on your request for additional information, we engaged a Licensed State Land Surveyor and Registered Professional Land Surveyor by the name of Nedra Foster to determine Stark Ranch – West, LLC's legal boundary along the Red River. There are only a few surveyors in the state of Texas who have the qualifications to determine gradient boundary lines, and Nedra was highly recommended to us as one of the most knowledgeable gradient boundary surveyors in the state, with particular experience along the Red River.

Nedra is an expert in determining boundary lines along Texas river banks and has extensive experience in determining gradient boundaries. Nedra has been a Licensed State Land Surveyor since 2000 and a Registered Professional Land Surveyor since 1999. The LSLS designation is a special certification reserved for surveyors who perform work under which the state of Texas or federal government may have an interest (such as along river banks). I've attached a copy of her resume which summarizes her past experience.

The gradient boundary concept and methodology that Nedra relied upon was developed in a U.S. Supreme Court case involving the boundary between Oklahoma and Texas along the south bank of the Red River (State of Oklahoma v. State of Texas, 260 U.S. 606 (1923)).  Under the direction and instruction of the U. S. Supreme Court, surveyors Arthur Stiles (representing the interest of Texas) and Arthur Kidder (representing the interest of the United States and Oklahoma) developed the procedures under which inland watercourse boundaries are determined in Texas.

Based on the guidance developed through such case, Nedra used the following methodology to determine the gradient boundary:

1) Locate a "qualified bank" within a reasonable vicinity of the project.  This is an accretion bank that the river has built during times of high water.
2) This bank is measured from the top (where the flowing water just reaches - overtops - and flows back into the river) down to the toe (where the bank and bed of the river meet).  Midway between this top and toe is the gradient boundary.
3) If the water is flowing stably, it can be used as a 'plane' from which to work. At the "qualified bank," the relationship between the surface of the stably flowing water and the gradient boundary



EXHIBIT

will be noted.  For example - on a given day the water may be 1.2 feet below the gradient boundary. Points will be taken through the project area at 1.2 feet above the stably flowing water.  These points will be on the gradient boundary.  By using the water surface, the natural grade of the river is followed.

We are confident in the accuracy of Nedra's work and continue to take the position that Redi-Mix's operations have trespassed on our ranch and converted sand from our property.

We look forward to hearing from you so that we can work toward a prompt business resolution that will make us whole for the damages Stark Ranch – West, LLC has suffered from Redi-Mix's trespass and conversion of sand from our property.

Regards,
David,

Thank you for taking the time to visit with us in Gainesville last week. At our meeting, you mentioned wanting additional information regarding the methodology used in determining our property boundary line along the Red River.

To follow up on your request for additional information, we engaged a Licensed State Land Surveyor and Registered Professional Land Surveyor by the name of Nedra Foster to determine Stark Ranch – West, LLC's legal boundary along the Red River. There are only a few surveyors in the state of Texas who have the qualifications to determine gradient boundary lines, and Nedra was highly recommended to us as one of the most knowledgeable gradient boundary surveyors in the state, with particular experience along the Red River.

Nedra is an expert in determining boundary lines along Texas river banks and has extensive experience in determining gradient boundaries. Nedra has been a Licensed State Land Surveyor since 2000 and a Registered Professional Land Surveyor since 1999. The LSLS designation is a special certification reserved for surveyors who perform work under which the state of Texas or federal government may have an interest (such as along river banks). I've attached a copy of her resume which summarizes her past experience.

The gradient boundary concept and methodology that Nedra relied upon was developed in a U.S. Supreme Court case involving the boundary between Oklahoma and Texas along the south bank of the Red River (State of Oklahoma v. State of Texas, 260 U.S. 606 (1923)).  Under the direction and instruction of the U. S. Supreme Court, surveyors Arthur Stiles (representing the interest of Texas) and Arthur Kidder (representing the interest of the United States and Oklahoma) developed the procedures under which inland watercourse boundaries are determined in Texas.

Based on the guidance developed through such case, Nedra used the following methodology to determine the gradient boundary:

1) Locate a "qualified bank" within a reasonable vicinity of the project.  This is an accretion bank that the river has built during times of high water.
2) This bank is measured from the top (where the flowing water just reaches - overtops - and flows back into the river) down to the toe (where the bank and bed of the river meet).  Midway between this top and toe is the gradient boundary.
3) If the water is flowing stably, it can be used as a 'plane' from which to work.  At the "qualified bank," the relationship between the surface of the stably flowing water and the gradient boundary



will be noted.  For example - on a given day the water may be 1.2 feet below the gradient boundary.  Points will be taken through the project area at 1.2 feet above the stably flowing water.  These points will be on the gradient boundary.  By using the water surface, the natural grade of the river is followed.

We are confident in the accuracy of Nedra's work and continue to take the position that Redi-Mix's operations have trespassed on our ranch and converted sand from our property.

We look forward to hearing from you so that we can work toward a prompt business resolution that will make us whole for the damages Stark Ranch – West, LLC has suffered from Redi-Mix's trespass and conversion of sand from our property.

Regards,

Steve Schmitz


**From:** David Behring <dbehring@us-concrete.com>
**Sent:** Wednesday, June 20, 2018 9:03 AM
**To:** Steve Schmitz <sschmitz@B29Investments.com>
**Subject:** Re: Message and Letter from last week

Sounds great. See you then.

Sent from my iPhone

On Jun 20, 2018, at 9:01 AM, Steve Schmitz <sschmitz@B29Investments.com> wrote:

> Yes, that works great.  Please come to my office on the square in downtown Gainesville – 201 W. California St.  It is the NW corner of the square.
>
> I would like for you and I and Myranda Shugart to meet (she is the land manager in our office and understands all the maps)
>
> We have a helicopter and I could line up a quick tour from the air as well after we meet if you would like.  It may help you better understand the situation.
>
> Best,
>
> Steve
>
> **From:** David Behring <dbehring@us-concrete.com>
> **Sent:** Wednesday, June 20, 2018 8:56 AM
> **To:** Steve Schmitz <sschmitz@B29Investments.com>
> **Subject:** Re: Message and Letter from last week
>
> Yes sir. Does 2:30 work for you?
>
> Sent from my iPhone



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

Begin forwarded message:

**From:** David Behring <dbehring@us-concrete.com>
**Date:** July 9, 2018 at 10:47:53 AM CDT
**To:** Steve Schmitz <sschmitz@B29Investments.com>
**Subject:** RE: Stark Ranch, Cooke County, TX

Steve,

We believe that the section of the Red River near Thackerville falls under special rules as determined by the Red River Boundary Compact signed in 1999 by Governors Bush and Keating. The method described by Ms. Foster of taking the median point between the vegetation and the floor of riverbank is not what is described in the Boundary Compact.

We continue to believe that we are in the right with our mining program and are mining within the "constant vegetation line" on the southern side of the Red River. The river rises and falls over the sand bars located on the southern side with each rain event upstream, causing the constant vegetation to be further south than Ms. Foster is showing on the documents that you have provided us. Further, what this will really boils down to is a land dispute between the Scott Trust and Stark Ranch. We are mining what we believe to be property of the Scott Trust and have paid them a royalty accordingly. If Stark Ranch would be found to own what has been mined, the royalty would have to be extracted from the Scott Trust in order to pay royalties to Stark.

I have included a summary of the Red River Boundary Compact below for your review.

As I stated to you previously, Redi-Mix has not intentionally trespassed onto Stark Ranch's property. We believe that we are within the boundaries of Scott Trust and have acted with that understanding. It is our intention to be an honorable and friendly neighbor and we are happy to continue this dialog until all of the parties are satisfied.

Sincerely,

*David A. Behring*

Regional Vice President
General Manager
South Central Region





A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

Subject: Fwd: Yarbrough Ranch - Cooke County, TX

Date:     7/18/2018 5:07 PM

From:     "Steve Schmitz" <sschmitz@B29Investments.com>

To:       "Kelly Bub Smith" <ksmith@B29Investments.com>, "kbiermacher@krcl.com"
          <kbiermacher@krcl.com>

---

Sent from my iPhone

Begin forwarded message:

> **From:** sschmitz@B29Investments.com
> **Date:** July 18, 2018 at 5:06:38 PM CDT
> **To:** dbehring@us-concrete.com
> **Subject: Yarbrough Ranch - Cooke County, TX**

David,

Thank you for your e-mail. We want to be good neighbors as well, but we respectfully
disagree with your view that the location of the property boundary is further south than
shown on Nedra Foster's survey. We also believe you are not within the boundaries of your
mining agreement with Scott Trust.

After carefully reviewing Nedra Foster's survey, the Red River Compact, and Texas law, we
continue to believe that the southern boundary of the river was altered by your conduct.
Because the boundary line changed as a result of your conduct, Texas law supports our belief
that some of the property north of the natural gradient boundary reflected on Nedra Foster's
survey before you began harvesting sand and gravel is our property. Further, we believe that
your mining activity has clearly surpassed even the current gradient boundary line that is
reflected in Nedra Foster's survey.

We also do not believe that the Red River Compact applies when determining the location of
the property boundary. The text of the Red River Compact itself states that the principal
purpose of the statute is "to establish an identifiable boundary between the states of Texas
and Oklahoma along the Red River… without interfering with or otherwise affecting private
property rights or title to property." The statute was created for political purposes and is not
the governing authority to establish boundaries of private land owners.

Regarding the royalty payments to Scott Trust, the fact that you paid royalties to Scott Trust
for the sand and gravel that you took from our property does not excuse the fact that you
have failed to pay the rightful owner - us. Therefore, it would not be proper for us to seek to
extract royalties from Scott Trust as you suggest.

We would like to suggest scheduling a meeting between you, your surveyor, and lawyer and
me, my surveyor (whose work you have previously seen), and my dirt and gravel lawyer.

EXHIBIT 5

A CERTIFIED COPY
MARIO A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

These are business types who can hopefully get us to a resolution without going to court.

Please let me know of your availability to schedule that meeting on August 1 (anytime after 10 AM) or August 3 (anytime in the afternoon).

Like you, we share the hope of coming to a prompt mutually negotiated business resolution.

Thank you,

Steve

Sent from my iPhone


A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

Filed: 8/28/2018 3:44 PM
Marci A. Gilbert
District Clerk
Cooke County, Texas
Cody Shires

*C 5⁰⁰-pm*

CV18-00515

THE STATE OF TEXAS
COUNTY OF COOKE
235ᵗʰ DISTRICT COURT

## CITATION FOR PERSONAL SERVICE

To: REDI-MIX, LLC
    BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE
    COMPANY D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY
    211 E. 7ᵀᴴ STREET, SUITE 620
    AUSTIN, TX 78701

**NOTICE TO DEFENDANT:**
**YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT
FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE
MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS
CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU.**

        You are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL

PETITION of plaintiff at or before 10 o'clock a.m. of the Monday next after the expiration of twenty days after the date

of service of this citation before the Honorable 235TH JUDICIAL DISTRICT Cooke County, Texas at the Courthouse in

the City of Gainesville, Texas.

        Said PLAINTIFF'S ORIGINAL PETITION was filed in said Court on the 17th day of August, 2018, in

this cause, numbered CV18-00515 on the docket of said Court and styled:

    STARK RANCH-WEST, LLC        VS        REDI-MIX, LLC.

ATTORNEY FOR PLAINTIFF:        BOYD A MOUSE
                        1601 ELM STREET
                        3700 THANKSGIVING TOWER
                        DALLAS, TEXAS 75201

        The nature of this demand is fully shown by a true and correct copy of the petition, accompanying this

citation and made a part hereof. The Officer executing this citation shall promptly serve the same according to

requirements of law, and mandates thereof, and make due return as the law directs.

        Issued and given under my hand and seal of said Court at Gainesville, Cooke County, Texas, this the

22nd day of AUGUST, 2018.



MARCI A. GILBERT, DISTRICT CLERK
COOKE COUNTY COURTHOUSE
101 SOUTH DIXON, ROOM 207
GAINESVILLE, TEXAS 76240

By: *Cody Shires*        Deputy

*DEFENDANT COPY*



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

## RETURN OF SERVICE

Cause Number CV18-00515                               Court Number 235ᵗʰ Judicial District

**STARK RANCH-WEST, LLC**          VS          **REDI-MIX, LLC**

ADDRESS FOR SERVICE:

REDI-MIX, LLC
BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE
COMPANY D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY
211 E. 7ᵀᴴ STREET, SUITE 620
AUSTIN, TX 78701

### OFFICER'S RETURN

Came to hand on the 24th day of August , 20 18 , at 5:00 o'clock P .m., and executed in
_____ County, Texas by delivering to each of the within named defendant(s) in person, a true copy of this
Citation with the date of delivery endorsed thereon, together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION, at the
following times and place, to-wit:

Name                        Date/Time.             Place, Course and Distance from Courthouse
_____        _____           _____
_____        _____           _____

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

_____

and the cause or failure to execute this process is: _____

_____

and the information received as to the whereabouts of said defendant(s) being: _____

_____

FEES:

Serving Petition and Copy $_____            _____, Officer

Total                  $_____            _____, County, Texas

By:_____,Deputy              _____,Affiant

---

#### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The signature is not
required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under
penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my address is
                 (First, Middle, Last)
_____
(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____ day of _____ .

_____                    _____
Declarant Authorized Process Server                  (ID # and Expiration of Certification)

Please Return Affidavit of Service to: COOKE COUNTY DISTRICT CLERK
                                       COOKE COUNTY COURTHOUSE
                                       101 SOUTH DIXON, ROOM 207
                                       GAINESVILLE, TEXAS 76240



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

## AFFIDAVIT OF SERVICE

| State of Texas | County of Cooke | 235th Judicial District Court |
|---|---|---|

Case Number: CV18-00515

Plaintiff:
**STARK RANCH-WEST, LLC**

vs.

Defendant:
**REDI-MIX, LLC**

Received these papers on the 24th day of August, 2018 at 5:11 pm to be served on REDI-MIX, LLC care of its registered Agent, CORPORATION SERVICE COMPANY D/B/A CSC – LAWYERS INCORPORATING SERVICE COMPANY, 211 E 7th Street, Suite 620, Austin, Travis County, TX 78701.

I, Thomas R. Kroll, being duly sworn, depose and say that on the 27th day of August, 2018 at 10:25 am, I:

delivered to REDI-MIX, LLC, a true copy of this Citation together with Original Petition including attached Exhibits and Plaintiff's First Amended Petition including attached Exhibits, by delivering to its Registered Agent, CORPORATION SERVICE COMPANY D/B/A CSC - LAWYERS INCORPORATING SERVICE COMPANY, by and through its designated agent, ADAM WAYS, at the address of: 211 E 7th Street, Suite 620, Austin, Travis County, TX 78701, having first endorsed upon such copy of such process the date of delivery.

I certify that I am approved by the Supreme Court of Texas, Misc. Docket No. 05-9122 under rule 103, 501, and 501.2 of the TRCP to deliver citations and other notices from any District, County and Justice Courts in and for the State of Texas. I am competent to make this oath; I am not less than 18 years of age, I am not a party to the above-referenced cause, I have not been convicted of a felony or a crime of moral turpitude, and I am not interested in the outcome of the above-referenced cause.

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

Subscribed and Sworn to before me on the 27th day of August, 2018 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

Thomas R. Kroll
PSC - 3012, Exp. 8/31/2019

Our Job Serial Number: THP-2018001635
Ref: 236-0447



HELEN LUPERCIO
Notary Public, State of Texas
Comm Expires 11-04-2019
Notary ID 130429927

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.2p



CV18-00515

THE STATE OF TEXAS
COUNTY OF COOKE
235th DISTRICT COURT

# CITATION FOR PERSONAL SERVICE

To: REDI-MIX, LLC
   BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE
   COMPANY D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY
   211 E. 7TH STREET, SUITE 620
   AUSTIN, TX 78701

**NOTICE TO DEFENDANT:**
**YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU.**

You are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION of plaintiff at or before 10 o'clock a.m. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 235TH JUDICIAL DISTRICT Cooke County, Texas at the Courthouse in the City of Gainesville, Texas.

Said PLAINTIFF'S ORIGINAL PETITION was filed in said Court on the 17th day of August, 2018, in this cause, numbered CV18-00515 on the docket of said Court and styled:

   STARK RANCH-WEST, LLC          VS          REDI-MIX, LLC.

ATTORNEY FOR PLAINTIFF:          BOYD A MOUSE
                                 1601 ELM STREET
                                 3700 THANKSGIVING TOWER
                                 DALLAS, TEXAS 75201

The nature of this demand is fully shown by a true and correct copy of the petition, accompanying this citation and made a part hereof. The Officer executing this citation shall promptly serve the same according to requirements of law, and mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Gainesville, Cooke County, Texas, this the 22nd day of AUGUST, 2018.



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

MARCI A. GILBERT, DISTRICT CLERK
COOKE COUNTY COURTHOUSE
101 SOUTH DIXON, ROOM 207
GAINESVILLE, TEXAS 76240

By: _Cody Shires_____ Deputy

## RETURN OF SERVICE

Cause Number CV18-00515                                                Court Number 235th Judicial District

**STARK RANCH-WEST, LLC**                    **VS**                    **REDI-MIX, LLC**

**ADDRESS FOR SERVICE:**

**REDI-MIX, LLC**
**BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE**
**COMPANY D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY**
**211 E. 7TH STREET, SUITE 620**
**AUSTIN, TX 78701**

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 20____, at _____ o'clock _____.m., and executed in

_____ County, Texas by delivering to each of the within named defendant(s) in person, a true copy of this

Citation with the date of delivery endorsed thereon, together with the accompanying copy of the **PLAINTIFF'S ORIGINAL PETITION**, at the

following times and place, to-wit:

Name                                Date/Time              Place, Course and Distance from Courthouse

_____    _____    _____

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

**FEES:**

Serving Petition and Copy $_____          _____, Officer

Total                    $_____          _____, County, Texas

By:_____,Deputy              _____,Affiant

---

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not
required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under
penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my address is
            (First, Middle, Last)

_____
(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____ day of _____.

_____          _____
Declarant Authorized Process Server              (ID # and Expiration of Certification)

Please Return Affidavit of Service to:  **COOKE COUNTY DISTRICT CLI**
                                        **COOKE COUNTY COURTHOUS**
                                        **101 SOUTH DIXON, ROOM 207**
                                        **GAINESVILLE, TEXAS 76240**



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

Filed 09/18/2018 11:25 AM
Marci A. Gilbert
District Clerk
Cooke County, Texas
Melissa Gann

<div align="center">CAUSE NO. CV18-00515</div>

| | | |
|---|---|---|
| STARK RANCH-WEST, LLC | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 235th JUDICIAL DISTRICT |
| | § | |
| REDI-MIX, LLC | § | |
| | § | |
| Defendant. | § | COOKE COUNTY, TEXAS |

### PLAINTIFF'S MOTION FOR NO-ANSWER DEFAULT JUDGMENT

Stark Ranch-West, LLC ("Stark Ranch") files its files its Motion for No-Answer Default Judgment against Redi-Mix, LLC ("Redi-Mix" or "Defendant") and respectfully states as follows:

2.      On August 17, 2018, Stark Ranch filed Plaintiff's Original Petition against Defneant0, and, on August 20, 2018, Plaintiff filed Plaintiff's Frist Amended Petition against Defendant.

3.      On August 27, 2018, Defendant was served with process regarding the Citation for Plaintiff's Original Petition along with copies of Plaintiff's Original Petition and Plaintiff's Second Amended Petition.[1]  The proof of service has been on file with the Clerk of the Court for more than ten (10) days.

4.      Defendant has not filed an answer or entered an appearance in this action, and the deadline for doing so has passed.

5.      Defendant is an entity and is therefore not a member of the United States Military.

---

[1]      A true and correct copy of the process server's Affidavit of Service, which was filed herein on August 28, 2018, is attached hereto as **Exhibit "A"** and incorporated herein.  Because Defendant has been duly served with the Citation for Plaintiff's Original Petition and with Plaintiff's First Amended Petition, Stark Ranch is not required to serve Defendant with Citation regarding Plaintiff's First Amended Petition.  TRCP 21a; *In Re EA*, 287 S.W.3d 1, 4 (Tex. 2009)(where defendant is served with citation and original petition, plaintiff is not required to serve defendant with citation regarding amended petition where the amended petition is served in accordance with Rule 21a).

---



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

6.      Defendant's last known mailing addresses is 331 N. Main Street, Euless, Texas 76039.[2]

7.      Stark Ranch requests the Court immediately to enter a partial default judgment against Defendant as to liability for the claims in the Petition for intentional trespass, negligent trespass, conversion, declaratory relief, injunctive relief, and attorneys' fees.

8.      Stark Rach's damages are unliquidated and Stark Ranch intends to set a hearing to determine its damages and attorneys' fees and expenses.

WHEREFORE, Plaintiff Stark Ranch requests the Court immediately to enter a partial default judgment against Defendant as to liability, and, upon final hearing, grant Stark Ranch such other and further relief, including damages and attorneys' fees and expenses, to which Stark Ranch may be justly entitled.

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**
1601 Elm Street, Suite 3700
Dallas, Texas 75201
(214) 777-4200 / Fax (214) 777-4299

By:   _s/ Boyd A. Mouse_
        Kenneth W. Biermacher
        State Bar No.  02302400
        Boyd A. Mouse
        State Bar No.  24003949
        Emily Green
        State Bar No.  24106027

**ATTORNEYS FOR PLAINTIFF**

---

[2]      A Certificate of Last Known Address of Defendant is attached hereto as **Exhibit "B"** and incorporated herein.

**PLAINTIFF'S MOTION FOR NO-ANSWER DEFAULT JUDGMENT - PAGE 2**      65415

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

# EXHIBIT

# "A"



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

Filed: 8/28/2018 3:44 PM
Marci A. Gilbert
District Clerk
Cooke County, Texas
Cody Shires

C 5⁰⁰-pm

CV18-00515

THE STATE OF TEXAS
COUNTY OF COOKE
235ᵗʰ DISTRICT COURT

## CITATION FOR PERSONAL SERVICE

To: REDI-MIX, LLC
    BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE
    COMPANY D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY
    211 E. 7ᵀᴴ STREET, SUITE 620
    AUSTIN, TX 78701

NOTICE TO DEFENDANT:
YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT
FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE
MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS
CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU.

        You are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL

PETITION of plaintiff at or before 10 o'clock a.m. of the Monday next after the expiration of twenty days after the date

of service of this citation before the Honorable 235TH JUDICIAL DISTRICT Cooke County, Texas at the Courthouse in

the City of Gainesville, Texas.

        Said PLAINTIFF'S ORIGINAL PETITION was filed in said Court on the 17th day of August, 2018, in

this cause, numbered CV18-00515 on the docket of said Court and styled:

        STARK RANCH-WEST, LLC          VS          REDI-MIX, LLC.


ATTORNEY FOR PLAINTIFF:          BOYD A MOUSE
                                 1601 ELM STREET
                                 3700 THANKSGIVING TOWER
                                 DALLAS, TEXAS 75201

        The nature of this demand is fully shown by a true and correct copy of the petition, accompanying this

citation and made a part hereof. The Officer executing this citation shall promptly serve the same according to

requirements of law, and mandates thereof, and make due return as the law directs.

        Issued and given under my hand and seal of said Court at Gainesville, Cooke County, Texas, this the

22nd day of AUGUST, 2018.





MARCI A. GILBERT, DISTRICT CLERK
COOKE COUNTY COURTHOUSE
101 SOUTH DIXON, ROOM 207
GAINESVILLE, TEXAS 76240

By: _Cody Shires_____ Deputy



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

## RETURN OF SERVICE

**Cause Number CV18-00515**                                    **Court Number 235ᵗʰ Judicial District**

STARK RANCH-WEST, LLC                    VS                    REDI-MIX, LLC

**ADDRESS FOR SERVICE:**

REDI-MIX, LLC
BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE
COMPANY DB/A CSC-LAWYERS INCORPORATING SERVICE COMPANY
211 E. 7ᵀᴴ STREET, SUITE 620
AUSTIN, TX 78701

**OFFICER'S RETURN**

Came to hand on the 24ᵗʰ day of _August_, 20 18, at 5:00 o'clock _P_.m., and executed in
_____ County, Texas by delivering to each of the within named defendant(s) in person, a true copy of this
Citation with the date of delivery endorsed thereon, together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION, at the
following times and place, to-wit:

Name                          Date/Time               Place, Course and Distance from Courthouse

_____    _____      _____

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

**FEES:**

Serving Petition and Copy $_____        _____, Officer

Total              $_____                _____, County, Texas

By:_____,Deputy                   _____,Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The signature is not
required to be verified.  If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under
penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my address is
                    (First, Middle, Last)

_____
(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____ day of_____.

_____          _____
Declarant Authorized Process Server                    (ID # and Expiration of Certification)

Please Return Affidavit of Service to:  COOKE COUNTY DISTRICT CLERK
                                        COOKE COUNTY COURTHOUSE
                                        101 SOUTH DIXON, ROOM 207
                                        GAINESVILLE, TEXAS 76240



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

## AFFIDAVIT OF SERVICE

**State of Texas**                                   **County of Cooke**                          **235th Judicial District Court**

Case Number: CV18-00515

Plaintiff:
**STARK RANCH-WEST, LLC**

vs.

Defendant:
**REDI-MIX, LLC**

Received these papers on the 24th day of August, 2018 at 5:11 pm to be served on **REDI-MIX, LLC care of its registered Agent, CORPORATION SERVICE COMPANY D/B/A CSC – LAWYERS INCORPORATING SERVICE COMPANY, 211 E 7th Street, Suite 620, Austin, Travis County, TX 78701.**

I, Thomas R. Kroll, being duly sworn, depose and say that on the **27th day of August, 2018 at 10:25 am, I:**

delivered to REDI-MIX, LLC, a true copy of this **Citation together with Original Petition including attached Exhibits and Plaintiff's First Amended Petition including attached Exhibits,** by delivering to its Registered Agent, **CORPORATION SERVICE COMPANY D/B/A CSC - LAWYERS INCORPORATING SERVICE COMPANY,** by and through its designated agent, **ADAM WAYS,** at the address of: **211 E 7th Street, Suite 620, Austin, Travis County, TX 78701,** having first endorsed upon such copy of such process the date of delivery.

I certify that I am approved by the Supreme Court of Texas, Misc. Docket No. 05-9122 under rule 103, 501, and 501.2 of the TRCP to deliver citations and other notices from any District, County and Justice Courts in and for the State of Texas. I am competent to make this oath; I am not less than 18 years of age, I am not a party to the above-referenced cause, I have not been convicted of a felony or a crime of moral turpitude, and I am not interested in the outcome of the above-referenced cause.

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

Subscribed and Sworn to before me on the 27th day of August, 2018 by the affiant who is personally known to me.



NOTARY PUBLIC

HELEN LUPERCIO
Notary Public, State of Texas
Comm Expires 11-04-2019
Notary ID 130429927

**Thomas R. Kroll**
PSC - 3012, Exp. 8/31/2019

Our Job Serial Number: THP-2018001635
Ref: 236-0447

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.2p



# EXHIBIT "B"



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

**CAUSE NO. CV18-00515**

| | | |
|---|---|---|
| **STARK RANCH-WEST, LLC** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **235th  JUDICIAL DISTRICT** |
| | § | |
| **REDI-MIX, LLC** | § | |
| | § | |
| **Defendant.** | § | **COOKE COUNTY, TEXAS** |

<u>**CERTIFICATE OF LAST KNOWN MAILING ADDRESS OF DEFENDANT**</u>

TO THE CLERK OF THE COURT:

Stark Ranch-West, LLC ("Stark Ranch") certifies to the Clerk of the Court that the last known mailing address of Defendant Redi-Mix, LLC against whom a default judgment may be rendered is 331 N. Main Street, Euless, Texas 76039.

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**
1601 Elm Street, Suite 3700
Dallas, Texas 75201
(214) 777-4200 / Fax (214) 777-4299

By:  _s/ Boyd A. Mouse_
      Kenneth W. Biermacher
      State Bar No.  02302400
      Boyd A. Mouse
      State Bar No.  24003949
      Emily Green
      State Bar No.  24106027

**ATTORNEYS FOR PLAINTIFF**



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

**CERTIFICATE OF LAST KNOWN MAILING ADDRESS OF DEFENDANT – PAGE 1**

Filed 9/13/2018 10:32 AM
Marci A. Gilbert
District Clerk
Cooke County, Texas
Melissa Gann

## CAUSE NO. CV18-00515

| | | |
|---|---|---|
| **STARK RANCH-WEST, LLC** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **COOKE COUNTY, TEXAS** |
| | § | |
| **REDI-MIX, LLC** | § | |
| | § | |
| **Defendant.** | § | **235th JUDICIAL DISTRICT** |

## DEFENDANT'S ORIGINAL ANSWER

Defendant Redi-Mix, LLC ("Redi-Mix") files this Original Answer in response to Plaintiff's Original Petition (the "Petition").

### I.      GENERAL DENIAL

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Redi-Mix enters a general denial of the matters alleged by Plaintiff and requests that the Court require Plaintiff to prove its allegations by a preponderance of the evidence as required by the Constitution and laws of the State of Texas.

### II.      AFFIRMATIVE DEFENSES

2.      Plaintiff's Petition fails, in whole or in part, to state a claim upon which relief can be granted.

3.      Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, equitable estoppel, promissory estoppel, collateral estoppel, quasi-estoppel, judicial estoppel, and/or laches.



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:   CODY SHIRES, Deputy

DEFENDANT'S ORIGINAL ANSWER                                          Page 1

4.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or statute of repose.

Dated: September 19, 2018

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

*/s/ M. Scott Barnard*
M. Scott Barnard
State Bar No. 24001690
sbarnard@akingump.com
Matthew V. Lloyd
State Bar No. 24083404
mvlloyd@akingump.com
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343

***Attorneys for Defendant Redi-Mix LLC***



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on September 19, 2018, a true and correct copy of the above and foregoing instrument has been duly served on all counsel of record in accordance with the Texas Rules of Civil Procedure.

<div align="right">

*/s/ Matthew V. Lloyd*

Matthew V. Lloyd

</div>



Janelle Haverkamp
District Judge
(940) 668-8401



FILED IN DISTRICT COURT
COOKE COUNTY, TEXAS

Teresa Ward
18 SEP 2018  AM 8:11
Court Reporter
(940) 668-5485

DIST CLERK - MARCIA GILBERT

BY: _Cody Shires_
DEPUTY

# 235TH JUDICIAL DISTRICT

Jan Brazelton
Court Coordinator
(940) 668-5401
Brenda Johnston
District Court Asst.
(940) 668-5403

**COOKE COUNTY, TEXAS**
101 South Dixon Street
Cooke County Courthouse
Gainesville, Texas 76240

Daniel Barthold
Bailiff
(940) 668-5453

September 24, 2018

Boyd A. Mouse
Attorney at Law
1601 Elm Street
Dallas, Texas 75201

M. Scott Barnard
Matthew V. Lloyd
Attorneys at Law
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201

            Re:    Cause No. CV18-00515
                   Stark Ranch-West LLC vs. Redi-Mix, LLC

Dear Attorneys:

        Enclosed please find a file-marked copy of the Order For First Scheduling
Conference in the above referenced cause.

        THIS COPY OF THE ORDER FOR FIRST SCHEDULING CONFERENCE IS THE
ONLY NOTICE OF THE CONFERENCE YOU WILL RECEIVE.

                                        Yours truly,

                                        Janelle M. Haverkamp
                                        District Judge

JMH/jb



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy