# EXHIBIT "A"

# PART 2

Cause No. CV18-00515

FILED IN DISTRICT COURT
COOKE COUNTY, TEXAS

18 SEP 26 AM 8: 11

DIST CLERK MARCI A GILBERT

STARK RANCH-WEST, LLC     *    IN THE 235th JUDICIAL
BY:_____ DEPUTY

VS.          *    DISTRICT COURT OF

REDI-MIX, LLC       *    COOKE COUNTY, TEXAS


### ORDER FOR FIRST SCHEDULING CONFERENCE

It has been brought to the Court's attention that the Answer of the Defendant has been filed herein:

Pursuant to Court rules, IT IS ACCORDINGLY ORDERED that this cause is set for a First Scheduling Conference on the 31st day of October, 2018 at 3:00 P. M.

IT IS FURTHER ORDERED deadlines for completion of discovery, designation of experts, furnishing of reports and opinions, and impleading or joining additional parties will be set, as well as setting the time and date for MEDIATION and for the Second Scheduling Conference.

IT IS FURTHER ORDERED that a litigant's failure to appear either pro se or by attorney may result in the non-appearing party not having input as to when MEDIATION is ordered or the scheduling of deadlines.

IT IS FURTHER ORDERED that attendance is required unless a written Motion for Continuance is granted.

_____
JUDGE PRESIDING


ORDER FOR FIRST SCHEDULING CONFERENCE – Solo Page



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy



JUDGE JANELLE M. HAVERKAMP
235TH JUDICIAL DISTRICT COURT
101 S. DIXON
GAINESVILLE, TEXAS 76240

FILED IN DISTRICT COURT
COOKE COUNTY, TEXAS
2018 OCT 17 AM 11: 56
DIST. CLERK-MARCIA GILBERT

CV 18-00515

Boyd A. Mouse
Attorney at Law
1601 Elm Str
Dallas, Texas                Suite 3700

U.S. POSTAGE >> PITNEY BOWES

ZIP 76240 $ 000.47⁰
02 4W
0000348075 SEP. 26, 2018

NIXIE      750  DE 1            0018/15/18

RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD

BC:   76240473399      *0234-08291-26-46

FILED IN DISTRICT COURT
COOKE COUNTY, TEXAS

Cause No. CV18-00515  2018 OCT 31  PM 3:44

DIST CLERK MARCI A GILBERT

STARK RANCH-WEST, LLC          *          IN THE 235TH JUDICIAL

VS.                            *          DISTRICT COURT OF

REDI-MIX, LLC                  *          COOKE COUNTY, TEXAS


## ORDER FOR SECOND SCHEDULING CONFERENCE

ON THIS the 31st day of October, 2018, this matter came on for First Scheduling Conference and came the Plaintiff by attorney and came the Defendants by attorney, and the Court having been advised as to the parties' requests for deadlines and MEDIATION, orders as follows:

Each party may send one set of Interrogatories and one Request for Production at such a time that the responses will be available before mediation;

Plaintiff may take __2__ depositions, prior to mediation;

Defendants may take __2__ depositions, prior to mediation;

Mediation shall be completed on or before the 15th day of June, 2019

The report to the Court on whether or not mediation has been successful is due on the 22 day of June 2019

If mediation is not successful, then it will be the Order of the Court that:

1. That all discovery be completed by all parties by September 10, 2019


ORDER FOR SECOND SCHEDULING CONFERENCE - Page 1 of 2



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

2. That all required supplemental information be furnished and all experts designated with copies of written reports or opinions submitted on the part of Plaintiff by March 15 2019 , and on the part of the Defendants by April 15 2019

3. That all additional parties be impleaded or joined on or before 30 days prior to the Second Scheduling Conference.

4. That this cause is set for a Second Scheduling Conference on the 10th day of October , 2019, at 11:00 A .M.

5. Both Plaintiff and Defendants appear at the Second Scheduling Conference with authority to settle the litigation. Parties or their attorneys shall prepare and file with the Court a MEMORANDUM OF SETTLEMENT. This shall be a brief one page summary of past offers and demands and outline the parties' positions and terms for concluding this matter.

6. All pending Motions, Special Exceptions or other matters that have been pending a sufficient length of time under the Rules of Civil Procedure will be heard at the Second Scheduling Conference;

7. Failure of a litigant or attorney to appear at the Second Scheduling Conference may result in the Court ruling against the non-appearing litigant on all pending motions and may result in setting of future dates as requested by the appearing litigant or attorney.

_____
JUDGE PRESIDING

RECEIPT ACKNOWLEDGED:

_____
ATTORNEY for PLAINTIFF

_____
ATTORNEY for DEFENDANTS

ORDER FOR SECOND SCHEDULING CONFERENCE - Page 2 of 2



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

FILED IN DISTRICT COURT
COOKE COUNTY, TEXAS

2019 OCT 31 PM 3: 52

DIST CLERK MARCI A GILBERT

BY:_____
DEPUTY

**CAUSE NO. CV18-00515**

| | | |
|---|---|---|
| **STARK RANCH-WEST, LLC** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **COOKE COUNTY, TEXAS** |
| | § | |
| **REDI-MIX, LLC** | § | |
| | § | |
| Defendant. | § | **235TH JUDICIAL DISTRICT** |

## STIPULATED PROTECTIVE ORDER

The parties, through their undersigned counsel, stipulate and agree regarding the treatment of certain designated confidential information and items obtained in the course of discovery in this Action. Accordingly, the following Stipulated Protective Order is entered:

**1.     DEFINITIONS**

(a)     "**Action**" shall mean the instant case captioned *Stark Ranch-West LLC v. Redi-Mix LLC*, Cause No. CV18-00515, 235th Judicial District, Cooke County, Texas.

(b)     "**Party**" or "**Parties**" means any or all parties to this Action (i.e., Plaintiff and/or Defendant), and any party's parents, subsidiaries, divisions, branches, affiliates, or predecessors or successors-in-interest.

(c)     "**Non-Party**" means any entity or person that is not a Party to this Action.

(d)     "**Disclosing Party**" means a Party producing or disclosing any Protected Information during the course of this Action.

(e)     "**Receiving Party**" means any party to which Protected Information is produced or disclosed, whether voluntarily or in response to formal or informal discovery requests, subpoena, deposition notice, or court order by any Disclosing Party in this Action.

1


A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

(f)     "**Consultant**" or "**Consultants**" means any or all persons retained by a Party in connection with this Action, including experts, trial preparation consultants, and jury consultants, but not employed by that Party. Consultants shall be limited to such persons as, in the judgment of that Party's counsel, are reasonably necessary for the development and/or presentation of that Party's case.

(g)     "**CONFIDENTIAL INFORMATION**" means documents, materials and information, regardless of the medium or manner in which it is generated, stored, or maintained, which concern or reflect a Party or Non-Party's tax or other financial records, confidential business records, plans and information, and/or trade secrets. "CONFIDENTIAL INFORMATION" does not include documents, materials, or information that are publicly available in the same form in which they were provided.

(h)     "**ATTORNEYS EYES ONLY INFORMATION**" means any extremely sensitive information or item, regardless of the medium or manner in which it is generated, stored, or maintained, the production or disclosure of which a Party or Non-Party believes in good faith would create a substantial risk of serious harm that could not be avoided by less restrictive means.

(i)     "**Protected Information**" means any CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION designated in accordance with this Protective Order.

**2.     SCOPE OF ORDER**

(a)     This Protective Order governs the handling of all Protected Information produced or disclosed by a Disclosing Party to a Receiving Party, regardless of the medium or manner in which the information is generated, stored, or maintained (including, among other things,

2



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

documents, transcripts, interrogatory responses, responses to requests for admissions, declarations, exhibits, and briefs, or portions of such materials). This Protective Order also applies to any Receiving Party generated note, index, chart, or spreadsheet made with regard to Protected Information.

(b)     This Protective Order does not cover any information or items that are in the public domain at the time of disclosure or that become part of the public domain after their disclosure as a result of publication not involving a violation of this Protective Order.

### 3.     USE OF PROTECTED INFORMATION

All Protected Information shall be treated as confidential and used by counsel and the Parties in this case solely for the litigation of this Action.

### 4.     DESIGNATION OF PROTECTED INFORMATION

Any Party may, in good faith, designate any non-public information or items as confidential in the following manner:

(a)     Documents. Documents will be designated as Protected Information by stamping them as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" or by clearly designating documents as such in a separate statement.

(b)     Transcripts. Information disclosed or documents referred to at the deposition of any witnesses, including a Party or one of its present or former officers, directors, employees, agents, or independent experts, may be designated by any Party as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" by indicating to the other Parties which pages or portions of a deposition transcript contain such information, as applicable. The Party wishing to designate such material as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" must do so within thirty (30) days after receipt of the final (not draft) transcript. Until such time as that designation is

3



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

made or the thirty (30) days expires, the whole transcript (including any drafts) and all documents and exhibits referred to therein, and/or attached thereto, shall be deemed "ATTORNEYS EYES ONLY."

(c)     Things. Things will be designated as Protected Information by affixing a label to the exterior of the thing bearing the legend "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" as applicable. The legend will be placed directly above, below, or next to the Disclosing Party's production numbers to the extent possible.

(d)     If any Party produces documents by making original documents available for inspection and copying, then during the actual period of the inspection all such documents shall be deemed "ATTORNEYS EYES ONLY" until copies are made and labeled by the Producing Party as appropriate. The inspecting Party shall then designate the original documents for copying, and the producing Party shall designate on the copies those documents which the producing Party deems to be "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" within the meaning of this Protective Order. Any copies not so designated by the producing Party shall not be deemed "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" within the meaning of this Protective Order.

(e)     If material or information produced in connection with this Action contains information concerning a Receiving Party that the Receiving Party believes should be designated as CONFIDENTIAL or ATTORNEYS EYES ONLY, the Receiving Party may designate the material as such by providing written notice to the Disclosing Party and all other Parties, and such documents shall be subject to the protections stated in this Protective Order. Such designations pursuant to this sub-paragraph are subject to the same challenges as any other designations made pursuant to the terms of this Protective Order.

4



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

**5.     DISCLOSURE OF CONFIDENTIAL INFORMATION**

CONFIDENTIAL INFORMATION will not be made available outside of court, nor will the contents of such information be disclosed to non-court personnel other than the following Qualified Persons:

(a)     The Parties and their officers, agents, members (including owners, officers, and agents of members), insurers, in-house counsel, and employees whose review of CONFIDENTIAL INFORMATION a Party deems in good faith to be necessary (collectively, "**Authorized Recipients**").

(b)     Attorneys for the Parties and their paralegal, secretarial, and clerical staffs.

(c)     Court reporters and videographers recording or transcribing testimony, the court, and court personnel.

(d)     Witnesses and deponents, including potential witnesses and potential deponents, whose review of CONFIDENTIAL INFORMATION is in good faith deemed necessary for this matter by any attorney in his/her sole discretion, provided that such persons are informed of and given a copy of this Order and are informed that they must comply with it.

(e)     Consultants retained by any Party and their secretarial and clerical staffs, provided that such Consultants agree not to disclose or otherwise use such information in any matter other than for the purpose of providing expert opinions or litigation support to the Parties in this case.

(f)     Mediators, arbitrators, and any other persons providing litigation support or services to any Party in this case, provided that such persons agree not to disclose or otherwise use such information in any matter other than for the purpose of providing services or litigation support to the Parties in this case.

(g)     Other persons who may be designated by consent of all attorneys of record.

5



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

## 6. DISCLOSURE OF ATTORNEYS EYES ONLY INFORMATION

ATTORNEYS EYES ONLY INFORMATION will not be made available outside of court, nor will the contents of such information be disclosed to non-court personnel other than the following Qualified Persons:

(a)    Authorized Recipients under the following conditions only: Counsel may show, discuss and review ATTORNEYS EYES ONLY INFORMATION with Authorized Recipients, but the Authorized Recipients may not (1) keep a copy of the ATTORNEYS EYES ONLY INFORMATION; (2) take notes concerning the content of the ATTORNEYS EYES ONLY INFORMATION; (3) discuss or disclose the contents of the ATTORNEYS EYES ONLY INFORMATION with others except the Qualified Persons listed in paragraphs 6(b)-(h); or (4) use the ATTORNEYS EYES ONLY INFORMATION for any purpose other than in connection with the prosecution or defense of, or participation in, this litigation.

(b)    Attorneys for the parties of record and their paralegal, secretarial, and clerical staffs.

(c)    Court reporters and videographers recording or transcribing testimony, the court, and court personnel.

(d)    Witnesses and deponents, including potential witnesses and potential deponents, whose review of ATTORNEYS EYES ONLY INFORMATION is in good faith deemed necessary for this matter by any attorney in his/her sole discretion, provided that such persons are informed of and given a copy of this Order and are informed that they must comply with it.

(e)    Consultants retained by any Party and their secretarial and clerical staffs, provided that such Consultants agree not to disclose or otherwise use such information in any matter other than for the purpose of providing expert opinions or litigation support to the Parties in this case.

6



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

(f)     Mediators, arbitrators, and any other persons providing litigation support or services to any Party in this case, provided that such persons agree not to disclose or otherwise use such information in any matter other than for the purpose of providing services or litigation support to the Parties in this case.

(g)     Any person identified from the four corners of the information, document, or thing itself as having authored or previously received the information, document, or thing.

(h)     Other persons who may be designated by consent of all attorneys of record.

7.     **NON-PARTY PROTECTED INFORMATION**

If a Non-Party so requests, the terms of this Protective Order will be applicable to information produced by a Non-Party in this Action and designated as CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Protective Order.

8.     **FILING PROTECTED INFORMATION**

In the event that a Party wishes to file Protected Information with the Court, such filing shall be made in sealed envelopes or other appropriate containers that are endorsed with the title of this action and the words "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER—TO BE OPENED OR REVIWEED BY COURT PERSONNEL ONLY." Where practical, only those portions of documents consisting of Protected Information shall be filed under seal. This paragraph does not prohibit a Party from generally referencing documents containing Protected Information in filings, nor does it restrict a Party's ability to present Protected Information in court proceedings as provided in paragraph 16.

7



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

## 9. PROCEDURE FOR CHALLENGING DESIGNATIONS

(a)   Timing of Challenges.  Any Party may challenge a confidentiality designation at any time.  Unless a prompt challenge to a Disclosing Party's confidentiality designation is necessary to avoid foreseeable and substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Action, a Party does not waive its right to challenge a confidentiality designation by electing not to challenge the designation promptly after the original designation.

(b)   Meet and Confer.  The challenging Party will initiate the dispute resolution process by providing written notice of each designation of Protected Information it is challenging and describing the basis for each challenge.  The Parties will attempt to resolve each challenge in good faith and must begin the process by conferring within fourteen (14) days of the date of service of the notice.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Disclosing Party an opportunity to review the Protected Information, to reconsider the designation and, if no change in the designation is made, to explain the basis for the designation.

(c)   Judicial Intervention.  If the Parties cannot resolve a challenge without Court intervention within thirty (30) days of the initial notice, the Disclosing Party may file a motion seeking intervention from the Court to maintain the Protected Information as CONFIDENTIAL or ATTORNEYS EYES ONLY.  If the Disclosing Party fails to file a motion for protection after thirty (30) days of receiving the initial notice, the challenged material will be deemed not to be Protected Information.

## 10. PARTY INFORMATION

Nothing in this Protective Order will limit any Disclosing Party's use of its own Protected

8



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

Information, nor will anything in this Protective Order prevent any Disclosing Party from disclosing its own Protected Information to any person.

### 11.   INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL

(a)      In the event of an inadvertent production or disclosure of any information that a Party later claims should not have been produced because of a privilege, including but not limited to the attorney-client privilege, work product doctrine, or common interest privilege ("**Inadvertently Produced Privileged Material**"), the Receiving Party must promptly return, sequester, or destroy the specified information and any copies the party has; must not use or disclose the information; and must take reasonable steps to retrieve the information if the party disclosed it before being notified.  The inadvertent production of such material will not be deemed to waive any privileges.

(b)      A request for the return of any Inadvertently Produced Privileged Material will identify the material inadvertently produced and the basis for withholding such material from production.  If a Disclosing Party requests the return, pursuant to this paragraph, of any Inadvertently Produced Privileged Material then in the custody of a Receiving Party, the Receiving Party will, within seven (7) days, return to the Disclosing Party the Inadvertently Produced Privileged Material and all copies thereof.

(c)      The Receiving Party returning such Inadvertently Produced Privileged Material will not assert as a ground for entering an order compelling production of the Inadvertently Produced Privileged Material the fact or circumstances of the inadvertent production.  The return of any Inadvertently Produced Privileged Material will not in any way preclude the Receiving Party from moving the Court for an order that: (i) the material is not privileged or otherwise immune from disclosure; or (ii) that any applicable privilege or immunity has been waived by



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

some act other than the inadvertent production of this information. The burden of establishing a privilege is on the Disclosing Party producing the information.

### 12. INADVERTENT DISCLOSURE OF PROTECTED INFORMATION

The inadvertent failure to designate Protected Information does not, standing alone, waive the Disclosing Party's right to secure protection under this Protective Order for such material. Upon timely correction of a designation within sixty (60) days of the inadvertent disclosure, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order to the extent practicable. The Receiving Party will use its best efforts to obtain all disclosed copies of such information and advise the Disclosing Party of the identity of any persons to whom such information is disclosed who would not be entitled to receive such information under this Protective Order.

### 13. DURATION OF PROTECTIVE ORDER

(a)     The obligations imposed by this Protective Order will remain in effect beyond the final disposition of this Action and until (i) a Disclosing Party agrees otherwise in writing, or (ii) a court order otherwise directs. Final disposition will be deemed to be the later of (i) dismissal of all claims and defenses in this Action, with or without prejudice; and (ii) Final Judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

(b)     In the event that any Qualified Person ceases to be affiliated with a Disclosing Party, the provisions of this Protective Order will remain in full force and effect as to such Qualified Person, except that such person will immediately cease to have access to Protected Information and will immediately return all Protected Information to the Disclosing Party.



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

## 14.   RETURN OR DESTRUCTION OF PROTECTED INFORMATION

(a)    Upon final disposition of this Action (including a final appeal), each Party and Non-Party subject to the terms of this Protective Order will return to each Disclosing Party all originals and reproductions of any Protected Information within sixty (60) days. In lieu of returning Protected Information, a Party may destroy all such material within sixty (60) days, provided the Party electing to undertake such destruction certifies to the Disclosing Party in writing that it has destroyed all such material.

(b)    All Qualified Persons who have been privy to Protected Information shall, even after resolution of the litigation, be under a continuing duty not to reveal such information.

(c)    Notwithstanding this paragraph, counsel for a Receiving Party may retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product even if such materials contain Protected Information. Any such archival copies remain subject to this Order.

## 15.   MODIFICATION OF AGREEMENT AND NO WAIVER

Any Party may seek to modify, expend, cancel, or supersede this Protective Order by stipulation of the Parties or by motion on notice. Nothing herein shall:

(a)    Operate as an admission by any Party that any particular discovery material contains or reflects trade secrets, nonpublic proprietary or commercial information or other confidential matters; or

(b)    Prejudice in any way the rights of any Party to object to the production of documents it considers not subject to discovery; or

11



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

(c)     Prejudice in any way the rights of a Party to seek a Court determination of (i) whether particular discovery material shall be produced; or (ii) if produced, whether such material should be the subject of this Protective Order; or

(d)     Prejudice in any way the rights of a Party to apply to the Court for a further order relating to any Protected Information; or

(e)     Prejudice in any way the right of any Party to object to the admissibility at trial for any information or items on any appropriate ground, and nothing herein will be construed as a waiver of such right.

## 16.   HANDLING OF PROTECTED INFORMATION IN COURT PROCEEDINGS

This Protective Order does not apply to Protected Information introduced at trial or in other court proceedings in connection with this lawsuit.  Protection of Protected Information in such proceedings is left to the further agreement of the Parties and order of the Court.

## 17.   ADDITIONAL PARTIES

In the event additional persons become Parties to this litigation, such new Parties shall not have access to CONFIDENTIAL INFORMATION or ATTORNEYS EYES ONLY INFORMATION produced by or obtained from any other Party to this Action until the newly joined Party, and the original Parties to this Action (through counsel), have executed and filed with the Court an amendment to this Protective Order.

## 18.   COUNSEL OF RECORD

All counsel in this Action and all members and employees of their relative law firms will take all steps reasonably necessary to comply with this Protective Order.



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

## 19.    DESIGNATION OF DOCUMENTS

Designation of any document as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" does not mean that for any purpose that document necessarily contains or reflects trade secrets or non-public, proprietary or confidential information or other confidential matters.    Such designation as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" is not evidence that such document contains or reflects trade secrets or nonpublic proprietary commercial information or other confidential matters.

IT IS SO ORDERED this __31__ day of __October__, 2018.

_____
JUDGE PRESIDING

13



A CERTIFIED COPY
MARC A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

**AGREED:**

KANE RUSSELL COLEMAN LOGAN PC

/s/ *Boyd A. Mouse*
Kenneth W. Biermacher
Texas Bar No. 02302400
Boyd A. Mouse
Texas Bar No. 24003949
Emily Green
Texas Bar No. 24106027
1601 Elm Street, Suite 3700
Dallas, Texas 75201
Telephone: (214) 777-4200
Facsimile: (214) 777-4299

*Attorneys for Plaintiff Stark Ranch-West LLC*


AKIN GUMP STRAUSS HAUER & FELD LLP

/s/ *M. Scott Barnard*
M. Scott Barnard
Texas Bar No. 24001690
sbarnard@akingump.com
Matthew V. Lloyd
Texas Bar No. 24083404
mvlloyd@akingump.com
1700 Pacific Ave., Suite 4100
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343

*Attorneys for Defendant Redi-Mix LLC*

14



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEX
By: CODY SHIRES, De

Filed: 10/31/2018 10:49 AM
Marci A. Gilbert
District Clerk
Cooke County, Texas
Janice Brewer

**CAUSE NO. CV18-00515**

| | | |
|---|---|---|
| **STARK RANCH-WEST, LLC** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **COOKE COUNTY, TEXAS** |
| | § | |
| **REDI-MIX, LLC** | § | |
| | § | |
| **Defendant.** | § | **235TH JUDICIAL DISTRICT** |

---

### JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER

---

Plaintiff Stark Ranch-West, LLC and Defendant Redi-Mix, LLC hereby file this Joint Motion for Entry of Stipulated Protective Order, approved as to form by counsel for the parties. Accordingly, the parties respectfully request that the Court enter the Stipulated Protective Order submitted herewith.

1


A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

Dated: October 31, 2018

Respectfully submitted,

KANE RUSSELL COLEMAN LOGAN PC

/s/ *Boyd A. Mouse*
Kenneth W. Biermacher
Texas Bar No. 02302400
Boyd A. Mouse
Texas Bar No. 24003949
Emily Green
Texas Bar No. 24106027
1601 Elm Street, Suite 3700
Dallas, Texas 75201
Telephone: (214) 777-4200
Facsimile: (214) 777-4299

**Attorneys for Plaintiff Stark Ranch-West LLC**

AKIN GUMP STRAUSS HAUER & FELD LLP

/s/ *M. Scott Barnard*
M. Scott Barnard
Texas Bar No. 24001690
sbarnard@akingump.com
Matthew V. Lloyd
Texas Bar No. 24083404
mvlloyd@akingump.com
1700 Pacific Ave., Suite 4100
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343

**Attorneys for Defendant Redi-Mix LLC**

## Certificate of Service

On October 31, 2018, I served a copy of the foregoing document on all counsel of record in accordance with the Texas Rules of Civil Procedure.

/s/ *Matthew V. Lloyd*



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

Filed: 9/27/2019 9:31 AM
Marci A. Gilbert
District Clerk
Cooke County, Texas
Janice Brewer

**CAUSE NO. CV18-00515**

| | | |
|---|---|---|
| **STARK RANCH-WEST, LLC** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **COOKE COUNTY, TEXAS** |
| | § | |
| **REDI-MIX, LLC** | § | |
| | § | |
| **Defendant.** | § | **235th JUDICIAL DISTRICT** |

## DEFENDANT'S FIRST AMENDED ANSWER

Defendant Redi-Mix, LLC ("Redi-Mix") files this First Amended Answer in response to Plaintiff's First Amended Petition (the "Petition").

### I.   GENERAL DENIAL

1.    Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Redi-Mix enters a general denial of the matters alleged by Plaintiff and requests that the Court require Plaintiff to prove its allegations by a preponderance of the evidence as required by the Constitution and laws of the State of Texas.

### II.   AFFIRMATIVE DEFENSES

2.    Plaintiff's Petition fails, in whole or in part, to state a claim upon which relief can be granted.

3.    Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, quasi-estoppel, and/or laches.

4.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or statute of repose.

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

### III.    REQUEST FOR ATTORNEYS' FEES

5.    Pursuant to section 37.009 of the Texas Civil Practice and Remedies Code, Defendant requests an award of all reasonable and necessary attorneys' fees incurred by Defendant in connection with this action.


Dated: March 27, 2019

Respectfully submitted,


AKIN GUMP STRAUSS HAUER & FELD LLP

*/s/ M. Scott Barnard*
M. Scott Barnard
State Bar No. 24001690
sbarnard@akingump.com
Matthew V. Lloyd
State Bar No. 24083404
mvlloyd@akingump.com
2300 N. Field Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343

***Attorneys for Defendant Redi-Mix LLC***


### CERTIFICATE OF SERVICE

I hereby certify that, on March 27, 2019, a true and correct copy of the above and foregoing instrument has been duly served on all counsel of record in accordance with the Texas Rules of Civil Procedure.


*/s/ Matthew V. Lloyd*
Matthew V. Lloyd



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

Filed: 4/25/2019 7:22 PM
Marci A. Gilbert
District Clerk
Cooke County, Texas
Janice Brewer

**CAUSE NO. CV18-00515**

| | | |
|---|---|---|
| **STARK RANCH-WEST, LLC** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **COOKE COUNTY, TEXAS** |
| | § | |
| **REDI-MIX, LLC** | § | |
| | § | |
| **Defendant.** | § | **235TH JUDICIAL DISTRICT** |

**DEFENDANT'S MOTION TO QUASH PLAINTIFF'S NOTICE
OF DEPOSITION OF REDI-MIX, LLC**

Defendant Redi-Mix, LLC ("Redi-Mix") files this Motion to Quash Plaintiff's Seventh

Amended Notice of Oral Deposition of Redi-Mix, LLC ("Notice") for the deposition of Redi-

Mix's corporate representative, scheduled for May 2, 2019 (the "Deposition"). A conference

was held on April 24, 2019 with Boyd Mouse, attorney for opposing party, on the merits of this

motion.    Agreement could not be reached; therefore, it is presented to the Court for

determination.   The Notice should be quashed because the time and place designated in the

Notice is unreasonable under Texas Rule of Civil Procedure 199.2(b)(2).    Specifically, the

Deposition has already been set and noticed three times before and postponed each time by

Plaintiff's counsel:

- February 15, 2019 (Plaintiff's counsel postponed the day before the Deposition);

- March 29, 2019 (Plaintiff's counsel postponed the day before the Deposition); and

- April 2, 2019 (Plaintiff's counsel postponed the day before the Deposition).

Counsel for Plaintiff and counsel for Defendant have attempted to confer regarding a mutually

agreeable time and place for the Deposition on multiple occasions.   Defendant's counsel has

since proposed two additional dates for Deposition: June 8, 2019 and June 22, 2019.   However,

Plaintiff's counsel refused these dates because of the extended timeline.   Yet, the extended

**DEFENDANT'S MOTION TO QUASH PLAINTIFF'S
NOTICE OF DEPOSITION OF REDI-MIX, LLC**



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

timeline is a problem of Plaintiff's own making due to its continual postponement of the Deposition.  It is unreasonable to force Redi-Mix's corporate representative to be deposed on May 2, 2019 when he is not available on that date.  Therefore, this Court should quash Plaintiff's Notice under Texas Rule of Civil Procedure 199.4.

Because this Motion is filed within three business days after service of Plaintiff's Notice on Tuesday, April 23, 2019, the deposition is automatically stayed pursuant to Texas Rule of Civil Procedure 199.4 pending the Court's resolution of this Motion.

WHEREFORE, PREMISES CONSIDERED, Defendant Redi-Mix respectfully requests that the Court quash the Notice of Deposition.

**DEFENDANT'S MOTION TO QUASH PLAINTIFF'S**
**NOTICE OF DEPOSITION OF REDI-MIX, LLC**

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

DATED:  April 25, 2019

**AKIN GUMP STRAUSS HAUER & FELD LLP**

*/s/ M. Scott Barnard*

M. Scott Barnard
Texas Bar No. 24001690
sbarnard@akingump.com
Matthew V. Lloyd
Texas Bar No. 24083404
mvlloyd@akingump.com
2300 N. Field St., Suite 1800
Dallas, Texas 75201
Telephone: (214) 969-4299
Facsimile: (214) 969-4343

**Attorneys for Defendant Redi-Mix LLC**

## CERTIFICATE OF SERVICE

I hereby certify that, on April 25, 2019, a true and correct copy of the above and foregoing document was served on all counsel of record in accordance with the Texas Rules of Civil Procedure.

*/s/ M. Scott Barnard*



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

Filed: 5/15/2019 10:52 AM
Marci A. Gilbert
District Clerk
Cooke County, Texas
Tracy Chauncey

**CAUSE NO. CV18-00515**

| | | |
|---|---|---|
| **STARK RANCH-WEST, LLC** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **COOKE COUNTY, TEXAS** |
| | § | |
| **REDI-MIX, LLC** | § | |
| | § | |
| **Defendant.** | § | **235TH JUDICIAL DISTRICT** |

### DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
### EIGHTH AMENDED NOTICE OF ORAL DEPOSITION OF REDI-MIX, LLC

TO:    Plaintiff Stark Ranch-West, LLC, by and through its counsel of record, Kenneth W. Biermacher, Boyd A. Mouse, and Emily Green, KANE RUSSELL COLEMAN LOGAN PC, 3700 Thanksgiving Tower, 1601 Elm Street, Dallas, Texas, 75201.

Defendant Redi-Mix, LLC ("Redi-Mix") serves the following Objections and Responses to Plaintiff's Eighth Amended Notice of Oral Deposition of Redi-Mix, LLC (the "Notice").

## GENERAL OBJECTIONS

1.    Redi-Mix objects to the extent the topics in the Notice seek information not known by or reasonably available to Redi-Mix. Redi-Mix will designate witnesses in accordance with Texas Rule of Civil Procedure 199.2(b)(1).

2.    Redi-Mix objects to the extent the topics in the Notice seek information protected by the attorney-client privilege, work product privilege, or any other privilege or basis for withholding information recognized under Texas law or the Texas Rules of Evidence and/or Civil Procedure.

3.    Redi-Mix objects to Definition Nos. 2, 3, and 8 to the extent they require Redi-Mix to respond regarding any and all persons or entities "acting or purporting to act" on behalf of the persons or entities identified. This phrase renders the definitions vague and calls for speculation



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

as to whether anyone is acting on behalf of such parties regardless of their authority to do so.

4.      Redi-Mix objects to Definition Nos. 11-15 to the extent they would change the commonly understood meanings of "identify," "describe in detail," and "relate to" or "relating to." Redi-Mix will designate witnesses for the topics using the commonly understood meanings of these phrases.

## RESPONSES AND OBJECTIONS PLAINTIFF'S DEPOSITION TOPICS

1.      **Your efforts to preserve any documents that may be relevant or reasonably calculated to lead to the discovery of admissible evidence regarding the subject matter of the above-referenced action, including but not limited to when you first made efforts to do so and what you have done.**

   **RESPONSE:**

   Redi-Mix designates David Behring to testify on its behalf concerning this topic.

2.      **Your efforts to preserve, search for, and produce the documents requested in Plaintiff's First Requests for Production to you in the above-referenced action, including identification of the documents you have produced that are responsive to each request and any documents you are withholding and the basis for withholding such documents.**

   **RESPONSE:**

   Redi-Mix designates David Behring to testify on its behalf concerning this topic.

3.      **Identification of the Mining Lease, and any amendments or assignments thereof.**

   **RESPONSE:**

   Redi-Mix designates David Behring to testify on its behalf concerning this topic.

4.      **Identification of all surveys or photographs depicting or relating to the Mining Lease Property, the Stark Ranch Property, or the Disputed Property, or any portions thereof.**

   **RESPONSE:**

   Redi-Mix objects to this topic as overbroad to the extent it calls for information that is not known or reasonably available to Redi-Mix.   Subject to and without waiving the foregoing objection, Redi-Mix designates David Behring to testify on its behalf concerning surveys or


A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

photographs prepared, authorized, or consulted by Redi-Mix that depict or relate to the Mining

Lease Property, the Stark Ranch Property, or the Disputed Property, or any portions thereof.

5.  **Prior to your first conducting or allowing any activities on the Disputed Property, your efforts, if any, to determine the boundary of the Mining Lease Property or any portion thereof or the boundary of the Stark Ranch Property or any portion thereof, including but not limited to the portion of the Mining Lease Property, if any, that borders the Stark Ranch Property.**

    **RESPONSE:**

    Redi-Mix designates David Behring to testify on its behalf concerning this topic.

6.  **Subsequent to your first conducting or allowing any activities on the Disputed Property, your efforts to determine the boundary of the Mining Lease Property or any portion thereof, including but not limited to the portion of the Mining Lease Property, if any, that borders the Stark Ranch Property.**

    **RESPONSE:**

    Redi-Mix designates David Behring to testify on its behalf concerning this topic.

7.  **All communications with any person or entity (including but not limited to any internal communications by or among your agents, employees, contractors, attorneys, or representatives) relating to the boundary of the Mining Lease Property or any portion thereof, including but not limited to the portion of the Mining Lease Property, if any, that borders the Stark Ranch Property.**

    **RESPONSE:**

    Redi-Mix objects to this topic as overbroad to the extent it calls for information that is not

known or reasonably available to Redi-Mix.  Redi-Mix objects to the extent this topic explicitly

calls for information protected by the attorney-client and/or work product privilege.  Subject to

and without waiving the foregoing objections, Redi-Mix designates David Behring to testify on

its behalf concerning non-privileged communications to or from Redi-Mix relating to the

boundary of the Mining Lease Property or any portion thereof.

8.  **All communications with any person or entity (including but not limited to any internal communications by or among your agents, employees, contractors, attorneys, or representatives) relating to the boundary of the Stark Ranch Property**



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

**DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
EIGHTH AMENDED NOTICE OF ORAL DEPOSITION OF REDI-MIX, LLC**

or any portion thereof, including but not limited to the portion of the Stark Ranch Property, if any, that borders the Mining Lease Property.

**RESPONSE:**

Redi-Mix objects to this topic as overbroad to the extent it calls for information that is not known or reasonably available to Redi-Mix. Redi-Mix objects to the extent this topic explicitly calls for information protected by the attorney-client and/or work product privilege. Subject to and without waiving the foregoing objections, Redi-Mix designates David Behring to testify on its behalf concerning non-privileged communications to or from Redi-Mix relating to the boundary of the Stark Ranch Property or any portion thereof.

9. **All dates on which you or anyone with your permission were physically present on the Disputed Property or any portion thereof. In other words, all dates on which you or anyone with your permission were physically present to the left of (also generally southwest of) the line that is identified and described as the "Gradient Boundary as surveyed by Nedra Foster, LSLS per survey and plat dated December 2018" on Exhibit "A" attached hereto (also depicted on Exhibit "B" attached hereto), and, in addition to the foregoing, the land highlighted in blue on Exhibit "C" attached hereto.**

   **RESPONSE:**

   Redi-Mix designates David Behring to testify on its behalf concerning this topic.

10. **All activities that you have conducted or allowed to be conducted on the Disputed Property or any portion thereof, including but not limited to deforestation, prospecting, exploring, mining, production, or sales activities thereon.**

    **RESPONSE:**

    Redi-Mix designates David Behring to testify on its behalf concerning this topic.

11. **Identification of all individuals who have been physically present on the Disputed Property on your behalf or with your permission, including but not limited to any contractors or subcontractors.**

    **RESPONSE:**

    Redi-Mix designates David Behring to testify on its behalf concerning this topic.

12. **The volume, amount, or type of timber that you removed or allowed to be removed from the Disputed Property or any portion thereof and the dates thereof, including**

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
EIGHTH AMENDED NOTICE OF ORAL DEPOSITION OF REDI-MIX, LLC



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

estimates regarding the foregoing and any documents, data, or methodology utilized for such estimates.

**RESPONSE:**

Redi-Mix objects to this topic as overbroad to the extent it calls for information that is not

known or reasonably available to Redi-Mix. Subject to and without waiving the foregoing

objection, Redi-Mix designates David Behring to testify on its behalf concerning this topic.

13. **The volume, amount, or type of Material (as defined in the Mining Lease, including Flume Sand and Select Fill as defined in the Mining Lease) that you removed or allowed to be removed from the Disputed Property or any portion thereof and the dates thereof, including estimates regarding the foregoing and any documents, data, or methodology utilized for such estimates.**

**RESPONSE:**

Redi-Mix objects to this topic as overbroad to the extent it calls for information that is not

known or reasonably available to Redi-Mix. Subject to and without waiving the foregoing

objection, Redi-Mix designates David Behring to testify on its behalf concerning this topic.

14. **The volume, amount, or type of any other material (whether or not defined in the Mining Lease) that you removed or allowed to be removed from the Disputed Property or any portion thereof and the dates thereof, including estimates regarding the foregoing and any data, documents, or methodology utilized for such estimates.**

**RESPONSE:**

Redi-Mix objects to this topic as overbroad to the extent it calls for information that is not

known or reasonably available to Redi-Mix. Subject to and without waiving the foregoing

objection, Redi-Mix designates David Behring to testify on its behalf concerning this topic.

15. **With regard to any timber that you removed or allowed to be removed from the Disputed Property or any portion thereof, the sale or use of such timber, including but not limited to the identification of, the particular use or product for which the timber was used or made part of, the purchaser or user, and the sales price or other consideration received.**

**RESPONSE:**

Redi-Mix objects to this topic as overbroad to the extent it calls for information that is not

**DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S EIGHTH AMENDED NOTICE OF ORAL DEPOSITION OF REDI-MIX, LLC**



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

known or reasonably available to Redi-Mix. Subject to and without waiving the foregoing

objection, Redi-Mix designates David Behring to testify on its behalf concerning this topic.

**16.**     **With regard to any Material (as defined in the original Mining Lease, including Flume Sand and Select Fill as defined in the Mining Lease) that you removed or allowed to be removed from the Disputed Property or any portion thereof, the amount of the Tonnage Royalties (as defined and calculated in the Mining Lease) accrued or paid regarding such Material under the mining Lease, including but not limited to the amount of the Tonnage Royalties accrued or paid before deduction of any Advance Royalties (as defined in the original Mining Lease).**

<u>**RESPONSE:**</u>
Redi-Mix objects to this topic as overbroad to the extent it calls for information that is not

known or reasonably available to Redi-Mix. Subject to and without waiving the foregoing

objection, Redi-Mix designates David Behring to testify on its behalf concerning this topic.

**17.**     **With regard to any Material (as defined in the Mining Lease, including Flume Sand and Select Fill as defined in the Mining Lease) that you removed or allowed to be removed from the Disputed Property or any portion thereof, the sale or use of such Material, including but not limited to the identification of the particular use or product into which the material was made a part of, the purchaser or user, and the sale price or other consideration received.**

<u>**RESPONSE:**</u>
Redi-Mix objects to this topic as overbroad to the extent it calls for information that is not

known or reasonably available to Redi-Mix. Subject to and without waiving the foregoing

objection, Redi-Mix designates David Behring to testify on its behalf concerning this topic.

**18.**     **With regard to any other material (whether or not defined in the Mining Lease) that you removed or allowed to be removed from the Disputed Property or any portion thereof, the sale or use of such material, including but not limited to the identification of the particular use or product into which the material was made a part of, the purchaser or user, and the sale price or other consideration received.**

<u>**RESPONSE:**</u>
Redi-Mix objects to this topic as overbroad to the extent it calls for information that is not

known or reasonably available to Redi-Mix. Subject to and without waiving the foregoing

objection, Redi-Mix designates David Behring to testify on its behalf concerning this topic.

**DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S**
**EIGHTH AMENDED NOTICE OF ORAL DEPOSITION OF REDI-MIX, LLC**



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

19.     **Whether you contend or believe that you cannot accurately segregate or differentiate the Material (as defined in the Mining Lease, including Flume Sand and Select Fill as defined in the Mining Lease) you removed or allowed to be removed from the Disputed Property from the Material removed from any other property that you believe is subject to the Mining Lease and the reasons for such contention or belief.**

     **RESPONSE:**
     Redi-Mix designates David Behring to testify on its behalf concerning this topic.

20.     **Identification of all records furnished to the Lessor (as defined in the Mining Lease) that are referenced in the last sentence of Section 4 of the Mining Lease.**

     **RESPONSE:**
     Redi-Mix objects to this topic as overbroad to the extent it calls for information that is not known or reasonably available to Redi-Mix.   Subject to and without waiving the foregoing objection, Redi-Mix designates David Behring to testify on its behalf concerning records furnished to the Lessor by Redi-Mix.

21.     **All communications with any person or entity (including but not limited to any internal communications by or among your agents, employees, contractors, attorneys, or representatives) relating to the calculation of Tonnage Royalties (as defined in the Mining Lease) under the Mining Lease.**

     **RESPONSE:**
     Redi-Mix objects to this topic as overbroad to the extent it calls for information that is not known or reasonably available to Redi-Mix.   Redi-Mix objects to the extent this topic explicitly calls for information protected by the attorney-client and/or work product privilege.   Subject to and without waiving the foregoing objections, Redi-Mix designates David Behring to testify on its behalf concerning non-privileged communications to or from Redi-Mix relating to the calculation of Tonnage Royalties under the Mining Lease.

22.     **All communications with any person or entity (including but not limited to any internal communications by or among your agents, employees, contractors, attorneys, or representatives) relating to the volume, amount, or type of all Material (as defined in the Mining Lease, including Flume Sand and Select Fill as defined in the Mining Lease) you removed or allowed to be removed from the property that**

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
EIGHTH AMENDED NOTICE OF ORAL DEPOSITION OF REDI-MIX, LLC



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

you believe is subject to the Mining Lease.

**RESPONSE:**

Redi-Mix objects to this topic as overbroad to the extent it calls for information that is not

known or reasonably available to Redi-Mix.  Redi-Mix objects to the extent this topic explicitly

calls for information protected by the attorney-client and/or work product privilege.  Subject to

and without waiving the foregoing objections, Redi-Mix designates David Behring to testify on

its behalf concerning non-privileged communications to or from Redi-Mix relating to the

volume, amount or type of all Material that Redi-Mix removed or allowed to be removed from

the property Redi-Mix contends is subject to the Mining Lease.

23.     **All communications with the Stark Ranch relating to the Stark Ranch Property, the
        Mining Lease Property, the Mining Lease, the Disputed Property, or any activities
        conducted under the Mining Lease on the property that you believe is subject to the
        Mining Lease.**

    **RESPONSE:**

Redi-Mix objects to this topic as overbroad to the extent it calls for information that is not

known or reasonably available to Redi-Mix.  Subject to and without waiving the foregoing

objection, Redi-Mix designates David Behring to testify on its behalf concerning

communications to or from Redi-Mix with the Stark Ranch relating to the Stark Ranch Property,

the Mining Lease Property, the Mining Lease, the Disputed Property, or any activities conducted

by Redi-Mix under the Mining Lease on the property that Redi-Mix contends is subject to the

Mining Lease.

24.     **All communications with the Yarbrough Parties relating to the Stark Ranch
        Property, the Mining Lease Property, the Mining Lease, the Disputed Property, or
        any activities conducted under the Mining Lease on the property that you believe is
        subject to the Mining Lease.**

    **RESPONSE:**

Redi-Mix objects to this topic as overbroad to the extent it calls for information that is not

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
EIGHTH AMENDED NOTICE OF ORAL DEPOSITION OF REDI-MIX, LLC



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

known or reasonably available to Redi-Mix. Subject to and without waiving the foregoing objection, Redi-Mix designates David Behring to testify on its behalf concerning communications to or from Redi-Mix with the Yarbrough Parties relating to the Stark Ranch Property, the Mining Lease Property, the Mining Lease, the Disputed Property, or any activities conducted by Redi-Mix under the Mining Lease on the property that Redi-Mix contends is subject to the Mining Lease.

25.    **All facts supporting or relating to your affirmative defense of failure to state a claim upon which relief can be granted.**

   **RESPONSE:**

   Redi-Mix objects to the extent this topic would require Redi-Mix to marshal all of its available proof in advance of trial. Subject to and without waiving the foregoing objection, Redi-Mix designates David Behring to testify on its behalf concerning this topic.

26.    **All facts supporting or relating to your affirmative defense of waiver.**

   **RESPONSE:**

   Redi-Mix objects to the extent this topic would require Redi-Mix to marshal all of its available proof in advance of trial. Subject to and without waiving the foregoing objection, Redi-Mix designates David Behring to testify on its behalf concerning this topic.

27.    **All facts supporting or relating to your affirmative defense of estoppel.**

   **RESPONSE:**

   Redi-Mix does not assert an affirmative defense of estoppel in its First Amended Answer. Accordingly, Redi-Mix does not designate a representative to testify concerning this topic.

28.    **All facts supporting or relating to your affirmative defense of equitable estoppel.**

   **RESPONSE:**

   Redi-Mix does not assert an affirmative defense of equitable estoppel in its First Amended Answer. Accordingly, Redi-Mix does not designate a representative to testify concerning this



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

topic.

29.     **All facts supporting or relating to your affirmative defense of promissory estoppel.**

**RESPONSE:**

Redi-Mix does not assert an affirmative defense of promissory estoppel in its First Amended Answer. Accordingly, Redi-Mix does not designate a representative to testify concerning this topic.

30.     **All facts supporting or relating to your affirmative defense of collateral estoppel.**

**RESPONSE:**

Redi-Mix does not assert an affirmative defense of collateral estoppel in its First Amended Answer. Accordingly, Redi-Mix does not designate a representative to testify concerning this topic.

31.     **All facts supporting or relating to your affirmative defense of quasi-estoppel.**

**RESPONSE:**

Redi-Mix objects to the extent this topic would require Redi-Mix to marshal all of its available proof in advance of trial. Subject to and without waiving the foregoing objection, Redi-Mix designates David Behring to testify on its behalf concerning this topic.

32.     **All facts supporting or relating to your affirmative defense of judicial estoppel.**

**RESPONSE:**

Redi-Mix does not assert an affirmative defense of judicial estoppel in its First Amended Answer. Accordingly, Redi-Mix does not designate a representative to testify concerning this topic.

33.     **All facts supporting or relating to your affirmative defense of laches.**

**RESPONSE:**

Redi-Mix objects to the extent this topic would require Redi-Mix to marshal all of its



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

available proof in advance of trial.  Subject to and without waiving the foregoing objection, Redi-Mix designates David Behring to testify on its behalf concerning this topic.

**34.     All facts supporting or relating to your affirmative defense of the statute of limitations.**

**RESPONSE:**

Redi-Mix objects to the extent this topic would require Redi-Mix to marshal all of its available proof in advance of trial.  Subject to and without waiving the foregoing objection, Redi-Mix designates David Behring to testify on its behalf concerning this topic.

**35.     All facts supporting or relating to your affirmative defense of the statute of repose.**

**RESPONSE:**

Redi-Mix objects to the extent this topic would require Redi-Mix to marshal all of its available proof in advance of trial.  Subject to and without waiving the foregoing objection, Redi-Mix designates David Behring to testify on its behalf concerning this topic.

**36.     All facts supporting or relating to any other affirmative defense that you assert in the in the above-referenced action.**

**RESPONSE:**

Redi-Mix objects to the topic as vague and ambiguous to the extent it refers to future affirmative defenses that Redi-Mix has not asserted.   Subject to and without waiving the foregoing objection, Redi-Mix designates David Behring to testify on its behalf concerning this topic.

**37.     The amount and method of calculation of the Average Local Sales Price (as defined in the Mining Lease) for each month that the Mining Lease has been in effect.**

**RESPONSE:**

Redi-Mix designates David Behring to testify on its behalf concerning this topic.

**38.     Whether you intend to conduct any future mining activities or any other activities on the Disputed Property and, if so, what you intend to do and when.**

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
EIGHTH AMENDED NOTICE OF ORAL DEPOSITION OF REDI-MIX, LLC



A CERTIFIED COPY
MARCIA A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

**RESPONSE:**

Redi-Mix designates David Behring to testify on its behalf concerning this topic.

39.     **The amount and method of calculation of Tonnage Royalties (as defined in the Mining Lease) under the Mining Lease, including but not limited to the amount of Tonnage Royalties accrued or paid before deduction of any Advance Royalties (as defined in the Mining Lease).**

**RESPONSE:**

Redi-Mix designates David Behring to testify on its behalf concerning this topic.

40.     **The volume, amount, or type of all Material (as defined in the Mining Lease, including Flume Sand and Select Fill as defined in the Mining Lease) you removed or allowed to be removed from the property that you believe is subject to the Mining Lease.**

**RESPONSE:**

Redi-Mix designates David Behring to testify on its behalf concerning this topic.

41.     **With regard to all Material (as defined in the Mining Lease, including Flume Sand and Select Fill as defined in the Mining Lease) you removed or allowed to be removed from the property that you believe is subject to the Mining Lease, the sale or use of such Material, including but not limited to the identification of the particular use or product into which the material was made a part of, the purchaser or user, and the sale price or other consideration received.**

**RESPONSE:**

Redi-Mix objects to this topic as overbroad to the extent it calls for information that is not known or reasonably available to Redi-Mix.   Subject to and without waiving the foregoing objection, Redi-Mix designates David Behring to testify on its behalf concerning this topic.



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By   CODY SHIRES, Deputy

DATED:  May 15, 2019

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

/s/ M. Scott Barnard
M. Scott Barnard
Texas Bar No. 24001690
sbarnard@akingump.com
Matthew V. Lloyd
Texas Bar No. 24083404
mvlloyd@akingump.com
2300 N. Field Street, Suite 1800
Dallas, Texas 75201
Telephone no.: 214-969-4299
Facsimile no.: 214-969-4343

*Attorneys for Defendant Redi-Mix LLC*

## CERTIFICATE OF SERVICE

I hereby certify that, on May 15, 2019, a true and correct copy of the above and foregoing document was served on all counsel of record in accordance with the Texas Rules of Civil Procedure.

/s/ M. Scott Barnard
M. Scott Barnard



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

Filed: 6/14/2019 5:58 PM
Marci A. Gilbert
District Clerk
Cooke County, Texas
Melissa Gann

CAUSE NO. CV18-00515

| | | |
|---|---|---|
| STARK RANCH-WEST, LLC | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | 235th JUDICIAL DISTRICT |
| | § | |
| REDI-MIX, LLC | § | |
| | § | |
| Defendant. | § | COOKE COUNTY, TEXAS |

## PLAINTIFF'S SECOND AMENDED PETITION

Stark Ranch-West, LLC ("Stark Ranch") files its Second Amended Petition against Redi-Mix, LLC ("Redi-Mix") and respectfully states to the Court as follows:

### I.
### DISCOVERY CONTROL PLAN AND RULE 47 STATEMENT

1. Stark Ranch intends to conduct discovery under Level 2 discovery control plan, as provided by of Rule 190.3 of the Texas Rules of Civil Procedure ("TRCP"). At this time, Stark Ranch seeks monetary relief over $1,000,000.

### II.
### PARTIES

2. Stark Ranch is a domestic limited liability company organized under the laws of the State of Texas.

3. Redi-Mix is a domestic limited liability company organized under the laws of the State of Texas. Redi-Mix has appeared herein and is before the Court for all purposes.

### III.
### JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over this cause because the amount in controversy is within the Court's jurisdictional limit.

5. This Court has personal jurisdiction over Redi-Mix because it is a Texas entity, does



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

business in Texas, and/or has had minimum contacts with Texas such that the maintenance of this lawsuit in Texas does not offend traditional notions of fair play and substantial justice.

6.      Venue is mandatory in Cooke County, Texas because this action is for recovery of damages to real property located in Cooke County, Texas.[1]  Alternatively, venue is proper in Cooke County, Texas because all or a substantial part of the events or omissions giving rise to the claims herein occurred in Cooke County, Texas.[2]

## IV.
## STATEMENT OF FACTS

7.      As mentioned above, Redi-Mix, a domestic limited liability company with its principal place of business located at 331 N. Main Street Euless, Texas 76039, operates various mining activities.

8.      The activities involved in this suit concern the physical incursion by Redi-Mix onto the real property of Stark Ranch located in Cooke County, Texas.  Redi-Mix's actions constitute trespass upon the Stark Ranch located in Cooke County, Texas and the conversion by Redi-Mix of property (sand) owned by Stark Ranch or its predecessor.

9.      On or about May 31, 2018, Stark Ranch closed on its purchase of a tract of real property located in Cooke County, from Paul Parker Yarbrough, Jr. and Joanne Keeter (collectively, "Sellers").  A true and correct legal description of the real estate purchased from Sellers is attached hereto as **Exhibit "A."**  In connection with such transaction, Stark Ranch engaged a licensed state land surveyor and registered professional land surveyor to determine the property's gradient boundary line along the Red River relying on a concept and methodology developed in United States Supreme Court opinion *State of Oklahoma v. State of Texas*, 260 U.S. 606 (1923)).  Such survey revealed

---

[1]  TEX. CIV. PRAC. & REM. CODE § 15.011.
[2]  *Id.* § 15.002(a)(1).



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

that Red-Mix's trespass and mining activities had artificially altered the gradient boundary of the Seller's property along a portion of the Red River.  The real property the subject of **Exhibit "A"**, along with the land highlighted in blue on **Exhibit "A-1"** attached hereto that depicts the artificial alteration of the gradient boundary due to Redi-Mix's trespass and conversion of sand, are collectively referred to hereafter as the "Property."

10.     As a part of the purchase of the Property, the Sellers assigned to Stark Ranch certain causes of action previously owned by Sellers ("Assignment"), a true copy of which is attached as **Exhibit "B**."

11.     Upon information and belief, a mining lease was executed on June 3, 2011 by and among various parties.  A true copy of the original mining lease is attached hereto as **Exhibit "C"** ("Mining Lease").  The Mining Lease was subsequently amended and assigned to Redi-Mix on September 30, 2013, and Redi-Mix constructed a sand mining and processing facility across the Red River from the Property.  A true and correct copy of the Memorandum of Lease Assignment and Amendment of Mining Lease is attached hereto as **Exhibit "D"** ("Assigned Lease").

12.     In or around 2015, Redi-Mix first began to trespass on the Property and to mine and convert sand from the Property.  Thereafter, upon the discovery of the same by the Sellers and over the objections of the Sellers, and the Property having been posted "No Trespass," Redi-Mix continued to trespass on the Property, mine sand from the Property, and convert the sand to its own possession, ownership, use, and profit.  During that time, Redi-Mix also placed cables on the Property and deforested timber and other vegetation from the Property without authorization.

13.     On or about June 8, 2018, Steve Schmitz, Vice President of Stark Ranch, left a voicemail on the direct telephone line of David Behring ("Behring") requesting that Behring return the call for purposes of discussing Redi-Mix's wrongful incursion and conversion on the Property. Behring, upon information and belief, was Redi-Mix's president.



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

14.     Only after Stark Ranch's legal counsel sent Behring a letter on June 15, 2018 regarding the trespass and conversion did Behring respond with his willingness to converse about the actions Schmitz complained about on behalf of Stark Ranch.

15.     On or about June 21, 2018, Behring met with Schmitz in Cooke County for purposes of discussing the concerns of Stark Ranch and also to overfly the areas of concern.  During the meeting, Schmitz advised Behring that Redi-Mix was trespassing upon the Property and wrongfully converting sand from the Property.  Behring requested information regarding the methodology used in determining that Redi-Mix was trespassing on the Property. Schmitz agreed to provide Behring with the requested information.

16.     Following their meeting in Cooke County, Schmitz sent Behring an email on June 25, 2018, whereby he explained to Behring that Stark Ranch engaged a licensed state land surveyor and registered professional land surveyor to determine the Property's gradient boundary line along the Red River.  Schmitz further explained that the expert surveyor determined the Property's gradient boundary lines relying on a concept and methodology developed in United States Supreme Court opinion *State of Oklahoma v. State of Texas*, 260 U.S. 606 (1923)).  A true and correct copy of the June 25, 2018 email is attached as **Exhibit "E."**

17.     On July 9, 2018, Behring responded to Schmitz's earlier email, disagreeing with the surveyor's findings and suggesting that a Red River Boundary Compact (the "Compact") rule, not the surveyor's methodology, should have been used in determining the Property boundary line.  A true and correct copy of the July 9, 2018 email is attached as **Exhibit "F."**

18.     On July 18, 2018, Schmitz sent a follow-up email to Behring, explaining that the Compact did not apply when determining the location of the Property's boundary lines because the text of the Compact explicitly states that it is not the governing authority to establish boundaries of private landowners.  A true and correct copy of the July 18, 2018 email is attached as **Exhibit "G."**



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

19.     Upon receiving no substantive response from Behring, Stark Ranch filed this action. Even after Stark Ranch filed this action and served Redi-Mix with process, upon information and belief, Redi-Mix continued to trespass on and mine sand from the Property for a period of time.

## V.
## CAUSES OF ACTION

### COUNT I: INTENTIONAL TRESPASS

20.     Stark Ranch incorporates by reference all allegations contained above as if fully set forth herein.

21.     Stark Ranch became the owner of the Property when it was purchased from Sellers on May 31, 2018. In connection with said purchase, Sellers assigned to Stark Ranch its rights to sue, including its right to sue Redi-Mix.[3] In or around 2015, Redi-Mix began physically, intentionally, and voluntarily trespassing on the Property. More specifically, Redi-Mix entered the Property without authorization and mined sand. During that time, it also placed cables on the Property and deforested timber and other vegetation from the Property without authorization.

22.     Redi-Mix knew or should have known that it was entering on the Property and that it was doing so without authorization. Additionally and/or alternatively, Redi-Mix trespassed on the Property and/or converted sand therefrom willfully and/or in bad faith.

23.     Redi-Mix's unauthorized, intentional trespass on the Property has caused injury or damage to the Property, the Sellers, and/or Stark Ranch for which Stark Ranch is entitled to recover. Stark Ranch seeks all damages available under applicable law, including but not limited to damages for cost of restoration or repair, loss of use of the land, loss of expected profits from the use of the land, loss of market value of land, and the intrinsic value of trees and plants. Further, Stark Ranch seeks damages for the amount of any enhanced value of the sand, without any

---

[3] *See* Exhibit B.

**PLAINTIFF'S SECOND AMENDED PETITION – Page 5**


A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

deduction for any expenses incurred by Redi-Mix or for any value added to the sand by its inclusion in any final product, including but not limited to damages in the full amount of the sales prices of any final concrete product sold by Redi-Mix that included the sand.

24.     Further, the harm with respect to which Stark Ranch seeks recovery resulted from Redi-Mix's malice and/or gross negligence, and Stark Ranch seeks exemplary damages from Redi-Mix.

## COUNT II: NEGLIGENT TRESPASS

25.     Stark Ranch incorporates by reference all allegations contained above as if fully set forth herein.

26.     In the event that an intentional trespass is not found, Stark Ranch alternatively asserts that Redi-Mix owed a duty to Sellers and Stark Ranch to not trespass on the Property.

27.     Redi-Mix breached this duty by failing to ascertain whether or not it was mining on the Sellers' or Stark Ranch's property.  Redi-Mix further breached this duty by failing to ascertain whether or not it was deforesting timber and other vegetation from the Property.

28.     Redi-Mix's negligent acts are the proximate cause of damage to the Sellers and/or Stark Ranch, and Stark Ranch seeks all damages available under applicable law.

29.     Further, the harm with respect to which Stark Ranch seeks recovery resulted from Redi-Mix's malice and/or gross negligence, and Stark Ranch seeks exemplary damages from Redi-Mix.

## COUNT III: CONVERSION OF SAND

30.     Stark Ranch incorporates by reference all allegations contained above as if fully set forth herein.

31.     The Sellers and/or Stark Ranch owned the sand on the Property. Redi-Mix wrongfully exercised dominion and control over the sand on the Property, and the Sellers and Stark



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

Ranch have suffered injury. Accordingly, Stark Ranch is entitled to recover all damages caused by Redi-Mix's conversion of the sand from the Property, and Stark Ranch seeks all damages available under applicable law, including but not limited to loss of value (including fair market value plus interest and/or highest market value plus interest), and lost profits.

32.     Further, the harm with respect to which Stark Ranch seeks recovery resulted from Redi-Mix's malice and/or gross negligence, and Stark Ranch seeks exemplary damages from Redi-Mix.

## COUNT IV: REQUEST FOR DECLARATORY RELIEF

33.     Stark Ranch incorporates by reference all allegations contained above as if fully set forth herein.

34.     Pursuant to chapter 37 of the Texas Civil Practice & Remedies Code ("TCPRC"), Stark Ranch requests the Court to enter a Declaratory Judgment declaring, in whole or in part, one or more of the following:

    (a)    The Red River Boundary Compact ("Compact") does not apply to the determination of the boundary of the Property because the Compact explicitly states that it does not interfere with or otherwise affect private property rights or title to property.

35.     A controversy exists between the parties as to whether the Compact applies in determining the Property's boundary lines. Stark Ranch seeks these declarations in order to afford it relief from the uncertainty with respect to the Compact's application to this matter.

## VI.
## APPLICATION FOR INJUNCTIVE RELIEF

36.     Stark Ranch incorporates by reference all allegations contained above as if fully set forth herein.

37.     Additionally and/or alternatively, pursuant to Chapter 65 of the TCPRC and Rule 680 of the TRCP, Stark Ranch seeks injunctive relief against Redi-Mix.



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

38.     Stark Ranch has demonstrated a probable right to relief and a likelihood of success on the merits.

39.     By reason of the acts and practices of Redi-Mix, as more fully set forth herein above, Stark Ranch is suffering, and continues to suffer, incalculable financial loss and great and irreparable injuries to its Property for which it has no adequate remedy at law.

40.     An eminent threat exists that Redi-Mix will continue to trespass upon the Property and convert sand from the Property for its own possession, ownership, use, and profit, without authorization.

41.     Unless Redi-Mix is enjoined from doing so, Stark Ranch will be irreparably harmed because, among other things, damages are not presently ascertainable and/or presently cannot be measured by any certain pecuniary standard.

42.     Further, pursuant to section 65.011(5) of the TCPRC, Stark Ranch has a statutory right to an injunction for the threatened irreparable injury to the Property, irrespective of any remedy at law.

43.     By virtue of the foregoing, a balancing of the equities favors the issuance of a Temporary Restraining Order and Temporary Injunction against Redi-Mix.  Stark Ranch respectfully prays that this Court issue a Temporary Restraining Order and that Redi-Mix, its agents, officers, directors, employees, and any other person or entity acting in concert with or on behalf of Redi-Mix who receive actual notice of the Court's Order by service or otherwise, be ordered, in whole or in part, as follows:

    **(a)**     Redi-Mix shall desist and refrain from entering the Property and from altering, modifying, removing, and/or destroying any sand, timber, or vegetation on the Property.

44.     Stark Ranch is ready and willing to post an appropriate bond set by the Court.  Stark Ranch further requests that the Court schedule a hearing at which time Redi-Mix should be required


A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

to appear and show cause why a Temporary Injunction should not be issued prohibiting Redi-Mix's activities through the time of trial, and that, upon such hearing, a Temporary Injunction be issued prohibiting Redi-Mix's activities to the time of trial and, thereafter, a Permanent Injunction upon final trial, to restrain Redi-Mix from the foregoing activities.

## VII.
## REQUEST FOR ATTORNEYS' FEES

45.     Stark Ranch incorporates by reference all allegations contained above as if fully set forth herein.

46.     As a result of Redi-Mix's conduct, Stark Ranch has retained the services of Kane Russell Coleman Logan PC, licensed attorney's to enforce its rights and protect its legal interests. Stark Ranch has agreed to pay Kane Russell Coleman Logan PC reasonable and necessary attorney's fees and expenses.  Pursuant to section 37.009 of the TCPRC and other applicable law, Stark Ranch is entitled to recover from Redi-Mix its reasonable and necessary attorneys' fees, court costs, and expenses in pursuing this action.

## VIII.
## CONDITIONS PRECEDENT

47.     All conditions precedent to recovery for the relief sought herein have been performed, have occurred, or have been satisfied.

## IX.
## DISCOVERY RULE AND OTHER DOCTRINES

48.     In response to any statute of limitations, statute of repose, or similar defenses asserted by Redi-Mix, Stark Ranch pleads the discovery rule as to all claims.  Additionally and/or alternatively, Stark Ranch pleads the continuing tort doctrine as to all claims.  Redi-Mix committed ongoing or repeated trespasses or conversions and/or a series or succession of trespasses or



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By :  CODY SHIRES, Deputy

conversions regarding the Property and the sand thereon. Each day that the foregoing were committed creates a separate cause of action.

## X.
## PRAYER

WHEREFORE, Plaintiff Stark Ranch requests that Redi-Mix be cited to appear and answer herein and, upon final hearing of this cause, the Court enter a judgment in favor of Stark Ranch against Redi-Mix for the following:

a.  Declaratory relief as requested herein;

b.  Injunctive relief as requested herein;

c.  Judgment against Redi-Mix for damages in an amount proven at trial or hearing within this Court's jurisdictional limits;

d.  Pre-and post-judgment interest as allowed by law;

e.  Reasonable and necessary attorneys' fees;

f.  Costs of court;

g.  Such other and further relief to which Stark Ranch may be justly entitled.

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**
1601 Elm Street, Suite 3700
Dallas, Texas 75201
(214) 777-4200 / Fax (214) 777-4299

By: *s/ Boyd A. Mouse*
    Kenneth W. Biermacher
    State Bar No. 02302400
    Boyd A. Mouse
    State Bar No. 24003949
    Emily Green
    State Bar No. 24106027

**ATTORNEYS FOR PLAINTIFF**



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served this 14th day of June, 2019 on all counsel of record via the Court's electronic filing service.

*Boyd A. Mouse*
Boyd A. Mouse

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

# EXHIBIT "A"



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

Doc
00083601

Bk
OPR

Vol
2197

Pg
464

# Exhibit "A"

**Tract One:**

FIELD NOTES TO 2022.20 ACRES IN THE B.B.B. & C.R.R. CO. SURVEY ABSTRACT 156,
ET AL, COOKE COUNTY, TEXAS

All that certain tract or parcel of land situated in the B.B.B. & C.R.R. Co.
Survey Abstract 156, the J.P. Havins Survey Abstract 455, the C. Hart Survey
Abstract 461, the S.B. Murrell Survey Abstract 1420, the W.H. Donham Survey
Abstract 1479, the B.B.B. & C.R.R. Co. Survey Abstract 177, the S.E. Clements
Survey Abstract 264, the R. McFall Survey Abstract 674, the J.N. Wright
Survey Abstract 1535. the J.G. Jones Survey Abstract 1206, the A. Elston
Survey Abstract 351, the J.S.H. Donham Survey Abstract 1244, the C.E. Fallis
Survey Abstract 1516, the S.B. Murrell Survey Abstract 1491, the David Smith
Survey Abstract 173, the Thomas Wright Survey Abstract 1156, the
B.A. Stanford Survey Abstract 1445, the A. Hodge Survey Abstract 1388, the
J.N. Murrell Survey Abstract 1525, the B.C. Forbes Survey Abstract 1614, the
V.A. Howeth Survey Abstract 1631, the McKinney and Williams Survey Abstract
755, and the Jacob Spears Survey Abstract 915, Cooke County, Texas, being all
of a called 1546 acre tract conveyed by Laura Josephine Jones to Frances
Yarbrough by deed recorded in Volume 325, page 110 of the Cooke County Deed
Records, being a part of a called 530 acre tract described in a deed from
Laura Josephine Jones to Frances Yarbrough recorded in Volume 371, page 3 of
said Deed Records, and being all of a 0.91 acre tract conveyed by Robert T.
Lewis, et ux to Paul Yarbrough, et ux by deed recorded in Volume 719, page
629 of said Deed Records, and being more particularly described as follows:

BEGINNING at a set steel pin on the West line of said 530 acre tract located
North 00 degrees 06 minutes 46 seconds West, a distance of 62.31 feet from
the Southwest corner of said 530 acre tract, on the Northwesterly line of
F.M. Road 1202 which was the right-of-way for McKinley Avenue during the Camp
Howze period, and was granted by the USA to Cooke County by deed recorded in
Volume 322, page 114 of said Deed Records, said point also being the
Southeast corner of a tract conveyed to Mollie Eaton by deed recorded in
Volume 1448, page 314 of the Cooke County Official Public Records;

THENCE North 00 degrees 06 minutes 46 seconds West, with the West line of
said Yarbrough tract, along and near a fence, passing the Northeast corner of
said Mollie Eaton tract, same being a Southeast corner of a tract described
in a deed to Karl Trubenbach Land LP recorded in Volume 2049, page 702 of the
Cooke County Official Public Records, continuing and passing the Northwest
corner of said 530 acre tract, same being the Southwest corner of said 1546
acre tract, continuing with the West line of said 1546 acre tract and passing
a Northeast corner of said Trubenbach Land LP, same being the Southeast
corner of a tract described in a deed to James Martin Lewis recorded in
Volume 866, page 141 of said Deed Records, continuing with said West line of
Yarbrough tract and the East line of previously said Lewis tract, and passing
the Lewis tract's Northeast corner, common to the Southeast corner of a tract
described as Exhibit C in a deed to Robert Lewis, III recorded in said Volume
866, page 141 of said Deed Records, continuing and passing the Westernmost
Northwest corner and the North corner of said 0.91 acre tract, (said North
corner being on the Northeast line of a called 20.89 acre tract described in
a deed from W.P. Clements, Jr., Governor of the State of Texas, et al to
Robert T. Lewis, Jr., et ux recorded in Volume 666, page 421 of said Deed
Records), continuing and passing the Northeast corner of said Robert Lewis
tract, common to the Southeast corner of a tract described in a deed to
F. Michael Sparks recorded in Volume 1404, page 169 of said Public Records,
continuing with said common line a total distance of 13,649.55 feet to a
square pipe found at a fence corner at the Northeast corner of said Sparks
tract, common to the Southeast corner of a tract conveyed to Ken Fomby by
deed recorded in Volume 1139, page 603 of said Public Records;

THENCE North 00 degrees 08 minutes 28 seconds West, along and near a fence,
continuing with the West line of said Yarbrough tract, a distance of
5629.45 feet to a wooden fence corner at the Northwest corner of said 1!
tract, on the North line of said Wright Survey, common to the South line
the T. Booker Survey Abstract 72;

A CERTIFIED COPY
MARC A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

**EXHIBIT A**

Page 1 of 3

Doc                Bk            Vol        Pg
00083601           OPR           2197       465

BBB & CRR Co Su
2022.20 ac. tr.                                              Pg. 2 of 3
Abstract 156, et al

THENCE South 89 degrees 24 minutes 42 seconds East, with said common survey
line, along a fence, a distance of 267.14 feet to the Northwest corner of
said Jones Survey, common to the Northeast corner of said Wright Survey and
said Yarbrough tract;

THENCE Southeasterly, with the East line of said Yarbrough tract and the
South bank of said Red River as evidenced by the calls in the various survey
patents which bounds the Red River in the Yarbrough deed, the following
courses and distances:
    South 34 degrees 41 minutes 44 seconds East, a distance of 151.47 feet;
    South 25 degrees 43 minutes 04 seconds East, a distance of 172.40 feet;
    South 33 degrees 01 minute 58 seconds East, a distance of 250.53 feet;
    South 22 degrees 36 minutes 13 seconds East, a distance of 265.49 feet;
    South 43 degrees 47 minutes 51 seconds East, a distance of 1181.31 feet;
    South 34 degrees 06 minutes 03 seconds East, a distance of 700.18 feet;
    South 41 degrees 25 minutes 24 seconds East, a distance of 1083.85 feet;
    South 39 degrees 56 minutes 49 seconds East, passing the Southeast corner
    of said Jones Survey, common to the Northwest corner of said Elston
    Survey and continuing a total distance of 698.65 feet;
    South 36 degrees 32 minutes 15 seconds East, a distance of 340.94 feet;
    South 38 degrees 45 minutes 04 seconds East, a distance of 193.10 feet;
    South 39 degrees 00 minutes 39 seconds East, a distance of 889.95 feet
    to a corner on the gradient boundary of the Red River as surveyed by
    Nedra Foster, LSLS on February 2018;

THENCE continuing along the gradient boundary the following calls and
distances;
    South 39 degrees 32 minutes 10 second East, a distance of 385.33 feet
    South 36 degrees 08 minutes 07 seconds East, a distance of 234.02 feet;
    South 38 degrees 10 minutes 44 seconds East, passing the Northeast corner
    of said Elston Survey, common to the North corner of said Smith Survey
    and continuing a total distance of 297.68 feet;
    South 35 degrees 37 minutes 50 seconds East, a distance of 286.67 feet;
    South 35 degrees 41 minutes 43 seconds East, a distance of 253.65 feet;
    South 34 degrees 19 minutes 49 seconds East, a distance of 148.95 feet;
    South 42 degrees 22 minutes 03 seconds East, a distance of 123.17 feet;
    South 43 degrees 37 minutes 31 seconds East, a distance of 265.24 feet;
    South 45 degrees 34 minutes 58 seconds East, a distance of 208.61 feet;
    South 47 degrees 46 minutes 27 seconds East, a distance of 321.40 feet;
    South 52 degrees 07 minutes 30 seconds East, a distance of 262.24 feet;
    South 60 degrees 46 minutes 51 seconds East, a distance of 67.60 feet;
    South 66 degrees 06 minutes 17 seconds East, a distance of 172.92 feet
    to the Northeast corner of said Yarbrough tract, on the West line of the
    G.C. & S.F. Railroad;
THENCE Southerly, with the East line of said Yarbrough tract, common to the
West line of said railroad, the following courses and distances:
    South 36 degrees 08 minutes 23 seconds West, a distance of 546.05 feet
    to a set steel pin at the beginning of a curve;
    Southwesterly, 1767.07 feet along a curve to the left having a radius
    of 1985.08 feet and a chord of South 10 degrees 38 minutes 08 seconds
    West, a distance of 1709.47 feet to a set steel pin at the end of said
    curve;
    South 14 degrees 52 minutes 08 seconds East, a distance of 500.86 feet
    to a set steel pin at the beginning of a curve;
    Southeasterly, 598.85 feet along a curve to the right having a radius of
    1835.08 feet and a chord of South 05 degrees 31 minutes 08 seconds East,
    a distance of 596.27 feet to a set steel pin at the end of said curve;
    South 03 degrees 49 minutes 52 seconds West, a distance of 1893.14 feet
    to a set steel pin at the beginning of a curve;
    Southeasterly, 641.36 feet along a curve to the left having a radius
    of 2939.93 feet and a chord of South 02 degrees 25 minutes 08 seconds
    East, a distance of 640.12 feet to a set steel pin at the end of said
    curve;
    South 08 degrees 40 minutes 08 seconds East, a distance of 504.80 feet
    to a set steel pin at the beginning of a curve;

**EXHIBIT A**



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

Doc
000883601     Bk
              OPR          Vol
                           2197      Pg
                                     486

BBB & CRR Co Su
2022.20 ac. tr.                                    Pg. 3 of 3
Abstract 156, et al

Southeasterly, 722.25 feet along a curve to the right having a radius
of 2789.93 feet and a chord of South 01 degree 15 minutes 08 seconds
East, a distance of 720.27 feet to a set steel pin at the end of said
curve;
South 06 degrees 09 minutes 52 seconds West, a distance of 2316.98 feet
to a set steel pin at the beginning of a curve;
Southeasterly, 692.67 feet along a curve to the left having a radius of
2939.93 feet and a chord of South 00 degrees 35 minutes 08 seconds East,
a distance of 691.10 feet to a set steel pin at the end of said curve;
South 07 degrees 20 minutes 08 seconds East, a distance of 1842.51 feet
to a set steel pin at the beginning of a curve;
Southeasterly, 689.79 feet along a curve to the right having a radius
of 2789.93 feet and a chord of South 00 degrees 15 minutes 08 seconds
East, a distance of 688.07 feet to a set steel pin at the end of said
curve;
South 06 degrees 49 minutes 52 seconds West, a distance of 283.34 feet
to a set steel pin at a fence corner at the Southeast corner of said
Yarbrough tract;

THENCE North 87 degrees 39 minutes 26 seconds West, with the South line
of said tract, a distance of 5384.51 feet to a set steel pin on the
Northeastern line of said F.M. Road 1202;

THENCE North 25 degrees 30 minutes 43 seconds West, with said Northeastern
line, crossing an access easement roadway, and continuing a total distance
of 80.97 feet to a set steel pin near a power pole;

THENCE South 64 degrees 22 minutes 17 seconds West, with the Northwestern
line of said F.M. Road 1202, a distance of 19.91 feet to the point of
beginning containing 2022.20 acres of land.

15860-5



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

**EXHIBIT A**

Doc
00083601
Bk
OPR
Vol
2197
Pg
487

**LESS AND EXCEPT THE FOLLOWING TRACT:**

FIELD NOTES TO 29.71 ACRES IN THE JACOB SPEARS SURVEY ABSTRACT 915,
ET AL, COOKE COUNTY, TEXAS

All that certain tract or parcel of land situated in the V.A. Howeth
Survey Abstract 1631, and the Jacob Spears Survey Abstract 915, Cooke
County, Texas, being all of a called 30 acre tract described in a deed
from A. M. Burch to Gainesville Gun & Rod Club recorded in Volume 82,
page 131 of the Cooke County Deed Records, and being more particularly
described as follows:

BEGINNING at a set steel pin in a found pile of stone at the South corner
of said 30 acre tract, said corner being located North 87 degrees
39 minutes 26 seconds West a distance of 1715.30 feet and North 02 degrees
20 minutes 34 seconds East a distance of 6.92 feet from the Southeast
corner of a tract described in a deed to Frances Yarbrough recorded in
Volume 325, page 110 of said Deed Records;

THENCE North 18 degrees 01 minute 19 seconds West, near a fence, a
distance of 773.25 feet to a set steel pin in a found pile of stone at the
Northwest corner of said 30 acre tract;

THENCE North 73 degrees 43 minutes 59 seconds East, near a fence partway,
a distance of 1866.33 feet to a set steel pin in a found pile of stone at
the Northeast corner of said 30 acre tract;

THENCE South 13 degrees 57 minutes 34 seconds East, along and near a
fence, a distance of 437.53 feet to a set steel pin at the Easternmost
Southeast corner of said 30 acre tract;

THENCE South 25 degrees 51 minutes 21 seconds West, a distance of
313.39 feet to a set steel pin at the Southernmost Southeast corner
of said 30 acre tract;

THENCE South 70 degrees 04 minutes 27 seconds West, with the South line
of said 30 acre tract, a distance of 1618.14 feet to the point of
beginning containing 29.71 acres of land.

GAINESVILLE GUN & ROD CLUB



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

**EXHIBIT A**

Doc
00083601   Bk
OPR   Vol
2197   Pg
468

**LESS AND EXCEPT THE FOLLOWING TRACT:**

FIELD NOTES TO 11.41 ACRES IN THE B.B.B. & C.R.R. CO. SURVEY ABSTRACT 156, ET AL, COOKE COUNTY, TEXAS

All that certain tract or parcel of land situated in the B.B.B. & C.R.R. Co. Survey Abstract 156 and the J. P. Havins Survey Abstract 455, Cooke County, Texas, being all of a tract described as Water Well Site No. 2 in a deed from The United States of America to the City of Gainesville recorded in Volume 366, page 625 of the Cooke County Deed Records, and all of a tract conveyed by Parker Yarbrough, et al to City of Gainesville by deed recorded in Volume 1081, page 331 of the Cooke County Official Public Records and being more particularly described as follows:

BEGINNING at a found steel pin at the Northwest corner of said Water Well Site No. 2, said beginning corner further being located North 00 degrees 06 minutes 46 seconds West, a distance of 770.21 feet and North 89 degrees 53 minutes 14 seconds East, a distance of 141.14 feet from the Southwest corner of a tract described in a deed to Frances Yarbrough recorded in Volume 371, page 3 of said Deed Records;

THENCE North 64 degrees 30 minutes 33 seconds East, with the North line of said Water Well Site No. 2, a distance of 77.28 feet to a found steel pin at a West corner of said Yarbrough to City of Gainesville tract;

THENCE North 25 degrees 27 minutes 13 seconds East, a distance of 454.63 feet to a found steel pin at the Northernmost Northwest corner of said Yarbrough to City of Gainesville tract;

THENCE North 69 degrees 31 minutes 59 seconds East, a distance of 478.58 feet to a found steel pin at the Northeast corner of said Yarbrough to City of Gainesville tract;

THENCE South 20 degrees 21 minutes 59 seconds East, a distance of 654.74 feet to a found steel pin at the Southeast corner of said Yarbrough to City of Gainesville tract;

THENCE South 69 degrees 37 minutes 25 seconds West, a distance of 673.56 feet to a fence corner at the Southernmost Southwest corner of said Yarbrough to City of Gainesville tract, common to the Southeast corner of said Water Well Site No. 2;

THENCE South 64 degrees 38 minutes 26 seconds West, with the South line of said Water Well Site No. 2, a distance of 178.00 feet to a found steel pin at the Southwest corner of said Water Well Site No. 2;

THENCE North 25 degrees 26 minutes 27 seconds West, a distance of 347.14 feet to the point of beginning containing 11.41 acres of land.

CITY OF GAINESVILLE WATER WELL SITE NO. 2



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

**EXHIBIT A**

Doc
00083601   Bk
OPR   Vol
2197   Pg
469

# Exhibit "A"

## Tract Two:

FIELD NOTES TO 133.77 ACRES OF ACCRETED LAND IN COOKE COUNTY, TEXAS

All that certain tract or parcel of land situated in Cooke County, Texas being accreted land lying between the patented land of the J.G. Jones Survey Abstract 1206 and the A. Elston Survey Abstract 351 and the present Gradient Boundary of the Red River as surveyed by Nedra Foster, LSLS on February 2018 and being more particularly described as follows:

BEGINNING at a set capped steel pin at the Northwest corner of the said Jones Survey, common to the Northeast corner of the J. N. Wright Survey Abstract 1535, on the South line of the T. Booker Survey Abstract 72, at the Northernmost Northeast corner of a 1546 acre tract of land conveyed by Laura Josephine Jones to Frances Yarbrough by deed recorded in Volume 325, page 110 of the Cooke County Deed Records;

THENCE South 89 degrees 24 minutes 42 seconds East, with the projected North line of said Booker Survey, a distance of 1482.97 feet to a corner on the said Gradient Boundary on the Red River as surveyed by Nedra Foster, LSLS on February, 2018;

THENCE Southeasterly, along said gradient boundary, the following courses and distances:
South 53 degrees 58 minutes 21 seconds East for a distance of 91.40 feet to a corner;
South 45 degrees 17 minutes 03 seconds East for a distance of 427.80 feet to a corner;
South 60 degrees 28 minutes 15 seconds East for a distance of 691.87 feet to a corner;
South 27 degrees 10 minutes 46 seconds East for a distance of 834.10 feet to a corner;
South 27 degrees 24 minutes 53 seconds East for a distance of 784.05 feet to a corner;
South 42 degrees 03 minutes 52 seconds East for a distance of 110.45 feet to a corner;
South 24 degrees 14 minutes 12 seconds East for a distance of 297.20 feet to a corner;
South 18 degrees 40 minutes 36 seconds East for a distance of 299.79 feet to a corner;
South 11 degrees 16 minutes 26 seconds East for a distance of 312.02 feet to a corner;
South 00 degrees 25 minutes 20 seconds West for a distance of 407.01 feet to a corner;
South 66 degrees 22 minutes 14 seconds West for a distance of 52.39 feet to a corner;
North 89 degrees 32 minutes 43 seconds West for a distance of 126.00 feet to a corner;
North 24 degrees 20 minutes 28 seconds West for a distance of 46.10 feet to a corner;
South 60 degrees 48 minutes 09 seconds West for a distance of 38.95 feet to a corner;
South 45 degrees 59 minutes 16 seconds West for a distance of 82.04 feet to a corner;
South 31 degrees 17 minutes 35 seconds West for a distance of 59.68 feet to a corner;
South 06 degrees 34 minutes 55 seconds East for a distance of 52.35 feet to a corner;
South 63 degrees 26 minutes 06 seconds East for a distance of 35.78 feet to a corner;
South 04 degrees 14 minutes 11 seconds West for a distance of 27.07 feet to a corner;
South 57 degrees 22 minutes 51 seconds West for a distance of 29.68 fee to a corner;
South 05 degrees 11 minutes 40 seconds East for a distance of 22.09 feet to a corner;

**EXHIBIT A**



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By  CODY SHIRES, Deputy

Doc                Bk              Vol        Ps
00083601           OPR             2197       470
                   pg. 2 of 2

Accreted land

South 48 degrees 27 minutes 24 seconds East for a distance of 105.55 feet to a corner;
    South 35 degrees 45 minutes 14 seconds West for a distance of 30.81 feet to a corner;
    South 06 degrees 06 minutes 56 seconds East for a distance of 84.48 feet to a corner;
    South 36 degrees 15 minutes 14 seconds East for a distance of 37.20 feet to a corner;
    South 72 degrees 15 minutes 19 seconds East for a distance of 78.75 feet to a corner;
    South 33 degrees 06 minutes 41 seconds West for a distance of 82.38 feet to a corner;
    South 15 degrees 31 minutes 27 seconds East for a distance of 37.36 feet to a corner;
    South 40 degrees 14 minutes 11 seconds East for a distance of 85.15 feet to a corner;
    South 55 degrees 54 minutes 18 seconds East for a distance of 78.49 feet to a corner;
    South 24 degrees 23 minutes 58 seconds East for a distance of 106.51 feet to a corner;
    South 62 degrees 48 minutes 07 seconds East for a distance of 80.95 feet to a corner;
    South 10 degrees 22 minutes 33 seconds East for a distance of 72.18 feet to a corner;
    South 45 degrees 00 minutes 00 seconds East for a distance of 43.84 feet to a corner;
    South 39 degrees 24 minutes 02 seconds East for a distance of 72.47 feet to a corner;
    South 63 degrees 01 minutes 11 seconds East for a distance of 61.72 feet to a corner;
    South 51 degrees 06 minutes 56 seconds East for a distance of 39.82 feet to a corner;
    South 21 degrees 57 minutes 38 seconds East for a distance of 66.85 feet to a corner;
    South 16 degrees 19 minutes 37 seconds East for a distance of 206.32 feet to a corner;
    South 12 degrees 01 minutes 50 seconds East for a distance of 62.37 feet to a corner;
    South 65 degrees 46 minutes 20 seconds West for a distance of 21.93 feet to a corner on the Northeast line of the A. Elston Survey Abstract 351, common to the Northeast line of said Jones to Yarbrough tract;
    Northwesterly, with the Northeasterly line of said Elston Survey and the J. G. Jones Survey Abstract 1206 as patented the following courses and distances:
    North 42 degrees 55 minutes 30 seconds West for a distance of 310.24 feet to a corner;
    North 39 degrees 00 minutes 39 seconds West for a distance of 889.95 feet to a corner;
    North 38 degrees 45 minutes 04 seconds West for a distance of 193.10 feet to a corner;
    North 36 degrees 32 minutes 15 seconds West for a distance of 340.94 feet to a corner;
    North 39 degrees 56 minutes 49 seconds West for a distance of 698.65 feet to a corner;
    North 41 degrees 25 minutes 24 seconds West for a distance of 1083.85 feet to a corner;
    North 34 degrees 06 minutes 03 seconds West for a distance of 700.18 feet to a corner;
    North 43 degrees 47 minutes 51 seconds West for a distance of 1181.31 feet to a corner;
    North 22 degrees 36 minutes 13 seconds West for a distance of 265.49 feet to a corner;
    North 33 degrees 01 minute 58 seconds West for a distance of 250.53 feet to a corner;
    North 25 degrees 43 minutes 04 seconds West for a distance of 172.40 feet to a corner;
    North 34 degrees 41 minutes 44 seconds West for a distance of 151.47 fe to the point of beginning and containing 133.77 acres of land.

15860-4.leg



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

**EXHIBIT A**

# EXHIBIT

# "A-1"



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By   CODY SHIRES, Deputy

**Aerial taken December 2017**

Legend
- Gradient Boundary Line
- Land Removed by Dredge

N

2000 ft

A CERTIFIED COPY
MARCI L. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
BY: CODY SHIRES, DEPUTY

EXHIBIT A

Google Earth

# EXHIBIT

# "B"



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

## ASSIGNMENT OF CAUSE OF ACTION

THIS ASSIGNMENT OF CAUSE OF ACTION (this "**Assignment**") is made and entered into as of the ____ day of May, 2018 (the "**Effective Date**"), by and between Paul Parker Yarbrough Jr. and Jo Anne Keeter (as "**Assignors**") and Stark Ranch – West, LLC, a Texas limited liability company (as "**Assignee**").

### WITNESSETH:

WHEREAS, Assignors and Assignee previously entered into a Farm and Ranch Contract dated November 7, 2017 (the "**Contract**") whereby Assignors agreed to sell to Assignee approximately 2,114.85 acres of land located in Cooke County, Texas, described on Exhibit A (the "**Property**");

WHEREAS, Redi-Mix, LLC or its affiliate ("**Redi-Mix**") is trespassing on, and has trespassed on, the Property to conduct its mining operation, resulting in damages to the Property and damages incurred by the Assignors;

WHEREAS, in consideration for Assignee's purchase of the Property and for Ten dollars ($10.00) and other valuable consideration, the receipt and value of which is hereby acknowledged, Assignors agree to assign and transfer to Assignee any claims, demands or causes of action of whatever kind or nature, that Assignors now have or may have against Redi-Mix for any loss, injury, or damage caused to the Property for trespass, conversion, clouded title and the mining or removal of any aggregates and other resources from the Property (the "**Assigned Claim**");

WHEREAS, Assignors now assign the Assigned Claim, and Assignee accepts such assignment as set forth herein.

NOW, THEREFORE, for good and valuable consideration, the parties agree as follows:

1.      Incorporation of Recitals. The above recitals are incorporated into and shall constitute a part of this Assignment.

2.      Assignment. Simultaneously with, and conditioned upon, the closing of the sale of the Property to Assignee, Assignors hereby transfer and assign all of their right, title, and interest in and to the Assigned Claim to Assignee, and Assignee hereby accepts the Assigned Claim from Assignors, which shall include Assignors' right to recover and retain amounts for damages that arose prior to the sale of the Property to Assignee.

3.      No Recourse. This Assignment is without recourse. Assignors do not guarantee payment of the Assigned Claim. However, Assignors agree that if any payment with respect to the Assigned Claim is awarded to or otherwise made to Assignors, Assignors shall promptly remit any such payment to Assignee.





A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

4.  <u>Successors and Assigns</u>.  This Assignment shall be binding upon and inure to the benefit of each of the parties hereto and their respective heirs, legal representatives, successors and assigns.

5.  <u>Counterparts</u>.  This Assignment may be executed in one or more counterparts, each of which shall be an original and all of which shall constitute but one and the same document.

[Remainder of Page Intentionally Left Blank; Signature Page Follows]


A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

IN WITNESS WHEREOF, the parties hereto have executed this Assignment effective as of the Effective Date.

ASSIGNORS:

_Paul Parker Yarbrough Jr._
PAUL PARKER YARBROUGH, JR.

STATE OF _Texas_ )
                ) ss.
COUNTY OF _Cooke_ )

The foregoing instrument was acknowledged before me this _31_ day of _May_, 2018, by Paul Parker Yarbrough, Jr.

_Kristi Kleinert_
Notary Public

KRISTI KLEINERT
MY COMMISSION EXPIRES
07/15/2020
NOTARY ID: 124990073

My Commission Expires:
My Commission No.:

(SEAL)

_Jo Anne Keeter_
JOANNE KEETER

STATE OF _Texas_ )
                ) ss.
COUNTY OF _Cooke_ )

The foregoing instrument was acknowledged before me this _31_ day of _May_, 2018, by JoAnne Keeter.

_Kristi Kleinert_
Notary Public

My Commission Expires:
My Commission No.:

KRISTI KLEINERT
MY COMMISSION EXPIRES
07/15/2020
NOTARY ID: 124990073

STARK RANCH – WEST, LLC
ASSIGNMENT OF CAUSES OF ACTION – SIGNATURE PAGE



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

ASSIGNEE:

**STARK RANCH - WEST, LLC,**
a Texas limited liability company

By: _____
Name: Steve Schmitz
Title: Vice-President

STATE OF _Texas_ )
                ) ss.
COUNTY OF _Cooke_ )

The foregoing instrument was acknowledged before me this _30_ day of _May_, 2018, by Steve Schmitz, as the Vice-President of Stark Ranch-West, LLC.

_____
Notary Public

My Commission Expires:
_____

My Commission No.:
_____

KRISTI KLEINERT
MY COMMISSION EXPIRES
07/15/2020
NOTARY ID: 124990073



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

# Exhibit "A"

**Tract One:**

FIELD NOTES TO 2022.20 ACRES IN THE B.B.B. & C.R.R. CO. SURVEY ABSTRACT 156, ET AL, COOKE COUNTY, TEXAS

All that certain tract or parcel of land situated in the B.B.B. & C.R.R. Co. Survey Abstract 156, the J.P. Mavins Survey Abstract 455, the C. Hart Survey Abstract 461, the S.B. Murrell Survey Abstract 1420, the W.H. Donham Survey Abstract 1479, the B.B.B. & C.R.R. Co. Survey Abstract 177, the S.E. Clements Survey Abstract 264, the R. McFall Survey Abstract 674, the J.N. Wright Survey Abstract 1535, the J.G. Jones Survey Abstract 1206, the A. Elston Survey Abstract 351, the J.S.H. Donham Survey Abstract 1244, the C.E. Fallis Survey Abstract 1516, the S.B. Murrell Survey Abstract 1491, the David Smith Survey Abstract 173, the Thomas Wright Survey Abstract 1156, the B. A. Stanford Survey Abstract 1445, the A. Hodge Survey Abstract 1388, the J.N. Murrell Survey Abstract 1525, the B.C. Forbes Survey Abstract 1614, the V.A. Howeth Survey Abstract 1631, the McKinney and Williams Survey Abstract 755, and the Jacob Spears Survey Abstract 915, Cooke County, Texas, being all of a called 1546 acre tract conveyed by Laura Josephine Jones to Frances Yarbrough by deed recorded in Volume 325, page 110 of the Cooke County Deed Records, being a part of a called 530 acre tract described in a deed from Laura Josephine Jones to Frances Yarbrough recorded in Volume 371, page 3 of said Deed Records, and being all of a 0.91 acre tract conveyed by Robert T. Lewis, et ux to Paul Yarbrough, et ux by deed recorded in Volume 719, page 629 of said Deed Records, and being more particularly described as follows:

BEGINNING at a set steel pin on the West line of said 530 acre tract located North 00 degrees 06 minutes 46 seconds West, a distance of 62.31 feet from the Southwest corner of said 530 acre tract, on the Northwesterly line of F.M. Road 1202 which was the right-of-way for McKinley Avenue during the Camp Howze period, and was granted by the USA to Cooke County by deed recorded in Volume 322, page 114 of said Deed Records, said point also being the Southeast corner of a tract conveyed to Mollie Eaton by deed recorded in Volume 1448, page 314 of the Cooke County Official Public Records;

THENCE North 00 degrees 06 minutes 46 seconds West, with the West line of said Yarbrough tract, along and near a fence, passing the Northeast corner of said Mollie Eaton tract, same being a Southeast corner of a tract described in a deed to Karl Trubenbach Land LP recorded in Volume 2049, page 702 of the Cooke County Official Public Records, continuing and passing the Northwest corner of said 530 acre tract, same being the Southwest corner of said 1546 acre tract, continuing with the West line of said 1546 acre tract and passing a Northeast corner of said Trubenbach Land LP, same being the Southeast corner of a tract described in a deed to James Martin Lewis recorded in Volume 866, page 141 of said Deed Records, continuing with said West line of Yarbrough tract and the East line of previously said Lewis tract, and passing the Lewis tract's Northeast corner, common to the Southeast corner of a tract described as Exhibit C in a deed to Robert Lewis, III recorded in said Volume 866, page 141 of said Deed Records, continuing and passing the Westernmost Northwest corner and the North corner of said 0.91 acre tract, (said North corner being on the Northeast line of a called 20.89 acre tract described in a deed from W.P. Clements, Jr., Governor of the State of Texas, et al to Robert T. Lewis, Jr., et ux recorded in Volume 666, page 421 of said Deed Records), continuing and passing the Northeast corner of said Robert Lewis tract, common to the Southeast corner of a tract described in a deed to F. Michael Sparks recorded in Volume 1404, page 169 of said Public Records, continuing with said common line a total distance of 13,649.55 feet to a square pipe found at a fence corner at the Northeast corner of said Sparks tract, common to the Southeast corner of a tract conveyed to Ken Pomby by deed recorded in Volume 1139, page 603 of said Public Records;

THENCE North 00 degrees 08 minutes 28 seconds West, along and near a fence, continuing with the West line of said Yarbrough tract, a distance of 5629.45 feet to a wooden fence corner at the Northwest corner of said 1546 acre tract, on the North line of said Wright Survey, common to the South line of the T. Booker Survey Abstract 72;



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

BBB & CRR Co Su
2022.20 ac. tr.
Abstract 156, et al

Pg. 2 of 3

THENCE South 89 degrees 24 minutes 42 seconds East, with said common survey
line, along a fence, a distance of 267.14 feet to the Northwest corner of
said Jones Survey, common to the Northeast corner of said Wright Survey and
said Yarbrough tract;

THENCE Southeasterly, with the East line of said Yarbrough tract and the
South bank of said Red River as evidenced by the calls in the various survey
patents which bounds the Red River in the Yarbrough deed, the following
courses and distances:
 South 34 degrees 41 minutes 44 seconds East, a distance of 151.47 feet;
 South 25 degrees 43 minutes 04 seconds East, a distance of 172.40 feet;
 South 33 degrees 01 minute 59 seconds East, a distance of 250.53 feet;
 South 22 degrees 36 minutes 13 seconds East, a distance of 265.49 feet;
 South 43 degrees 47 minutes 51 seconds East, a distance of 1181.31 feet;
 South 34 degrees 06 minutes 03 seconds East, a distance of 700.18 feet;
 South 41 degrees 25 minutes 24 seconds East, a distance of 1083.85 feet;
 South 39 degrees 56 minutes 49 seconds East, passing the Southeast corner
 of said Jones Survey, common to the Northwest corner of said Elston
 Survey and continuing a total distance of 698.65 feet;
 South 36 degrees 32 minutes 15 seconds East, a distance of 340.94 feet;
 South 38 degrees 45 minutes 04 seconds East, a distance of 193.10 feet;
 South 39 degrees 00 minutes 39 seconds East, a distance of 889.95 feet
 to a corner on the gradient boundary of the Red River as surveyed by
 Nedra Foster, LSLS on February 2018;

THENCE continuing along the gradient boundary the following calls and
distances;
 South 39 degrees 32 minutes 10 second East, a distance of 385.33 feet
 South 36 degrees 08 minutes 07 seconds East, a distance of 234.02 feet;
 South 38 degrees 10 minutes 44 seconds East, passing the Northeast corner
 of said Elston Survey, common to the North corner of said Smith Survey
 and continuing a total distance of 297.68 feet;
 South 35 degrees 37 minutes 50 seconds East, a distance of 286.67 feet;
 South 35 degrees 41 minutes 43 seconds East, a distance of 253.65 feet;
 South 34 degrees 19 minutes 49 seconds East, a distance of 148.95 feet;
 South 42 degrees 22 minutes 03 seconds East, a distance of 123.17 feet;
 South 43 degrees 37 minutes 31 seconds East, a distance of 265.24 feet;
 South 45 degrees 34 minutes 58 seconds East, a distance of 208.61 feet;
 South 47 degrees 46 minutes 27 seconds East, a distance of 321.40 feet;
 South 52 degrees 07 minutes 30 seconds East, a distance of 262.24 feet;
 South 60 degrees 46 minutes 51 seconds East, a distance of 67.60 feet;
 South 66 degrees 06 minutes 17 seconds East, a distance of 172.92 feet
 to the Northeast corner of said Yarbrough tract, on the West line of the
 G.C. & S.F. Railroad;

THENCE Southerly, with the East line of said Yarbrough tract, common to the
West line of said railroad, the following courses and distances:
 South 36 degrees 08 minutes 23 seconds West, a distance of 546.05 feet
 to a set steel pin at the beginning of a curve;
 Southwesterly, 1767.07 feet along a curve to the left having a radius
 of 1985.08 feet and a chord of South 10 degrees 38 minutes 08 seconds
 West, a distance of 1709.47 feet to a set steel pin at the end of said
 curve;
 South 14 degrees 52 minutes 08 seconds East, a distance of 500.86 feet
 to a set steel pin at the beginning of a curve;
 Southeasterly, 598.85 feet along a curve to the right having a radius of
 1835.08 feet and a chord of South 05 degrees 31 minutes 08 seconds East,
 a distance of 596.27 feet to a set steel pin at the end of said curve;
 South 03 degrees 49 minutes 52 seconds West, a distance of 1893.14 feet
 to a set steel pin at the beginning of a curve;
 Southeasterly, 641.36 feet along a curve to the left having a radius
 of 2939.93 feet and a chord of South 02 degrees 25 minutes 08 seconds
 East, a distance of 640.12 feet to a set steel pin at the end of said
 curve;
 South 08 degrees 40 minutes 08 seconds East, a distance of 504.80 feet
 to a set steel pin at the beginning of a curve;



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

BBB & CRR Co Su
2022.20 ac. tr.
Abstract 156, et al                                         Pg. 3 of 3

Southeasterly, 722.25 feet along a curve to the right having a radius
of 2789.93 feet and a chord of South 01 degree 15 minutes 08 seconds
East, a distance of 720.27 feet to a set steel pin at the end of said
curve;
South 06 degrees 09 minutes 52 seconds West, a distance of 2316.98 feet
to a set steel pin at the beginning of a curve;
Southeasterly, 692.67 feet along a curve to the left having a radius of
2939.93 feet and a chord of South 00 degrees 35 minutes 08 seconds East,
a distance of 691.10 feet to a set steel pin at the end of said curve;
South 07 degrees 20 minutes 08 seconds East, a distance of 1842.51 feet
to a set steel pin at the beginning of a curve;
Southeasterly, 689.79 feet along a curve to the right having a radius
of 2789.93 feet and a chord of South 00 degrees 15 minutes 08 seconds
East, a distance of 688.07 feet to a set steel pin at the end of said
curve;
South 06 degrees 49 minutes 52 seconds West, a distance of 283.34 feet
to a set steel pin at a fence corner at the Southeast corner of said
Yarbrough tract;

THENCE North 87 degrees 39 minutes 26 seconds West, with the South line
of said tract, a distance of 5384.51 feet to a set steel pin on the
Northeastern line of said F.M. Road 1202;

THENCE North 25 degrees 30 minutes 43 seconds West, with said Northeastern
line, crossing an access easement roadway, and continuing a total distance
of 80.97 feet to a set steel pin near a power pole;

THENCE South 64 degrees 22 minutes 17 seconds West, with the Northwestern
line of said F.M. Road 1202, a distance of 19.91 feet to the point of
beginning containing 2022.20 acres of land.

15060-5


A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
by: CODY SHIRES, Deputy

LESS AND EXCEPT THE FOLLOWING TRACT:

FIELD NOTES TO 29.71 ACRES IN THE JACOB SPEARS SURVEY ABSTRACT 915,
ET AL, COOKE COUNTY, TEXAS

All that certain tract or parcel of land situated in the V.A. Howeth
Survey Abstract 1631, and the Jacob Spears Survey Abstract 915, Cooke
County, Texas, being all of a called 30 acre tract described in a deed
from A. M. Burch to Gainesville Gun & Rod Club recorded in Volume 82,
page 131 of the Cooke County Deed Records, and being more particularly
described as follows:

BEGINNING at a set steel pin in a found pile of stone at the South corner
of said 30 acre tract, said corner being located North 87 degrees
39 minutes 26 seconds West a distance of 1715.30 feet and North 02 degrees
20 minutes 34 seconds East a distance of 6.92 feet from the Southeast
corner of a tract described in a deed to Frances Yarbrough recorded in
Volume 325, page 110 of said Deed Records;

THENCE North 18 degrees 01 minute 19 seconds West, near a fence, a
distance of 773.25 feet to a set steel pin in a found pile of stone at the
Northwest corner of said 30 acre tract;

THENCE North 73 degrees 43 minutes 59 seconds East, near a fence partway,
a distance of 1866.33 feet to a set steel pin in a found pile of stone at
the Northeast corner of said 30 acre tract;

THENCE South 13 degrees 57 minutes 34 seconds East, along and near a
fence, a distance of 437.53 feet to a set steel pin at the Easternmost
Southeast corner of said 30 acre tract;

THENCE South 25 degrees 51 minutes 21 seconds West, a distance of
313.39 feet to a set steel pin at the Southernmost Southeast corner
of said 30 acre tract;

THENCE South 70 degrees 04 minutes 27 seconds West, with the South line
of said 30 acre tract, a distance of 1618.14 feet to the point of
beginning containing 29.71 acres of land.

GAINESVILLE GUN & ROD CLUB

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

**LESS AND EXCEPT THE FOLLOWING TRACT:**

FIELD NOTES TO 11.41 ACRES IN THE B.B.B. & C.R.R. CO. SURVEY ABSTRACT 156, ET AL, COOKE COUNTY, TEXAS

All that certain tract or parcel of land situated in the B.B.B. & C.R.R. Co. Survey Abstract 156 and the J. P. Havins Survey Abstract 455, Cooke County, Texas, being all of a tract described as Water Well Site No. 2 in a deed from The United States of America to the City of Gainesville recorded in Volume 366, page 625 of the Cooke County Deed Records, and all of a tract conveyed by Parker Yarbrough, et al to City of Gainesville by deed recorded in Volume 1081, page 331 of the Cooke County Official Public Records and being more particularly described as follows:

BEGINNING at a found steel pin at the Northwest corner of said Water Well Site No. 2, said beginning corner further being located North 00 degrees 06 minutes 46 seconds West, a distance of 770.21 feet and North 89 degrees 53 minutes 14 seconds East, a distance of 141.14 feet from the Southwest corner of a tract described in a deed to Frances Yarbrough recorded in Volume 371, page 3 of said Deed Records;

THENCE North 64 degrees 30 minutes 33 seconds East, with the North line of said Water Well Site No. 2, a distance of 77.28 feet to a found steel pin at a West corner of said Yarbrough to City of Gainesville tract;

THENCE North 25 degrees 27 minutes 13 seconds East, a distance of 454.63 feet to a found steel pin at the Northernmost Northwest corner of said Yarbrough to City of Gainesville tract;

THENCE North 69 degrees 31 minutes 59 seconds East, a distance of 478.58 feet to a found steel pin at the Northeast corner of said Yarbrough to City of Gainesville tract;

THENCE South 20 degrees 21 minutes 59 seconds East, a distance of 654.74 feet to a found steel pin at the Southeast corner of said Yarbrough to City of Gainesville tract;

THENCE South 69 degrees 37 minutes 25 seconds West, a distance of 673.56 feet to a fence corner at the Southernmost Southwest corner of said Yarbrough to City of Gainesville tract, common to the Southeast corner of said Water Well Site No. 2;

THENCE South 64 degrees 38 minutes 26 seconds West, with the South line of said Water Well Site No. 2, a distance of 178.00 feet to a found steel pin at the Southwest corner of said Water Well Site No. 2;

THENCE North 25 degrees 26 minutes 27 seconds West, a distance of 347.14 feet to the point of beginning containing 11.41 acres of land.

CITY OF GAINESVILLE WATER WELL SITE NO. 2



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

# Exhibit "A"

## Tract Two:

FIELD NOTES TO 133.77 ACRES OF ACCRETED LAND IN COOKE COUNTY, TEXAS

All that certain tract or parcel of land situated in Cooke County, Texas being accreted land lying between the patented land of the J.G. Jones Survey Abstract 1206 and the A. Elston Survey Abstract 351 and the present Gradient Boundary of the Red River as surveyed by Nedra Foster, LSLS on February 2018 and being more particularly described as follows:

BEGINNING at a set capped steel pin at the Northwest corner of the said Jones Survey, common to the Northeast corner of the J. N. Wright Survey Abstract 1535, on the South line of the T. Booker Survey Abstract 72, at the Northernmost Northeast corner of a 1546 acre tract of land conveyed by Laura Josephine Jones to Frances Yarbrough by deed recorded in Volume 325, page 110 of the Cooke County Deed Records;

THENCE South 89 degrees 24 minutes 42 seconds East, with the projected North line of said Booker Survey, a distance of 1482.97 feet to a corner on the said Gradient Boundary on the Red River as surveyed by Nedra Foster, LSLS on February, 2018;

THENCE Southeasterly, along said gradient boundary, the following courses and distances:
    South 53 degrees 58 minutes 21 seconds East for a distance of 91.40 feet to a corner;
    South 45 degrees 17 minutes 03 seconds East for a distance of 427.80 feet to a corner;
    South 60 degrees 28 minutes 15 seconds East for a distance of 691.87 feet to a corner;
    South 27 degrees 10 minutes 46 seconds East for a distance of 834.10 feet to a corner;
    South 27 degrees 24 minutes 53 seconds East for a distance of 784.05 feet to a corner;
    South 42 degrees 03 minutes 52 seconds East for a distance of 110.45 feet to a corner;
    South 24 degrees 14 minutes 12 seconds East for a distance of 297.20 feet to a corner;
    South 18 degrees 40 minutes 36 seconds East for a distance of 299.79 feet to a corner;
    South 11 degrees 16 minutes 26 seconds East for a distance of 312.02 feet to a corner;
    South 00 degrees 25 minutes 20 seconds West for a distance of 407.01 feet to a corner;
    South 66 degrees 22 minutes 14 seconds West for a distance of 52.39 feet to a corner;
    North 89 degrees 32 minutes 43 seconds West for a distance of 126.00 feet to a corner;
    North 24 degrees 20 minutes 28 seconds West for a distance of 46.10 feet to a corner;
    South 60 degrees 48 minutes 09 seconds West for a distance of 38.95 feet to a corner;
    South 45 degrees 59 minutes 16 seconds West for a distance of 82.04 feet to a corner;
    South 31 degrees 17 minutes 35 seconds West for a distance of 59.68 feet to a corner;
    South 06 degrees 34 minutes 55 seconds East for a distance of 52.35 feet to a corner;
    South 63 degrees 26 minutes 06 seconds East for a distance of 35.78 feet to a corner;
    South 04 degrees 14 minutes 11 seconds West for a distance of 27.07 feet to a corner;
    South 57 degrees 22 minutes 51 seconds West for a distance of 29.68 feet to a corner;
    South 05 degrees 11 minutes 40 seconds East for a distance of 22.09 feet to a corner;



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

Accreted land                                    pg. 2 of 2

South 48 degrees 27 minutes 24 seconds East for a distance of 105.55 feet to a corner;

South 35 degrees 45 minutes 14 seconds West for a distance of 30.81 feet to a corner;

South 06 degrees 06 minutes 56 seconds East for a distance of 84.48 feet to a corner;

South 36 degrees 15 minutes 14 seconds East for a distance of 37.20 feet to a corner;

South 72 degrees 15 minutes 19 seconds East for a distance of 78.75 feet to a corner;

South 33 degrees 06 minutes 41 seconds West for a distance of 82.38 feet to a corner;

South 15 degrees 31 minutes 27 seconds East for a distance of 37.36 feet to a corner;

South 40 degrees 14 minutes 11 seconds East for a distance of 85.15 feet to a corner;

South 55 degrees 54 minutes 18 seconds East for a distance of 78.49 feet to a corner;

South 24 degrees 23 minutes 58 seconds East for a distance of 106.51 feet to a corner;

South 62 degrees 48 minutes 07 seconds East for a distance of 80.95 feet to a corner;

South 10 degrees 22 minutes 33 seconds East for a distance of 72.18 feet to a corner;

South 45 degrees 00 minutes 00 seconds East for a distance of 43.84 feet to a corner;

South 39 degrees 24 minutes 02 seconds East for a distance of 72.47 feet to a corner;

South 63 degrees 01 minutes 11 seconds East for a distance of 61.72 feet to a corner;

South 51 degrees 06 minutes 56 seconds East for a distance of 39.82 feet to a corner;

South 21 degrees 57 minutes 38 seconds East for a distance of 66.85 feet to a corner;

South 16 degrees 19 minutes 37 seconds East for a distance of 206.32 feet to a corner;

South 12 degrees 01 minutes 50 seconds East for a distance of 62.37 feet to a corner;

South 65 degrees 46 minutes 20 seconds West for a distance of 21.93 feet to a corner on the Northeast line of the A. Elston Survey Abstract 351, common to the Northeast line of said Jones to Yarbrough tract;

Northwesterly, with the Northeasterly line of said Elston Survey and the J. G. Jones Survey Abstract 1206 as patented the following courses and distances:

North 42 degrees 55 minutes 30 seconds West for a distance of 310.24 feet to a corner;

North 39 degrees 00 minutes 39 seconds West for a distance of 889.95 feet to a corner;

North 38 degrees 45 minutes 04 seconds West for a distance of 193.10 feet to a corner;

North 36 degrees 32 minutes 15 seconds West for a distance of 340.94 feet to a corner;

North 39 degrees 56 minutes 49 seconds West for a distance of 698.65 feet to a corner;

North 41 degrees 25 minutes 24 seconds West for a distance of 1083.85 feet to a corner;

North 34 degrees 06 minutes 03 seconds West for a distance of 700.18 feet to a corner;

North 43 degrees 47 minutes 51 seconds West for a distance of 1181.31 feet to a corner;

North 22 degrees 36 minutes 13 seconds West for a distance of 265.49 feet to a corner;

North 33 degrees 01 minute 58 seconds West for a distance of 250.53 feet to a corner;

North 25 degrees 43 minutes 04 seconds West for a distance of 172.40 feet to a corner;

North 34 degrees 41 minutes 44 seconds West for a distance of 151.47 feet to the point of beginning and containing 133.77 acres of land.

15860-4.leg



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

# EXHIBIT

# "C"



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy