# EXHIBIT "A"

# PART 2a

## MINING LEASE

THIS MINING LEASE (this "Lease") is executed as of June 3, 2011, by and among OKLAHOMA CHRISTIAN UNIVERSITY, NORTH CENTRAL TEXAS COLLEGE, UNITED WAY OF COOKE COUNTY and THE FROST NATIONAL BANK, as Co-Trustees of the LEO and MABEL SCOTT CHARITABLE TRUST ("Lessor"), and CHARLES N. DAVIS, III ("Lessee").

### RECITALS:

A.     Lessor is the owner of certain real property in Love County, Oklahoma, which is described in Exhibit A to this Lease (the "Leased Premises").

B.     Lessor desires to lease to Lessee, and Lessee desires to lease from Lessor, the Leased Premises for certain mining and related purposes, as more particularly set forth in this Lease.

ACCORDINGLY, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Lessor and Lessee agree as follows:

1.     Lease. Lessor hereby leases and demises to Lessee, and Lessee hereby leases and lets from Lessor, the Leased Premises, subject to all liens, easements and other encumbrances of record affecting the Leased Premises, for the exclusive right to prospect, explore for, mine, process, produce, store, remove and sell therefrom, all minerals and construction materials, including sand, soil, gravel and limestone, but excluding oil and/or gas, said minerals and construction materials being herein collectively referred to collectively as the "Materials," and the right of ingress and egress for such purposes. As part of such prospecting, mining and production, Lessee shall have the following rights, so long as they are exercised in accordance with the provisions of this Lease:

    (a)    The right to remove, process, store, transport, market, sell and otherwise deal with the Materials.

    (b)    The right to enter the Property at the gate from old highway 77 that joins highway I-35 and the nonexclusive right to use existing roadways crossing the Property between such gate and the Leased Premises for purposes of ingress and egress to and from the Leased Premises and transportation of Materials from the Leased Premises.

    (c)    The right to deposit on the surface of Leased Premises such Materials as may be produced from Lessee's operations under this Lease.

    (d)    The right to place on the Property machinery, equipment, structures and other improvements necessary for the mining and selling of Materials mined, together with water lines and other installations as more specifically set forth in Section 6 hereof.

2.     Term. The term of this Lease shall be five (5) years (the "Primary Term"), commencing on the date hereof and expiring on the fifth (5th) anniversary of the date hereof and continuing thereafter for so long as Materials are mined and removed from the Leased Premises



13.1



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

in Commercial Quantities (as hereinafter defined), unless sooner terminated in accordance with the terms of this Lease. The 12 month period commencing on the commencement date of this Lease, and each 12 month period commencing on an anniversary of the date hereof, is referred to herein as a "Lease Year." For purposes of this Section 2, the term "Commercial Quantities" shall mean mining and removal of not less than One Hundred Thousand (100,000) Tons of Materials during each Lease Year.

3.    Royalties.

(a)    Advance Royalties. Lessee has contemporaneously with the execution and delivery of this Lease, paid to Lessor the sum of Two Thousand Dollars ($2,000) as advance royalty ("the Initial Advance Royalty"). Lessee agrees to pay to Lessor, as advance royalty, on the dates set forth below the following Advance Royalties:

| Anniversary Date | Advance Royalty |
|---|---|
| Execution | $2,000.00 |
| June 3, 2012 or sooner upon obtaining all required mining permits | $20,000.00 |
| June 3, 2013 | $30,000.00 |
| June 3, 2014 | $40,000.00 |
| June 3, 2015 | $50,000.00 |
| June 3, 2016 | $60,000.00 |

Each of such payments being herein called an "Advance Royalty Payment," such Advance Royalty Payments and the Initial Advance Royalty being herein collectively called "Advance Royalties". Lessee may deduct from the Advance Royalties payable under this paragraph the amount of all Tonnage Royalties (as hereinafter defined) theretofore actually paid to Lessor which have not previously been deducted from Advance Royalties.

(b)    Tonnage Royalties.

(i)    Lessee will pay to Lessor, on or before the twentieth (20th) day of each calendar month, a royalty equal to the greater of (i) Sixty Five Cents ($0.65) per Ton (a "Ton" as used herein being 2,000 pounds) or (ii) Twelve and One-Half Percent (12.5%) of the Average Local Sales Price (as hereinafter defined) on all Materials (except Flume Sand and Select Fill) mined and removed from the Leased Premises during the preceding calendar month (each such payment being herein called a "Tonnage Royalty Payment," such Tonnage Royalty Payments being herein collectively called "Tonnage Royalties"). Lessee may deduct from the Tonnage Royalties payable under this paragraph the amount of all Advance Royalties theretofore actually paid to Lessor which have not previously been deducted from Tonnage Royalties.

13.2

A CERTIFIED COPY
MARC A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

(ii)     Lessee will pay to Lessor, on or before the twentieth (20th) day of each calendar month, a royalty equal to the greater of (i) Twenty Five Cents ($0.25) per Ton or (ii) Twelve and One-Half Percent (12.5%) of the Average Local Sales Price on all Flume Sand and Select Fill (as hereinafter defined) mined and removed from the Leased Premises during the preceding calendar month (each such payment being herein called a "Tonnage Royalty Payment," such Tonnage Royalty Payments being herein collectively called "Tonnage Royalties"). Lessee may deduct from the Tonnage Royalties payable under this paragraph the amount of all Advance Royalties theretofore actually paid to Lessor which have not previously been deducted from Tonnage Royalties.

(iii)    The term "Average Local Sales Price" shall mean the price at which Materials of comparable type and quality are purchased and sold between unrelated parties in the same geographic area as the Leased Premises for delivery into the Dallas/Fort Worth area. The terms "Flume Sand" and "Select Fill" shall mean materials from either a pit run or after processing with a minimum of fifty percent (50%) of these materials passing through a # 50 sieve.

(c)     Processing Royalties.  If Lessee shall construct a plant for the processing of Materials on the Leased Premises mined on a property other than the Leased Premises, Lessee shall pay to Lessor monthly Processing Royalties equal to $0.05 per ton of Materials processed on and sold from the Leased Premises. Such payment shall be made together with payments of Tonnage Royalties.

All payments required under this Section 3 are herein called "Royalties." All Royalties owing hereunder shall be paid to Lessor at the address shown at the beginning of this Lease, or to such different address as Lessor shall have designated by written notice sent in accordance with the notice provisions of this Lease. If any Royalties are not paid in full by the time designated in this Section 3, such past due Royalties shall bear interest at the rate equal to the lesser of eighteen percent (18%) per annum or the highest rate allowed by law for the period beginning on the due date of such Royalties and ending on the date such Royalties are actually paid to Lessor.

4.     Material Removal Records.  Lessee agrees to maintain at its business offices, at all times, written records of the amount and type of Material, Flume Sand and Select Fill removed from Leases Premises and shall have a record specifying the amount and type of Material, Flume Sand and Select Fill removed, the driver, the scale ticket, the date of each load of Material, Flume Sand and Select Fill removed from the Leased Premises, including a daily recap sheet and such record shall be available for review by Lessor or Lessor's agents during normal business hours for the purpose of verifying such amounts. Lessee shall also maintain records adequate for Lessor to determine the Average Local Sales Price for all Material, Flume Sand and Select Fill for each month during the term of this Lease. Lessor shall have the right at all times to enter on and to inspect all operations during normal business hours. During mining or processing operations, Lessor will be accompanied by Lessee's representatives. In addition, Lessee shall furnish Lessor a copy of such records along with each monthly payment for Material.

Page 3

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

5.    Mining Development Plan.  Lessee shall conduct its mining operations on the Leased Premises in accordance with a mining plan approved in writing by Lessor, such approval not to be unreasonably withheld.  Such mining plan shall (i) describe the methods and timing of intended mining, (ii) indicate the areas of the Leased Premises in which mining activities are to be conducted, (iii) show the direction in which mining is to progress, (iv) contain a plat setting forth any proposed plant location, (v) contain a plat of the area to be mined and logs of mining operations, (vi) show all proposed roads and road locations and (vii) show the location of commencement of mining and the progression of mining operations.  The mining plan shall limit mining to areas which comply with any and all boundary setback requirements of applicable local, state or federal law.  Lessee shall provide to Lessor a copy of all evaluation materials produced or obtained as part of its review and evaluation of the property, including, but not limited to, all core samples and feasibility studies.

6.    Lessee Rights.  Lessee shall have the right of ingress and egress at all times across the Leased Premises as set forth in paragraph (b) of Section 1 hereof and Lessee may construct a roadway across the Leased Premises at no expense to the Lessor, as well as roadways on each unit of the Leased Premises being developed, and Lessee may use sand and gravel mined from the Leased Premises in the construction of the roads at no expense to Lessee.  It is agreed that any improvements on the roads shall remain the property of the Lessor on the termination of this Lease, whether such improvements are made permanent or temporary.  Lessee may place on the property any and all machinery, equipment, structures, and other improvements which will be necessary, or convenient, for the use of mining and selling of Material mined from the Leased Premises, provided that it is working or in working condition or will be used in mining operations.  Salvage equipment shall be removed from the Leased Premises.  Lessee may also lay all necessary water lines and construct power lines for pumping or plant operations and do all other things reasonable and necessary on the Leased Premises to mine the Materials.  In addition, Lessee may build dams to impound water necessary for the proper washing of the Materials and may dig channels to secure drainage from the Leased Premises.  It is further agreed that all such machinery, equipment, structures, and other equipment placed on the Leased Premises except those placed in the roadway, waterways, and electrical lines shall remain personal property and shall not be considered a part of the realty, as by attachment to the soil, and such machinery, equipment, structures, and other improvements maybe removed upon the expiration of the Term hereof, provided that the Lessee is not in default in any of the payments or other covenants, provided herein.

7.    Non-Exclusive Lease.  It is understood and agreed that the Lessee is not receiving nor does it receive by this document, an exclusive lease of the Leased Premises, but Lessee's lease and rights of use of the Leased Premises are limited to the mining of Materials on the Leased Premises as provided in Section 1, and exclusively from the Leased Premises herein described.  All uses of the Leased Premises not being mined for Materials as herein required, are hereby reserved to Lessor to graze livestock or for other use which does not interfere with Lessee's use as herein granted.

8.    Scales.  Lessee agrees to install and maintain on the Leased Premises at its own cost and expense, so long as this Lease is in force, a certified motor truck scale, which will be used for the purpose of keeping an accurate account of all Materials mined and removed from the Leased Premises.  The scale will be checked for accuracy at appropriate periodic intervals.

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

13

9.    **Books and Records.** Throughout the term of this Lease, Lessee shall furnish to Lessor, on or before the 20th day of each calendar month following any calendar month in which Materials were removed from the Leased Premises, a complete and accurate statement showing the number of tons and types of Materials mined and removed from the Leased Premises by Lessee during the preceding calendar month. Within 90 days after the end of each Lease Year, Lessee's chief financial officer shall certify to Lessor the number of tons and types of Materials mined and removed from the Leased Premises by Lessee during the preceding Lease Year. Lessor may, at all reasonable times during business hours and at Lessee's premises, audit the books, maps and records of Lessee reasonably necessary to accurately determine, for any period, the tonnages of Materials mined and removed from the Leased Premises. Additionally, Lessor may, from time to time, make or obtain topographical surveys, maps, site photographs and video tapes and/or aerial photographs and video tapes of the Leased Premises to assist in the calculation of tonnages of Materials mined and removed from the Leased Premises (and Lessor may obtain access to the Leased Premises at all times reasonably necessary to make or obtain such surveys, maps, photographs and/or video tapes). If any such audit, survey, map, photograph or video tape discloses information showing that Royalties are owed to Lessor under this Lease which Lessee has failed to pay, Lessee shall immediately pay such Royalties or other payments to Lessor together with interest thereon at the rate provided in Section 3 hereof commencing on the date the Royalties or other payments should have been paid to Lessor under this Lease.

10.    **Taxes.** Lessor shall pay prior to delinquency all taxes assessed against the Leased Premises. Within 15 days after delivery by Lessor to Lessee of a tax statement and evidence of payment by Lessor of the taxes set forth therein, Lessee shall reimburse Lessor for Eighty-Seven and Five-Tenths Percent (87.5%) of all taxes paid that are attributable to any increase in the valuation of the Leased Premises subsequent to the execution of this Lease, it being agreed that such reimbursement represents an equitable allocation of tax responsibility between Lessor and Lessee. Lessor may contest any tax assessed against the Leased Premises or any valuation of the Leased Premises by a governmental authority for tax purposes. Lessee waives any right it may have, at law or otherwise, to contest any tax assessed against the Leased Premises or any valuation of the Leased Premises for tax purposes. Lessee shall pay prior to delinquency all taxes assessed upon or levied against all vehicles, equipment, machinery or other property of Lessee installed or placed in, on, and/or under the surface of the Leased Premises.

11.    **Applicable Laws.** Lessee shall conduct its operations on the Leased Premises in accordance with all applicable local, state and federal ordinances, laws, orders, rules and regulations. Without limiting the generality of the foregoing, Lessee agrees as follows:

(a)    Lessee shall secure all permits required from governmental authorities to conduct operations permitted under this Lease, and shall provide to Lessor copies of such permits.

(b)    To the extent Lessee uses explosives in its operations under this Lease, Lessee shall store, transport, secure and use the explosives in accordance with all applicable requirements imposed by the Federal Bureau of Alcohol, Tobacco and Firearms and any other applicable governmental authority. Lessee shall obtain Lessor's prior written approval of Lessee's plan for storage of any explosives on the Leased Premises.



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

(c)     Lessee shall limit mining to areas of the Leased Premises which comply with any and all boundary setback requirements imposed by applicable law.

(d)     In addition to the requirements of Section 9, Lessee shall perform any reclamation of the Leased Premises required by applicable law with respect to Lessee's operations.

12.     No Warranty.     LESSOR MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO THE NATURE, QUALITY OR QUANTITY OF THE MATERIALS. LESSEE ACKNOWLEDGES THAT IT HAS BEEN GIVEN FULL ACCESS TO THE LEASED PREMISES AND HAS MADE EXAMINATIONS AND CONDUCTED TESTS THEREON TO SATISFY ITSELF AS TO THE NATURE, QUALITY AND QUANTITY OF THE MATERIALS.

13.     Reclamation of Surface. Lessee shall level all areas mined by Lessee by filling in pits with waste material from the immediate area and removing all large rock from the surface of the ground and filling of valleys in such a manner that the area can be traversed with farm machinery. All ridges and peaks of land and stock piles of Materials or waste products stored on the Leased Premises shall be graded to a rolling topography traversable by machines necessary for maintenance. All soil disturbed for plant construction shall be reclaimed to its original condition. Reclamation will commence twelve (12) months after mining begins.

14.     Due Care. Throughout the Term, Lessee shall conduct its operations in a clean, safe and responsible manner and in a manner that will maximize the mining and shipping of commercially saleable Materials. At all times upon entering or leaving the Leased Premises, Lessee shall leave all gates closed and locked. Lessee shall exercise due care to avoid damaging any of Lessor's buildings, improvements, equipment or other property located on the Leased Premises. If any damage should occur to any of Lessor's buildings, improvements, equipment or other property as the result of the acts or omissions of Lessee or its agents or employees or any other person for whom Lessee is legally responsible, Lessee shall pay to Lessor on demand the cost of any required repair or replacement.

15.     Indemnity. Lessee shall defend, indemnify and hold harmless Lessor against all claims, suits, losses, costs, damages and expenses (including reasonable attorneys' fees) asserted against or incurred by Lessor on account of or arising from Lessee's operations under this Lease.

16.     Insurance. Throughout the Term, Lessee shall maintain the following types of insurance in amounts not less than those set forth below:

(a)     Worker's compensation insurance in an amount sufficient to cover full liability under the worker's compensation laws of the State of Oklahoma, together with employer's liability insurance in an amount not less than $500,000. The policies evidencing the insurance required under this subsection (a) shall not be endorsed with a waiver of subrogation endorsement, waiving the carrier's right of recovery under subrogation or otherwise from Lessor.

(b)     Commercial general liability insurance, written on an "occurrence" (as opposed to a "claims made") basis, insuring against claims for personal injury, sickness,

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By   CODY SHIRES, Deputy

1

disease or death and against claims for injury or destruction of property. Such insurance shall include the following coverages:

      (i)     Explosion, collapse and underground hazards;

      (ii)    Blanket contractual liability, including Lessee's indemnity obligations under this Lease;

      (iii)   Broad form coverage for property damage (extended to apply to completed operations);

      (iv)   Products and completed operations liability;

      (v)    Independent contractor's protective liability to cover Lessee's liability arising out of operations performed by independent contractors retained by Lessee; and

      (vi)   Operations and premises liability (including elevator liability).

Limits of liability in the commercial general liability policy shall not be less than $1,000,000 per occurrence and $2,000,000 annual aggregate for bodily injury, and not less than $500,000 per occurrence and $2,000,000 annual aggregate for property damage.

      (c)    Automatic liability insurance, covering operation of all owned, hired and non-owned vehicles, in an amount of not less than $1,000,000 combined single limit.

      (d)    "Umbrella" excess liability insurance providing insurance coverage for all risks covered by the commercial general liability and automobile liability policies referenced above in excess of the insurance limits afforded under such policies, in an amount of at least $10,000,000.

All policies of insurance required by subsections (b), (c) and (d) above shall name Lessor as an additional insured or forms satisfactory to Lessor, and shall contain endorsed provisions obligating the respective insurance companies to give not less than 30 days written notice to Lessor prior to the effective date of the cancellation or change which would negate or diminish coverage or limits of such policies, regardless of whether such cancellation or change be initiated by the insurance company or on instructions of the insured. Before commencing operations under this Lease and thereafter at least 15 days prior to the scheduled expiration of any insurance policy required hereunder, Lessee shall furnish certificates of insurance satisfactory to Lessor from each insurance company evidencing that all insurance required hereunder is in force.

    17.    Default.  The following events shall constitute events of default by Lessee under this Lease:

      (a)    Lessee shall fail to pay Lessor any Royalties, or any other monetary amount owing under this Lease within the time provided hereunder.



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

(b)     Lessee shall fail to maintain any insurance required under Section 16 above or to deliver to Lessor certificates of such insurance in the manner and within the time required under Section 16.

(c)     Lessee shall fail to comply with any term, provision or covenant of this Lease, other than the terms, provisions and covenants covered by subsections (a) and (b) above, and shall not cure such failure within twenty (20) days after delivery of written notice thereof to Lessee.

(d)     Lessee shall file a petition for relief under the United States Bankruptcy Code, as amended, or any other present or future federal or state insolvency, bankruptcy or similar law (all of the foregoing hereinafter collectively called "applicable Bankruptcy Law"), or an involuntary petition for relief is filed against Lessee under any applicable Bankruptcy Law and such petition is not dismissed within sixty (60) days after the filing thereof, or an order for relief naming Lessee is entered under any applicable Bankruptcy Law, or any composition, rearrangement, extension, reorganization or other relief of debtors now or hereafter existing is requested or consented to by Lessee.

(e)     The leasehold hereunder shall be taken on execution or other process of law in any action against Lessee.

18.     Remedies.  If any event of default by Lessee shall occur, Lessor shall have the right at its election, then or at any time thereafter while such event of default shall continue, to pursue any one or more of the following remedies:

(a)     Terminate this Lease by giving written notice thereof to Lessee, in which event Lessee shall immediately surrender the Leased Premises to Lessor and if Lessee fails to do so, Lessor may, without prejudice to any other remedy which it may have for possession or arrearages in Royalties or other monetary amounts owing to Lessor hereunder, enter upon and take possession of the Leased Premises and expel or remove Lessee and any other person who may be occupying the Leased Premises.

(b)     To the extent permitted by applicable law, obtain injunctive relief in case of the violation, or attempted or threatened violation, of any of the covenants, agreements, conditions or provisions of this Lease, or to a decree compelling performance of any of the covenants, agreements, conditions or provisions of this Lease.

No right or remedy herein conferred upon or reserved to Lessor is intended to be exclusive of any other right or remedy, and each right and remedy shall be cumulative and in addition to any right or remedy given hereunder or now or hereafter existing at law or in equity.

19.     Security Interest.  In addition to any statutory Lessor's lien available to Lessor and in order to secure payment of all Royalties and other sums of money becoming due hereunder from Lessee, and to secure payment of any damages or loss which Lessor may suffer by reason of the breach by Lessee of any covenant, agreement or condition contained herein, Lessee hereby grants unto Lessor a security interest in all Materials, whether in raw or processed form, and all proceeds thereof.  Upon the occurrence of an event of default by Lessee, Lessor may, in addition to any other remedies provided herein, enter upon the Leased Premises and take

Page 8

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

possession of any and all Materials, without liability for trespass or conversion (and Lessee hereby waives any right to notice or hearing prior to such taking of possession by Lessor), and sell the same at public or private sale, with or without having such property at the sale after giving Lessee reasonable notice of the time and place of any public sale or of the time after which any private sale is to be made, at which the Lessor or its assigns may purchase unless otherwise prohibited by law. Unless otherwise provided by law, and without intending to exclude any other manner of giving, Lessee reasonable notice, the requirement of reasonable notice shall be met if such notice is giving in the manner prescribed under the notice provisions of this Lease at least five days before the day of sale. The proceeds form any such disposition, less any and all expense connected with the taking of possession, holding and selling of the property (including reasonable attorneys' fees and other expenses), shall be applied as a credit against the indebtedness secured by the security interested granted in this section. Any surplus shall be paid to Lessee or as otherwise required by law; and Lessee shall pay any deficiency forthwith. Contemporaneously with the execution of this Lease, Lessee shall execute and deliver to Lessor a financing statement in form sufficient to perfect the security interest of Lessor in the Materials and proceeds thereof under the provisions of the Oklahoma Business and Commerce Code. Lessor may at any time file a copy of this Lease as a financing statement.

20.   Notices.   Any notice, request, demand or other communication required or permitted hereunder shall be given in writing by (a) personal delivery; or (b) expedited delivery serve with proof of delivery, or (c) United States mail, postage prepaid, registered or certified mail, return receipt requested, or (d) prepaid telegram, telex or telecopy, sent to the intended addressee at the address shown on the signature page of this Lease, or to such other address or to the attention of such other person as the addressee shall have designated by written notice sent in accordance herewith. Any such notice, request, demand or other communication shall be deemed to have been given either at the time of personal delivery or, in the case of delivery serves or mail, as of the date of first attempted delivery at the address and in the manner provided herein, or in the case of telegram, telex or telecopy, upon receipt.

21.   Attorney's Fees.   Should either party hereto institute any legal proceeding to enforce any provision hereof or for damage by reason of any alleged breach of any provision of this Lease or for any other judicial remedy, the prevailing party shall be entitled to receive from the losing party all reasonable attorney's fees and all court costs in connection with such proceeding.

22.   Assignment.   Without the prior written consent of Lessor, Lessee shall not assign all or any part of its rights or interests hereunder. Lessor shall not withhold such consent if the proposed assignee possesses adequate experience, credit worthiness, meaning that said party would quality for a comparable loan at any state or federal institution regulated by applicable banking laws and the ability to perform Lessee's duties and obligations under this Lease. Lessor may assign all or any part of its rights or interest hereunder without the consent of Lessee. Subject to the preceding sentence, the provisions hereof shall extend to and be binding upon the successors and assigns of the parties hereof; and no change or division in ownership of the Property, the Materials or the Royalties or other amounts payable hereunder, however accomplished, shall operate to diminish the obligations of Lessee hereunder.



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

23.     Quiet Enjoyment.  Lessor represents that Lessor is the sole owner of the Lease Premises, however, if there is an encumbrances outstanding against the Leased Premises, Lessor represents that it has the full right to lease the same upon the terms set forth herein.  Lessor further covenants that Lessee shall peacefully and quietly enjoy the Leased Premises for the term of this Lease or any extension or renewal thereof.  In case Lessor owns an interest in the Materials in and under the Leased Premises less than an undivided fee simple estate therein, then the payments to Lessor herein provided for shall be paid to Lessor only in proportion which Lessor's interest bears to the whole and undivided fee therein.

24.     Authority of Lessor.  It is expressly agreed that no change or division of the ownership of the Leased Premises or any part of the same, however arising or effected, shall operate to increase the obligations or diminish the rights of Lessee hereunder.  Notwithstanding any other actual or constructive knowledge or notice whatsoever thereof, Lessee shall not be bound by such change or division until it has received a copy of the assignment or other evidence of transfer.  In the event of an assignment or transfer of a divided interest in the Leased Premises, the rentals payable hereunder shall be apportionable as between the several owners according to the surface area or undivided interest of each, and default in rental payment by one shall not affect the rights of the other owners of the Leased Premises.

25.     Force Majeure.  Should Lessee be prevented by any cause reasonably beyond Lessee's control, including, without limitation, flood, windstorm, any federal or state law or any other order, rule or regulation or governmental authority of which Lessee was unaware through the normal exercise of business diligence, litigation, act of God, and act of public enemy, from complying with any express or implied covenant of this Lease, then, while so prevented and for a reasonable period of time thereafter (not to exceed thirty (30) days), Lessee's obligation to comply with such covenant shall be suspended, and Lessee shall notify Lessor of the beginning and ending date of each such period of force majeure.

26.     Lessor Default.  Lessor agrees that Lessee shall have the right in the event of a default by Lessor of obligations to make payments on any encumbrances or obligation to pay taxes that directly threaten the possession of Lessee and provided that Lessee is current in all of Lessee's obligations.  Lessee may make such payments and be allowed an offset against sums due Lessor.  However, the right of Lessee to make such payments is specifically conditioned on Lessee's compliance and performance with all terms and conditions of the Lease and the actual threat of the taking of the premises or interference with Lessee's possession by such defaults by Lessor.

27.     Memorandum.  The parties agree that this Lease shall not be filed of record, but that instead, the parties shall sign and file a Memorandum of Lease in the form attached hereto as Exhibit B.

28.     Validity.  A determination that any provision of this Lease is unenforceable or invalid shall not affect the enforceability or validity of any other provision, and the determination that the application of any provision of this Lease to any person or circumstance is illegal or unenforceable shall not affect the enforceability or validity of such provision as it may apply to other persons or circumstances.



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

29.    Waiver.  No waiver of any provision of this Lease and no consent to any department herefrom shall be effective unless or until the same shall be in writing and signed by the party against whom such waiver or consent shall be claimed, and then such waiver or consent shall be effective only as to the specific instance and for the specific purpose for which it is given.

30.    Complete Agreement.  This Lease expresses the complete agreement between Lessor and Lessee.  No other oral or written agreements exist between Lessor and Lessee which are not expressed herein.  The agreements expressed herein cannot be amended or waived except by an instrument in writing signed by both Lessor and Lessee.

31.    Counterparts.  This Lease may be executed in any one or more counterparts, each of which shall constitute an original, but all of which together shall constitute but one and the same Lease.

[Signatures Follow]

Page 11



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

IN WITNESS WHEREOF, Lessor and Lessee have executed this Lease as of the date first written above.

LEO AND MABEL SCOTT CHARITABLE TRUST

By:    THE FROST NATIONAL BANK, Co-Trustee

By: _____
Name:
Title: _____
          John W. Schmedemann
          Vice President

Address: _____
          FROST NATIONAL BANK
          TRUST REAL ESTATE (T-6)
          P. O. BOX 2950
          SAN ANTONIO, TX 78299-2950

By:    OKLAHOMA CHRISTIAN UNIVERSITY, Co-Trustee

By: _____
Name: _____
Title: _____

Address: 2501 E. Memorial Rd
          Oklahoma City, OK  73013

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

By      NORTH CENTRAL TEXAS COLLEGE,
        Co-Trustee


By: _____
Name: _Debbie Sharp_____
Title: _Executive Director  NCTE Foundation_

Address: _1525 W. California St._
_Gainesville, Tx  76240_


By      UNITED WAY OF COOKE COUNTY,
        Co-Trustee


By: _____
Name: _Tim Torbeville_____
Title: _Trustee_____

Address: _PO Box 208_____
_Gainesville  TX  76241_


_Charles N. Davis III_

CHARLES N. DAVIS III
2904 Pennsylvania
Denton, Texas 76205


Page 13

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

STATE OF Oklahoma )
)
COUNTY OF Oklahoma )

BEFORE ME, the undersigned authority, on this day personally appeared Stephen Beck , known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that such person executed the same in the capacity and for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 6th day of June , 2011.

DANA HOLLEY
(SEAL)
Notary Public
State of Oklahoma
Commission # 10001890 Expires 03/01/14

NOTARY PUBLIC IN AND FOR THE
STATE OF Oklahoma
My Commission Expires: 03/01/14

STATE OF TEXAS )
)
COUNTY OF COOKE )

BEFORE ME, the undersigned authority, on this day personally appeared Tim Turbeville , known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that such person executed the same in the capacity and for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 16th day of June , 2011.

KEELA STOGAUGH
Notary Public
STATE OF TEXAS
My Comm. Exp. 03-16-2014

NOTARY PUBLIC IN AND FOR THE
STATE OF TEXAS
My Commission Expires: 3-16-2014

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

13.14

STATE OF _TEXAS_ )
)
COUNTY OF _COOKE_ )

BEFORE ME, the undersigned authority, on this day personally appeared _Debbie Sharp_, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that such person executed the same in the capacity and for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this _16th_ day of _June_, 2011.

_____
NOTARY PUBLIC IN AND FOR THE
STATE OF _TEXAS_
My Commission Expires: _3-16-2014_

KEELA STOBAUGH
Notary Public
STATE OF TEXAS
My Comm. Exp. 03-16-2014

STATE OF _Texas_ )
)
COUNTY OF _Bexar_ )

BEFORE ME, the undersigned authority, on this day personally appeared _John Schmiedanna, V.P._, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that such person executed the same in the capacity and for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this _13th_ day of _July_, 2011.

_____
NOTARY PUBLIC IN AND FOR THE
STATE OF _Texas_
My Commission Expires: _3-22-2014_

CHRISTIE GONZALEZ
Notary Public
STATE OF TEXAS
My Comm. Exp. 03-22-2014



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

STATE OF  TEXAS                   )
                                 )
COUNTY OF  COOKE                 )

BEFORE ME, the undersigned authority, on this day personally appeared Charles N. Davis, III, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same in the capacity and for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 2nd day of June , 2011.



NOTARY PUBLIC IN AND FOR THE
STATE OF  TEXAS
My Commission Expires:  3-16-2014

KEELA STOBAUGH
Notary Public
STATE OF TEXAS
My Comm. Exp. 03-16-2014

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

13.16

## EXHIBIT A

### DESCRIPTION OF THE LEASED PREMISES

THE FOLLOWING PARCELS LOCATED IN LOVE COUNTY, OKLAHOMA, TOWNSHIP 9, SOUTH RANGE 1 EAST:

| Tract | Acres |
|---|---|
| Section 22 Lots 4 & 5 | 27.45 |
| Section 23 SW/4 | 160.00 |
| Section 23 SE/4 | 160.00 |
| Section 24-S/2 NW/4 and NW/4 SW/4 | 11.63 |
| Section 25 S/2 NW/4 and SW/4 | 52.50 |
| Section 25 W/2 NW/4 NW/4 | 4.6901 |
| Section 26 NE/4 and W/2 SE/4 NW/4 | 180.00 |
| Section 26 Lots 3, 4, 5 and N/ SE/4 and SE/4 SE/4 | 196.70 |
| Section 26 Lot 1 and E 15.55 acres of Lot 2 and NE/4 NW/4 and E/2 SE/4 NW/4 | 110.20 |
| Section 26 W 5.25 acres of Lot 2 | 5.25 |
| Section 35 Lot 2 | 8.60 |
| Section 35 Lots 1 and 3 | 48.60 |
| Section 36 NW/4 NW/4 NW/4 | 10.00 |
| Section 36 SE/4 NW/4 NW/4 and E/2 SW/4 NW/4 and all SE/4 NW/4 and Lot 3 W of Hwy 77 | 47.50 |
| Total | 1023.1201 |



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

Return
Charles Davis
2904 Pennsylvania Dr
Denton, TX 76205



EXHIBIT

MEMORANDUM OF LEASE

2012-000284 Book 0714 Pg: 464
/20/2012  2:20 pm  Pg 0464-0470
Fee: $ 25.00   Doc:   $ 0.00
Shelly Russell - Love County Clerk
State of Oklahoma

THIS MEMORANDUM OF LEASE (the "Memorandum") is dated the 3rd day of JUNE, 2011 by and among OKLAHOMA CHRISTIAN UNIVERSITY, NORTH CENTRAL TEXAS COLLEGE, UNITED WAY OF COOKE COUNTY and THE FROST NATIONAL BANK, as Co-Trustees of the Leo and Mabel Scott Charitable Trust ("Lessor") and Charles N. Davis, III ("Tenant").

## RECITALS:

A. Lessor and Tenant have entered into that certain Mining Lease dated the date hereof calling for a lease of the Property described on Exhibit "A" attached hereto and made a part hereof by this reference for all purposes, (the "Lease");

B. Lessor and Tenant desire to reflect of record the existence of the Lease and the Option and therefore have entered into this Memorandum.

NOW, THEREFORE, for and in consideration of Ten Dollars and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the parties hereto, the parties hereby state and agree as follows:

1. The parties desire to record this Memorandum to reflect the existence of the Lease and the rights of the Lessor and the Tenant in accordance therewith.

2. Lessor and Tenant hereby specifically agree that in the event that the Tenant shall default or fail to perform any of its obligations under and pursuant to the Lease, or should the Lease terminate for any reason, the Lessor shall be entitled to execute a release and termination of this Memorandum. The Tenant hereby grants and appoints to the Lessor, a power of attorney, such power of attorney being coupled with an interest and to constitute a durable power of attorney whereby the power of attorney shall survive the death, termination or liquidation of all or any of the persons or entities comprising the Tenant and shall continue notwithstanding the bankruptcy of any of the persons or entities comprising the Tenant. This power of attorney shall be granted for the purpose of executing on behalf of the Tenant, and all persons or entities comprising the Tenant, the release and termination of this Memorandum in the event that the Tenant shall default under or fail to perform any of its obligations under the Lease, shall fail to exercise the Option or in the event that the Lease or the Option shall terminate for any reason.

3. Defined terms used herein shall bear the same meaning as set forth in the Lease and the exhibits attached thereto except as otherwise provided herein.

[Signature Page Follows]



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

I-2012-000284 Book 0714 Pg: 465
01/20/2012  2:20 pm  Pg 0464-0470
Fee:    $ 25.00     Doc:     $ 0.00
Shelly Russell - Love County Clerk
State of Oklahoma

IN WITNESS WHEREOF, the parties hereto have executed this Memorandum effective as of the date set forth above.

LESSOR:

LEO AND MABEL SCOTT CHARITABLE TRUST

By:     THE FROST NATIONAL BANK,
        Co-Trustee

By: _____
Name: _____
Title: _____
        John W. Schmedemann
        Vice President

By:     OKLAHOMA CHRISTIAN UNIVERSITY,
        Co-Trustee

By: _____
Name: Stephen Eck
Title: Vice President

By      NORTH CENTRAL TEXAS COLLEGE,
        Co-Trustee

By: _____
Name: Debbie Sharp
Title: Executive Director
        NCTC Foundation

By      UNITED WAY OF COOKE COUNTY,
        Co-Trustee

By: _____
Name: Tom Turberville
Title: Trustee



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

I-2012-000284  Book  0714  Pg: 468
01/20/2012   2:20 pm   Pg 0464-0470
Fee:    $ 25.00      Doc:    $ 0.00
Shelly Russell - Love County Clerk
State of Oklahoma

LESSEE:

CHARLES N. DAVIS, III

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

I-2012-000284 Book 0714 Pg:467
01/20/2012  2:20 pm  Pg 0464-0470
Fee:  $ 25.00   Doc:   $ 0.00
Shelly Russell - Love County Clerk
State of Oklahoma

STATE OF Oklahoma )
COUNTY OF Oklahoma )

BEFORE ME, the undersigned authority, on this day personally appeared
Stephen Eek , known to me to be the person whose name is subscribed
to the foregoing instrument and acknowledged to me that such person executed the same in the
capacity and for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 6th day of
June , 2011.

DANA HOLLEY
Notary Public
State of Oklahoma
Commission # 10001590 Expires 03/01/14

NOTARY PUBLIC IN AND FOR THE
STATE OF Oklahoma
My Commission Expires: 03/01/14

STATE OF TEXAS )
COUNTY OF COOKE )

BEFORE ME, the undersigned authority, on this day personally appeared
Tim Turbeville , known to me to be the person whose name is subscribed
to the foregoing instrument and acknowledged to me that such person executed the same in the
capacity and for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 16th day of
June , 2011.

KEELA STOBAUGH
Notary Public
STATE OF TEXAS
My Comm. Exp. 03-16-2014

NOTARY PUBLIC IN AND FOR THE
STATE OF TEXAS
My Commission Expires: 3-16-2014



A CERTIFIED COPY
MARCIA. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

I-2012-000284 Book 0714 Pg: 466
01/20/2012  2:20 pm  Pg:0464-0470
Fee:   $ 25.00   Doc:   $ 0.00
Shelly Russell - Love County Clerk
State of Oklahoma

STATE OF _TEXAS_ )
)
COUNTY OF _COOKE_ )

BEFORE ME, the undersigned authority, on this day personally appeared _Debbie Sharp_, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that such person executed the same in the capacity and for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 16th day of _June_, 2011.

KEELA STOBAUGH
Notary Public
STATE OF TEXAS
My Comm. Exp. 03-16-2014

NOTARY PUBLIC IN AND FOR THE
STATE OF _TEXAS_
My Commission Expires: _3-16-2014_

STATE OF _Texas_ )
)
COUNTY OF _Bexar_ )

BEFORE ME, the undersigned authority, on this day personally appeared _John Schmiederman, V.P._, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that such person executed the same in the capacity and for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 13th day of _July_, 2011.

CHRISTIE GONZALEZ
Notary Public
STATE OF TEXAS
My Comm. Exp. 03-22-2014

NOTARY PUBLIC IN/AND FOR THE
STATE OF _Texas_
My Commission Expires: _3-22-2014_



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

STATE OF _TEXAS_          )
                          )
COUNTY OF _COOKE_         )

I-2012-000284  Book 0714  Pg: 469
01/20/2012   2:20 pm   Pg 0464-0470
Fee:   $ 25.00      Doc:    $ 0.00
Shelly Russell – Love County Clerk
State of Oklahoma

BEFORE ME, the undersigned authority, on this day personally appeared Charles N. Davis, III, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same in the capacity and for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 2ⁿᵈ day of _June_ , 2011.



NOTARY PUBLIC IN AND FOR THE
STATE OF _TEXAS_
My Commission Expires: _3–16–2014_

KEELA STOBAUGH
Notary Public
STATE OF TEXAS
My Comm. Exp. 03-16-2014

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

I-2012-000284  Book 0714  Pg: 470
01/20/2012  2:20 pm  Pg:0464-0470
Fee:  $25.00      Doc:  $0.00
Shelly Russell - Love County Clerk
State of Oklahoma

## EXHIBIT "A"

### PROPERTY DESCRIPTION

THE FOLLOWING PARCELS LOCATED IN LOVE COUNTY, OKLAHOMA,
TOWNSHIP 9, SOUTH RANGE 1 EAST:

| Tract | Acres |
|---|---|
| Section 22 Lots 4 & 5 | 27.45 |
| Section 23 SW/4 | 160.00 |
| Section 23 SE/4 | 160.00 |
| Section 24-S/2 NW/4 and NW/4 SW/4 | 11.63 |
| Section 25 S/2 NW/4 and SW/4 | 52.50 |
| Section 25 W/2 NW/4 NW/4 | 4.6901 |
| Section 26 NE/4 and W/2 SE/4 NW/4 | 180.00 |
| Section 26 Lots 3, 4, 5 and N/ SE/4 and SE/4 SE/4 | 196.70 |
| Section 26 Lot 1 and E 15.55 acres of Lot 2 and NE/4 NW/4 and E/2 SE/4 NW/4 | 110.20 |
| Section 26 W 5.25 acres of Lot 2 | 5.25 |
| Section 35 Lot 2 | 8.60 |
| Section 35 Lots 1 and 3 | 48.60 |
| Section 36 NW/4 NW/4 NW/4 | 10.00 |
| Section 36 SE/4 NW/4 NW/4 and E/2 SW/4 NW/4 and all SE/4 NW/4 and Lot 3 W of Hwy 77 | 47.50 |
| Total | 1023.1201 |



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

# EXHIBIT

# "D"



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

I-2013-005669 Book 0753 Pg: 208
10/29/2013 11:00 am   Pg 0208-0218
Fee:   $ 33.00        Doc:   $ 0.00
Shelly Russell - Love County Clerk
State of Oklahoma

## MEMORANDUM OF LEASE ASSIGNMENT AND AMENDMENT

THIS MEMORANDUM OF LEASE ASSIGNMENT AND AMENDMENT OF MINING LEASE (the "Memorandum") is made and entered into effective as of September 28 2013 (the "Effective Date") by and among Red River Aggregates, LLC, a Texas limited liability company registered and authorized to do business in the State of Oklahoma ("Assignor"), Redi-Mix, LLC, a Texas limited liability company ("Assignee"), and by Oklahoma Christian University, North Central Texas College, United Way of Cooke County and Frost Bank, formerly The Frost National Bank, as Co-Trustees of the Leo and Mabel Scott Charitable Trust ("Lessor").

### RECITALS

WHEREAS, Lessor and Assignor entered into that certain Mining Lease dated June 3, 2011, a memorandum of which was recorded at 2:20 PM on January 20, 2012 in the office of the Clerk for Love County, State of Oklahoma at I-2012-000284 Book 0714 Pg: 464-0470 calling for a lease of the Property described on Exhibit 1 attached hereto and made a part hereof by this reference for all purposes, (the "Lease"); and

WHEREAS, Lessor, Assignor and Assignee have entered into that certain Assignment, Consent to Assignment and Amendment of Lease dated the date hereof and made a part hereof by this reference for all purposes (the "Assignment"); and,

WHEREAS, Lessor, Assignor and Assignee desire to reflect of record the existence of the Assignment and the rights of the Lessor, Assignor and Assignee in accordance therewith;

NOW, THEREFORE, for and in consideration of Ten Dollars and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the parties hereto, the parties hereby state and agree as follows:

1. The parties desire to record this Memorandum to reflect that the Assignor has with Lessor's consent assigned its interest as lessee under the Lease to Assignee and that the lease has been amended in various respects as provided for in the Assignment.

2. The parties hereby specifically agree that in the event that the Assignee shall default or fail to perform any of its obligations under and pursuant to the Lease, or should the Lease terminate for any reason, the Lessor shall be entitled to execute a release and termination of this Memorandum. Assignee hereby grants and appoints to the Lessor, a power of attorney, such power of attorney being coupled with an interest and to constitute a durable power of attorney whereby the power of attorney shall survive the death, termination or liquidation of all or any of the persons or entities comprising the Assignee. This power of attorney shall be granted for the purpose of executing on behalf of the Assignee, and all persons or entities comprising the Assignee, the release and termination of this

Page 1





A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

Memorandum if the Assignee shall default under or fail to perform any of its obligations under the Lease, or if the Lease shall terminate for any reason.

3.  Defined terms used herein shall bear the same meaning as set forth in the Lease and the exhibits attached thereto except as otherwise provided herein.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first above written.

LESSOR, LEO AND MABEL SCOTT
CHARITABLE TRUST

By:  Frost Bank, Co-Trustee

By_____
Name:
Title:_____John W. Schmedemann_____
            Vice President


By: Oklahoma Christian University, Co-Trustee

By_____
Name:_____
Title:_____


By:  North Central Texas College, Co-Trustee

By_____
Name:_____
Title:_____


By:  United Way of Cooke County, Co- Trustee

By_____
Name:_____
Title:_____


I-2013-005889  Book  0753  Pg:  209
10/29/2013 11:00 am  Pg 0208-0218
Fee'    $ 33.00    Doc:    $ 0.00
Shely Russell - Love County Clerk
State of Oklahoma

Page 2

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

Memorandum if the Assignee shall default under or fail to perform any of its obligations under the Lease, or if the Lease shall terminate for any reason.

3. Defined terms used herein shall bear the same meaning as set forth in the Lease and the exhibits attached thereto except as otherwise provided herein.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first above written.

LESSOR, LEO AND MABEL SCOTT
CHARITABLE TRUST

By: Frost Bank, Co-Trustee

By_____
Name:_____
Title:_____

By: Oklahoma Christian University, Co-Trustee

By_____
Name: Stephen Eck
Title: Vice President General Counsel

By: North Central Texas College, Co-Trustee

By_____
Name:_____
Title:_____

By: United Way of Cooke County, Co-Trustee

By_____
Name:_____
Title:_____

I-2013-005889 Book 0753 Pg: 210
10/29/2013 11:00 am Pg 0208-0218
Fee: $ 33.00 Doc: $ 0.00
Shelly Russell - Love County Clerk
State of Oklahoma

Page 2

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

Memorandum if the Assignee shall default under or fail to perform any of its obligations under the Lease, or if the Lease shall terminate for any reason.

3.   Defined terms used herein shall bear the same meaning as set forth in the Lease and the exhibits attached thereto except as otherwise provided herein.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first above written.

LESSOR, LEO AND MABEL SCOTT
CHARITABLE TRUST

By: Frost Bank, Co-Trustee

By_____
Name:_____
Title:_____

By: Oklahoma Christian University, Co-Trustee

By_____
Name:_____
Title:_____

By: North Central Texas College, Co-Trustee

By _Debbie Sharp_____
Name: _Debbie Sharp_____
Title: _Executive Director_____

By: United Way of Cooke County, Co-Trustee

By_____
Name:_____
Title:_____

I-2013-005889  Book  0753   Pg: 211
10/29/2013  11:00 am   Pg 0208-0218
Fee:    $ 33.00    Doc:    $ 0.00
Shelly Russell - Love County Clerk
State of Oklahoma

Page 2



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

Memorandum if the Assignee shall default under or fail to perform any of its obligations under the Lease, or if the Lease shall terminate for any reason.

3.  Defined terms used herein shall bear the same meaning as set forth in the Lease and the exhibits attached thereto except as otherwise provided herein.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first above written.

LESSOR, LEO AND MABEL SCOTT
CHARITABLE TRUST

By: Frost Bank, Co-Trustee

By_____
Name:_____
Title:_____


By: Oklahoma Christian University, Co-Trustee

By_____
Name:_____
Title:_____


By: North Central Texas College, Co-Trustee

By_____
Name:_____
Title:_____


By: United Way of Cooke County, Co- Trustee

By_____
Name:___Tim Turbeville_____
Title:___Scott Trustee_____

I-2013-005989  Book 0753  Pg: 212
10/29/2013 11:00 am  Pg 0208-0216
Fee:    $ 33.00    Doc:    $ 0.00
Shelly Russell - Love County Clerk
State of Oklahoma


Page 2



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

ASSIGNOR:

Red River Aggregates, LLC

By: Charles N. Davis, III
Its Chairman
ASSIGNEE

Redi-Mix, LLC

By
Niel L. Poulsen
Vice President

STATE OF TEXAS                          §

COUNTY OF DENTON                        §

On this 26 day of ___SepT_____, 2013, personally appeared before me Charles
N. Davis, III, as Chairman of Red River Aggregates, LLC a, Texas limited liability company,
and that said instrument was signed by said person in such capacity.

SEAL

CRYSTAL R. KING
Notary Public, State of Texas
My Commission Expires
September 20, 2014

(Signature)
My commission expires: SepT 20, 2014

I-2013-005889  Book 0753  Pg: 213
10/29/2013  11:00 am  Pg 0208-0218
Fee:    $ 33.00      Doc:    $ 0.00
Sholly Russell - Love County Clerk
State of Oklahoma

STATE OF TEXAS                          §

COUNTY OF Tarrant                       §

On this 26 day of Sept_____, 2013, personally appeared before me Niel L.
Poulsen, who being by me duly affirmed, did say that he is the Vice President of Redi-Mix, LLC,
a Texas limited liability company, and that said instrument was signed by said person on behalf
of said corporation.

SEAL

SANDRA ALLEN
Notary Public, State of Texas
My Commission Expires
March 08, 2017

(Signature)
My commission expires: March 08, 2017

Page 3



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

STATE OF ___Texas___

COUNTY OF ___Bexar___

BEFORE ME, the undersigned authority, on this day personally appeared _John Schmidmann_, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that such person executed the same in the capacity and for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 11ᵗʰ day of Sep., 2013.

CHRISTIE GONZALEZ
Notary Public
STATE OF TEXAS
My Comm. Exp. 03-22-2014

_____
NOTARY PUBLIC IN AND FOR THE STATE
OF ___Texas___
My commission expires: ___3-22-2014___

STATE OF _____

COUNTY OF _____

BEFORE ME, the undersigned authority, on this day personally appeared _____ known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that such person executed the same in the capacity and for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this ___ day of ___, 2013.

_____
NOTARY PUBLIC IN AND FOR THE STATE
OF _____
My commission expires: _____

I-2013-005889 Book 0753 Pg: 214
10/29/2013 11:00 am Pg 0208-0218
Fee:   $ 33.00   Doc:   $ 0.00
Shelly Russell - Love County Clerk
State of Oklahoma

Page 4



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

STATE OF _____

COUNTY OF _____

BEFORE ME, the undersigned authority, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that such person executed the same in the capacity and for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this ___ day of ____, 2013.

NOTARY PUBLIC IN AND FOR THE STATE OF _____
My commission expires: _____

STATE OF Oklahoma

COUNTY OF Oklahoma

BEFORE ME, the undersigned authority, on this day personally appeared Stephen Eck, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that such person executed the same in the capacity and for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 27 day of Sept, 2013.

Marcy Leonard
NOTARY PUBLIC IN AND FOR THE STATE OF Oklahoma
My commission expires: 10-11-16

MARCY LEONARD
NOTARY
# 12009648
EXP. 10/11/16
PUBLIC
STATE OF OKLAHOMA

I-2013-005889 Book 0753 Pg: 215
10/29/2013 11:00 am Pg 0208-0218
Fee: $ 33.00 Doc: $ 0.00
Shelly Russell - Love County Clerk
State of Oklahoma

Page 4



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

STATE OF _Texas_

COUNTY OF _Cooke_

BEFORE ME, the undersigned authority, on this day personally appeared _Debbie Sharp_____, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that such person executed the same in the capacity and for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this _26_ day of _Sept_, 2013.

LYNN C. PETERS
Notary Public, State of Texas
My Commission Expires
February 24, 2016

_Lynn C. Peters_
NOTARY PUBLIC IN AND FOR THE STATE
OF _____
My commission expires:_____

STATE OF _____

COUNTY OF _____

BEFORE ME, the undersigned authority, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that such person executed the same in the capacity and for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this ___ day of ____, 2013.

NOTARY PUBLIC IN AND FOR THE STATE
OF _____
My commission expires:_____

I-2013-005889  Book  0763  Pg: 216
10/29/2013 11:00 am  Pg 0206-0216
Fee:   $ 33.00   Doc:   $ 0.00
Shely Russel - Love County Clerk
State of Oklahoma

Page 5


A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

STATE OF _____

COUNTY OF _____

BEFORE ME, the undersigned authority, on this day personally appeared
_____, known to me to be the person whose name is subscribed to the
foregoing instrument and acknowledged to me that such person executed the same in the
capacity and for the purposes and consideration therein expressed,

GIVEN UNDER MY HAND AND SEAL OF OFFICE this ___ day of ____, 2013.

_____
NOTARY PUBLIC IN AND FOR THE STATE
OF _____
My commission expires: _____

STATE OF _Texas_

COUNTY OF _Cooke_

BEFORE ME, the undersigned authority, on this day personally appeared
_Tim Turbeville_ known to me to be the person whose name is subscribed to the
foregoing instrument and acknowledged to me that such person executed the same in the
capacity and for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 27th day of Sept 2013.

_Tina Morgan_
NOTARY PUBLIC IN AND FOR THE STATE
OF _Texas_
My commission expires: _1/16/14_

TINA MORGAN
Notary Public, State of Texas
My Commission Expires 1-16-2014

L-2013-005689  Book 0753  Pg: 217
10/29/2013  11:00 am  Pg 0208-0218
Fee:   $ 39.00    Doc:   $ 0.00
Shelly Russell - Love County Clerk
State of Oklahoma

Page 4


A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

## EXHIBIT 1

### DESCRIPTION OF THE LEASED PREMISES

Situated in the County of Love, State of Oklahoma, Township 9 South, Range 1 East, of the Indian Base and Meridian, being more particularly described as follows:

| | |
|---|---|
| Section 22 Lot 4 | 20.05 AC |
| Section 22 Lot 5 | 10.87 AC |
| Section 22 Accreted Land | 85.32 AC |
| Section 23 SW/4 | 160.61 AC |
| Section 23 SE/4 | 159.90 AC |
| Section 24 S/2 NW/4 West of BNSF Railroad | 34.16 AC |
| Section 24 NW/4 SW/4 West of BNSF Railroad | 10.78 AC |
| Section 25 W/2 NW/4 NW/4 West of BNSF Railroad | 4.81 AC |
| Section 25 S/2 NW/4 West of BNSF Railroad | 12.99 AC |
| Section 25 SW/4 West of BNSF Railroad | 49.29 AC |
| Section 26 NE/4 | 160.22 AC |
| Section 26 SE/4 NW/4 | 28.51 AC |
| Section 26 N/2 SE/4 | 80.27 AC |
| Section 26 SE/4 SE/4 | 40.02 AC |
| Section 26 NE/4 NW/4 | 40.56 AC |
| Section 26 Lot 1 | 20.85 AC |
| Section 26 Lot 2 | 0.15 AC |
| Section 26 Lot 3 | 7.14 AC |
| Section 26 Lot 4 | 0.20 AC |
| Section 26 Lot 5 | 36.71 AC |
| Section 27 Accreted Land | |
| Section 35 Lot 1 | 39.44 AC |
| Section 35 Lot 2 | 12.28 AC |
| Section 35 Lot 3 West of U.S. Highway No. 77 | 13.52 AC |
| Section 35 Accreted Land | 21.74 AC |
| Section 36 NW/4 NW/4 NW/4 | 10.01 AC |
| Section 36 SE/4 NW/4 NW/4 | 7.46 AC |
| Section 36 E/2 SW/4 NW/4 | 17.12 AC |
| Section 36 SE/4 NW/4 West of U.S. Highway No. 77 | 5.40 AC |

Sub Total 1090.38 AC

| | |
|---|---|
| Land within limits of Red River | 160.02 AC |

Total 1250.40 AC

I-2013-005880  Book  0753  Pg: 218
10/29/2013 11:00 am  Pg 0208-0218
Fee:    $ 33.00    Doc:    $ 0.00
Shelly Russell - Love County Clerk
State of Oklahoma

Page 6



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:   CODY SHIRES, Deputy

# EXHIBIT "E"



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

states, or between citizens and the federal government; and 6) Institutes a standing commission to resolve any future disputes between Oklahoma and Texas. The compact went into effect August 31, 2000, when both the United States Senate and the House of Representatives approved the Red River Boundary Compact as Joint Resolution 72.

**From:** Steve Schmitz [mailto:sschmitz@B29Investments.com]
**Sent:** Monday, June 25, 2018 2:38 PM
**To:** David Behring <dbehring@us-concrete.com>
**Subject:** Stark Ranch, Cooke County, TX

David,

Thank you for taking the time to visit with us in Gainesville last week. At our meeting, you mentioned wanting additional information regarding the methodology used in determining our property boundary line along the Red River.

To follow up on your request for additional information, we engaged a Licensed State Land Surveyor and Registered Professional Land Surveyor by the name of Nedra Foster to determine Stark Ranch – West, LLC's legal boundary along the Red River. There are only a few surveyors in the state of Texas who have the qualifications to determine gradient boundary lines, and Nedra was highly recommended to us as one of the most knowledgeable gradient boundary surveyors in the state, with particular experience along the Red River.

Nedra is an expert in determining boundary lines along Texas river banks and has extensive experience in determining gradient boundaries. Nedra has been a Licensed State Land Surveyor since 2000 and a Registered Professional Land Surveyor since 1999. The LSLS designation is a special certification reserved for surveyors who perform work under which the state of Texas or federal government may have an interest (such as along river banks). I've attached a copy of her resume which summarizes her past experience.

The gradient boundary concept and methodology that Nedra relied upon was developed in a U.S. Supreme Court case involving the boundary between Oklahoma and Texas along the south bank of the Red River (State of Oklahoma v. State of Texas, 260 U.S. 606 (1923)). Under the direction and instruction of the U. S. Supreme Court, surveyors Arthur Stiles (representing the interest of Texas) and Arthur Kidder (representing the interest of the United States and Oklahoma) developed the procedures under which inland watercourse boundaries are determined in Texas.

Based on the guidance developed through such case, Nedra used the following methodology to determine the gradient boundary:

1) Locate a "qualified bank" within a reasonable vicinity of the project. This is an accretion bank that the river has built during times of high water.
2) This bank is measured from the top (where the flowing water just reaches - overtops - and flows back into the river) down to the toe (where the bank and bed of the river meet). Midway between this top and toe is the gradient boundary.
3) If the water is flowing stably, it can be used as a 'plane' from which to work. At the "qualified bank," the relationship between the surface of the stably flowing water and the gradient boundary



will be noted.  For example - on a given day the water may be 1.2 feet below the gradient boundary. Points will be taken through the project area at 1.2 feet above the stably flowing water.  These points will be on the gradient boundary.  By using the water surface, the natural grade of the river is followed.

We are confident in the accuracy of Nedra's work and continue to take the position that Redi-Mix's operations have trespassed on our ranch and converted sand from our property.

We look forward to hearing from you so that we can work toward a prompt business resolution that will make us whole for the damages Stark Ranch – West, LLC has suffered from Redi-Mix's trespass and conversion of sand from our property.

Regards,
David,

Thank you for taking the time to visit with us in Gainesville last week. At our meeting, you mentioned wanting additional information regarding the methodology used in determining our property boundary line along the Red River.

To follow up on your request for additional information, we engaged a Licensed State Land Surveyor and Registered Professional Land Surveyor by the name of Nedra Foster to determine Stark Ranch – West, LLC's legal boundary along the Red River. There are only a few surveyors in the state of Texas who have the qualifications to determine gradient boundary lines, and Nedra was highly recommended to us as one of the most knowledgeable gradient boundary surveyors in the state, with particular experience along the Red River.

Nedra is an expert in determining boundary lines along Texas river banks and has extensive experience in determining gradient boundaries. Nedra has been a Licensed State Land Surveyor since 2000 and a Registered Professional Land Surveyor since 1999. The LSLS designation is a special certification reserved for surveyors who perform work under which the state of Texas or federal government may have an interest (such as along river banks). I've attached a copy of her resume which summarizes her past experience.

The gradient boundary concept and methodology that Nedra relied upon was developed in a U.S. Supreme Court case involving the boundary between Oklahoma and Texas along the south bank of the Red River (State of Oklahoma v. State of Texas, 260 U.S. 606 (1923)).  Under the direction and instruction of the U. S. Supreme Court, surveyors Arthur Stiles (representing the interest of Texas) and Arthur Kidder (representing the interest of the United States and Oklahoma) developed the procedures under which inland watercourse boundaries are determined in Texas.

Based on the guidance developed through such case, Nedra used the following methodology to determine the gradient boundary:

1)  Locate a "qualified bank" within a reasonable vicinity of the project.  This is an accretion bank that the river has built during times of high water.
2)  This bank is measured from the top (where the flowing water just reaches - overtops - and flows back into the river) down to the toe (where the bank and bed of the river meet).  Midway between this top and toe is the gradient boundary.
3)  If the water is flowing stably, it can be used as a 'plane' from which to work.  At the "qualified bank," the relationship between the surface of the stably flowing water and the gradient boundary


A CERTIFIED COPY
MARCIA GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

will be noted.  For example - on a given day the water may be 1.2 feet below the gradient boundary. Points will be taken through the project area at 1.2 feet above the stably flowing water.  These points will be on the gradient boundary.  By using the water surface, the natural grade of the river is followed.

We are confident in the accuracy of Nedra's work and continue to take the position that Redi-Mix's operations have trespassed on our ranch and converted sand from our property.

We look forward to hearing from you so that we can work toward a prompt business resolution that will make us whole for the damages Stark Ranch – West, LLC has suffered from Redi-Mix's trespass and conversion of sand from our property.

Regards,

Steve Schmitz

**From:** David Behring <dbehring@us-concrete.com>
**Sent:** Wednesday, June 20, 2018 9:03 AM
**To:** Steve Schmitz <sschmitz@B29Investments.com>
**Subject:** Re: Message and Letter from last week

Sounds great. See you then.

Sent from my iPhone

On Jun 20, 2018, at 9:01 AM, Steve Schmitz <sschmitz@B29Investments.com> wrote:

> Yes, that works great.  Please come to my office on the square in downtown Gainesville – 201 W. California St.  It is the NW corner of the square.
>
> I would like for you and I and Myranda Shugart to meet (she is the land manager in our office and understands all the maps)
>
> We have a helicopter and I could line up a quick tour from the air as well after we meet if you would like.  It may help you better understand the situation.
>
> Best,
>
> Steve
>
> **From:** David Behring <dbehring@us-concrete.com>
> **Sent:** Wednesday, June 20, 2018 8:56 AM
> **To:** Steve Schmitz <sschmitz@B29Investments.com>
> **Subject:** Re: Message and Letter from last week
>
> Yes sir. Does 2:30 work for you?
>
> Sent from my iPhone



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

# EXHIBIT

# "F"



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

Begin forwarded message:

**From:** David Behring <dbehring@us-concrete.com>
**Date:** July 9, 2018 at 10:47:53 AM CDT
**To:** Steve Schmitz <sschmitz@B29Investments.com>
**Subject: RE: Stark Ranch, Cooke County, TX**

Steve,

We believe that the section of the Red River near Thackerville falls under special rules as determined by the Red River Boundary Compact signed in 1999 by Governors Bush and Keating. The method described by Ms. Foster of taking the median point between the vegetation and the floor of riverbank is not what is described in the Boundary Compact.

We continue to believe that we are in the right with our mining program and are mining within the "constant vegetation line" on the southern side of the Red River. The river rises and falls over the sand bars located on the southern side with each rain event upstream, causing the constant vegetation to be further south than Ms. Foster is showing on the documents that you have provided us. Further, what this will really boils down to is a land dispute between the Scott Trust and Stark Ranch. We are mining what we believe to be property of the Scott Trust and have paid them a royalty accordingly. If Stark Ranch would be found to own what has been mined, the royalty would have to be extracted from the Scott Trust in order to pay royalties to Stark.

I have included a summary of the Red River Boundary Compact below for your review.

As I stated to you previously, Redi-Mix has not intentionally trespassed onto Stark Ranch's property. We believe that we are within the boundaries of Scott Trust and have acted with that understanding. It is our intention to be an honorable and friendly neighbor and we are happy to continue this dialog until all of the parties are satisfied.

Sincerely,

*David A. Behring*

Regional Vice President
General Manager
South Central Region





A CERTIFIED COPY
MARC A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: CODY SHIRES, Deputy

# EXHIBIT "G"



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

Subject: Fwd: Yarbrough Ranch - Cooke County, TX

Date: 7/18/2018 5:07 PM

From: "Steve Schmitz" <sschmitz@B29Investments.com>

To: "Kelly Bub Smith" <ksmith@B29Investments.com>, "kbiermacher@krcl.com" <kbiermacher@krcl.com>

---

Sent from my iPhone

Begin forwarded message:

> **From:** sschmitz@B29Investments.com
> **Date:** July 18, 2018 at 5:06:38 PM CDT
> **To:** dbehring@us-concrete.com
> **Subject: Yarbrough Ranch - Cooke County, TX**

David,

Thank you for your e-mail. We want to be good neighbors as well, but we respectfully disagree with your view that the location of the property boundary is further south than shown on Nedra Foster's survey. We also believe you are not within the boundaries of your mining agreement with Scott Trust.

After carefully reviewing Nedra Foster's survey, the Red River Compact, and Texas law, we continue to believe that the southern boundary of the river was altered by your conduct. Because the boundary line changed as a result of your conduct, Texas law supports our belief that some of the property north of the natural gradient boundary reflected on Nedra Foster's survey before you began harvesting sand and gravel is our property. Further, we believe that your mining activity has clearly surpassed even the current gradient boundary line that is reflected in Nedra Foster's survey.

We also do not believe that the Red River Compact applies when determining the location of the property boundary. The text of the Red River Compact itself states that the principal purpose of the statute is "to establish an identifiable boundary between the states of Texas and Oklahoma along the Red River… without interfering with or otherwise affecting private property rights or title to property." The statute was created for political purposes and is not the governing authority to establish boundaries of private land owners.

Regarding the royalty payments to Scott Trust, the fact that you paid royalties to Scott Trust for the sand and gravel that you took from our property does not excuse the fact that you have failed to pay the rightful owner - us. Therefore, it would not be proper for us to seek to extract royalties from Scott Trust as you suggest.

We would like to suggest scheduling a meeting between you, your surveyor and lawyer and me, my surveyor (whose work you have previously seen), and my dirt and gravel lawyer.



These are business types who can hopefully get us to a resolution without going to court.

Please let me know of your availability to schedule that meeting on August 1 (anytime after 10 AM) or August 3 (anytime in the afternoon).

Like you, we share the hope of coming to a prompt mutually negotiated business resolution.

Thank you,

Steve

Sent from my iPhone



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  CODY SHIRES, Deputy

Stark Ranch-West, LLC vs.
Redi-Mix, LLC

174
David Behring
5/17/2019

```
1                    CAUSE NO. CV18-00515
2    STARK RANCH-WEST, LLC          *  IN THE DISTRICT COURT
                                    *
3    VS.                            *  COOKE COUNTY, TEXAS
                                    *
4    REDI-MIX, LLC                  *  235TH JUDICIAL DISTRICT
5
6                                      Filed: 7/2/2019 8:57 AM
7                                      Marci A. Gilbert
                                       District Clerk
              REPORTER'S CERTIFICATION  Cooke County, Texas
                                       Tracy Chauncey
8          DEPOSITION OF:  DAVID BEHRING
                  MAY 17, 2019
9
10
11             I, Lisa Simon, Certified Shorthand Reporter in
12   and for the State of Texas, hereby certify to the
13   following:
14             That the witness, DAVID BEHRING, was duly
15   sworn by the officer and that the transcript of the oral
16   deposition is a true record of the testimony given by
17   the witness;
18             That the deposition transcript was submitted
19   May 30, 2019, to the witness, DAVID BEHRING,
20   c/o the attorney for the witness, Ms. Katlyne N. Miller
21   2300 North Field Street, Suite 1800, Dallas, Texas
22   75201, for examination, signature and return to Steve
23   Gentry & Associates, Inc., 5115 North Galloway Avenue,
24   Suite 202, Mesquite, Texas 75150 by June 24, 2019.
25             That the amount of time used by each party at
```

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  TRACY CHAUNCEY, Deputy

```
 1   the deposition is as follows:
 2        1.   MR. BOYD A. MOUSE:  3:49
          2.   MS. KATLYNE N. MILLER:  0:00
 3        3.   MR. SCOTT BARNARD:  0:00
 4        That pursuant to information given to the
 5   deposition officer at the time said testimony was taken,
 6   the following includes counsel for all parties of
 7   record:
 8        1.   MR. BOYD A. MOUSE, Attorney for Plaintiff
 9        2.   MS. KATLYNE N. MILLER, Attorney for Defendant
10        I further certify that I am neither counsel
11   for, related to, nor employed by any of the parties in
12   the action in which this proceeding was taken, and
13   further that I am not financially or otherwise
14   interested in the outcome of the action.
15        Further certification requirements pursuant to
16   Rule 203 of TRCP will be certified to after they have
17   occurred.
18        Certified to by me this _____30_____ day
19   of ___May 2019_____.
20
21
22        _____
          Lisa Simon, Texas CSR #5057
23        Expiration date:  12/31/2019
          Firm Registration #195
24        5115 N. Galloway Ave., Suite 202
          Mesquite, Texas  75150
          Telephone Number:  (214) 321-5333
```



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  TRACY CHAUNCEY, Deputy

Stark Ranch-West, LLC vs.
Redi-Mix, LLC

176
David Behring
5/17/2019

```
 1           FURTHER CERTIFICATION UNDER RULE 203 TRCP
 2           The original deposition transcript was_____
 3   was not X  returned to the deposition officer
 4   on  June 24    , 2019   .
 5           If returned, the attached Changes and
 6   Signature page contains any changes and the reasons,
 7   therefor;
 8           If returned, the original deposition was
 9   delivered to MR. BOYD A. MOUSE, custodial attorney;
10           That $ 1,637.97 is the deposition officer's
11   charges to MR. BOYD A. MOUSE, Counsel for Plaintiff, for
12   preparing the original deposition transcript and any
13   copies of exhibits;
14           That the deposition was delivered in accordance
15   with Rule 203.3, and that a copy of this certificate was
16   served on all parties shown herein and filed with the
17   Clerk.
18           Certified to by me this _____ day
19   of  July         , 2019  .
20
21
22           _____
             Lisa Simon, Texas CSR No. 5057
23           Expiration date:  12/31/2019
             Firm Registration #195
24           5115 N. Galloway Ave., Suite 202
             Mesquite, Texas  75150
25           Telephone Number:  (214) 321-5333
```

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  TRACY CHAUNCEY, Deputy

172
David Behring
5/17/2019

Stark Ranch-West, LLC vs.
Redi-Mix, LLC

```
 1              CHANGES AND SIGNATURE

 2    WITNESS NAME:DAVID BEHRING  DATE:5/17/2019

 3    PAGE     LINE     CHANGE           REASON

 4    _____

 5    _____

 6    _____

 7    _____

 8    _____

 9    _____

10    _____

11    _____

12    _____

13    _____

14    _____

15    _____

16    _____

17    _____

18    _____

19    _____

20    _____

21    _____

22    _____

23    _____

24    _____

25    _____
```

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: TRACY CHAUNCEY, Deputy

Stark Ranch-West, LLC vs.
Redi-Mix, LLC

1   I, DAVID BEHRING, have read the foregoing
2 deposition and hereby affix my signature that same is
3 true and correct, except as noted above.

4

5

6        DAVID BEHRING

7

 STATE OF _____)

8

 COUNTY OF_____)

9

10   Before me,_____, on this day
11 personally appeared DAVID BEHRING, known to me (or
12 proved to me under oath or through:_____
13 (description of identity card or other document) to be
14 the person whose name is subscribed to the foregoing
15 instrument and acknowledged to me that they executed the
16 same for the purposes and consideration therein
17 expressed.
18   Given under my hand and seal of office
19 this _____day of _____,_____.

20

21

22    _____

 NOTARY PUBLIC IN AND FOR

23

 THE STATE OF _____

24

25

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: TRACY CHAUNCEY, Deputy

## DIGITAL SIGNATURE **AUTHENTICATION**

This transcript contains an electronic digital signature affixed by the court reporter.  This advanced technology has been authorized by the CRCB as compliant under specific reporting guidelines.  The process not only acknowledges the authenticity of a printed paper copy of the transcript but also the file in its state of electronic storage.

The technology encompasses transmission integrity, signature security, and record keeping for each individual CSR that affixes the signature.  The CSR has sole personal control of affixing a signature certifying its authenticity.



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  TRACY CHAUNCEY, Deputy

Filed: 7/3/2019 2:59 PM
Marci A. Gilbert
District Clerk
Cooke County, Texas
Melissa Gann

### CAUSE NO. CV18-00515

| | | |
|---|---|---|
| **STARK RANCH-WEST, LLC** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **COOKE COUNTY, TEXAS** |
| | § | |
| **REDI-MIX, LLC** | § | |
| | § | |
| **Defendant.** | § | **235TH JUDICIAL DISTRICT** |

### DEFENDANT'S MOTION TO QUASH PLAINTIFF'S NOTICE
### OF DEPOSITION OF HERSCHEL PEERY

Defendant Redi-Mix, LLC ("Redi-Mix") files this Motion to Quash Plaintiff's Notice of Oral Deposition ("Notice") for the deposition of Herschel Peery, scheduled for July 12, 2019 (the "Deposition"). A conference was held on July 3, 2019 with Boyd Mouse, attorney for opposing party, on the merits of this motion. Agreement could not be reached; therefore, it is presented to the Court for determination.

The Notice should be quashed because the time designated in the Notice is unreasonable. Tex. R. Civ. P. 199.4. Redi-Mix's counsel is unavailable on the July 12 date noticed by Plaintiff. Unfortunately, Plaintiff's counsel did not propose the July 12 date prior to serving the Notice, thus necessitating this motion rather than agreement by the parties on a reasonable time and place. Redi-Mix and its counsel are in the process of evaluating alternative dates and hope to reach agreement with Plaintiff's counsel on a reasonable time and place prior to conducting a hearing on this motion.

Because this Motion is filed within three business days after service of Plaintiff's Notice on Tuesday, July 2, 2019, the deposition is automatically stayed pursuant to Texas Rule of Civil Procedure 199.4 pending the Court's resolution of this Motion.

**DEFENDANT'S MOTION TO QUASH PLAINTIFF'S**
**NOTICE OF DEPOSITION OF HERSCHEL PEERY**



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  TRACY CHAUNCEY, Deputy

WHEREFORE, PREMISES CONSIDERED, Defendant Redi-Mix respectfully requests that the Court quash the Notice of Deposition.


DATED: July 3, 2019                              Respectfully submitted,


**AKIN GUMP STRAUSS HAUER & FELD LLP**

*/s/ Matthew V. Lloyd*
M. Scott Barnard
Texas Bar No. 24001690
sbarnard@akingump.com
Matthew V. Lloyd
Texas Bar No. 24083404
mvlloyd@akingump.com
2300 N. Field St., Suite 1800
Dallas, Texas 75201
Telephone: (214) 969-4299
Facsimile: (214) 969-4343

***Attorneys for Defendant Redi-Mix LLC***


## CERTIFICATE OF SERVICE

I hereby certify that, on July 3, 2019, a true and correct copy of the above and foregoing document was served on all counsel of record in accordance with the Texas Rules of Civil Procedure.


*/s/ Matthew V. Lloyd*


**DEFENDANT'S MOTION TO QUASH PLAINTIFF'S
NOTICE OF DEPOSITION OF HERSCHEL PEERY**



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  TRACY CHAUNCEY, Deputy

Filed: 7/10/2019 9:01 AM
Marci A. Gilbert
District Clerk
Cooke County, Texas
Melissa Gann

**Cause No. CV18-00515**

| | | |
|---|---|---|
| STARK RANCH-WEST, LLC | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| vs. | § | COOKE COUNTY, TEXAS |
| | § | |
| | § | |
| REDI-MIX, LLC | § | 235TH JUDICIAL DISTRICT |

## NOTICE OF INTENTION
## TO TAKE DEPOSITION BY WRITTEN QUESTIONS

TO: ALL PARTIES BY AND THROUGH THEIR ATTORNEY(S) OF RECORD AS PROVIDED IN THE ATTACHED SERVICE LIST.

You will take notice that twenty (20) days after the service hereof, with attached questions, a deposition by written questions will be asked of the custodian of records for:

**UNDERWOOD DRAFTING & SURVEYING, INC.-(Client Record Scope)**
**3404 INTERURBAN ROAD, DENISON, TX 75021**

Such questions to be answered on or after *07/31/2019*, before a Notary Public at the instance of:

**Written Deposition Service, LLC**
**1750 Valley View Lane Suite 210**
**Dallas, Texas 75234**

The deposition with attached questions may be used in evidence upon the trial of the above-styled and numbered cause pending in the above named court. Notice is further given that request is hereby made as authorized under Rule(s) 200 & 201(b), Texas Rules of Civil Procedure, to the officer taking this deposition to issue a Subpoena Duces Tecum and cause it to be served on the witness to produce any and all records as described on the attached questions and/or Exhibit(s) and any other such record in the possession, custody or control of the said witness, and every such record to which the witness may have access, and to turn all such records over to the officer authorized to take this deposition so that photographic reproductions of the same may be made and attached to said deposition.



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  TRACY CHAUNCEY, Deputy

Respectfully Submitted,

/s/Kenneth W. Biermacher

Kenneth W. Biermacher
SBA #: 02302400
kbiermacher@krcl.com
Boyd A. Mouse
SBA #: 24003949
bmouse@krcl.com
Emily Green
SBA #: 24106027
egreen@krcl.com
Kane Russell Coleman Logan PC
1601 Elm Street, Suite 3700
Dallas, TX 75201
214-777-4200;  Fax 214-777-4299

Attorneys for: Plaintiff



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  TRACY CHAUNCEY, Deputy

## CERTIFICATE OF SERVICE

I certify, as authorized agent for the attorney of record, Kenneth W. Biermacher that a true and exact copy of foregoing Notice of Intention to Take Deposition upon Written Questions was served to all attorneys of record in the above-styled and numbered matter, said service being effected in the following manner:

CERTIFIED MAIL/RETURN RECEIPT REQUESTED     _____

HAND DELIVERY     _____

TELECOPY     √

OVERNIGHT/NEXT DAY DELIVERY VIA LONE STAR OR UPS     _____

E-MAIL     _____

DATED: _7/4/19_

BY: _Nicole Whitanton_

SERVED TO ALL PARTIES LISTED BELOW:
*Stark Ranch-West, LLC vs. Redi-Mix, LLC*

### ATTORNEYS OF RECORD

M. Scott Barnard
Akin, Gump, Strauss, Hauer & Feld, L.L.P.
2300 N. Field St. Suite 1800
Dallas, TX  75201-4675
214-969-2800; Fax: 214-969-4343
Attorney For: Defendant

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  TRACY CHAUNCEY, Deputy

**CAUSE NO: CV18-00515**

| | | |
|---|---|---|
| **STARK RANCH-WEST, LLC** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| **VS.** | § | **COOKE COUNTY, TEXAS** |
| | § | |
| | § | |
| **REDI-MIX, LLC** | § | **235TH JUDICIAL DISTRICT** |

## DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS, CUSTODIAN OF RECORDS FOR:
## UNDERWOOD DRAFTING & SURVEYING, INC.

1.  State your full name and occupation, address and telephone number.

    ANSWER:   (Name) _____

      (Occupation)_____

      (Address) _____

      (City, State, Zip) _____

      (Telephone #)_____

2.  In response to the Subpoena Duces Tecum you received, have you produced **RECORDS AS NAMED IN THE ATTACHED EXHIBIT?**

    ANSWER: _____

3.  Are you able to identify these records and/or tangible items as the originals or true and correct copies of the originals?

    ANSWER:_____



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  TRACY CHAUNCEY, Deputy

Order # 66358.001

4.      Were these records and/or tangible items made and kept in the regular course of your business?

ANSWER: _____

5.      In the regular course of business of your practice, business, or institution, did the person who signed the records and/or tangible items either have personal knowledge of the entries shown on the records and/or tangible items, or obtain the information to make the entries from the sources who have such personal knowledge?

ANSWER: _____

6.      Were such memoranda or documents and/or tangible items then transmitted to your files and thereafter maintained under your care, supervision, direction, custody, control or access as custodian of this facility?

ANSWER: _____

7.      Were the memoranda or documents and/or tangible items that were transmitted to your files original entries on the part of the Custodian or other employee or member of the staff of this facility?

ANSWER: _____

8.      Were the records and/or tangible items prepared at or about the time of the events and conditions they record?

ANSWER: _____

9.      Were these records and/or tangible items kept as described in the previous questions?

ANSWER: _____

10.      Please examine the original requested records and/or tangible items. Have you produced copies of these records and/or tangible items for attachment to this Deposition?

ANSWER: _____

11.      Has anything been removed from or altered in the original records and/or tangible items before making these copies?

ANSWER: _____

12.      If you have answered the previous question yes, please state fully and precisely what alteration was made in the original records and/or tangible items and attach copies of every document removed from the originals.

ANSWER: _____

Order # 66358.001



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: TRACY CHAUNCEY, Deputy

13.   In the event that no records and/or tangible items can be found, are there document archives (i.e. microfiche) or document retention policies which explain their absence? If so, please identify who has knowledge of those archives or policies of the above named facility.

ANSWER: _____

14.   Are you aware that it may be necessary to subpoena you or your employer to court at the time of trial if you have not provided all of the papers, notes, documents, records, general correspondence, or other tangible items of any kind pertaining to the above named individual to the Notary Public taking your deposition?

ANSWER:    (circle one) YES/NO

I, _____(Custodian of Record), do swear or affirm that my answers to the above questions are the truth, the whole truth and nothing but the truth, so help me God.

_____
Custodian of Record

I, _____, A Notary Public, do hereby certify the above Custodian was duly sworn and the non-stenographic recording of this Written Deposition is a true record of the Custodian testimony.

**GIVEN UNDER MY HAND AND SEAL OF OFFICE, THIS _____ DAY OF _____, 20__.**

_____
SIGNATURE OF NOTARY PUBLIC IN AND FOR THE STATE OF TX

_____
NAME OF NOTARY PUBLIC TYPED OR PRINTED
My commission expires: _____



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  TRACY CHAUNCEY, Deputy

Order # 66358.001

# SUBPOENA DUCES TECUM
# THE STATE OF TEXAS

## County of Cooke

Greeting, to any Sheriff or Constable of the State of Texas or other person authorized to serve subpoenas under Rule 176 of Texas Rules of Civil Procedure: You are hereby commanded to subpoena and summon the following witness(es):

## Designated Custodian of Records for: **UNDERWOOD DRAFTING & SURVEYING, INC.**

to be and appear before a Notary Public of my designation for **Written Deposition Service, LLC, 1750 Valley View Lane, Suite, 210, Dallas, TX 75234,** on or after 07/31/2019 at the office of the summoned witness. There under oath to make answers of certain written questions to be propounded to the witness and to bring and produce for inspection and photocopying **RECORDS AS NAMED IN THE ATTACHED EXHIBIT;** at any and all times whatsoever.

Then and there to give evidence at the instance of the **Plaintiff, Stark Ranch-West, LLC,** represented by **Kenneth W. Biermacher,** Texas Bar No. 02302400 Attorney of Record, in that Certain Cause No. **CV18-00515,** pending on the docket of the **District Court of the 235th Judicial District of Cooke County,** Texas.

This Subpoena is issued under and by virtue of Rule 200 and Notice of Deposition Upon Written Questions on file with the above named court, styled

*Stark Ranch-West, LLC vs. Redi-Mix, LLC*

and there remain from day to day and time to time until discharged according to law.

WITNESS MY HAND, this ___ day of _____, 2019.

N Whitesides
Notary Public, State of Texas
Commission # 126346426
Expires: 12/07/2019

NOTARY PUBLIC

**176.8 Enforcement of Subpoena.** (a) *Contempt.* Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punished by fine or confinement, or both. This subpoena falls under exception to confidentiality, Rule 509 (e) Texas rules of Civil Evidence.

## OFFICER'S RETURN

Came to hand and executed this the _____ day of _____, 20___, in the following manner:  By delivering to the

witness _____, a true copy hereof, with attached witness fee of $_____ .

Returned this _____ day of _____, 20___.

_____
PROCESS SERVER

Order No. **66358.001**



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: TRACY CHAUNCEY, Deputy

# EXHIBIT

## Definitions:

The term "Documents" is used in its broadest sense and means any and all kinds of written, recorded, graphic, or electronically stored data or information stored in any Sources from which data or information can be obtained either directly or, if applicable, after translation by the responding party in to a reasonably usable form, including but not limited to papers, books, letters, photographs, objects, tangible things, correspondence, telegrams, facsimiles, telex messages, e-mail (including "deleted" e-mail), text messages, instant messages, memoranda, handwritten notes, notations, work papers, transcripts, minutes, drafts, reports, recordings of telephone or other conversations, video recordings, affidavits, charts, diagrams, schedules, maps, flow sheets, organization charts, contracts, journals, statistical records, logs, desk calendars, appointment books, and diaries. The term "Sources" includes, but is not limited to, desk and laptop computer hard drives (internal and external), servers, computer or server back-up tapes, removable storage media (including, but not limited to, CDs, DVDs, "thumb" drives, "flash" drives, memory sticks, and microfilms), mobile devices such as mobile telephones or other personal digital assistants, and any other locations, mediums, or methods of recordation where data or information may be stored or obtained.

## Documents to be produced:

For the period of July 1, 2012 to the present, any and all Documents pertaining to the survey attached hereto as Exhibit "1" or any work performed or communications incident thereto.

66358-1



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  TRACY CHAUNCEY, Deputy





A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  TRACY CHAUNCEY, Deputy





A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  TRACY CHAUNCEY, Deputy





A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: TRACY CHAUNCEY, Deputy



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:   TRACY CHAUNCEY, Deputy





A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  TRACY CHAUNCEY, Deputy





A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  TRACY CHAUNCEY, Deputy

Filed: 7/17/2019 7:51 AM
Marci A. Gilbert
District Clerk
Cooke County, Texas
Tracy Chauncey

**Cause No.  CV18-00515**

| | | |
|---|---|---|
| STARK RANCH-WEST, LLC | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| vs. | § | COOKE COUNTY, TEXAS |
| | § | |
| | § | |
| REDI-MIX, LLC | § | 235TH JUDICIAL DISTRICT |

## NOTICE OF INTENTION FOR PRODUCTION OF DOCUMENTS

TO: ALL PARTIES BY AND THROUGH THEIR ATTORNEY(S) OF RECORD AS PROVIDED IN THE ATTACHED SERVICE LIST.

You will take notice that ten (10) days after the service hereof, the custodian of records for:

**UNDERWOOD DRAFTING & SURVEYING, INC.-(Client Record Scope)**
**3404 INTERURBAN ROAD, DENISON, TX 75021**

Shall receive a Subpoena to produce documents on or after *08/08/2019*, or any other agreed upon time and/place, before a Notary Public at the instance of:

**Written Deposition Service, LLC**
**1750 Valley View Lane Suite 210**
**Dallas, Texas 75234**

or its designated agent, to be used in evidence upon the trial of the above-styled and numbered cause pending in the above named court. Notice is further given that request is hereby made as authorized under Rule 205.2 & 205.3, Texas Rules of Civil Procedure, that the authorized officer shall issue a Subpoena Duces Tecum and cause it to be served on the witness to produce any and all records as described on the attached Subpoena(s) and/or Exhibit(s) and any other such record in the possession, custody or control of the said witness, and every such record to which the witness may have access, and to turn all such records over to the authorized officer so that photographic reproductions of the same may be made and attached.

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  TRACY CHAUNCEY, Deputy

Respectfully Submitted,

/s/Kenneth W. Biermacher

Kenneth W. Biermacher
SBA #: 02302400
kbiermacher@krcl.com
Boyd A. Mouse
SBA #: 24003949
bmouse@krcl.com
Emily Green
SBA #: 24106027
egreen@krcl.com
Kane Russell Coleman Logan PC
1601 Elm Street, Suite 3700
Dallas, TX 75201
214-777-4200;  Fax 214-777-4299

Attorneys for: Plaintiff



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  TRACY CHAUNCEY, Deputy

## CERTIFICATE OF SERVICE

I certify, as authorized agent for the attorney of record, Kenneth W. Biermacher that a true and exact copy of foregoing Notice of Intention for the Production of Documents was served to all attorneys of record in the above-styled and numbered matter, said service being effected in the following manner:

CERTIFIED MAIL/RETURN RECEIPT REQUESTED     _____

HAND DELIVERY     _____

TELECOPY     ✓

OVERNIGHT/NEXT DAY DELIVERY VIA LONE STAR OR UPS     _____

E-MAIL     _____

DATED: 7/16/19

BY: _Nicole Whiteford_

SERVED TO ALL PARTIES LISTED BELOW:
*Stark Ranch-West, LLC vs. Redi-Mix, LLC*

**ATTORNEYS OF RECORD**

M. Scott Barnard
Akin, Gump, Strauss, Hauer & Feld, L.L.P.
2300 N. Field St. Suite 1800
Dallas, TX 75201-4675
214-969-2800; Fax: 214-969-4343
Attorney For: Defendant



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  TRACY CHAUNCEY, Deputy

# SUBPOENA DUCES TECUM
# THE STATE OF TEXAS

## County of Cooke

Greeting, to any Sheriff or Constable of the State of Texas or other person authorized to serve subpoenas under Rule 176 of Texas Rules of Civil Procedure: You are hereby commanded to subpoena and summon the following witness(es):

**Designated Custodian of Records for: UNDERWOOD DRAFTING & SURVEYING, INC.**

to be and appear before a Notary Public of my designation for **Written Deposition Service, LLC, 1750 Valley View Lane, Suite, 210, Dallas, TX 75234**, on or after **08/08/2019**, at the office of the summoned witness. There to bring and produce for inspection and photocopying **RECORDS AS NAMED IN THE ATTACHED EXHIBIT;** at any and all times whatsoever.

Then and there to give evidence at the instance of the **Plaintiff, Stark Ranch-West, LLC**, represented by **Kenneth W. Biermacher**, Texas Bar No. **02302400** Attorney of Record, in that Certain Cause No. **CV18-00515**, pending on the docket of the **District Court of the 235th Judicial District of Cooke County,** Texas.
This Subpoena is issued under and by virtue of Rule 205.3 with the above named court, styled
*Stark Ranch-West, LLC vs. Redi-Mix, LLC*
and there remain from day to day and time to time until discharged according to law.

**WITNESS MY HAND,** this ____ day of ____ 2019.

N Whitesides
Notary Public, State of Texas
Commission # 126346-326
Expires: 12/07/2019

NOTARY PUBLIC

**176.8 Enforcement of Subpoena. (a) Contempt.** Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punished by fine or confinement, or both. This subpoena falls under exception to confidentiality, Rule 509 (e) Texas rules of Civil Evidence.

## OFFICER'S RETURN

Came to hand and executed this the _____ day of _____, 20____, in the following manner: By delivering to the witness _____, a true copy hereof, with attached witness fee of $_____.

Returned this _____ day of _____, 20____.

_____
PROCESS SERVER

Order No. **66358.002**



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: TRACY CHAUNCEY, Deputy

# EXHIBIT

## Definitions:

The term "Documents" is used in its broadest sense and means any and all kinds of written, recorded, graphic, or electronically stored data or information stored in any Sources from which data or information can be obtained either directly or, if applicable, after translation by the responding party in to a reasonably usable form, including but not limited to papers, books, letters, photographs, objects, tangible things, correspondence, telegrams, facsimiles, telex messages, e-mail (including "deleted" e-mail), text messages, instant messages, memoranda, handwritten notes, notations, work papers, transcripts, minutes, drafts, reports, recordings of telephone or other conversations, video recordings, affidavits, charts, diagrams, schedules, maps, flow sheets, organization charts, contracts, journals, statistical records, logs, desk calendars, appointment books, and diaries. The term "Sources" includes, but is not limited to, desk and laptop computer hard drives (internal and external), servers, computer or server back-up tapes, removable storage media (including, but not limited to, CDs, DVDs, "thumb" drives, "flash" drives, memory sticks, and microfilms), mobile devices such as mobile telephones or other personal digital assistants, and any other locations, mediums, or methods of recordation where data or information may be stored or obtained.

## Documents to be produced:

For the period of July 1, 2012 to the present, any and all Documents pertaining to the survey attached hereto as Exhibit "1" or any work performed or communications incident thereto.

66358-2



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: TRACY CHAUNCEY, Deputy

Filed: 8/8/2019 9:11 AM
Marci A. Gilbert
District Clerk
Cooke County, Texas
Janice Brewer

**Cause No. CV18-00515**

| | | |
|---|---|---|
| **STARK RANCH-WEST, LLC** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| **vs.** | § | **COOKE COUNTY, TEXAS** |
| | § | |
| | § | |
| **REDI-MIX, LLC** | § | **235TH JUDICIAL DISTRICT** |

## NOTICE OF INTENTION FOR PRODUCTION OF DOCUMENTS

TO: ALL PARTIES BY AND THROUGH THEIR ATTORNEY(S) OF RECORD AS PROVIDED IN THE ATTACHED SERVICE LIST.

You will take notice that ten (10) days after the service hereof, the custodian of records for:

**FIRMATEK, LLC-(Client Record Scope)**
**10010 SAN PEDRO AVENUE, STE 850, SAN ANTONIO, TX 78216**

Shall receive a Subpoena to produce documents on or after *08/27/2019*, or any other agreed upon time and/or place, before a Notary Public at the instance of:

**Written Deposition Service, LLC**
**1750 Valley View Lane Suite 210**
**Dallas, Texas 75234**

or its designated agent, to be used in evidence upon the trial of the above-styled and numbered cause pending in the above named court. Notice is further given that request is hereby made as authorized under Rule 205.2 & 205.3, Texas Rules of Civil Procedure, that the authorized officer shall issue a Subpoena Duces Tecum and cause it to be served on the witness to produce any and all records as described on the attached Subpoena(s) and/or Exhibit(s) and any other such record in the possession, custody or control of the said witness, and every such record to which the witness may have access, and to turn all such records over to the authorized officer so that photographic reproductions of the same may be made and attached.



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  TRACY CHAUNCEY, Deputy

Respectfully Submitted,

*/s/Boyd A. Mouse*

Boyd A. Mouse
SBA #: 24106027
bmouse@krcl.com
Emily Green
SBA #: 24106027
egreen@krcl.com
Kane Russell Coleman Logan PC
1601 Elm Street, Suite 3700
Dallas, TX 75201
214-777-4200;  Fax 214-777-4299
bmouse@krcl.com

Attorneys for: Plaintiff



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  TRACY CHAUNCEY, Deputy

## CERTIFICATE OF SERVICE

I certify, as authorized agent for the attorney of record, Boyd A. Mouse that a true and exact copy of foregoing Notice of Intention for the Production of Documents was served to all attorneys of record in the above-styled and numbered matter, said service being effected in the following manner:

CERTIFIED MAIL/RETURN RECEIPT REQUESTED       _____

HAND DELIVERY       _____

TELECOPY       ✓

OVERNIGHT/NEXT DAY DELIVERY VIA LONE STAR OR UPS       _____

E-MAIL       _____

DATED: 8/7/19

BY: _Nicole Whitworth_

SERVED TO ALL PARTIES LISTED BELOW:
*Stark Ranch-West, LLC vs. Redi-Mix, LLC*

### ATTORNEYS OF RECORD

M. Scott Barnard
Akin, Gump, Strauss, Hauer & Feld, L.L.P.
2300 N. Field St. Suite 1800
Dallas, TX 75201-4675
214-969-2800; Fax: 214-969-4343
Attorney For: Defendant



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: TRACY CHAUNCEY, Deputy

# SUBPOENA DUCES TECUM
# THE STATE OF TEXAS

## County of Cooke

Greeting, to any Sheriff or Constable of the State of Texas or other person authorized to serve subpoenas under Rule 176 of Texas Rules of Civil Procedure: You are hereby commanded to subpoena and summon the following witness(es):

## Designated Custodian of Records for:   FIRMATEK, LLC

to be and appear before a Notary Public of my designation for **Written Deposition Service, LLC, 1750 Valley View Lane, Suite, 210, Dallas, TX 75234,** on or after **08/27/2019,** at the office of the summoned witness. There to bring and produce for inspection and photocopying **RECORDS AS NAMED IN THE ATTACHED EXHIBIT;** at any and all times whatsoever.

Then and there to give evidence at the instance of the **Plaintiff, Stark Ranch-West, LLC,** represented by **Boyd Mouse,** Texas Bar No. 24106027 Attorney of Record, in that Certain Cause No. **CV18-00515,** pending on the docket of the **District Court of the 235th Judicial District of Cooke County,** Texas.

This Subpoena is issued under and by virtue of Rule 205.3 with the above named court, styled

**Stark Ranch-West, LLC vs. Redi-Mix, LLC**

and there remain from day to day and time to time until discharged according to law.

WITNESS MY HAND, this 7th day of ___August___ 2019.

N Whitesides
Notary Public, State of Texas
Commission # 126346426
Expires: 12/07/2019

NOTARY PUBLIC

**176.8 Enforcement of Subpoena.** (a) *Contempt.* Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punished by fine or confinement, or both. This subpoena falls under exception to confidentiality, Rule 509 (e) Texas rules of Civil Evidence.

## OFFICER'S RETURN

Came to hand and executed this the _____ day of _____, 20____, in the following manner: By delivering to the

witness _____, a true copy hereof, with attached witness fee of $_____.

Returned this _____ day of _____, 20____.

_____

PROCESS SERVER

Order No. **66358.003**



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  TRACY CHAUNCEY, Deputy

# EXHIBIT

## Definitions:

The term "Documents" is used in its broadest sense and means any and all kinds of written, recorded, graphic, or electronically stored data or information stored in any Sources from which data or information can be obtained either directly or, if applicable, after translation by the responding party in to a reasonably usable form, including but not limited to papers, books, letters, photographs, objects, tangible things, correspondence, telegrams, facsimiles, telex messages, e-mail (including "deleted" e-mail), text messages, instant messages, memoranda, handwritten notes, notations, work papers, transcripts, minutes, drafts, reports, recordings of telephone or other conversations, video recordings, affidavits, charts, diagrams, schedules, maps, flow sheets, organization charts, contracts, journals, statistical records, logs, desk calendars, appointment books, and diaries. The term "Sources" includes, but is not limited to, desk and laptop computer hard drives (internal and external), servers, computer or server back-up tapes, removable storage media (including, but not limited to, CDs, DVDs, "thumb" drives, "flash" drives, memory sticks, and microfilms), mobile devices such as mobile telephones or other personal digital assistants, and any other locations, mediums, or methods of recordation where data or information may be stored or obtained.

## Documents to be produced:

For the period of January 1, 2014 to the present, all Documents pertaining to any work performed by Firmatek, LLC or its affiliates relating in any way to the Redi-Mix, LLC mining operations or facility based in or near Thackerville, Oklahoma, including but not limited to all reports, communications, videos, or photographs relating to or depicting such work, facility, or operations. (See Exhibit "A" for an example of some of the work)."

66358-3



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: TRACY CHAUNCEY, Deputy

# EXHIBIT

# "A"



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  TRACY CHAUNCEY, Deputy

Message
_____

| | |
|---|---|
| From: | Rance Carroll [rance.carroll@firmatek.com] |
| Sent: | 6/23/2015 6:17:48 PM |
| To: | Misty Dodson [/o=ExchangeLabs/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=493907239c324d278bc2633896e3058a-MDodson]; Rick Johnson [rick.johnson@firmatek.com]; Kelli Kersey [kelli.kersey@firmatek.com]; Lauren Elmore [lauren.elmore@firmatek.com]; Tina Magness [tina.magness@firmatek.com] |
| Subject: | 6-23-15 Redi Mix - Red River Plant #605 Inventory Results |
| Attachments: | 6-23-25 Redi Mix - Red River Plant #605.xlsx |

Hello Herschel,

I have attached your inventory results. Please take a moment to look over the results. Specifically, please review the following:

1. Are all of the piles you asked us to measure reported?
2. Are all of the piles properly labeled?
3. Do any of the volumes that we reported seem odd to you?

If you have any questions or concerns, please do not hesitate to contact me by phone or email. Thank you for trusting Firmatek with your inventory measurements.

Kind Regards,

**Rance Carroll | Field Technician | Firmatek, LLC**
9360 Corporate Drive, Suite 103, Selma, TX 78154
Mobile: 210.793.1267 | Office: 210.651.4990
rance.carroll@firmatek.com | firmatek.com

*"Arming You with Truth Through Technology for 13 Years."*

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: TRACY CHAUNCEY, Deputy

# INVENTORY RESULTS

Redi Mix - Red River Plant #605

June 23, 2015

# FIRMATEK
## 3D MAPPING SOLUTIONS

9360 Corporate Dr. Suite 103 | Selma, TX 78154
p: 210.651.4990 | f: 210.651.4331
info@Firmatek.com | www.Firmatek.com

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  TRACY CHAUNCEY, Deputy



Easily converting volumes to Tons:

Firmatek's results are now reported in cubic yards. Below are the formulas used for converting Firmatek's volume into tons.

1. If your densities are measured in (tons/yd³) :
Multiply the Firmatek's volume by density (tons/yd³) to calculate tons.

**Firmatek volume (yd³) x Density (tons/yd³) = Tons**

2. If your densities are measured in (lbs/yd³)
Multiply the Firmatek volume by density (lbs/yd³). Divide this number by 2,000 to calculate tons.

**Firmatek volume (yd³) x Density (lbs/yd³)= Lbs.**
**Lbs. ÷ 2,000 = Tons**

3. If your densities are measured in (lbs/ft³)
Multiply the Firmatek volume by twenty-seven to convert the Firmatek volume into cubic feet. Multiply this number by the density (lbs/ft³), then divide by two thousand to calculate tons.

**Firmatek volume (yd³) x 27 = Volume ft³**
**[Volume (ft³) x Density (lbs/ft³)] ÷ 2,000 = Tons**

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: TRACY CHAUNCEY, Deputy



# FIRMATEK
## 3D MAPPING SOLUTIONS

The Results in Your Hand are Guaranteed!
Your trust is the foundation of our business and we're going to make every effort to maintain it. We guarantee the reproducibility of our results within 5%, so if you have questions about the accuracy of this report or feel there's any aspect of our service that could have been performed better, give us a call so we can work with you to get you the solution you deserve.

For your benefit we have listed below some easy practices you can follow to help reduce the cost and inconsistency commonly associated with conscientious inventory management.

Tips for Maintaining Accurate Inventories and Cutting Costs
1. Make the base of the pile clearly visible by:
   Pushing up all usable material from the floor into the pile and
   Removing all vegetation
2. Don't include unseen material below the stockpile (this is very inaccurate)
3. Keep piles off of berms, highwalls, slopes, and other piles
4. Appoint a representative who will be available to answer questions about the survey throughout the day
5. Prior to our arrival label all piles to be inventoried (spray painted with numbers)
6. Have copies of a map or pile list available with the locations and descriptions of piles.
Examples:
   Pile 1 - 3/8" Pea Gravel 39255
   Pile 2 - Mexico Coal
   Pile 3 - Washed Pit Sand, etc.
7. Consolidate piles of a common product (1 big pile v. 5 small piles)

If you have questions about piles at your operation please ask any of our technicians. We're here to assist you in any way and help make your inventory management simple and predictable.

Thank you for using Firmatek.  We look forward to serving you again soon.

Lauren Elmore
President
Firmatek, LLC

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: TRACY CHAUNCEY, Deputy



**FIRMATEK**
3D MAPPING SOLUTIONS

**Redi Mix - Red River Plant #605**
**June 23, 2015**
**Rance Carroll**

| No. | Description | (yd³) | Density | Tons |
|-----|-------------|-------|---------|------|
| 1 | Concrete Sand | 7,981 | 0.00 | 0 |
| 2 | Concrete Sand | 28,311 | 0.00 | 0 |
| 3 | Flume Sand | 388 | 0.00 | 0 |
| 4 | Flume Sand | 518 | 0.00 | 0 |
| 5 | Flume Sand | 66,049 | 0.00 | 0 |
| 6 | Muddy Rock | 24,697 | 0.00 | 0 |
| 7 | Chips | 9,634 | 0.00 | 0 |

For Client Use

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: TRACY CHAUNCEY, Deputy

## FIRMATEK
3D MAPPING SOLUTIONS

Redi Mix - Red River Plant #605
June 23, 2015
Rance Carroll
10:45 AM



Aerial imagery is for reference only and does not represent the site on the date of the survey. Contour lines set at 5 feet.

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By: TRACY CHAUNCEY, Deputy