Filed: 8/12/2019 11:54 AM
Marci A. Gilbert
District Clerk
Cooke County, Texas
Tracy Chauncey

## CAUSE NO. CV18-00515

| | | |
|---|---|---|
| STARK RANCH-WEST, LLC | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| REDI-MIX, LLC and | § | |
| OKLAHOMA CHRISTIAN | § | 235th JUDICIAL DISTRICT |
| UNIVERSITY, NORTH CENTRAL | § | |
| TEXAS COLLEGE, UNITED WAY OF | § | |
| COOKE COUNTY, and FROST BANK, | § | |
| AS CO-TRUSTEES OF THE LEO | § | |
| AND MABEL SCOTT CHARITABLE | § | |
| TRUST | § | |
| | § | |
| Defendant. | § | COOKE COUNTY, TEXAS |

## PLAINTIFF'S THIRD AMENDED PETITION

Stark Ranch-West, LLC ("Stark Ranch") files its Third Amended Petition against Redi-Mix, LLC ("Redi-Mix") and Oklahoma Christian University, North Central Texas College, United Way of Cooke County, and Frost Bank, as Co-Trustees of the Leo and Mabel Scott Charitable Trust (collectively, the "Scott Trust"), and respectfully states to the Court as follows:

## I.
## DISCOVERY CONTROL PLAN AND RULE 47 STATEMENT

1.      Stark Ranch intends to conduct discovery under Level 2 discovery control plan, as provided by of Rule 190.3 of the Texas Rules of Civil Procedure ("TRCP").  At this time, Stark Ranch seeks monetary relief against Red-Mix over $1,000,000.  Stark Ranch also seeks declaratory relief against Redi-Mix and the Scott Trust.

## II.
## PARTIES

2.      Stark Ranch is a domestic limited liability company organized under the laws of the State of Texas.

---

**PLAINTIFF'S THIRD AMENDED PETITION – Page 1**                    7141826 v1 (71175.00003.000)



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  TRACY CHAUNCEY, Deputy

3.       Redi-Mix is a domestic limited liability company organized under the laws of the State of Texas.  Redi-Mix has appeared herein and is before the Court for all purposes.

4.       Oklahoma Christian University is a Co-Trustee of the Leo and Mabel Scott Charitable Trust.  Oklahoma Christin University may be served with process through its registered agent, Stephen Eck, at 2501 East Memorial Rd, in Edmond, Oklahoma 73013.  Pursuant to Texas Rules of Civil Procedure 103, 106, 107, and 108, Stark Ranch requests the Clerk of the Court to serve the citation and petition on Oklahoma Christian University by mailing it to the foregoing by registered or certified mail, return receipt requested.

5.       North Central Texas College is a Co-Trustee of the Leo and Mabel Scott Charitable Trust.  North Central Texas College may be served with process through its registered agent, Debbie A. Sharp, at 1525 West California, Gainesville, Texas 76240.

6.       United Way of Cooke County is a Co-Trustee of the Leo and Mabel Scott Charitable Trust.  United Way of Cooke County may be served with process through its registered agent: (i) Lynn Switzer, 406 North Grand Avenue, Suite 108, P.O. Box 2040, Gainesville, Texas 76241; and/or (ii) Angie Hare, at 114 E. Main Street, Gainesville, Texas 76240 or at P.O. Box 208, Gainesville, Texas 76241.

7.       Frost Bank is a Co-Trustee of the Leo and Mabel Scott Charitable Trust.  Frost Bank may be served with process through Stanley E. McCormick Jr., at 100 West Houston Street, San Antonio, Texas 78205.

### III.
### JURISDICTION AND VENUE

8.       This Court has subject-matter jurisdiction over this cause because the amount in controversy is within the Court's jurisdictional limit.

9.       This Court has personal jurisdiction over Redi-Mix and the Scott Trust because they

---


A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  TRACY CHAUNCEY, Deputy

have done business in Texas and/or have had minimum contacts with Texas such that the maintenance of this lawsuit in Texas does not offend traditional notions of fair play and substantial justice.

10.    Venue is mandatory in Cooke County, Texas because this action is for recovery of damages to real property located in Cooke County, Texas.[1]  Alternatively, venue is proper in Cooke County, Texas because all or a substantial part of the events or omissions giving rise to the claims herein occurred in Cooke County, Texas.[2]

## IV.
## STATEMENT OF FACTS

11.    Redi-Mix supplies redi-mixed concrete primarily in the Dallas/Fort Worth Metroplex and North Texas markets.  Among other things, Redi-Mix owns and operates a dredging and sand mining operation on the Red River with a processing facility erected on, and adjacent to, the north side of the Red River in Love County, Oklahoma and generally located at 12979 White Rose Road, Thackerville, Oklahoma.

12.    Stark Ranch owns real property generally located on, and adjacent to, the south side of the Red River, which real property is located primarily in Texas and partially in Oklahoma.[3]

13.    The activities involved in this suit concern Redi-Mix's trespass upon the property of Stark Ranch; Redi-Mix's conversion of property (sand) owned by Stark Ranch through Redi-Mix's

---

[1]    TEX. CIV. PRAC. & REM. CODE § 15.011.
[2]    *Id.* § 15.002(a)(1).
[3]    Pursuant to the Red River Boundary Compact ("Compact"), "the permanent political boundary line between the states of Texas and Oklahoma along the Red River is the vegetation line along the south bank of the Red River . . . ." TEX. NAT. RES. CODE, Chapter 12, Section 12.002, Art. II(b).  Article II(a)(1) of the Compact provides in part that the "'[v]egetation line' means the visually identifiable continuous line of vegetation that is adjacent to that portion of the riverbed kept practically bare of vegetation by the natural flow of the river and is continuous with the vegetation beyond the riverbed."  Article VII of the Compact provides: "This compact does not change: (1) [t]he title of any person or entity, public or private, to any of the lands adjacent to the Red River; (2) [t]he rights, including riparian rights, if any, of any person or entity, public or private, that exist as a result of the person's or entity's title to land adjacent to the Red River; or (3) [t]he boundaries of those lands."



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:   TRACY CHAUNCEY, Deputy

operation of a sand dredging barge in the Red River; Redi-Mix's excavation into the bank of the Red River and removal of the vegetation and alteration of the then-existing river bank fronting the property owned by Stark Ranch; Redi-Mix's altering the course and flow of the Red River and exacerbating erosion of soil on and around property owned by Stark Ranch; and Redi-Mix's artificial and unlawful alteration of the legal boundary line of the property owned by Stark Ranch along the Red River.

14.     On or about May 31, 2018, Stark Ranch closed on its purchase of a tract of real property from Paul Parker Yarbrough, Jr. and Joanne Keeter (collectively, "Sellers").  A true and correct legal description of the real estate purchased from Sellers is attached hereto as **Exhibit "A."** In connection with such transaction, Stark Ranch engaged a licensed state land surveyor and registered professional land surveyor to determine the property's gradient boundary line along the Red River relying on a the well-established and well-publicized survey methodology originally developed in the United States Supreme Court opinion of *State of Oklahoma v. State of Texas*, 260 U.S. 606 (1923)).  Such survey revealed that Red-Mix's trespass and mining activities had artificially altered the gradient boundary of the Seller's property along a portion of the Red River.  The real property the subject of **Exhibit "A"**, along with the land highlighted in blue on **Exhibit "B"** attached hereto that depicts the artificial alteration of the gradient boundary due to Redi-Mix's trespass, dredging activities, and conversion of sand, are collectively referred to hereafter as the "Property."

15.     As a part of the purchase transaction, the Sellers assigned to Stark Ranch causes of action previously owned by Sellers respecting Redi-Mix's activities.

16.     On or about June 3, 2011, a mining lease was executed by and among various parties. A true and correct copy of the original mining lease is attached hereto as **Exhibit "C"** ("Mining Lease").  The Scott Trust was the lessor under the Mining Lease.  The Mining Lease was



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  TRACY CHAUNCEY, Deputy

subsequently amended and assigned to Redi-Mix on September 30, 2013, and Redi-Mix thereafter constructed its sand mining and processing facility across the Red River from the Property.  A true and correct copy of the Memorandum of Lease Assignment and Amendment of Mining Lease is attached hereto as **Exhibit "D"**.

17.     In or around December 2017, the Sellers first discovered that Redi-Mix was trespassing on the Property and mining and converting sand from the Property.  Around this time, Redi-Mix had placed cables on the Property and cleared timber and other vegetation from the Property without authorization.  Thereafter, on the morning of December 9, 2017, the Sellers placed "No Trespassing" signs on the Property near the bank of the Red River across from Redi-Mix's processing facility, and, that very same morning, Parker Yarbrough objected to Redi-Mix's activities and trespass via an in-person meeting at the Property with a Redi-Mix employee.

18.     Later on the evening of December 9, 2017, Paul Flanagan, who was the Redi-Mix operations manager regarding the facility, sent an e-mail to Dave Behring, who was the vice-president and regional manager for Redi-Mix's parent company, U.S. Concrete, Inc., with the subject line "Texas – Oklahoma" that attached a November 29, 2017 article regarding a Red River boundary lawsuit involving land owners along the Red River in the Texas counties of Wichita, Wilbarger, and Clay.  A true and correct copy of the December 9, 2017 e-mail is attached hereto as **Exhibit "H"**. The article references the aforementioned United States Supreme Court opinion of *State of Oklahoma v. State of Texas* and provides that property owners on the south side of the Red River "*own the property up to the gradient boundary line along the southern bank of the [Red] river . . . .*" (emphasis added).  The article also references the Red River Boundary Compact and provides that it does "*not address any changes of ownership of the land at issue – merely how state boundaries (and therefore state authority) would be determined.*"  (emphasis added).



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:   TRACY CHAUNCEY, Deputy

19.     Despite the "No Trespass" signs, Parker Yarbrough's objection to Redi-Mix's activities and trespass, and Redi-Mix management having very clearly been put on notice of a substantial issue (which Redi-Mix had a duty to investigate and address prior to conducting any dredging in the Red River in the first place), Red-Mix continued to trespass on the Property, mine sand from the Property, and convert the sand to its own possession, ownership, use, and profit. Indeed, Redi-Mix even caused the Sellers' "No Trespassing" signs to tumble into the Red River as a result of its continued excavation into the bank of the river on the Property.

20.     On or about June 8, 2018 (just 8 days after Stark Ranch closed on the purchase from the Sellers), Steve Schmitz, Vice President of Stark Ranch, left a voicemail on the direct telephone line of Behring requesting that Behring return the call for purposes of discussing Redi-Mix's wrongful trespass and conversion on the Property.

21.     Only after Stark Ranch's legal counsel sent Behring a letter on June 15, 2018 regarding the trespass and conversion did Behring respond with his willingness to converse about the actions Schmitz complained about on behalf of Stark Ranch.

22.     On or about June 21, 2018, Behring met with Schmitz in Gainesville, Texas for purposes of discussing the concerns of Stark Ranch and also to overfly the areas of concern.  During the meeting, Schmitz advised Behring that Redi-Mix was trespassing upon the Property and wrongfully converting sand from the Property.  Behring requested information regarding the methodology used in determining that Redi-Mix was trespassing on the Property.  Schmitz agreed to provide Behring with the requested information.

23.     Following their meeting, Schmitz sent Behring an email on June 25, 2018, whereby he explained to Behring that Stark Ranch engaged a licensed state land surveyor and registered professional land surveyor to determine the Property's gradient boundary line along the Red River. Schmitz further explained that the expert surveyor determined the Property's gradient boundary

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  TRACY CHAUNCEY, Deputy

lines relying on the well-established and well-publicized survey methodology originally developed in the aforementioned United States Supreme Court opinion of *State of Oklahoma v. State of Texas*.  A true and correct copy of the June 25, 2018 email is attached as **Exhibit "E."**

24.     Of course, Behring and Redi-Mix were, or should have been, already well aware that the gradient boundary line determined Stark Ranch's property boundary along the Red River. Nonetheless, on July 9, 2018, Behring responded to Schmitz's earlier email, disagreeing with the surveyor's findings and suggesting that the Red River Boundary Compact, not the surveyor's methodology, should have been used in determining the Property boundary line.  A true and correct copy of the July 9, 2018 email is attached as **Exhibit "F."**

25.     On July 18, 2018, Schmitz sent a follow-up email to Behring, explaining that the Red River Boundary Compact did not apply when determining the location of the Property's boundary lines because the text of the compact explicitly states that it does not change or effect title or real property boundaries.  A true and correct copy of the July 18, 2018 email is attached as **Exhibit "G."**

26.     Upon receiving no substantive response from Behring, Stark Ranch filed this action. Even after Stark Ranch filed this action and served Redi-Mix with process, Redi-Mix continued to trespass on and mine sand from the Property for a period of time.

## V.
## CAUSES OF ACTION

## COUNT I: INTENTIONAL TRESPASS

## (AGAINST REDI-MIX)

27.     Stark Ranch incorporates by reference all allegations contained above as if fully set forth herein.

28.     Stark Ranch became the owner of the Property when it was purchased from Sellers on May 31, 2018.  In connection with said purchase, Sellers assigned to Stark Ranch its rights to sue,


A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  TRACY CHAUNCEY, Deputy

including its right to sue Redi-Mix.  Redi-Mix physically, intentionally, and voluntarily trespassed on the Property.  More specifically, Redi-Mix entered the Property without authorization and mined sand.  Redi-Mix also placed cables on the Property and cleared timber and other vegetation from the Property without authorization.

29.     Redi-Mix knew or should have known that it was entering on the Property and that it was doing so without authorization.  Additionally and/or alternatively, Redi-Mix trespassed on the Property and/or converted sand therefrom willfully and/or in bad faith.

30.     Redi-Mix's unauthorized, intentional trespass on the Property has caused injury or damage to the Property, the Sellers, and/or Stark Ranch for which Stark Ranch is entitled to recover.  Stark Ranch seeks all damages available under applicable law, including but not limited to damages for cost of restoration or repair, loss of use of the land, loss of expected profits from the use of the land, loss or diminution of market value of land, and/or the intrinsic value of trees and plants.  Further, Stark Ranch seeks damages for the value of the sand and/or the amount of any enhanced value of the sand, without any deduction for any expenses incurred by Redi-Mix in mining or processing it.  Additionally or alternatively, Stark Ranch seeks damages or for any value added to the sand by Redi-Mix's inclusion of the sand in any final product, including but not limited to damages in the full amount of the sales prices or value of any final concrete product sold by Redi-Mix that included the sand.

31.     Further, the harm with respect to which Stark Ranch seeks recovery resulted from Redi-Mix's malice and/or gross negligence, and Stark Ranch seeks exemplary damages from Redi-Mix.

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:   TRACY CHAUNCEY, Deputy

## COUNT II: NEGLIGENT TRESPASS

### (AGAINST REDI-MIX)

32.     Stark Ranch incorporates by reference all allegations contained above as if fully set forth herein.

33.     Additionally and/or alternatively, Redi-Mix owed a duty to Sellers and Stark Ranch to not trespass on the Property.  Redi-Mix entered the Property without authorization.

34.     Redi-Mix breached this duty by failing to ascertain whether or not it was mining on the Sellers' or Stark Ranch's property.  Redi-Mix further breached this duty by failing to ascertain whether or not it was deforesting timber and other vegetation from the Property or placing cables on the Property.

35.     Redi-Mix's negligent acts are the proximate cause of damage to the Sellers and/or Stark Ranch, and Stark Ranch seeks all damages available under applicable law, including but not limited to damages for cost of restoration or repair, loss of use of the land, loss of expected profits from the use of the land, loss or diminution of market value of land, the intrinsic value of trees and plants, and/or the value of the sand taken from the Property.

36.      Further, the harm with respect to which Stark Ranch seeks recovery resulted from Redi-Mix's malice and/or gross negligence, and Stark Ranch seeks exemplary damages from Redi-Mix.

## COUNT III: CONVERSION OF SAND

### (AGAINST REDI-MIX)

37.     Stark Ranch incorporates by reference all allegations contained above as if fully set forth herein.

38.     The Sellers and/or Stark Ranch owned the sand on the Property. Redi-Mix wrongfully exercised dominion and control over the sand on the Property, and the Sellers and Stark

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  TRACY CHAUNCEY, Deputy

Ranch have suffered injury. Accordingly, Stark Ranch is entitled to recover all damages caused by Redi-Mix's conversion of the sand from the Property, and Stark Ranch seeks all damages available under applicable law, including but not limited to damages for the value of the sand and/or the amount of any enhanced value of the sand, without any deduction for any expenses incurred by Redi-Mix in mining or processing it. Additionally or alternatively, Stark Ranch seeks damages or for any value added to the sand by Redi-Mix's inclusion of the sand in any final product, including but not limited to damages in the full amount of the sales prices or value of any final concrete product sold by Redi-Mix that included the sand. Additionally and/or alternatively, Stark Ranch seeks damages for loss of value (including fair market value plus interest and/or highest market value plus interest and/or intrinsic value) and lost profits.

39.     Further, the harm with respect to which Stark Ranch seeks recovery resulted from Redi-Mix's malice and/or gross negligence, and Stark Ranch seeks exemplary damages from Redi-Mix.

## COUNT IV: REQUEST FOR DECLARATORY RELIEF

## (AGAINST REDI-MIX AND THE SCOTT TRUST)

40.     Stark Ranch incorporates by reference all allegations contained above as if fully set forth herein.

41.     Pursuant to chapter 37 of the Texas Civil Practice & Remedies Code ("TCPRC"), Stark Ranch requests the Court to enter a Declaratory Judgment declaring, in whole or in part, one or more of the following:

> The Red River Boundary Compact does not apply to the determination of the legal boundary of the Property because the Compact explicitly states that it does change: the title of any person or entity, public or private, to any of the lands adjacent to the Red River; the rights, including riparian rights, if any, of any person or entity, public or private, that exist as a result of the person's or entity's title to land adjacent to the Red River; or the boundaries of those lands.



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  TRACY CHAUNCEY, Deputy

42.     A controversy exists between the parties as to whether the Compact applies in determining the Property's boundary lines. Stark Ranch seeks these declarations in order to afford it relief from the dispute with respect to the Compact's application to this matter.

43.     Because the Scott Trust is the lessor under the Mining Lease, as amended, and has interests that may or would be affected by the declaration (TCPRC § 37.006(a)), Stark Ranch joins the Scott Trust for purposes of its claim for declaratory judgment.

## VI.
## APPLICATION FOR INJUNCTIVE RELIEF

### (AGAINST REDI-MIX)

44.     Stark Ranch incorporates by reference all allegations contained above as if fully set forth herein.

45.     Additionally and/or alternatively, pursuant to Chapter 65 of the TCPRC and Rule 680 of the TRCP, Stark Ranch seeks injunctive relief against Redi-Mix.

46.     Stark Ranch has demonstrated a probable right to relief and a likelihood of success on the merits.

47.     By reason of the acts and practices of Redi-Mix, as more fully set forth herein above, Stark Ranch is suffering, and continues to suffer, incalculable financial loss and great and irreparable injuries to its Property for which it has no adequate remedy at law.

48.     An eminent threat exists that Redi-Mix will continue to trespass upon the Property and convert sand from the Property for its own possession, ownership, use, and profit, without authorization.

49.     Unless Redi-Mix is enjoined from doing so, Stark Ranch will be irreparably harmed because, among other things, damages are not presently ascertainable and/or presently cannot be measured by any certain pecuniary standard.

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:   TRACY CHAUNCEY, Deputy

50.     Further, pursuant to section 65.011(5) of the TCPRC, Stark Ranch has a statutory right to an injunction for the threatened irreparable injury to the Property, irrespective of any remedy at law.

51.     By virtue of the foregoing, a balancing of the equities favors the issuance of a Temporary Restraining Order and Temporary Injunction against Redi-Mix.  Stark Ranch respectfully prays that this Court issue a Temporary Restraining Order and that Redi-Mix, its agents, officers, directors, employees, and any other person or entity acting in concert with or on behalf of Redi-Mix who receive actual notice of the Court's Order by service or otherwise, be ordered, in whole or in part, as follows:

> Redi-Mix shall desist and refrain from entering the Property and from altering, modifying, removing, and/or destroying any sand, timber, or vegetation on the Property.

52.     Stark Ranch is ready and willing to post an appropriate bond set by the Court.  Stark Ranch further requests that the Court schedule a hearing at which time Redi-Mix should be required to appear and show cause why a Temporary Injunction should not be issued prohibiting Redi-Mix's activities through the time of trial, and that, upon such hearing, a Temporary Injunction be issued prohibiting Redi-Mix's activities to the time of trial and, thereafter, a Permanent Injunction upon final trial, to restrain Redi-Mix from the foregoing activities.

## VII.
## REQUEST FOR ATTORNEYS' FEES

### (AGAINST REDI-MIX)

53.     Stark Ranch incorporates by reference all allegations contained above as if fully set forth herein.

---



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:   TRACY CHAUNCEY, Deputy

54.     As a result of Redi-Mix's conduct, Stark Ranch has retained the services of Kane Russell Coleman Logan PC, licensed attorney's to enforce its rights and protect its legal interests. Stark Ranch has agreed to pay Kane Russell Coleman Logan PC reasonable and necessary attorney's fees and expenses.  Pursuant to section 37.009 of the TCPRC and other applicable law, Stark Ranch is entitled to recover from Redi-Mix its reasonable and necessary attorneys' fees, court costs, and expenses in pursuing this action.

## VIII.
## CONDITIONS PRECEDENT

55.     All conditions precedent to recovery for the relief sought herein have been performed, have occurred, or have been satisfied.

## IX.
## DISCOVERY RULE AND OTHER DOCTRINES

56.     In response to any statute of limitations, statute of repose, or similar defenses asserted by Redi-Mix, Stark Ranch pleads the discovery rule as to all claims.  Specifically, the Sellers did not discover the facts giving rise to the claims herein until in or around December 2017, after which the Sellers promptly placed "No Trespassing" signs on the Property near the bank of the Red River across from Redi-Mix's processing facility and objected to Redi-Mix's activities and trespass via an in-person meeting at the Property with a Redi-Mix employee.

57.     Additionally and/or alternatively, Stark Ranch pleads the continuing tort doctrine as to all claims.  Redi-Mix committed ongoing or repeated trespasses or conversions and/or a series or succession of trespasses or conversions regarding the Property and the sand thereon.  Each day that the foregoing were committed creates a separate cause of action.



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:   TRACY CHAUNCEY, Deputy

## X.
## PRAYER

WHEREFORE, Plaintiff Stark Ranch requests that upon final hearing of this cause, the

Court enter a judgment in favor of Stark Ranch for the following:

a.      Declaratory relief as requested herein;

b.      Injunctive relief as requested herein;

c.      Judgment against Redi-Mix for damages in an amount proven at trial or hearing
within this Court's jurisdictional limits;

d.      Pre-and post-judgment interest as allowed by law;

e.      Reasonable and necessary attorneys' fees;

f.      Costs of court;

g.      Such other and further relief to which Stark Ranch may be justly entitled.

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**
1601 Elm Street, Suite 3700
Dallas, Texas 75201
(214) 777-4200 / Fax (214) 777-4299

By: *s/ Boyd A. Mouse*
        Kenneth W. Biermacher
        State Bar No.  02302400
        kbiermacher@krcl.com
        Boyd A. Mouse
        State Bar No.  24003949
        bmouse@krcl.com
        Emily Green
        State Bar No.  24106027
        egreen@krcl.com

**ATTORNEYS FOR PLAINTIFF**



A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:  TRACY CHAUNCEY, Deputy

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served this 12th day of August, 2019 on all counsel of record via the Court's electronic filing service.

*Boyd A. Mouse*
Boyd A. Mouse

A CERTIFIED COPY
MARCI A. GILBERT
DISTRICT CLERK
COOKE COUNTY, TEXAS
By:   TRACY CHAUNCEY, Deputy